IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

| | | |
|---|---|---|
| KENNETH D. LEE, JR., | § | APR 1 6 2004 |
| | § | |
| Plaintiff, | § | Michael N. Milby |
| | § | Clerk of Court |
| V. | § | CIVIL ACTION NO. |
| | § | **B-04-069 ;** |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC; SOUTHWESTERN | § | |
| BELL WIRELESS, INC; | § | |
| SOUTHWESTERN BELL | § | |
| WIRELESS, L.L.C.; SOUTHWESTERN | § | |
| BELL SYSTEMS, INC.; CINGULAR | § | |
| WIRELESS, L.L.C.; and | § | |
| SBC COMMUNICATIONS, INC., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Southwestern Bell Mobile Systems, Inc. (through its successor by merger,

Southwestern Bell Mobile Systems, LLC), Southwestern Bell Wireless Inc. (through its successor

by merger, Southwestern Bell Wireless, LLC), Southwestern Bell Wireless, LLC, "Southwestern

Bell Systems, Inc.," Cingular Wireless LLC, and SBC Communications Inc. ("Defendants")

hereby notify the Court pursuant to 28 U.S.C. § 1446(a) of the removal of the action styled

*Kenneth D. Lee, Jr. v. Southwestern Bell Mobile Systems, Inc., Southwestern Bell Wireless, Inc.,*

*Southwestern Bell Wireless, L.L.C., Southwestern Bell Systems, Inc., Cingular Wireless, L.L.C.,*

*and SBC Communications, Inc.*, Cause No. 2004-04-2004-G, pending in the 404th Judicial District

Court, Cameron County, Texas (the "State Court Action").

Defendants remove this case on the ground that the Court has original jurisdiction of civil

actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

and costs, and is between citizens of different states, 28 U.S.C. § 1332, and state as follows:

**DEFENDANTS' NOTICE OF REMOVAL - Page 1**

## INTRODUCTION

1.    Plaintiff Kenneth D. Lee, Jr. ("Lee") filed a Plea in Intervention on December 23, 2003, in the action styled *Z-Page Communications, Inc. v. Southwestern Bell Mobile Systems, Inc., et al.*, Cause No. 2001-09-4057-G, against Defendants, who later moved to strike the intervention. *Intervenor's Plea in Intervention; Defendants' Amended Motion to Strike Kenneth D. Lee, Jr.'s Plea In Intervention* (Exhibits A-1 and A-4 to this Notice).  The state court denied the motion, but at Lee's suggestion, severed the Plea in Intervention by order dated April 13, 2004.  *Order on Defendants' Motion to Strike Intervention* (Exhibit A-13 to this Notice).  The state court ordered that Lee's claims and causes of action be severed from Cause No. 2001-09-4057-G, the *Z-Page Communications* action, and pend as a separate cause under Cause No. 2004-04-2004-G ("State Court Action").  *Id.*  Under Texas law, a severance results in two (or more) distinct and independent actions.  *See, e.g., Hall v. City of Austin*, 450 S.W.2d 836, 837-38 (Tex. 1970) (per curiam); *Grossenbacher v. Burket*, 427 S.W.2d 595, 597 (Tex. 1968); Tex. R. Civ. P. 41. Removal is timely in that no more than 30 days have passed since the State Court Action was severed. *See* 28 U.S.C. § 1446(b).

2.    In accordance with Local Rule 81, copies of all process, pleadings, and orders in the State Court Action have been indexed and are attached to this Notice of Removal as shown below:

> Exhibit A:   An index of documents filed in the State Court Action and a copy of each document filed in the State Court Action.
>
> Exhibit B:   A copy of the docket sheet in the State Court Action.
>
> Exhibit C:   A list of all counsel of record.

**DEFENDANTS' NOTICE OF REMOVAL - Page 2**

## PARTIES

3.      Lee avers in the State Court Action that he is a resident of the State of Texas. *Intervenor's Plea in Intervention* § I ("Parties") (Exhibit A-1 to this Notice). Upon information and belief, Lee is a citizen of Texas.

4.      Cingular Wireless LLC ("Cingular") is a limited liability company and was formed under the laws of the State of Delaware on April 24, 2000. Cingular's principal place of business is in Atlanta, Georgia. Cingular thus is a citizen of the States of Delaware and Georgia. *Declaration of Carolyn J. Wilder ("Wilder Decl.")* ¶ 3 (Exhibit D to this Notice); *Certified copy of Cingular's Application for Certificate of Authority by a Limited Liability Company* (Exhibit F to this Notice); *Certified copy of Cingular's 2003 Texas Franchise Tax Public Information Report* (Exhibit G to this Notice); 28 U.S.C. § 1332(c)(1).

5.      Southwestern Bell Mobile Systems, LLC ("SBMS") was formed as a limited liability company under the laws of the State of Delaware on September 8, 2000. SBMS's principal place of business also is in Atlanta, Georgia. SBMS thus is a citizen of the States of Delaware and Georgia. Southwestern Bell Mobile Systems, Inc. was merged into SBMS and the certificate of merger was made effective on September 29, 2000. SBMS is the surviving entity. Southwestern Bell Mobile Systems, Inc. thus is not a legal entity, and formally withdrew its qualification to do business in Texas on August 21, 2001. *Wilder Decl.* ¶ 4 (Exhibit D-1 to this Notice), *Certified copy of SBMS's Application for Certificate of Authority by a Limited Liability Company* (Exhibit H to this Notice); *Certified copy of SBMS's 2003 Texas Franchise Tax Public Information Report* (Exhibit I to this Notice); *Certified copy of Termination of Foreign Entity* (Exhibit J to this Notice); 28 U.S.C. § 1332(c)(1).

6.      Southwestern Bell Wireless, LLC ("SWBW") was formed as a limited liability company under the laws of the State of Delaware on September 8, 2000. SWBW's principal place of business also is in Atlanta, Georgia. SWBW thus is a citizen of the States of Delaware and Georgia. Southwestern Bell Wireless Inc. was merged in SWBW and the certificate of merger was made effective on September 29, 2000. SWBW is the surviving entity. Southwestern Bell Wireless Inc. thus not is a legal entity, and formally withdrew its qualification to do business in Texas on August 21, 2001. *Wilder Decl.* ¶ 5 (Exhibit D-2 to this Notice); *Certified copy of SWBW's Application for Certificate of Authority by a Limited Liability Company* (Exhibit K to this Notice; *Certified copy of SWBW's 2003 Texas Franchise Tax Public Information Report* (Exhibit L to this Notice); *Certified copy of Termination of Foreign Entity* (Exhibit M to this Notice); 28 U.S.C. § 1332(c)(1).

7.      "Southwestern Bell Systems, Inc." is not a legal entity and thus has no citizenship for purposes of determining diversity. *Wilder Decl.* ¶ 7 (Exhibit D to this Notice); *Certificate of Non-Existence* (Exhibit N to this Notice).

8.      SBC Communications Inc. is incorporated under the laws of the State of Delaware and has its principal place of business in San Antonio, Texas. *Wilder Decl.* ¶ 6 (Exhibit D to this Notice).

## LEE'S CLAIMS

9.      Lee pleads that he "began working with Southwestern Bell Mobile Systems on July 11, 1988," and that "[d]uring the year 2000, Southwestern Bell Mobile Systems was converted to Cingular Wireless, L.L.C."[1] *Intervenor's Plea in Intervention* § II ("Original Petition") (Exhibit A-1 to this Notice). The *Z-Page Communications* action was filed on September 14, 2001. Lee

---

[1]  This is factually incorrect, but is immaterial to the removal.

**DEFENDANTS' NOTICE OF REMOVAL - Page 4**

avers that "[p]rior to and after [his] deposition was scheduled in January, 2002, Defendants attempted to coerce, intimidate and convince [him] to testify falsely in a legal proceeding by limiting or modifying his testimony." *Id.* But, Lee alleges, he "insisted that he would have to testify truthfully on whatever he was asked in his deposition." "Thereafter," Lee avers, "not satisfied with [his] testimony, and in retaliation for that testimony, Defendants began to retaliate against [him] by cutting his salary and pay schedule, creating a hostile work environment and making his working conditions intolerable." *Id.* Lee pleads that he "was wrongfully terminated on November 15, 2002, in violation of his rights." *Id.*

10.    Lee's causes of action are for "retaliat[ion] against Plaintiff for refusing to perform an illegal act, *i.e.*, for refusing to testify falsely in a legal proceeding" and for intentional infliction of emotional distress. *Id.* § III ("Intervenor's Cause of Action"). He seeks to recover "loss of wages and wage earning capacity, loss of income and income opportunities, including company stock options, loss of past and prospective earnings, and mental pain, suffering and anguish in the past and future." *Id.* § IV ("Damages"). He also seeks to recover "punitive or exemplary damages." *Id.*

## DIVERSITY AND FRAUDULENT JOINDER

11.    Lee and Cingular, his employer at the time of the events that he alleges gives rise to the State Court Action, are of diverse citizenship. *Supra* ¶¶ 3-4; *Declaration of Chinita Allen* ("*Allen Decl.*") ¶ 3 (Exhibit E to this Notice).

12.    The only other Defendant mentioned in the factual averments is "Southwestern Bell Mobile Systems," presumably a reference to the named Defendant Southwestern Bell Mobile Systems, Inc. Since Southwestern Bell Mobile Systems, Inc. no longer exists, it has no citizenship for diversity purposes and "there is no possibility that [Lee] would be able to establish a cause of

action against" it. *E.g., Burden v. General Dynamics Corporation*, 60 F.3d 213, 217 (5th Cir. 1995). And since Southwestern Bell Mobile Systems, Inc. did not employ Lee at the time of the events that he alleges gives rise to the State Court Action, it has been fraudulently joined because "there is no possibility that [Lee] would be able to establish a cause of action against" it. *Id.* Alternatively, the Court may choose to recognize the citizenship of its successor by merger, SBMS, which is diverse from Lee's citizenship. *Supra* ¶¶ 3, 5; *e.g., Hoefferle Truck Sales, Inc. v. Divco-Wayne Corp.*, 523 F.2d 543, 548-49 (7th Cir. 1975) (separate existence of non-surviving entity in merger ceases; citizenship of survivor controls for diversity purposes); *Exxon Corp. v. Duval County Ranch Co.*, 406 F. Supp. 1367, 1369 (S.D. Tex. 1975) (same).

13.     The remaining Defendants are not mentioned in the factual averments at all. Lee was, however, employed by SWBW in the past, although not at the time of the events that he alleges gives rise to the State Court Action. SWBW and Lee are diverse too. *Allen Decl.* ¶ 3; *supra* ¶¶ 3, 6. (Exhibit E to this Notice).

14.     Southwestern Bell Wireless Inc. no longer exists; it thus has no citizenship for diversity purposes and "there is no possibility that [Lee] would be able to establish a cause of action against" it. *E.g., Burden*, 60 F.3d at 217. In addition, since Southwestern Bell Wireless Inc. did not employ Lee at the time of the events that he alleges gives rise to the State Court Action, it has been fraudulently joined because "there is no possibility that [Lee] would be able to establish a cause of action against" it. *Id.* Alternatively, the Court may choose to recognize the citizenship of its successor by merger, SWBW, which, as noted immediately above, is diverse from Lee's citizenship. *Supra* ¶¶ 3, 6; *e.g., Hoefferle Truck Sales, Inc.*, 523 F.2d at 548-49 (separate existence of non-surviving entity in merger ceases; citizenship of survivor controls for diversity purposes); *Exxon Corp.*, 406 F. Supp. at 1369 (same).

**DEFENDANTS' NOTICE OF REMOVAL - Page 6**

15.     Defendant "Southwestern Bell Systems, Inc." does not exist.  It thus has no citizenship for diversity purposes and "there is no possibility that [Lee] would be able to establish a cause of action against" it.  *E.g., Burden*, 60 F.3d at 217 (5th Cir. 1995).[2]

16.     Finally, the citizenship of SBC Communications Inc. must be disregarded since Lee does not plead that it employed him at any time (and it did not, in fact, ever employ him) or any other basis on which it could be held liable for the wrongdoing alleged in the State Court Action. *E.g., Burden,* 60 F.3d at 217.

17.     Thus, there is complete diversity of citizenship of between Lee – a citizen of the State of Texas – and Cingular Wireless, SBMS, and SWBW – all citizens of the States of Delaware and Georgia.

## AMOUNT IN CONTROVERSY

18.     Given the damages Lee seeks to recover, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs.  *E.g., Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Allen v. R & H Oil& Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  Moreover, in Lee's last, partial year of employment, he earned $101,445.34.  In his last year of full employment, he earned $115,320.42.  *Allen Decl.* ¶ 4 (Exhibit E to this Notice).  Lee was offered severance pay of $77,906.50 in exchange for a release in connection with Cingular's staff reductions that ended his employment.  Lee did not return the agreement and thus declined the offer of severance pay, presumably because he valued whatever claims he thought he had against Cingular more than the severance pay.  *Id.* ¶ 5. The amount in controversy requirement for original diversity jurisdiction thus is satisfied.

---

[2]   To the extent the jurisdictional averments in the Plea in Intervention are meant to suggest that "Southwestern Bell Systems, Inc.," Southwestern Bell Mobile Systems, Inc., and Southwestern Bell

## CONCLUSION

19.     Because there is complete diversity of citizenship between Lee and the Defendants who have not been fraudulently joined, and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has original jurisdiction under 28 U.S.C. § 1332, and the action therefore may be removed pursuant to 28 U.S.C. §§ 1444(a) and (b).

20.     The State Court action is properly removable to the United States District Court for the Southern District of Texas, Brownsville Division, because that action is pending in Cameron County, Texas, which is within the jurisdiction of the Brownsville Division. 28 U.S.C. §§ 124(b)(4), 1446(a).

21.     Defendants will give written notice of the filing of this Notice to Lee and will file a copy of this Notice with the Clerk of the state court in accordance with 28 U.S.C. § 1446(d).

22.     Should the Court so request, Defendants will submit further declarations or other summary-judgment type evidence should any question remain about the jurisdictional facts or the propriety of removal. *See Allen*, 63 F.3d at 1336 (facts supporting removal ordinarily should be set out in the removal petition and the Court can later require summary judgment-type evidence should questions about jurisdiction remain); *see also Burden*, 60 F.3d at 217-18.

23.     Defendants therefore remove the State Court Action to this Court and ask the Court to issue any orders necessary to stay proceedings in the state court and assume jurisdiction of this action for all purposes.

Dated:  April /6, 2004.

---

Wireless, Inc. currently exist and are incorporated or have their principal places of business in Texas, then those averments are fraudulent for removal purposes. *See, e.g., Burden*, 60 F.3d at 217.

**DEFENDANTS' NOTICE OF REMOVAL - Page 8**

Respectfully submitted,

THOMPSON & KNIGHT LLP

By: _____
    Elizabeth A. Schartz, Attorney-in-Charge
    State Bar No. 17727900
    Southern District Bar No. 22919

1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
Telephone:     (214) 969-1700
Facsimile:     (214) 969-1751

OF COUNSEL:

Gregory S. Meece
State Bar No. 13898350
Southern District Bar No. 17487
THOMPSON & KNIGHT LLP
333 Clay Street, Suite 3300
Houston, Texas 77002
Telephone:     (713) 654-8111
Facsimile:     (713) 654-1871

David G. Oliveira
State Bar No. 15254675
Southern District Bar No. 13862
Rene Oliveira
State Bar No. 15254700
Southern District Bar No. 4033
ROERIG, OLIVEIRA & FISHER, L.L.P.
Suite 9, Price Plaza Building
855 West Price Road
Brownsville, Texas 78520
Telephone:     (956) 542-5666
Facsimile:     (956) 542-0016

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on April *16*, 2004, a true and correct copy of the foregoing was served on plaintiff's counsel of record listed below by certified mail, return receipt requested.

> Eddie Trevino, Jr.
> The Law Office of Eddie Trevino, Jr.
> 622 E. St. Charles Street
> Brownsville, TX 78520

Elizabeth A. Schartz
David G. Oliveira

077002 000031 DALLAS 1724310.1

**DEFENDANTS' NOTICE OF REMOVAL - Page 10**

## INDEX OF DOCUMENTS FILED IN STATE COURT ACTION

| Tab | Document | Date Filed |
|-----|----------|------------|
| 1. | Intervenor's Plea in Intervention | December 23, 2003 |
| 2. | Defendants' Motion to Strike Plea in Intervention of Kenneth D. Lee, Jr. | January 16, 2004 |
| 3. | Defendants' Original Answer Subject to Defendants' Motion to Strike Plea in Intervention of Kenneth D. Lee, Jr. | January 26, 2004 |
| 4. | Defendants' Amended Motion to Strike Plea in Intervention of Kenneth D. Lee, Jr. | January 26, 2004 |
| 5. | Defendants' Motion for Protective Order Seeking Possession of Privileged Tape Records and Documents | March 3, 2004 |
| 6. | Order Setting Hearing on Defendants' Motion for Protective Order Seeking Possession of Privileged Tape Records and Documents | March 3, 2004 |
| 7. | Intervenor/Plaintiff's Motion for Protective Order Seeking to Retain Possession of Tape Recordings and Documents | March 8, 2004 |
| 8. | Intervenor/Plaintiff's Response to Defendants' Motion for Protective Order Seeking Possession of Privileged Tape Recordings and Documents | March 8, 2004 |
| 9. | Certificate of Written Discovery Filed by Plaintiff/Intervenor Kenneth D. Lee, Jr. | March 8, 2004 |
| 10. | Intervenor/Plaintiff's Response to Defendants' Motion to Strike Plea in Intervention of Kenneth D. Lee, Jr. | March 9, 2004 |
| 11. | Notice of Attorney Appearance: Elizabeth A. Schartz of Thompson & Knight LLP | March 10, 2004 |

| | | |
|---|---|---|
| 12. | Order Setting Hearing on Intervenor/Plaintiff's Motion for Protective Order to Retain Possession of Tape Recordings and Documents | March 15, 2004 (Signed) |
| 13. | Order On Defendants' Motion to Strike Plea in Intervention | April 13, 2004 (Signed) |
| 14. | Defendants' Certificate of Written Discovery | April 13, 2004 (Mailed for filing) |
| 15. | Notice of Withdrawal: J. Daniel Harkins and James K. Spivey of Cox & Smith Incorporated | April 15, 2004 |
| 16. | Defendants' First Amended Answer | April 15, 2004 |

077002 000031 DALLAS 1723295.1

-2-

22515

CAUSE NO. 2001-09-4057-G

| | | |
|---|---|---|
| Z-PAGE COMMUNICATIONS, INC.<br>        Plaintiff, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| vs. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; et al | § | |
|        Defendants | § | |
| | § | |
| | § | 404TH JUDICIAL DISTRICT |

FILED _____ O'CLOCK _____ M.
AURORA DE LA GARZA DIST. CLERK

DEC 2 3 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

| | | |
|---|---|---|
| KENNETH D. LEE, JR.<br>        Intervenor/Plaintiff | § | |
| | § | |
| | § | |
| vs. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; SOUTHWESTERN | § | |
| BELL WIRELESS, INC.; | § | |
| SOUTHWESTERN BELL | § | |
| WIRELESS, L.L.C; SOUTHWESTERN | § | |
| BELL SYSTEMS, INC.; CINGULAR | § | |
| WIRELESS, L.L.C; and | § | |
| SBC COMMUNICATIONS, INC. | § | |
|        Defendants, | § | CAMERON COUNTY, TEXAS |

## INTERVENOR'S PLEA IN INTERVENTION

NOW COMES INTERVENOR/PLAINTIFF KENNETH D. LEE, JR. (hereinafter "INTERVENOR"), and files this Petition in Intervention as Party-Plaintiff in this case.

I.

## PARTIES

Plaintiff KENNETH D. LEE, JR. is a resident of Harlingen, Cameron County, Texas.

Defendant SOUTHWESTERN BELL MOBILE SYSTEMS, INC. is a limited liability corporation operating under the laws of the State of Texas in Cameron County and the State of Texas. Service of citation upon this Defendant may be had by serving its attorney of record by certified mail return receipt requested at the following address:

Mr. Dan Harkins
*Cox & Smith*
112 E. Pecan Suite 1800
San Antonio, Texas 78205

Defendant SOUTHWESTERN BELL WIRELESS, INC. is a limited liability corporation operating under the laws of the State of Texas in Cameron County and the State of Texas. Service of citation upon this Defendant may be had by serving its attorney of record by certified mail return receipt requested at the following address:

Mr. Dan Harkins
*Cox & Smith*
112 E. Pecan Suite 1800
San Antonio, Texas 78205

Defendant SOUTHWESTERN BELL WIRELESS, L.L.C. is a limited liability corporation operating under the laws of the State of Texas in Cameron County and the State of Texas. Service of citation upon this Defendant may be had by serving its attorney of record by certified mail return receipt requested at the following address:

Mr. Dan Harkins
*Cox & Smith*
112 E. Pecan Suite 1800
San Antonio, Texas 78205

Defendant SOUTHWESTERN BELL SYSTEMS, INC. is a corporation operating under the laws of the State of Texas in Cameron County and the State of Texas. Service of citation upon this Defendant may be had by serving its attorney of record by certified mail return receipt requested at the following address:

Mr. Dan Harkins
*Cox & Smith*
112 E. Pecan Suite 1800
San Antonio, Texas 78205

Defendant CINGULAR WIRELESS, L.L.C. is a limited liability corporation operating under the laws of the State of Texas in Cameron County and the State of Texas. Service of citation upon this Defendant may be had by serving its registered agent by certified mail return receipt requested at the following address:

Corporation Service Company
701 Brazos St. Suite 1050
Austin, Texas 78701

Defendant SBC COMMUNICATIONS, INC. is a corporation operating under the laws of the State of Texas in Cameron County and the State of Texas. Service of citation upon this Defendant may be had by serving its registered agent by certified mail return receipt requested at the following:

C.T. Corporations Systems
350 North Saint Paul Street
Dallas, Texas 75201

II.

ORIGINAL PETITION

Intervenor/Plaintiff KENNETH D. LEE, JR. began working with Southwestern Bell Mobile Systems on July 11, 1988, as Director of Operations for the Rio Grande Valley. He thereafter was given additional responsibilities over the Laredo and Corpus Christi markets. Intervenor/Plaintiff's employment duties involved the sales and marketing of cellular telephones. During the year 2000, Southwestern Bell Mobile Systems was converted to Cingular Wireless, L.L. C. In late August or early September 2000, Robert Forsyth began working with Defendant Cingular as a Vice President/General Manager for the greater Texas region, and he thereafter acted in a supervisory capacity over Intervenor/Plaintiff Lee.

Sometime thereafter, Defendants were faced with this lawsuit filed by their former agent, Dan Miller III and his company Z-Page Communications, Inc. which involved information about which Plaintiff was aware. Prior to and after Intervenor/Plaintiff's deposition was scheduled in January, 2002, Defendants attempted to coerce, intimidate and convince Intervenor/Plaintiff to testify falsely in a legal proceeding by limiting or modifying his testimony. However, Intervenor/Plaintiff insisted that he would have to testify truthfully on whatever he was asked in his deposition. Thereafter, not satisfied with Intervenor/Plaintiff's testimony, and in retaliation for that testimony, Defendants began to retaliate against Intervenor/Plaintiff by cutting his salary and pay schedule, creating a hostile work environment and making his

working conditions intolerable. Intervenor/Plaintiff was wrongfully terminated on November 15, 2002, in violation of his rights.

III.

## INTERVENOR'S CAUSE OF ACTION

As a result of the actions described above, Defendants have violated Intervenor/Plaintiff's rights. Defendants' actions were in violation of the common law of Texas, in that Defendants retaliated against Plaintiff for refusing to perform an illegal act, *i.e.,* for refusing to testify falsely in a legal proceeding. Defendants are further liable for their intentional infliction of emotional distress on Intervenor/Plaintiff, and for malice, for the actions described above. Defendants are each individually and jointly and severally liable for the actions alleged herein.

IV.

## DAMAGES

As a direct and proximate result of the facts made the basis of this lawsuit, Plaintiff sustained personal injuries and damages, and those injuries and damages were proximately caused by the acts and/or omissions of Defendants, for which Plaintiff now seeks recovery. Such damages include a loss of wages and wage earning capacity, loss of income and income opportunities, including company stock options, loss of past and prospective earnings, and mental pain, suffering and anguish in the past and in the future. In sum, Intervenor/Plaintiff seeks all actual and compensatory damages to which he may be entitled under the law. Intervenor/Plaintiff further seeks the recovery of punitive or exemplary damages from Defendants in an amount to be determined entirely by the discretion of the jury.

V.

## CONDITIONS PRECEDENT

All conditions precedent to the filing of this suit and the recovery of the damages prayed for herein have occurred and have been performed.

VI.

CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Intervenor/Plaintiff KENNETH D. LEE, JR. respectfully prays that Defendants be cited to appear and answer herein, and that upon final hearing of this action, that judgment be entered for Intervenor/Plaintiff against Defendants for all actual and compensatory damages, suffered by Intervenor/Plaintiff, in addition to punitive or exemplary damages, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest at the maximum rate allowed by law, as well as costs of court, and any and all further and other relief to which Intervenor/Plaintiff may show himself to be justly entitled, whether general or special, at law and in equity.

Respectfully submitted,

Eddie Trevino, Jr.
*The Law Office of Eddie Trevino, Jr.*
622 E. St. Charles Street
Brownsville, Texas 78520
Telephone:  (956) 554-0683
Facsimile:  (956) 554-0693

By: _____
Eddie Trevino, Jr.
State Bar No. 20211135
Attorney for Intervenor/Plaintiff,
KENNETH D. LEE, JR.

# CERTIFICATE OF SERVICE

I, Eddie Trevino, Jr., hereby certify that on this 23rd day of December, 2003, a true and correct copy of the above foregoing document was forwarded by hand delivery, regular U.S. mail, by facsimile or by certified mail, return receipt requested to:

Mr. Dan Harkins
*Cox & Smith*
112 E. Pecan Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5285
Facsimile: (210) 226-8395

Mr. Dennis Sanchez
*Sanchez, Whittington, Janis & Zabarte, LLP*
100 N. Expressway
Brownsville, Texas 78521-2284
Telephone: (956) 546-3731
Facsimile: (956) 546-3765

Mr. Ernesto Gamez
777 E. Harrison
Brownsville, Texas 78520
Telephone: (956) 541-3820
Facsimile: (956) 541-7694

Mr. David Oliveira
*Roerig, Oliveira & Fisher LLP*
855 W. Price Rd. Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

By: _____
Eddie Trevino, Jr.

22515

No. 2001-09-4057-G

| | | |
|---|---|---|
| Z-PAGE COMMUNICATIONS, INC., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC., SOUTHWESTERN | § | |
| BELL WIRELESS, INC., | § | |
| SOUTHWESTERN BELL WIRELESS, | § | 404th JUDICIAL DISTRICT |
| L.L.C., DALLAS SMSA LIMITED | § | |
| PARTNERSHIP, TEXAS/ILLINOIS | § | |
| CELLULAR LIMITED PARTNERSHIP, | § | |
| MCALLEN-EDINBURG-MISSION | § | |
| SMSA LIMITED PARTNERSHIP, SAN | § | |
| ANTONIO SMSA LIMITED | § | |
| PARTNERSHIP, TEXAS RSA 18 | § | |
| LIMITED PARTNERSHIP, TEXAS RSA | § | |
| 19 LIMITED PARTNERSHIP, | § | |
| TEXAS RSA 20B1 LIMITED | § | |
| PARTNERSHIP, GRANDE RIVER | § | |
| COMMUNICATIONS, L.P., RIVIERA | § | |
| TELEPHONE COMPANY, INC., | § | |
| and ROBERT FORSYTH, | § | |
| | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

FILED ___7:30___ O'CLOCK ___P___ m
AURORA DE LA GARZA DIST. CLERK

JAN 16 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
___R. L. T._____ DEPUTY

## **DEFENDANTS' MOTION TO STRIKE PLEA IN INTERVENTION OF KEN LEE**

NOW COME Southwestern Bell Mobile Systems, Inc.; Southwestern Bell Wireless, Inc.; Southwestern Bell Wireless, L.L.C.; Dallas SMSA Limited Partnership; Texas/Illinois Cellular Limited Partnership; McAllen-Edinburg-Mission SMSA Limited Partnership; San Antonio SMSA Limited Partnership; Texas RSA 18 Limited Partnership; Texas RSA 19 Limited Partnership; Texas RSA 20B1 Limited Partnership; Grande River Communications, L.P.; Riviera Telephone Company, Inc.; and Robert Forsyth, Defendants in the above-referenced cause, and file this Motion To Strike Plea In Intervention of Ken Lee and in support submit the following.

2

1.    A threshold requirement to intervene in a lawsuit is that the intervenor possess a justiciable interest in the existing lawsuit.

2.    In that regard, an individual may not intervene as a plaintiff unless the individual is entitled to some recovery from the causes of action asserted in the existing lawsuit.

3.    Mr. Lee does not possess and has wholly failed to plead the possession of any justiciable interest in the existing lawsuit.

4.    Therefore, as a matter of law, the Plea in Intervention of Ken Lee must be stricken.

5.    A second threshold requirement is that the purportedly intervening party assert a claim that arises from the same transaction or occurrence as the claims asserted in the existing lawsuit.

6.    Mr. Lee's claims in his Plea in Intervention allege a cause of action for wrongful termination.  This claim does not arise from the same transaction or occurrence as the causes of action asserted by Plaintiffs in the existing lawsuit.  For this additional reason, as a matter of law, the Plea in Intervention of Ken Lee must be stricken.

7.    A plea in intervention must be timely.  *Armstrong v. Tidelands Life Ins. Co.,* 466 S.W.2d 407, 412 (Tex. App.—Corpus Christi 1971, no writ); *Westridge Villa Apts. v. Lakewood Bank & Trust Co.,* 438 S.W.2d 891, 895 (Tex.Civ.App.—Fort Worth 1969, writ ref'd n.r.e.) (eight-month delay between obtaining knowledge of claim and attempting to intervene made plea in intervention untimely).

9.    Mr. Lee admits that he left his employment in mid November 2002.  Mr. Lee did not file his Plea in Intervention until December 23, 2003, more than a year later.  Therefore, Mr. Lee's Plea in Intervention is not timely and should be stricken.

-2-

10.   Mr. Lee could not have brought in his own name all or part of the actions filed by Plaintiffs in this lawsuit.

11.   The intervention will complicate the existing lawsuit by creating an excessive multiplication of the issues.   Over thirty depositions have already been taken in the existing lawsuit.   While this case is not ready for trial, with the additional discovery that will be required by the addition of Mr. Lee's claims and the time Mr. Lee's counsel will require to review the extensive discovery already performed, this lawsuit will be even farther away from trial.

12.   The intervention is not essential to protect Mr. Lee's interests (if any).

13.   Therefore, as a matter of law, the Plea in Intervention of Ken Lee must be stricken.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Motion To Strike Plea In Intervention of Ken Lee be granted in its entirety.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
Suite 9, Price Plaza Building
855 West Price Road
Brownsville, Texas 78520
(956) 542-5666
(956) 542-0016 (Fax)

COX & SMITH INCORPORATED
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500
(210) 226-8395

By: _____
        David G. Oliveira
        State Bar No. 15254675
        J. Daniel Harkins
        State Bar No. 09008990
        James K. Spivey
        State Bar No. 00794680

*Attorneys For Defendants,*
*Southwestern Bell Mobile Systems, Inc.,*
*Southwestern Bell Wireless, Inc., Southwestern Bell*
*Wireless, L.L.C., Dallas SMSA Limited Partnership,*
*Texas/Illinois Cellular Limited Partnership,*
*McAllen-Edinburg-Mission SMSA Limited*
*Partnership, San Antonio SMSA Limited*
*Partnership, Texas RSA 18 Limited Partnership,*
*Texas RSA 19 Limited Partnership, Texas RSA*
*20B1 Limited Partnership, Grande River*
*Communications, L.P., Riviera Telephone*
*Company, Inc., and Robert Forsyth.*

## CERTIFICATE OF CONFERENCE

Counsel for Defendants have conferred with counsel for Plaintiffs and they do not agree to the relief Defendants have requested in their Motion To Strike Plea In Intervention of Ken Lee. Counsel for Defendants have attempted to confer with counsel for Intervenor, but were unsuccessful. Accordingly, these matters are presented to the Court for determination

_____
J. Daniel Harkins

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing "Defendants' Motion To Strike Plea In Intervention of Ken Lee" has been sent by certified mail, return receipt requested to the following counsel of record on this _____ day of _____, 2004:

Robert John Myers
ROBERT JOHN MYERS & ASSOCIATES
2700 Bee Caves Road, Suite 210
Austin, Texas 78746

Dennis Sanchez
SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78251-2284

Ernesto Gamez, Jr.
LAW OFFICES OF ERNESTO GAMEZ, JR., P.C.
777 East Harrison
Brownsville, Texas 78520

_____
David G. Oliveira

-5-

652300.1

CAUSE NO. C-2001-09-4057-G

| Z-PAGE COMMUNICATIONS, INC. | § | IN THE DISTRICT COURT OF |
|---|---|---|
| vs. | § § § | |
| | | **RECEIVED** |
| | | CLERK OF DISTRICT COURT |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC., SOUTHWESTERN | § | JAN 1 6 2004 |
| BELL WIRELESS, INC., | § | |
| SOUTHWESTERN BELL WIRELESS, | § | CAMERON COUNTY |
| LLC, DALLAS SMSA LIMITED | § | BROWNSVILLE, TEXAS |
| PARTNERSHIP, TEXAS/ILLINOIS | § | |
| CELLULAR LIMITED PARTNERSHIP, | § | |
| MCALLEN-EDINBURG-MISSION | § | CAMERON COUNTY, TEXAS |
| SMSA LIMITED PARTNERSHIP, SAN | § | |
| ANTONIO SMSA LIMITED | § | |
| PARTNERSHIP, TEXAS RSA 18 | § | |
| LIMITED PARTNERSHIP, TEXAS RSA | § | |
| 19 LIMITED PARTNERSHIP, and | § | |
| TEXAS RSA 20B1 LIMITED | § | |
| PARTNERSHIP, GRANDE RIVER | § | |
| COMMUNICATIONS, L.P., RIVIERA | § | |
| TELEPHONE COMPANY, INC. and | § | |
| THE PRICE COMMUNICATIONS | § | |
| GROUP, INC. | § | 404TH JUDICIAL DISTRICT |

---

## ORDER SETTING HEARING

---

A hearing on Defendants ' Motion to Strike Plea in Intervention of Ken Lee is

hereby set for the _____ day of _____, 2004, at ___:___ o'clock a .m.

in the 404th Judicial District Court of Cameron County, Texas.

SIGNED AND ENTERED this _____ day of January, 2004.

_____
JUDGE PRESIDING

COPIES TO:

Robert John Myers
Robert John Myers & Associates
2700 Bee Caves Road, Suite 210
Austin, Texas  78746

Dennis Sanchez
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas  78251-2284

Ernesto Gamez, Jr.
Law Offices of Ernesto Gamez, Jr., P.C.
777 East Harrison
Brownsville, Texas 78520

David G. Oliveira
Roerig, Oliveira & Fisher
855 W. Price Rd., Ste. 9
Brownsville, TX 78520

Daniel J. Harkins
Cox & Smith
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205-1521

FILED _____
AURORA DE LA GARZA

JAN 26 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

NO. 2001-09-4057-G

| | | |
|---|---|---|
| KENNETH D. LEE, JR. | § | IN THE DISTRICT COURT |
| | § | |
| Intervenor/Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC., SOUTHWESTERN | § | 404TH JUDICIAL DISTRICT |
| BELL WIRELESS, INC., | § | |
| SOUTHWESTERN BELL WIRELESS, | § | |
| L.L.C., SOUTHWESTERN BELL | § | |
| SYSTEMS, INC.; CINGULAR | § | |
| WIRELESS, L.L.C.; and SBC | § | |
| COMMUNICATIONS, INC. | § | |
| | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER, SUBJECT TO DEFENDANTS' MOTION TO STRIKE PLEA IN INTERVENTION OF KEN LEE

Defendants, Southwestern Bell Mobile Systems, Inc.; Southwestern Bell Wireless, Inc.; Southwestern Bell Wireless, L.L.C.; Southwestern Bell Systems, Inc.; Cingular Wireless, L.L.C.; and SBC Communications, Inc. (together referred to as "Cingular") file this their Original Answer Subject to Defendants' Motion to Strike Plea in Intervention of Ken Lee.

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure and subject to Defendants' Motion to Strike Plea in Intervention of Ken Lee, Cingular denies each and every allegation contained in the Plea in Intervention of Ken Lee and demands strict proof thereof.

653526.1

3

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
Suite 9, Price Plaza Building
855 West Price Road
Brownsville, Texas 78520
(956) 542-5666
(956) 542-0016 (Fax)

COX & SMITH INCORPORATED
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500
(210) 226-8395

By: _David G. Oliveira_
    David G. Oliveira
    State Bar No. 15254675
    Rene O. Oliveira
    State Bar No. 15254700
    J. Daniel Harkins
    State Bar No. 09008990
    James K. Spivey
    State Bar No. 00794680

ATTORNEYS FOR DEFENDANTS ,
SOUTHWESTERN BELL MOBILE SYSTEMS, INC.;
SOUTHWESTERN BELL WIRELESS, INC.;
SOUTHWESTERN BELL WIRELESS, L.L.C.;
SOUTHWESTERN BELL SYSTEMS, INC.;
CINGULAR WIRELESS, L.L.C.; and
SBC COMMUNICATIONS, INC.

2

653526.1

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Defendants' Original Answer Subject to the Motion to Strike Plea in Intervention of Ken Lee was provide to the following counsel of record by certified mail, return receipt requested to on this 23rd day of January 2004:

Robert John Myers
ROBERT JOHN MYERS & ASSOCIATES
2700 Bee Caves Road, Suite 210
Austin, Texas 78746

Dennis Sanchez
SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78251-2284

Ernesto Gamez, Jr.
LAW OFFICES OF ERNESTO GAMEZ, JR., P.C.
777 East Harrison
Brownsville, Texas 78520

Eddie Trevino, Jr.
THE LAW OFFICE OF EDDIE TREVINO, JR.
622 E. St. Charles Street
Brownsville, Texas 78520

_David G. Oliveira_
David G. Oliveira

3

No. 2001-09-4057-G

| | | |
|---|---|---|
| Z-PAGE COMMUNICATIONS, INC., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC., et al. | § | |
| | § | |
| Defendants | § | |

> FILED _9:40_ O'CLOCK _A_ M
> AURORA DE LA GARZA DIST. CLERK
>
> JAN 2 6 2004
>
> DISTRICT COURT OF CAMERON COUNTY, TEXAS
> _Rey Lynz Lo_____DEPUTY

| | | |
|---|---|---|
| KENNETH D. LEE, JR. | § | |
| | § | |
| Intervenor/Plaintiff | § | 404th JUDICIAL DISTRICT |
| | § | |
| v. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC., SOUTHWESTERN | § | |
| BELL WIRELESS, INC.; | § | |
| SOUTHWESTERN BELL WIRELESS, | § | |
| L.L.C., SOUTHWESTERN BELL | § | |
| SYSTEMS, INC.; CINGULAR | § | |
| WIRELESS, L.L.C., and SBC | § | |
| COMMUNICATIONS, INC. | § | |
| | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

## DEFENDANTS' AMENDED MOTION TO
## STRIKE PLEA IN INTERVENTION OF KEN LEE

NOW COME Southwestern Bell Mobile Systems, Inc.; Southwestern Bell Wireless, Inc.;

Southwestern Bell Wireless, L.L.C.; Southwestern Bell Systems, Inc.; Cingular Wireless, L.L.C.;

SBC Communications, Inc.; Dallas SMSA Limited Partnership; Texas/Illinois Cellular Limited

Partnership; McAllen-Edinburg-Mission SMSA Limited Partnership; San Antonio SMSA

Limited Partnership; Texas RSA 18 Limited Partnership; Texas RSA 19 Limited Partnership;

Texas RSA 20B1 Limited Partnership; Grande River Communications, L.P.; Riviera Telephone

Company, Inc.; and Robert Forsyth, Defendants in the above-referenced cause, and file this Motion To Strike Plea In Intervention of Ken Lee and in support submit the following.

1.    A threshold requirement to intervene in a lawsuit is that the intervenor possess a justiciable interest in the existing lawsuit.

2.    In that regard, an individual may not intervene as a plaintiff unless the individual is entitled to some recovery from the causes of action asserted in the existing lawsuit.

3.    Mr. Lee does not possess and has wholly failed to plead the possession of any justiciable interest in the existing lawsuit.

4.    Therefore, as a matter of law, the Plea in Intervention of Ken Lee must be stricken.

5.    A second threshold requirement is that the purportedly intervening party assert a claim that arises from the same transaction or occurrence as the claims asserted in the existing lawsuit.

6.    Mr. Lee's claims in his Plea in Intervention allege a cause of action for wrongful termination. This claim does not arise from the same transaction or occurrence as the causes of action asserted by Plaintiffs in the existing lawsuit. For this additional reason, as a matter of law, the Plea in Intervention of Ken Lee must be stricken.

7.    A plea in intervention must be timely. *Armstrong v. Tidelands Life Ins. Co.,* 466 S.W.2d 407, 412 (Tex. App.—Corpus Christi 1971, no writ); *Westridge Villa Apts. v. Lakewood Bank & Trust Co.,* 438 S.W.2d 891, 895 (Tex. Civ. App.—Fort Worth 1969, writ ref'd n.r.e.) (eight-month delay between obtaining knowledge of claim and attempting to intervene made plea in intervention untimely).

9.    Mr. Lee admits that he left his employment in mid November 2002 and it is undisputed (and Mr. Lee's Plea in Intervention confirms) that Mr. Lee knew of this lawsuit at that time (in fact, Mr. Lee was deposed in this suit eleven months earlier, in January 2002). Mr. Lee did not file his Plea in Intervention until December 23, 2003, more than a year after he left his employment. Therefore, Mr. Lee's Plea in Intervention is not timely and should be stricken.

10.    Mr. Lee could not have brought in his own name all or part of the actions filed by Plaintiffs in this lawsuit.

11.    The intervention will complicate the existing lawsuit by creating an excessive multiplication of the issues. Over thirty depositions have already been taken in the existing lawsuit. While this case is not ready for trial, with the additional discovery that will be required by the addition of Mr. Lee's claims and the time Mr. Lee's counsel will require to review the extensive discovery already performed, this lawsuit will be even farther away from trial.

12.    The intervention is not essential to protect Mr. Lee's interests (if any).

13.    Therefore, as a matter of law, the Plea in Intervention of Ken Lee must be stricken.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Motion To Strike Plea In Intervention of Ken Lee be granted in its entirety.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
Suite 9, Price Plaza Building
855 West Price Road
Brownsville, Texas 78520
(956) 542-5666
(956) 542-0016 (Fax)

COX & SMITH INCORPORATED
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500
(210) 226-8395

By: _____
David G. Oliveira
State Bar No. 15254675
J. Daniel Harkins
State Bar No. 09008990
James K. Spivey
State Bar No. 00794680

*Attorneys For Defendants*

## CERTIFICATE OF CONFERENCE

Counsel for Defendants have previously conferred with counsel for both Plaintiffs and Intervenor. Neither Plaintiffs nor Intervenor agree to the relief Defendants have requested in their Motion To Strike Plea In Intervention of Ken Lee. Accordingly, these matters are presented to the Court for determination.

David G. Oliveira

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing "Defendants' Motion To Strike Plea In Intervention of Ken Lee" has been sent by certified mail, return receipt requested to the following counsel of record on this 23 day of January, 2004:

Robert John Myers
ROBERT JOHN MYERS & ASSOCIATES
2700 Bee Caves Road, Suite 210
Austin, Texas 78746

Dennis Sanchez
SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78251-2284

Ernesto Gamez, Jr.
LAW OFFICES OF ERNESTO GAMEZ, JR., P.C.
777 East Harrison
Brownsville, Texas 78520

Eddie Trevino, Jr.
THE LAW OFFICE OF EDDIE TREVINO, JR.
622 E. St. Charles Street
Brownsville, Texas 78520

David G. Oliveira

CAUSE NO. C-2001-09-4057-G

| | | |
|---|---|---|
| Z-PAGE COMMUNICATIONS, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | **RECEIVED** |
| SYSTEMS, INC., SOUTHWESTERN | § | CLERK OF DISTRICT COURT |
| BELL WIRELESS, INC., | § | |
| SOUTHWESTERN BELL WIRELESS, | § | JAN 2 6 2004 |
| LLC, DALLAS SMSA LIMITED | § | |
| PARTNERSHIP, TEXAS/ILLINOIS | § | CAMERON COUNTY |
| CELLULAR LIMITED PARTNERSHIP, | § | BROWNSVILLE, TEXAS |
| MCALLEN-EDINBURG-MISSION | § | |
| SMSA LIMITED PARTNERSHIP, SAN | § | CAMERON COUNTY, TEXAS |
| ANTONIO SMSA LIMITED | § | |
| PARTNERSHIP, TEXAS RSA 18 | § | |
| LIMITED PARTNERSHIP, TEXAS RSA | § | |
| 19 LIMITED PARTNERSHIP, and | § | |
| TEXAS RSA 20B1 LIMITED | § | |
| PARTNERSHIP, GRANDE RIVER | § | |
| COMMUNICATIONS, L.P., RIVIERA | § | |
| TELEPHONE COMPANY, INC. and | § | |
| THE PRICE COMMUNICATIONS | § | |
| GROUP, INC. | § | 404TH JUDICIAL DISTRICT |

---

## ORDER SETTING HEARING

---

A hearing on Defendants ' Amended Motion to Strike Plea in Intervention of Ken

Lee is hereby set for the _____ day of _____, 2004, at ___:___ o'clock

a .m. in the 404th Judicial District Court of Cameron County, Texas.

SIGNED AND ENTERED this _____ day of January, 2004.

_____
JUDGE PRESIDING

COPIES TO:

Robert John Myers
Robert John Myers & Associates
2700 Bee Caves Road, Suite 210
Austin, Texas  78746

Dennis Sanchez
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas  78251-2284

Ernesto Gamez, Jr.
Law Offices of Ernesto Gamez, Jr., P.C.
777 East Harrison
Brownsville, Texas 78520

David G. Oliveira
Roerig, Oliveira & Fisher
855 W. Price Rd., Ste. 9
Brownsville, TX 78520

Daniel J. Harkins
Cox & Smith
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205-1521



MAR 1 6 2004
COPY

CAUSE NO. 2001-09-4057-G

| | | |
|---|---|---|
| Z-PAGE COMMUNICATIONS, INC. | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; et al | § | |
|     Defendants | § | |
| | § | |
| | § | 404TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| KENNETH D. LEE, JR. | § | |
|     Intervenor/Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; SOUTHWESTERN | § | |
| BELL WIRELESS, INC.; | § | |
| SOUTHWESTERN BELL | § | |
| WIRELESS, L.L.C; SOUTHWESTERN | § | |
| BELL SYSTEMS, INC.; CINGULAR | § | |
| WIRELESS, L.L.C; and | § | |
| SBC COMMUNICATIONS, INC. | § | |
|     Defendants, | § | CAMERON COUNTY, TEXAS |



FILED _5:00_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST. CLERK

MAR 0 8 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_K.L.T._ DEPUTY

## INTERVENOR/PLAINTIFF'S MOTION FOR PROTECTIVE ORDER SEEKING TO RETAIN POSSESSION OF TAPE RECORDINGS AND DOCUMENTS

      NOW COMES INTERVENOR/PLAINTIFF KENNETH D. LEE, JR. (hereinafter "INTERVENOR"), and files this Motion for Protective Order Seeking To Retain Possession of Tape Recordings and Documents in the above referenced cause, and in support would show the following.

### I. INTRODUCTION

      1.    INTERVENOR is a former Cingular Wireless employee and has been designated as a fact witness in the above captioned lawsuit. INTERVENOR alleges that the Defendants were faced with the above captioned lawsuit filed by their former agent, Dan Miller III and his company Z-Page Communications, Inc., which involved information about which INTERVENOR was aware. INTERVENOR was deposed once on January 31, 2002, and a second time on December 8, 2003.

2.     Prior to and after INTERVENOR's deposition was scheduled in January 2002, Defendants attempted to coerce, intimidate and convince INTERVENOR to testify falsely in a legal proceeding by limiting or modifying his testimony. However, INTERVENOR insisted that he would have to testify truthfully on whatever he was asked in his deposition. Thereafter, not satisfied with INTERVENOR's testimony, and in retaliation for that testimony, Defendants began to retaliate against INTERVENOR by cutting his salary and pay schedule, creating a hostile work environment and making his working conditions intolerable. INTERVENOR was retaliated against by Defendants, and ultimately wrongfully terminated on November 15, 2002, in violation of his rights.

3.     In INTERVENOR's second deposition on December 8, 2003, INTERVENOR disclosed that he may have tape recorded conversations between himself and Dan Harkins, while being prepped for his first deposition in this suit, which occurred on January 31, 2002. As stated above, INTERVENOR was under intense pressure from his supervisors and counsel for Cingular Wireless to testify falsely in that deposition. It is for these reasons that INTERVENOR began to retain copies of all e-mails and to record his work conversations. INTERVENOR felt that his termination was imminent, which it turned out to be, as he was terminated.

4.     The Defendants have made requests for the tape of INTERVENOR's conversation with Dan Harkins and have filed their Motion to for Protective Order Seeking Possession of Privileged Tape Recordings and Documents. The documents the Defendants wish to have returned were produced by INTERVENOR in his second deposition on December 8, 2003, more specifically, bates labeled 000073, 000097, 000025, 000088-000089, 000571-000572, 000581-000585, 000596-000597, 000643, 000746-000749, 000797, 000814-000815, 000822-000823, 000831, 000846-000848, 000897-000899, 000950-000951, 001022-001025, 001390-001397, 001549-001553, and 001558-001560 (Hereinafter referred to as the "Documents"). The documents consist of e-mails retained by the INTERVENOR during his final days of employment, to evidence the true facts of what actually transpired in the above captioned lawsuit. These are the same facts that the INTERVENOR was being pressured to give false testimony about.

5.     PLAINTIFF has filed his Response to Defendants' Motion to for Protective Order Seeking Possession of Privileged Tape Recordings and Documents, and now files this Motion for Protective Order seeking To Retain Possession of Tape Recordings and Documents.

## II. ARGUMENTS AND AUTHORITIES

6.     A trial court may issue an order protecting a party to a lawsuit affected by a request for tangible documents or recordings from undue burden, unnecessary expense,

harassment, annoyance, or invasion of personal, constitutional, or property rights. TEX. R. CIV. P. 192.6(b); *see* TEX. R. CIV. P. 176.6(e). The rules of discovery explicitly encourage trial courts to limit discovery when the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. TEX. R. CIV. P. 192.4(b); *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999).

7.    INTERVENOR asks the court for a protective order because the documents requested by the Defendants' Motion to for Protective Order Seeking Possession of Privileged Tape Recordings and Documents, served on INTERVENOR constitutes an invasion of INTERVENOR's personal rights. TEX. R. CIV. P. 192.6(b); Hoffman v. Fifth Court of Appeals, 756 S.W.2d 723 (Tex. 1988).

8.    Specifically, the tape recording of the INTERVENOR's conversation with Dan Harkins are the private property of the INTERVENOR. He was a party to the conversation and was within his rights to make a record of the conversation. The tape recording is central to the INTERVENOR's cause of action against his former employer, Cingular Wireless. The INTERVENOR contends that this conversation is a primary reason why he was fired. In this conversation, he explains the actions and the motivations behind those actions which were conducted by Cingular Wireless against Z-Page and other similarly situated agents. The tape revealed to Dan Harkins and to Cingular Wireless that the INTERVENOR had complete knowledge of the events giving rise to this lawsuit.

9.    It is because of this knowledge that the INTERVENOR was wrongfully terminated. The tape recording proves that the INTERVENOR had that knowledge. Without the tape recording, the INTERVENOR will be irreparably prevented from proving that he was terminated because of what he knew and for his unwillingness to give false testimony.

10.    The Documents were e-mails sent to or sent by the INTERVENOR during his term of employment with the Defendants. The Documents are central to the INTERVENOR's cause of action against his former employer, Cingular Wireless. The INTERVENOR must retain possession of the Documents to prove that he had full knowledge of the events giving rise to this lawsuit and that he was retaliated against and wrongfully terminated because of that knowledge. Without the Documents, the INTERVENOR will be irreparably prevented from proving that he was terminated because of what he knew and for his unwillingness to give false testimony. The Documents are the property of the INTERVENOR and should remain in his possession.

### III. CONCLUSION

11.    The tape recordings and the Documents in the possession of INTERVENOR, Ken Lee, are his property and were recorded or retained by him to defend himself.  As stated above, during the last year of his employment, the INTERVENOR was under intense pressure from his supervisors and counsel for Cingular Wireless to testify falsely in depositions for the above captioned lawsuit.  Without the tape recording and the Documents, the INTERVENOR will be irreparably prevented from asserting his rights in this lawsuit.  Therefore, they should be protected from the Defendants as they are crucial in proving the INTERVENOR's cause of action against the Defendants.

**WHEREFORE, PREMISES CONSIDERED,** the INTERVENOR respectfully requests that the tape recording and the Documents be protected from the Defendants and that a protective order be issued, and for all such other and further relief to which INTERVENOR may be justly entitled.

Respectfully submitted,

Eddie Trevino, Jr.
*The Law Office of Eddie Trevino, Jr.*
622 E. St. Charles Street
Brownsville, Texas 78520
Telephone:  (956) 554-0683
Facsimile:  (956) 554-0693

By:    _____
Eddie Trevino, Jr.
State Bar No. 20211135
Attorney for Intervenor/Plaintiff,
KENNETH D. LEE, JR.

## CERTIFICATE OF SERVICE

I, Eddie Trevino, Jr., hereby certify that on this 8th day of March, 2004, a true and correct copy of the above foregoing document was forwarded by hand delivery, regular U.S. mail, by facsimile or by certified mail, return receipt requested to:

Mr. Dan Harkins
*Cox & Smith*
112 E. Pecan Suite 1800
San Antonio, Texas 78205
Telephone:  (210) 554-5285
Facsimile:  (210) 226-8395

Mr. Dennis Sanchez
*Sanchez, Whittington, Janis & Zabarte, LLP*
100 N. Expressway
Brownsville, Texas 78521-2284
Telephone: (956) 546-3731
Facsimile:  (956) 546-3765

Mr. Ernesto Gamez
777 E. Harrison
Brownsville, Texas 78520
Telephone: (956) 541-3820
Facsimile:  (956) 541-7694

Mr. David Oliveira
*Roerig, Oliveira & Fisher LLP*
855 W. Price Rd. Suite 9
Brownsville, Texas 78520
Telephone:  (956) 542-5666
Facsimile:  (956) 542-0016

Mr. Robert John Myers
*Robert John Myers & Associates*
2700 Bee Caves Road, Suite 210
Austin, Texas 78746
Telephone:  (512) 306-1919
Facsimile: (512) 328-1156

By: _____
Eddie Trevino, Jr.

CAUSE NO. 2001-09-4057-G

| | | |
|---|---|---|
| Z-PAGE COMMUNICATIONS, INC. | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; et al | § | |
| Defendants | § | |
| | § | 404TH JUDICIAL DISTRICT |
| | § | |
| ———————————— | § | |
| | § | |
| KENNETH D. LEE, JR. | § | |
| Intervenor/Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; SOUTHWESTERN | § | |
| BELL WIRELESS, INC.; | § | |
| SOUTHWESTERN BELL | § | |
| WIRELESS, L.L.C; SOUTHWESTERN | § | |
| BELL SYSTEMS, INC.; CINGULAR | § | |
| WIRELESS, L.L.C; and | § | |
| SBC COMMUNICATIONS, INC. | § | |
| Defendants, | § | CAMERON COUNTY, TEXAS |

## ORDER SETING HEARING ON INTERVENOR/PLAINTIFF'S MOTION FOR PROTECTIVE ORDER SEEKING TO RETAIN POSSESSION OF TAPE RECORDINGS AND DOCUMENTS

A hearing on INTERVENOR's Motion for Protective Order Seeking To Retain Possession of Tape Recordings and Documents is hereby set for the _____ day of _____, at _____o'clock ___m. in the 404th Judicial District Court of Cameron County, Texas.


SIGNED FOR ENTRY this the _____ day of _____, 2004.


_____

Judge Presiding

cc:    Mr. Dan Harkins, *Cox & Smith,* 112 E. Pecan Suite 1800, San Antonio, Texas 78205
Mr. Dennis Sanchez, *Sanchez, Whittington, Janis & Zabarte, LLP,* 100 N. Expressway, Brownsville, Texas 78521-2284
Mr. Ernesto Gamez, 777 E. Harrison, Brownsville, Texas 78520
Mr. David Oliveira, *Roerig, Oliveira & Fisher LLP,* 855 W. Price Rd. Suite 9, Brownsville, Texas 78520
Mr. Robert John Myers, *Robert John Myers & Associates,* 2700 Bee Caves Road, Suite 210 Austin, Texas 78746
Mr. Eddie Trevino, Jr., 622 E. St. Charles Street, Brownsville, Texas 78521

CAUSE NO. 2001-09-4057-G

| | | |
|---|---|---|
| Z-PAGE COMMUNICATIONS, INC. | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; et al | § | |
|     Defendants | § | |
| | § | |
| | § | 404TH JUDICIAL DISTRICT |
| | § | |
| ———————————— | § | |
| | § | |
| KENNETH D. LEE, JR. | § | |
|     Intervenor/Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; SOUTHWESTERN | § | |
| BELL WIRELESS, INC.; | § | |
| SOUTHWESTERN BELL | § | |
| WIRELESS, L.L.C; SOUTHWESTERN | § | |
| BELL SYSTEMS, INC.; CINGULAR | § | |
| WIRELESS, L.L.C; and | § | |
| SBC COMMUNICATIONS, INC. | § | |
|     Defendants, | § | CAMERON COUNTY, TEXAS |

## ORDER ON INTERVENOR/PLAINTIFF'S MOTION FOR PROTECTIVE ORDER SEEKING TO RETAIN POSSESSION OF TAPE RECORDINGS AND DOCUMENTS

On _____, 2004, the court considered INTERVENOR's Motion for Protective Order Seeking To Retain Possession of Tape Recordings and Documents, and after reviewing the evidence and hearing the arguments of counsel, finds that the Motion should be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that INTERVENOR's Motion for Protective Order Seeking To Retain Possession of Tape

Recordings and Documents is GRANTED, and the INTERVENOR may retain possession of said items.


SIGNED FOR ENTRY this the _____ day of _____, 2004.


_____
Judge Presiding


cc:    Mr. Dan Harkins, *Cox & Smith,* 112 E. Pecan Suite 1800, San Antonio, Texas 78205
       Mr. Dennis Sanchez, *Sanchez, Whittington, Janis & Zabarte, LLP,* 100 N. Expressway, Brownsville, Texas 78521-2284
       Mr. Ernesto Gamez, 777 E. Harrison, Brownsville, Texas 78520
       Mr. David Oliveira, *Roerig, Oliveira & Fisher LLP,* 855 W. Price Rd. Suite 9, Brownsville, Texas 78520
       Mr. Robert John Myers, *Robert John Myers & Associates,* 2700 Bee Caves Road, Suite 210 Austin, Texas 78746
       Mr. Eddie Trevino, Jr., 622 E. St. Charles Street, Brownsville, Texas 78521

CAUSE NO. C-2001-09-4057-G

| | | |
|---|---|---|
| Z-PAGE COMMUNICATIONS, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC., SOUTHWESTERN | § | |
| BELL WIRELESS, INC., | § | |
| SOUTHWESTERN BELL WIRELESS, | § | |
| LLC, DALLAS SMSA LIMITED | § | |
| PARTNERSHIP, TEXAS/ILLINOIS | § | |
| CELLULAR LIMITED PARTNERSHIP, | § | |
| MCALLEN-EDINBURG-MISSION | § | CAMERON COUNTY, TEXAS |
| SMSA LIMITED PARTNERSHIP, SAN | § | |
| ANTONIO SMSA LIMITED | § | |
| PARTNERSHIP, TEXAS RSA 18 | § | |
| LIMITED PARTNERSHIP, TEXAS RSA | § | |
| 19 LIMITED PARTNERSHIP, and | § | |
| TEXAS RSA 20B1 LIMITED | § | |
| PARTNERSHIP, GRANDE RIVER | § | |
| COMMUNICATIONS, L.P., RIVIERA | § | |
| TELEPHONE COMPANY, INC. and | § | |
| THE PRICE COMMUNICATIONS | § | |
| GROUP, INC. | § | 404TH JUDICIAL DISTRICT |

---

## ORDER SETTING HEARING

---

A hearing on Defendants' Motion for Protective Order Seeking Possession of Privileged Tape Recordings and Documents is hereby set for the 10th day of March, 2004, at 9:00 o'clock a .m. in the 404th Judicial District Court of Cameron County, Texas.

SIGNED AND ENTERED this 3rd day of March, 2004.

JUDGE PRESIDING

FILED _26 1_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST. CLERK

MAR - 3 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

COPIES TO:

Robert John Myers
Robert John Myers & Associates
2700 Bee Caves Road, Suite 210
Austin, Texas  78746

Dennis Sanchez
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas  78251-2284

Ernesto Gamez, Jr.
Law Offices of Ernesto Gamez, Jr., P.C.
777 East Harrison
Brownsville, Texas 78520

Eddie Trevino, Jr.
The Law Office of Eddie Trevino, Jr.
622 E. St. Charles Street
Brownsville, Texas 78520

David G. Oliveira
Roerig, Oliveira & Fisher
855 W. Price Rd., Ste. 9
Brownsville, TX 78520

Daniel J. Harkins
Cox & Smith
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205-1521

No. 2001-09-4057-G

| | | |
|---|---|---|
| Z-PAGE COMMUNICATIONS, INC., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC., SOUTHWESTERN | § | |
| BELL WIRELESS, INC., | § | |
| SOUTHWESTERN BELL WIRELESS, | § | 404th JUDICIAL DISTRICT |
| L.L.C., DALLAS SMSA LIMITED | § | |
| PARTNERSHIP, TEXAS/ILLINOIS | § | |
| CELLULAR LIMITED PARTNERSHIP, | § | |
| MCALLEN-EDINBURG-MISSION | § | |
| SMSA LIMITED PARTNERSHIP, SAN | § | |
| ANTONIO SMSA LIMITED | § | |
| PARTNERSHIP, TEXAS RSA 18 | § | |
| LIMITED PARTNERSHIP, TEXAS RSA | § | |
| 19 LIMITED PARTNERSHIP, | § | |
| TEXAS RSA 20B1 LIMITED | § | |
| PARTNERSHIP, GRANDE RIVER | § | |
| COMMUNICATIONS, L.P., RIVIERA | § | |
| TELEPHONE COMPANY, INC., | § | |
| and ROBERT FORSYTH, | § | |
| | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |



FILED ___10:30___ O'CLOCK ___B___ M
AURORA DE LA GARZA DIST. CLERK

MAR 0 3 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
___Key Lopez Jr.___ DEPUTY

### DEFENDANTS' MOTION FOR PROTECTIVE ORDER SEEKING
### POSSESSION OF PRIVILEGED TAPE RECORDINGS AND DOCUMENTS

NOW COME Southwestern Bell Mobile Systems, Inc.; Southwestern Bell Wireless, Inc.;

Southwestern Bell Wireless, L.L.C.; Dallas SMSA Limited Partnership; Texas/Illinois Cellular

Limited Partnership; McAllen-Edinburg-Mission SMSA Limited Partnership; San Antonio

SMSA Limited Partnership; Texas RSA 18 Limited Partnership; Texas RSA 19 Limited

Partnership; Texas RSA 20B1 Limited Partnership; Grande River Communications, L.P.; Riviera

Telephone Company, Inc.; and Robert Forsyth, (hereafter collectively referred to as "Cingular"),

7

Defendants in the above-referenced cause, and submit this Motion for Protective Order seeking possession of certain tape recordings and documents that are protected by the work product and attorney-client privileges.

## I. BACKGROUND

Z-Page Communications, Inc. ("Z-Page") has asserted a variety of causes of action against Cingular, including fraudulent inducement, breach of contract, and tortious interference with prospective business relations. Ken Lee is a former Cingular employee who has been designated as a fact witness. Lee left Cingular's employ in November 2002.[1] *Lee depo. II at 7.* (See Lee Deposition attached at Tab 1.)

Lee was first deposed by Z-Page on January 31, 2002, while he was still a Cingular employee. *Lee depo. II at 5-7.* He was deposed for a second time on December 8, 2003, when he was no longer a Cingular employee. *Lee depo. II at 7.* During the second deposition, Lee revealed that he had tape-recorded conversations between himself and counsel for Cingular. *Lee depo. II at 178-81.* The content of those conversations was not divulged during the deposition, but other testimony demonstrates that they occurred while Lee was a Cingular employee and while Cingular's counsel was in the course of providing or effectuating the provision of professional legal services to Cingular in connection with this lawsuit. *See Lee depo. II at 57-58.* Other testimony also indicates that the taped conversations include discussions between Cingular's counsel and Lee while preparing Lee for his first deposition. *See Lee depo. II at 61-62; see also Harkins Affidavit,* attached hereto at Tab 2 and incorporated herein by reference.

Disrespecting Cingular's attorney-client and work product privileges, the tape recordings in question are currently in the possession of Lee's attorney, Eddie Trevino, Jr. Cingular has

---

[1] Lee intervened in this lawsuit in December 2003 to assert a claim of wrongful termination against Cingular. Cingular filed a motion to strike the intervention. That motion has not yet been heard.

requested Lee and his attorney to allow Cingular to review the tapes, but he has refused. *Harkins Affidavit at ¶ 5.* On several occasions, Cingular has requested Lee and his attorney to surrender possession of the tapes and provide assurances that neither the tapes nor their content be disclosed to Z-Page or its counsel. However, Lee and his attorney have failed and refused to turn over the tapes or provide the requested assurances. *Harkins Affidavit at ¶ 5.* Cingular has no choice but to seek the assistance of the Court to protect the confidential and privileged information contained on the tapes.

In addition to the tape recordings, at his second deposition Mr. Lee also produced to Z-Page and its counsel several documents that are confidential documents of Cingular, protected from disclosure based upon the attorney-client and work product privileges belonging to Cingular. In particular, documents bates labeled 000073, 000097, 000025, 000088 - 000089, 000571 - 00572, 000581 - 000585, 000596 - 000597, 000643, 000746 - 000749, 000797, 000814 - 000815, 000822 - 000823, 000831, 000846 - 000848, 000897 - 000899, 000950 - 000951, 001022 - 001025, 001390 - 001397, 001549 - 001553, and 001558 - 001560 are privileged based on the attorney-client and/or work product privileges and document bates labeled 000851 contains some information that is privileged and confidential (documents referred to as the "Privileged Documents"). These documents contain communications to or from Wilka Mayo, Tracy Parks and/or Robert V. Vitanza, who are Cingular's in-house attorneys. *See Affidavit of Robert Forsyth.* Additionally, these documents contain communications to or from Cingular's outside counsel including Dan Harkins and Jim Spivey. *See Affidavit of Robert Forsyth.* As a general proposition, no Cingular employee, including Ken Lee, has the right, is permitted, or is authorized to publish or disclose Privileged Documents. *See Affidavit of Robert Forsyth.* Furthermore, during and after the time that Mr. Lee was an employee of Cingular, Cingular

never granted Mr. Lee the authority or right, either expressly or impliedly, to publish or disclose the Privileged Documents. *See Affidavit of Robert Forsyth.* Cingular has requested that the Privileged Documents be returned to Cingular. *Harkins Affidavit at ¶ 5.* Z-Page and Mr. Lee have refused. *Harkins Affidavit at ¶ 5.* Therefore, like Cingular's privileged tape recordings, Cingular must seek the Court's assistance to protect the confidential and privileged information contained in these Privileged Documents.

## II. THE TAPE RECORDINGS AND DOCUMENTS ARE PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE

**A.  The attorney-client privilege protects confidential communications between a lawyer and the client's representative.**

The attorney-client privilege is contained in Rule 503 of the Texas Rules of Evidence. It protects from disclosure "confidential communications made for the purpose of facilitating the rendition of professional legal services to the client," including confidential communications between the client's representative and the client's lawyer. TEX. R. EVID. 503(b)(1).

A "representative of the client" includes:

(A)  a person having authority to obtain professional legal services, or to act on advice thereby rendered, on behalf of the client, or

(B)  any other person who, for the purpose of effectuating legal representation for the client, makes or receives a confidential communication while acting in the scope of employment for the client.

TEX. R. EVID. 503(a)(2). "A communication is 'confidential' if not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." TEX. R. EVID. 503(a)(5); *see also Arkla, Inc. v. Harris*, 846 S.W.2d 623, 629 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding).

4

The attorney-client privilege protects the statements and advice of the attorney as well as communications by the client to the attorney. *Arkla, Inc.*, 846 S.W.2d at 629; *see also State v. Martinez*, 116 S.W.3d 385, 393 (Tex. App.—El Paso 2003 no pet.) (privilege applies to complete communications between attorney and client). Also, "[o]nce it is established that a document contains a confidential communication, the privilege extends to the *entire* document, and not merely the specific portions relating to legal advice, opinions, or mental analysis." *Pittsburgh Corning Corp. v. Caldwell*, 861 S.W.2d 423, 425 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding) (emphasis in original); *see also In re Columbia Valley Reg. Med. Ctr.*, 41 S.W.3d 797, 801 (Tex. App.—Corpus Christi 2001, orig. proceeding) (inclusion of information discoverable through other means does not overcome privilege); *Keene Corp. v. Caldwell*, 840 S.W.2d 715, 720 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding) (same).

Notably, in litigation involving a corporation and its former employee, Texas law provides that the former employee has no right and in fact violates the attorney-client and work product privileges by retaining privileged documents after leaving employment. *In re Marketing Investors, Corp.*, 80 S.W.3d 44, 49 (Tex. App.—Dallas 1998, orig. proceeding) (requiring former employee to return originals and all copies of privileged documents to employer and prohibiting employee from using the documents in the litigation). The former employee is required to return to the former employer all attorney-client and work product privileged material. *Id.*

## B.    The tape recordings and documents contain privileged attorney-client communications.

Confidential communications between a representative of the client and the client's attorney for the purpose of facilitating the rendition of legal services to the client are privileged. TEX. R. EVID. 503(b)(1).    The client here is Cingular.    Lee is a representative of the client because, at the time the tape recordings were made, he was an employee of Cingular who

received confidential information in the scope of that employment for the purpose of effectuating Cingular's legal representation and because he had the authority to act on advice rendered by Cingular's counsel. *Harkins Affidavit ¶ 3.* For example, Lee received information from Cingular's attorney to assist in answering discovery, to prepare him for giving his deposition in connection with the present lawsuit against Cingular. *See Lee depo. II at 61-62; Harkins Affidavit ¶¶ 3, 4.* This information is protected by the attorney-client privilege. *See Pittsburgh Corning Corp.,* 861 S.W.2d at 424-25 (discussions between client representative and attorney concerning defense strategies fall within attorney-client privilege)..

Similarly, the Privileged Documents are the product of and contain confidential communications between Cingular and/or a representative of Cingular and Cingular's attorney for the purpose of facilitating the rendition of legal services to Cingular. *See Privileged Documents (provided solely to the Court for in camera review).* The Privileged Documents contain or reflect statements and opinions of Cingular's attorneys. *Id.* Mr. Lee had no authority to disclose such privileged and confidential documents. *See Affidavit of Robert Forsyth.*

Because the tape recordings and documents contain confidential communications within the attorney-client privilege, they are privileged in their entirety. *See Pittsburgh Corning Corp.,* 861 S.W.2d at 425; *In re Columbia Valley Reg. Med. Ctr.,* 41 S.W.3d at 801; *Keene Corp.,* 840 S.W.2d at 720. As privileged material, both the original and all copies of the tape recordings and the documents must be returned to Cingular. *Id.; see also In re Marketing Investors, Corp.,* 80 S.W.3d at 49.

### III. THE TAPE RECORDINGS AND DOCUMENTS ARE PROTECTED BY THE WORK PRODUCT PRIVILEGE

**A.  Core work product is absolutely privileged.**

Work product is defined as:

(1)    material prepared or mental impressions developed in anticipation of litigation or for trial by or for a party or a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; or

(2)    a communication made in anticipation of litigation or for trial between a party and the party's representatives or among a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents.

Tex. R. Civ. P. 192.5(a).

Core work product includes "the work product of an attorney or an attorney's representative that contains the attorney's or the attorney's representative's mental impressions, opinions, conclusions, or legal theories." *Id.*; *see In re Ford Motor Co.*, 988 S.W.2d 714, 719 (Tex. 1998). The privilege with respect to core work product is absolute. *Occidental Chem. Corp. v. Banales*, 907 S.W.2d 488, 490 (Tex. 1995); *see also* Tex. R. Civ. P. 192.5(b)(1) (core work product is not discoverable).

**B.    The tape recordings and documents are absolutely privileged because they contain core work product.**

Preparing a witness for deposition, particularly a witness who is an employee/representative of the client, necessarily involves the attorney's mental impressions, opinions, conclusions, or legal theories. While Cingular has not been given an opportunity to hear the precise contents of the tapes here at issue, it is apparent that the conversations recorded thereon involved counsel for Cingular "prepping" Lee, a Cingular employee, for his first deposition. *Lee depo. II at 61-62.* In this context, it is a virtual certainty that the tapes contain counsel's opinions of what areas of inquiry will be covered in the deposition and how those areas of inquiry relate to Cingular's claims, defenses, and legal theories in this case. As such, they contain "core" work product that is absolutely privileged from disclosure and the original and all

7

copies of the tapes must be returned to Cingular. *See* TEX. R. CIV. P. 192.5(b)(1); *In re Ford Motor Co.*, 988 S.W.2d at 719; *In re Marketing Investors, Corp.*, 80 S.W.3d at 49.

The Privileged Documents are also core work product. They contain the mental impressions, opinions, conclusions, or legal theories of Cingular's attorney or the attorney's representative. Therefore, like the tape recordings, Cingular's Privileged Documents should not be discovered and must be returned to Cingular. *In re Marketing Investors, Corp.*, 80 S.W.3d at 49.

**C.    Non-core work product is privileged and generally not discoverable.**

Work product other than "core" work product is discoverable "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the material by other means." TEX. R. CIV. P. 192.5(b)(2).

**D.    The tape-recordings and documents are privileged even insofar as they contain non-core work product.**

The information Z-Page needs to present its case is the factual information known by Lee that is relevant to Z-Page's claims or defenses. That factual information can be (and has been) obtained, without undue hardship, by traditional methods of discovery such as deposing Lee. In fact, Z-Page has deposed Lee twice. Because it has an appropriate means of learning what Lee knows about the facts of this case, Z-Page has no substantial need for the tape recordings or the Privileged Documents and they should remain protected by the work product privilege.

Insofar as Z-Page believes the tape recordings and Privileged Documents have any bearing on Lee's credibility, Z-Page has available to it traditional methods of impeachment, including vigorous examination and pointing out any inconsistencies between Lee's two depositions and, if the occasion arises, his testimony at trial. Because Z-Page can test Lee's

credibility by traditional means without undue hardship, it does not have substantial need of the tape recordings or the Privileged Documents.

## IV. CONCLUSION AND PRAYER

The tape recordings and Privileged Documents contain Cingular's attorney's mental impressions, theories, and opinions regarding this pending litigation. They also contain confidential communications between Cingular's attorney and its representative made for the purpose of facilitating the rendition of legal services to Cingular (*i.e.*, preparing Cingular's representative to give his deposition). The tapes and documents are, therefore, privileged under the work product and attorney-client privileges. The originals and all copies of the tapes and documents must be returned to Cingular. Cingular affirmatively asserts these privileges and seeks the Court's assistance in ensuring the continued confidentiality of the contents of the tapes and the Privileged Documents.

WHEREFORE, PREMISES CONSIDERED, Cingular respectfully requests that this Court grant this motion and order Ken Lee and Eddie Trevino, Jr. to turn over to counsel for Cingular, no later than 4:00 p.m. on the fifth business day following this Court's ruling (or by such date and time as the Court deems reasonable), all originals and copies of tape recordings in their possession or subject to their control containing any conversations between Ken Lee and any attorney representing Cingular in connection with this lawsuit. Cingular also requests that the Court order Ken Lee, Eddie Trevino, Jr., Z-Page and all Z-Page counsel to turn over to counsel for Cingular, no later than 4:00 p.m. on the fifth business day following this Court's ruling (or by such date and time as the Court deems reasonable), the originals and all copies of documents bates labeled 000073, 000097, 000025, 000088 - 000089, 000571 - 00572, 000581 - 000585, 000596 - 000597, 000643, 000746 - 000749, 000797, 000814 - 000815, 000822 -

000823, 000831, 000846 - 000848, 000897 - 000899, 000950 - 000951, 001022 - 001025, 001390 - 001397, 001549 - 001553, 001558 - 001560 and 000851.  Cingular further requests that this Court order Ken Lee and Eddie Trevino, Jr. not to divulge to anyone the contents of those tape recordings and documents.

In the alternative, Cingular requests that this Court conduct an *in camera* inspection of the tape recordings and documents to determine the applicability of the work product and attorney-client privileges.  Cingular requests that, following such *in camera* inspection, the Court grant the specific relief requested above.

Cingular also requests such further relief to which it is entitled.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
Suite 9, Price Plaza Building
855 West Price Road
Brownsville, Texas 78520
(956) 542-5666
(956) 542-0016 (Fax)

COX & SMITH INCORPORATED
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500
(210) 226-8395 (Fax)

By:_____
    David G. Oliveira
    State Bar No. 15254675
    J. Daniel Harkins
    State Bar No. 09008990
    James K. Spivey
    State Bar No. 00794680

*Attorneys for Defendants*

10

## Certificate of Conference

Counsel for Defendants have conferred with counsel for Intervenor and Plaintiff regarding Defendants' request for return and protection of its attorney-client and work product privileged documents and tape recordings. Intervenor's counsel has not returned the tapes or documents and has not provided the requested assurances that these items will not be disclosed to Plaintiff or Plaintiff's counsel. Plaintiff's counsel has refused to return the documents. Accordingly, these matters are presented to the Court for determination.

_____
J. Daniel Harkins

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing "Defendants' Motion for Protective Order Seeking Possession of Privileged Tape Recordings and Documents" has been sent by certified mail, return receipt requested to the following counsel of record on this 2nd day of March, 2004:

Robert John Myers
ROBERT JOHN MYERS & ASSOCIATES
2700 Bee Caves Road, Suite 210
Austin, Texas 78746

Dennis Sanchez
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas 78251-2284

Ernesto Gamez, Jr.
Law Offices of Ernesto Gamez, Jr., P.C.
777 East Harrison
Brownsville, Texas 78520

Eddie Trevino, Jr.
The Law Office of Eddie Trevino, Jr.
622 E. St. Charles Street
Brownsville, Texas 78520

_____
J. Daniel Harkins

11

CAUSE NO. 2001-09-4057-G

| | | |
|---|---|---|
| Z-PAGE COMMUNICATIONS, INC. | ) ( | IN THE DISTRICT COURT |
| Plaintiff | ) ( | |
| | ) ( | |
| VS. | ) ( | |
| | ) ( | |
| SOUTHWESTERN BELL MOBILE | ) ( | |
| SYSTEMS, INC., SOUTHWESTERN | ) ( | |
| BELL WIRELESS, INC., | ) ( | |
| SOUTHWESTERN BELL WIRELESS, | ) ( | |
| LLC, DALLAS SMSA LIMITED | ) ( | |
| PARTNERSHIP, TEXAS/ILLINOIS | ) ( | |
| CELLULAR LIMITED PARTNERSHIP | ) ( | CAMERON COUNTY, TEXAS |
| McALLEN-EDINBURG-MISSION | ) ( | |
| SMSA LIMITED PARTNERSHIP, | ) ( | |
| SAN ANTONIO SMSA LIMITED | ) ( | |
| PARTNERSHIP, TEXAS RSA 18 | ) ( | |
| LIMITED PARTNERSHIP, TEXAS | ) ( | |
| RSA 19 LIMITED PARTNERSHIP, | ) ( | |
| TEXAS RSA 20B1 LIMITED | ) ( | |
| PARTNERSHIP, PARTNERSHIP, | ) ( | |
| GRANDE RIVER COMMUNICATIONS, | ) ( | |
| L.P., RIVIERA TELEPHONE | ) ( | |
| COMPANY, INC., and THE PRICE | ) ( | |
| COMMUNICATIONS GROUP, INC. | ) ( | |
| Defendants | ) ( | 404TH JUDICIAL DISTRICT |

COPY

ORAL DEPOSITION OF
KENNETH D. LEE
DECEMBER 8, 2003

ORAL DEPOSITION OF KENNETH D. LEE, produced as

a witness at the instance of the PLAINTIFF, taken in

the above styled and numbered cause on DECEMBER 8,

2003, reported by DONNA McCOWN, Certified Court

Reporter No. 6625, in and for the State of Texas, at

the offices of Sanchez, Whittington, Janis & Zabarte,

L.L.P., 100 North Expressway 83, Brownsville, Texas,

pursuant to the Texas Rules of Civil Procedure.

<u>APPEARANCES</u>

COUNSEL FOR PLAINTIFF:

    DENNIS SANCHEZ
    SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.
    100 North Expressway 83
    Brownsville, Texas  78521-2284

    ERNEST GAMEZ
    LAW OFFICE OF ERNESTO GAMEZ, JR.
    777 East Harrison
    Brownsville, Texas  78520

COUNSEL FOR DEPONENT:

    EDDIE TREVINO, JR.
    THE LAW OFFICE OF EDDIE TREVINO, JR.
    622 East St. Charles Street
    Brownsville, Texas  78521

COUNSEL FOR DEFENDANTS:

    J. DANIEL HARKINS
    JAMES K. SPIVEY
    COX & SMITH
    112 East Pecan Street, Suite 1800
    San Antonio, Texas  78205-1521

    ROBERT VITANZA
    CINGULAR WIRELESS
    Regional General Counsel-Central
    17330 Preston Road, Suite 100A
    Dallas, Texas  75252

ALSO PRESENT:
    Tres Miller

```
 1                         KENNETH D. LEE,

 2    having been duly sworn, testified as follows:

 3                         EXAMINATION

 4    BY MR. SANCHEZ:

 5         Q.  Please state your full name.

 6         A.  Kenneth D. Lee, Jr.

 7         Q.  Where do you live, Mr. Lee?

 8         A.  Harlingen.

 9         Q.  Where?

10         A.  1916 Guava Circle.

11              If I'm talking too fast -- I asked her

12    before how you did that so quick, so --

13         Q.  Okay.  How are you currently employed?

14         A.  I'm self-employed.

15         Q.  And in what?

16         A.  I'm doing some real estate development.

17         Q.  Were you previously employed with Southwestern

18    Bell Cingular?

19         A.  Yes.

20         Q.  And did you provide a deposition to Z-Page --

21    in the Z-Page case on January 31, 2002?

22         A.  Yes, I did.

23         Q.  I'm going to show you what's been marked as a

24    copy of it, a stamped copy of it.  Did you have a

25    chance to review your deposition?
```

Time stamps (left margin): 10:57:00, 10:57:01, 10:57:03, 10:57:06, 10:57:07, 10:57:10, 10:57:11, 10:57:15, 10:57:20, 10:57:43, 10:57:45, 10:57:47, 10:57:48, 10:57:51, 10:57:56, 10:57:56, 10:57:57, 10:58:03, 10:58:07, 10:58:08, 10:58:09, 10:58:14

10:58:17 1      A.  Yes, I have.

10:58:19 2      Q.  Okay.  Let me show you what's been marked as --

10:58:23 3  previously marked to that deposition that you gave on

10:58:26 4  January, Exhibit 166, which was the subpoena duces

10:58:36 5  tecum that was issued to Southwestern Bell Cingular at

10:58:43 6  that time.  Have you ever seen that document before?

10:58:47 7      A.  Recently my attorney, Mr. Trevino, showed this

10:58:51 8  to me.

10:58:51 9      Q.  Okay.  Did you ever see that document at the

10:58:53 10 time that you gave your deposition back in January of

10:58:57 11 2002?

10:58:59 12     A.  I saw the document.  I did not get an

10:59:02 13 opportunity to read the entire document, no.

10:59:04 14     Q.  So you never read the document?

10:59:06 15     A.  No.

10:59:09 16     Q.  Going back to that time, when did you first see

10:59:12 17 that document in relation to the date that you gave

10:59:17 18 your deposition, which was January 31st, 2002?

10:59:21 19     A.  The morning before I came in to give the

10:59:23 20 deposition.

10:59:26 21     Q.  Had you previously provided documents at the

10:59:28 22 request of your attorneys or supervisors?

10:59:30 23     A.  Yes, I had.

10:59:32 24     Q.  And since you gave your deposition on January

10:59:34 25 the 31st, 2002, have you provided documents at the

| | |
|---|---|
| 10:59:38 | 1 | request of your attorneys or your supervisors? |
| 10:59:40 | 2 | A. Yes. Yes, I have. |
| 10:59:42 | 3 | Q. Have you ever seen presented to Cingular any of |
| 10:59:48 | 4 | the requests for production of documents that Z-Page |
| 10:59:50 | 5 | may have caused to be issued in this lawsuit? |
| 10:59:53 | 6 | A. No. I mean -- no. What I -- basically, what I |
| 10:59:56 | 7 | get is either a phone call or an e-mail or something to |
| 11:00:00 | 8 | that effect saying we need to -- you know, they're |
| 11:00:01 | 9 | asking for more documents, you know, or don't destroy |
| 11:00:04 | 10 | these types of documents or, you know, that type of |
| 11:00:06 | 11 | communication. |
| 11:00:09 | 12 | Q. Okay. When did you cease to work with |
| 11:00:11 | 13 | Cingular? |
| 11:00:13 | 14 | A. November 15th of 2002 was my last day of |
| 11:00:17 | 15 | employment. |
| 11:00:19 | 16 | Q. Were you fired or what? |
| 11:00:22 | 17 | A. They called it a surplus action, that I was |
| 11:00:26 | 18 | part of a surplus of employees throughout the company. |
| 11:00:30 | 19 | Q. So you were surplused in November of 2002? |
| 11:00:33 | 20 | A. Yes. |
| 11:00:43 | 21 | Q. Now, have you seen the new document, |
| 11:00:46 | 22 | Exhibit 505, which is the subpoena duces tecum that was |
| 11:00:57 | 23 | issued for today for use in today's deposition? |
| 11:01:14 | 24 | A. Yes. I think -- I believe this is the one that |
| 11:01:17 | 25 | I've gone over with my attorney, Mr. Trevino. |

11:59:23  1          MR. HARKINS:  I'll object to any

11:59:25  2   discussions with counsel and ask you not to answer.

11:59:27  3   That's privileged attorney-client communications.

11:59:29  4          MR. SANCHEZ:  Are you saying that you are

11:59:30  5   the attorney for this --

11:59:32  6          MR. HARKINS:  At the time I had

11:59:33  7   discussions with Mr. Lee, I was his attorney.  I was

11:59:36  8   counsel for the company.

11:59:38  9          MR. TREVINO:  That's open for debate

11:59:40 10   whether or not you were acting on his behalf or on the

11:59:42 11   company's behalf.  The record reflects that you

11:59:44 12   continue to represent the Southwestern Bell defendants.

11:59:47 13   He was an employee at the time, but I'm not so sure

11:59:50 14   that the attorney-compliant privilege would extend,

11:59:52 15   especially since he's no longer an employee.

11:59:54 16          MR. HARKINS:  But at the time I had my

11:59:55 17   discussions with him, I was counsel for the company.

11:59:55 18   He was a director --

11:59:59 19          MR. TREVINO:  I'm not disputing you were

12:00:00 20   counsel for --

12:00:01 21          MR. HARKINS:  I know.  But in the capacity

12:00:02 22   that I had any kind of discussions with him, I think

12:00:05 23   those would be privileged attorney-client

12:00:07 24   communications because they were taken at the time he

12:00:10 25   was an employee for the company.  He was a director

12:00:11 1    with the company, and his -- our discussions were in

12:00:14 2    that capacity.

12:00:18 3              MR. TREVINO:  Well, I'm not instructing

12:00:19 4    you not to answer.

12:00:23 5              MR. SANCHEZ:  Then you can answer the

12:00:24 6    question.

12:00:26 7              MR. HARKINS:  I would object before you

12:00:27 8    answer.

12:00:31 9        Q.  Did you believe -- did anybody on -- did any of

12:00:38 10   the Cingular attorneys ever tell you that they were

12:00:40 11   going to represent you personally, Mr. Lee?

12:00:46 12       A.  Well, if I answer that question, then am I --

12:00:51 13   then it's part of the discussion.

12:00:53 14             MR. HARKINS:  Yeah.  Again, I'm going to

12:00:53 15   object on this line of questions because you are

12:00:56 16   getting into discussions that we had as the attorney

12:01:00 17   for the company while he was the director in this

12:01:03 18   market for the company, and those discussions are

12:01:06 19   privileged.

12:01:08 20             MR. TREVINO:  Dennis, for purposes of

12:01:09 21   today's deposition, why don't we agree that you take

12:01:14 22   that up before the Court.  I don't --

12:01:17 23             MR. SANCHEZ:  Let me just ask him without

12:01:20 24   asking what was exactly said per se.

12:01:24 25       Q.  Did anybody intimidate you to try and lie about

12:16:27  1      Q.  Let me just try and conclude this thing on this

12:16:32  2  issue, Mr. Lee, by first of all instructing you, I

12:16:35  3  don't want to know what any lawyer told you or what you

12:16:41  4  told any lawyer.

12:16:43  5      A.  Okay.

12:16:44  6      Q.  But were you at a meeting with some Cingular

12:16:48  7  lawyers?

12:16:48  8      A.  Yes, I was.

12:16:50  9      Q.  When?

12:16:56 10      A.  I know the morning before the deposition.  And

12:16:59 11  prior to that, I don't recall the day.  I think it was

12:17:02 12  sometime in the month of January.  I gave my deposition

12:17:06 13  in January 2002, so I know the morning before -- or the

12:17:10 14  morning of the deposition.  And prior to that, there

12:17:14 15  was also a meeting at my office in Harlingen.

12:17:17 16      Q.  At your office?

12:17:17 17      A.  Yes.

12:17:18 18      Q.  Who was present at that meeting?

12:17:20 19      A.  Mr. Harkins and Mr. Vitanza.

12:17:23 20      Q.  Was Mr. Forsyth available at that meeting?

12:17:27 21      A.  No, he was not.  And back in -- I believe it

12:17:29 22  was in December, I also had a conversation with

12:17:32 23  Mr. Harkins -- actually, a couple of different times, I

12:17:37 24  believe, by phone.

12:17:40 25      Q.  Mr. Harkins is the attorney with Cox & Smith?

12:17:44 1     A.   Yes.

12:17:52 2     Q.   And Mr. Vitanza is the in-house counsel for

12:17:52 3  Cingular?

12:17:52 4     A.   Yes, company attorney.

12:17:52 5     Q.   Okay.  Now, going back to the meetings that you

12:17:54 6  had with Mr. Harkins and Mr. Vitanza, did you --

12:17:59 7  without telling us what was said, did you walk away

12:18:03 8  from that meeting with any particular feeling?

12:18:05 9     A.   Yes, I did.

12:18:06 10     Q.   And what was the feeling you walked away with?

12:18:09 11     A.   Feeling was if I didn't take a company line in

12:18:13 12  my deposition, I was at risk of losing my job.

12:18:18 13     Q.   Was does that mean, company line?

12:18:21 14     A.   In other words, without getting into the

12:18:24 15  discussions, it's just that -- follow the company

12:18:28 16  position throughout the deposition in terms of the

12:18:30 17  information I was to -- the way I'd answer questions.

12:18:33 18     Q.   Did you -- was Mr. Forsyth at that meeting?

12:18:38 19     A.   No.

12:18:40 20     Q.   Did you walk away from that meeting knowing

12:18:46 21  that -- or with a feeling one way or the other as to

12:18:49 22  whether or not those two persons were representing you,

12:18:53 23  Ken Lee individually, or the company?

12:18:55 24     A.   No.  It was very clear to me that they were

12:18:57 25  representing the company.

BRYANT & STINGLEY, INC.
McAllen     Harlingen     Brownsville
(956)618-2366  (956)428-0755  (956)542-1020

15:52:42 1    Q.  Let me ask you, other than this that you have,

15:52:45 2 do you have -- do you know of any other conversations

15:52:46 3 that you have taped?

15:52:48 4        MR. TREVINO:  You and I will probably have

15:52:49 5 to have that conversation, because there's probably

15:52:50 6 some other stuff there.

15:52:52 7    Q.  So there are other taped conversations that you

15:52:53 8 have that you haven't produced?

15:52:56 9        MR. TREVINO:  It may not be responsive or

15:52:57 10 it may have other issues to them from a privilege or

15:53:01 11 otherwise standpoint.

15:53:04 12        MR. HARKINS:  Okay.

15:53:05 13    Q.  Are any of the conversations between you and

15:53:06 14 your attorney taped?

15:53:08 15    A.  I did tape some of those conversations.

15:53:11 16        MR. HARKINS:  So we will need to visit

15:53:12 17 about that.

15:53:14 18        MR. TREVINO:  All right.

15:53:15 19        MR. HARKINS:  And I guess I'd like to

15:53:16 20 visit with you after that.  I have no further

15:53:19 21 questions.  Thank you.

15:53:19 22        (Brief recess)

15:53:19 23            EXAMINATION

15:55:24 24 BY MR. SANCHEZ:

15:55:24 25    Q.  I've got just a couple of questions, Mr. Lee.

15:55:24  1    You say that there may be some taped conversations

15:55:29  2    between you and the Cingular attorneys, but we don't

15:55:32  3    know what the issue is regards whether or not they're

15:55:34  4    privileged or not.

15:55:36  5        A.   That's correct.

15:55:37  6        Q.   I would, at this time, make a formal request

15:55:40  7    that that tape or tapes be either submitted to the

15:55:47  8    Court in camera or something like that so that the

15:55:52  9    Court could consider any subsequent motions that might

15:55:54 10    be filed by us or by the defense relating to that tape?

15:56:03 11             MR. GAMEZ:   Probably mark them as an

15:56:06 12    exhibit.

15:56:06 13             MR. SANCHEZ:   Okay.   Can we mark the first

15:56:08 14    two exhibits -- the first two tapes?

15:56:14 15             MR. HARKINS:   Just as a practical matter,

15:56:14 16    if you mark the CD, then he doesn't have it to make a

15:56:16 17    copy of it.   She has to keep it.

15:56:16 18             MR. SANCHEZ:   Why don't we just go ahead

15:56:24 19    and assign numbers to them.   We're going to call the

15:56:30 20    first two tapes Mr. Trevino has Lee Exhibits A and B.

15:56:37 21             MR. TREVINO:   Okay.

15:57:01 22             MR. SANCHEZ:   If there are any other tapes

15:57:05 23    that have to deal with other subsequent conversations

15:57:08 24    that Mr. Lee had with the Cingular attorneys, if you

15:57:12 25    would add those Exhibits C, and if there's more than

15:57:17  1    one, D, and if there's more than two, E.  Just continue
15:57:21  2    that way.
15:57:22  3              MR. TREVINO:  Actually, we can just make
15:57:23  4    it Exhibit A, because it's just one.  Well, no.  No.
15:57:27  5    You're right.  Go ahead.
15:57:30  6              MR. HARKINS:  And I'll object to them
15:57:31  7    being included on the basis that it contains
15:57:33  8    attorney-client communications.
15:57:37  9              MR. SANCHEZ:  Okay.  So -- just so we're
15:57:38 10    clear, the Exhibits A and B are the two tapes that have
15:57:47 11    been tendered by Mr. Lee which reflect the initial
15:57:53 12    phone call in late June of 2001 that he had with
15:58:00 13    Mr. Forsyth and Ms. Judy Allen.
15:58:03 14         Q.  And there may be a subsequent phone call
15:58:06 15    between Mr. Forsyth and yourself?
15:58:09 16         A.  Yes.
15:58:10 17         Q.  Is that correct?  And at that time -- okay.
15:58:16 18    And then Exhibits C and D and E, if they're marked and
15:58:21 19    tendered to Court in camera, would be any taped
15:58:26 20    conversations that you may have had with the Cingular
15:58:29 21    attorneys at any point in time during all of this
15:58:32 22    litigation.
15:58:35 23         A.  Okay.
15:58:36 24         Q.  Did you consider the Cingular attorneys to be
15:58:38 25    your personal attorney?

15:58:40  1        A.  No, I did not.

15:58:41  2        Q.  All right.  Why not?

15:58:44  3        A.  They -- it was the company.  They were

15:58:45  4    representing the company.  I mean, I didn't have a

15:58:48  5    personal attorney.

15:58:52  6        Q.  Did they ever tell you they were going to

15:58:53  7    represent you personally?

15:58:54  8        A.  No.  Well, I mean, how you would take that, I

15:59:03  9    mean, I had one conversation -- well, there again, I'm

15:59:05 10    going to get into the conversation; so I --

15:59:08 11        Q.  Okay.  But you personally didn't feel that they

15:59:09 12    were your personal attorneys?

15:59:11 13        A.  There may have been an implication I -- that

15:59:16 14    said and done, I don't believe that to be the case.

15:59:18 15        Q.  Okay.  Can you -- just one last question.  Why

15:59:21 16    did you start taping those?

15:59:23 17        A.  Because my job had been threatened big time, I

15:59:26 18    mean, more than -- more than on one occasion.  And, you

15:59:31 19    know, Rob Forsyth had asked me to lie before on some

15:59:34 20    other issues.

15:59:36 21        Q.  Did somebody --

15:59:36 22        A.  So when this all started coming down and I

15:59:39 23    started feeling extremely threatened and under

15:59:41 24    pressure, I went to an attorney who's a friend of my

15:59:44 25    family.

## AFFIDAVIT OF J. DANIEL HARKINS

STATE OF TEXAS     §
                      §
COUNTY OF BEXAR   §

      BEFORE ME, the undersigned authority, on this day personally appeared J. Daniel

Harkins, known to me to be the person whose name is subscribed to this Affidavit, who, being

first duly sworn, on his oath deposed and testified as follows:

1.     My name is J. Daniel Harkins. I am over the age of twenty-one years and am fully competent and authorized in all respects to execute this affidavit. I have personal knowledge of the facts contained herein, which are true and correct.

2.     I am counsel of record for Southwestern Bell Mobile Systems, Inc.; Southwestern Bell Wireless, Inc.; Southwestern Bell Wireless, L.L.C.; Dallas SMSA Limited Partnership; Texas/Illinois Cellular Limited Partnership; McAllen-Edinburg-Mission SMSA Limited Partnership; San Antonio SMSA Limited Partnership; Texas RSA 18 Limited Partnership; Texas RSA 19 Limited Partnership; Texas RSA 20B1 Limited Partnership; Grande River Communications, L.P.; Riviera Telephone Company, Inc.; and Robert Forsyth, (hereafter collectively referred to as "Cingular"), Defendants in cause number 2001-09-4057-G, currently pending in the 404th Judicial District Court of Cameron County, Texas.

3.     In the course of my representation of Cingular, I had various conversations with Ken Lee who, at the time, was an employee of Cingular in the capacity as Director-Indirect Distribution. As counsel of Cingular, I know that in the scope of his employment with Cingular, Mr. Lee had the authority to act on legal advice rendered by Cingular's counsel. All of my conversations with Mr. Lee were within the scope of his employment with Cingular, were for the purpose of rendering professional legal services to Cingular and/or effectuating legal representation for Cingular in this case, were confidential in nature and were not intended to be disclosed to third parties other than those to whom disclosure would be made in furtherance of the rendition of professional legal services to Cingular. For example, my conversations with Mr. Lee generally addressed such topics as the factual background of the case, preparing discovery responses, identifying documents to discovery requests and preparing Mr. Lee for his deposition on January 31, 2002. During those conversations, I expressed certain of my mental impressions, opinions and legal theories relating to this case, which were expressed in furtherance of the rendition of professional legal services to Cingular and for the purpose of rendering professional legal services to Cingular.

4.     On some occasions, other attorneys for Cingular — including James Spivey, Robert Vitanza and David Oliviera — and a representative of Cingular — Rob Forsyth — were present during conversations between Mr. Lee and myself. On these occasions, Mr. Lee was always acting within the scope of his employment and the conversations were confidential, were not intended to be disclosed to third parties other than those to whom disclosure would be made in furtherance of the rendition of professional legal services to Cingular and occurred for the

purpose of rendering professional legal services to Cingular and/or effectuating legal representation for Cingular in this case. During those conversations, I expressed certain of my mental impressions, opinions and legal theories relating to this case, which were expressed in furtherance of the rendition of professional legal services to Cingular and for the purpose of rendering professional legal services to Cingular.

5.      Mr. Lee tape-recorded some, and perhaps all, of the conversations described above. On several occasions in December 2003 and again at the beginning of January, 2003, I requested Mr. Lee's attorney, Eddie Trevino, Jr., to turn over to me the tape recordings which contained the communications between Cingular's attorneys and Mr. Lee. Having not received the tapes or written assurances that they would be provided to me, on or about January 26, 2004, I again requested in writing Mr. Trevino to turn over possession of those tape recordings and give me assurances that neither he nor his client had disclosed the contents of the tapes to anyone other than Cingular and that they give me assurances that they would not disclose them in the future. A true and correct copy of that correspondence is attached hereto and incorporated herein by reference. Subsequently, I again spoke to him about the issue. However, to date, Mr. Trevino has refused to turn over the tapes and retains possession of them on Mr. Lee's behalf. Moreover, to date, I have not been given the assurances requested, nor have I been given an opportunity to listen to the tapes.

6.  .      After completing a review of the documents Mr. Lee produced in his second deposition, by letter dated February 17, 2004, I requested Z-Page's attorneys, Mr. Dennis Sanchez, Mr. Robert John Myers and Mr. Ernesto Gamez, Jr., and Mr. Lee's attorney, Mr. Trevino, turn over all originals and copies of documents bates labeled 000073, 000097, 000025, 000088 - 000089, 000571 - 00572, 000581 - 000585, 000596 - 000597, 000643, 000746 - 000749, 000797, 000814 - 000815, 000822 - 000823, 000831, 000846 - 000848, 000897 - 000899, 000950 - 000951, 001022 - 001025, 001390 - 001397, 001549 - 001553, 001558 - 001560 and 000851. I explained to these attorneys that these documents are confidential and fall under either or both the attorney-client privilege or work product privilege of Cingular. Some of these documents contain communications to or from Cingular's in-house attorneys, including but not limited to Wilka Mayo, Tracy Parks and Robert Vitanza. Additionally, some of these documents contain communications and information to or from Cingular's trial counsel, Dan Harkins and Jim Spivey. A true and correct copy of that correspondence is attached hereto and incorporated herein by reference. To date, Mr. Myers and Mr. Gamez have responded and they refuse to turn over the documents.

Further, Affiant sayeth not.

_____
J. Daniel Harkins

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this _2nd_ day of March, 2004, to certify which witness my hand and seal of office.

_____
Notary Public in and for the State of Texas

DOLLY A. PETRY
Notary Public
STATE OF TEXAS
My Comm. Exp. 02-01-2006

2

# COX & SMITH
### INCORPORATED

**ATTORNEYS ♦ COUNSELORS**

112 East Pecan Street
Suite 1800
San Antonio, Texas 78205-1521
(210) 554-5500
Fax (210) 226-8395
www.coxsmith.com

Writer's Direct Number
(210) 554-5285

Writer's E-Mail Address
jdharkin@coxsmith.com

January 26, 2004

Mr. Eddie Trevino, Jr.                                        **Via Facsimile and Regular Mail**
Law Offices of Eddie Trevino
622 E. St. Charles Street
Brownsville, Texas 78520

Re:     Cause No. 2001-09-4057; *Z-Page Communications,*
        *Inc. v. Southwestern Bell Mobile Systems, Inc. et al.*

Dear Eddie:

The purpose of this letter is to follow up on our discussions concerning the tape recordings that your client, Mr. Ken Lee, says he has of telephone conversations between counsel for Cingular and Mr. Lee, while he was employed by Cingular.

It is my understanding from our discussions that Mr. Lee has recordings of conversations that occurred between either me or Robert Vitanza, or possibly other counsel for Cingular, which conversations occurred in connection with our representation of Cingular Wireless while Mr. Lee was an employee of Cingular. As I explained to you, those discussions are privileged and confidential pursuant to multiple privileges, including the attorney-client communication privilege and the attorney work product doctrine. I have asked you and Mr. Lee not to divulge or release to anyone other than counsel for Cingular the tapes or the content of the tapes. During our initial conversation, I requested that you and Mr. Lee turn over the possession of those tapes to Cingular. However, you indicated that because of your pending action by Mr. Lee against Cingular, you refused to release those tapes. I have also requested that you allow me to listen to those tapes, but to date, I have not been provided an opportunity to listen to those tapes.

The purpose of this correspondence is to again request that the tapes be turned over to me as property of Cingular. The conversations contain attorney-client communication between counsel for Cingular and Mr. Lee, in his capacity as an

653648.1

# COX & SMITH

### INCORPORATED

**ATTORNEYS ♦ COUNSELORS**

Mr. Eddie Trevino, Jr.
January 26, 2004
Page 2

employee of Cingular. As such, those tapes are protected by the attorney-client privilege and such privilege belongs to Cingular. If you are not willing to release those tapes, and not keep copies, I again request that you allow me to listen to the tapes in order to ascertain the nature of the discussions. Please let me know if I can come over to your offices and listen to the tapes in the next week or so. Finally, I would like your written assurances that neither you nor your client have disclosed or will disclose the contents of these tapes to anyone, and I request that you give me written assurances that neither Mr. Miller nor anyone acting on behalf of Z-Page, including its counsel, have listened to these tapes or have been provided a transcript or summary of the contents of these tapes.

I am hopeful that we can resolve this matter quickly and amicably. If you would like to discuss this further, please call me.

Very truly yours,

J. Daniel Harkins

JDH/dap

ic:    Mr. Ramon Molina    [Firm]
       Mr. James K. Spivey    [Firm]

       Mr. David G. Oliveira        **(Via Facsimile)**
       ROERIG, OLIVEIRA & FISHER, L.L.P.
       Suite 9, Price Plaza Building
       855 West Price Road
       Brownsville, Texas 78520

653648.1

# COX & SMITH

### INCORPORATED

ATTORNEYS ♦ COUNSELORS

112 East Pecan Street
Suite 1800
San Antonio, Texas 78205-1521
(210) 554-5500
Fax (210) 226-8395
www.coxsmith.com

Writer's Direct Number
(210) 554-5285

Writer's E-Mail Address
jdharkin@coxsmith.com

February 17, 2004

Mr. Eddie Trevino, Jr.                              **Via Facsimile and Regular Mail**
Law Offices of Eddie Trevino
622 E. St. Charles Street
Brownsville, Texas 78520

Mr. Dennis Sanchez                                  **Via Facsimile and Regular Mail**
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284

Mr. Robert John Myers                               **Via Facsimile and Regular Mail**
ROBERT JOHN MYERS & ASSOCIATES
2700 Bee Caves Road, Suite 210
Austin, Texas 78746

Mr. Ernesto Gamez, Jr.                              **Via Facsimile and Regular Mail**
Law Offices of Ernesto Gamez, Jr., P.C.
777 East Harrison Street
Brownsville, Texas 78520

> Re:   Cause No. 2001-09-4057; *Z-Page Communications,*
>       *Inc. v. Southwestern Bell Mobile Systems, Inc. et al.*

Gentlemen:

After reviewing the documents that were produced by Ken Lee during his deposition in December, it has come to our attention that the following documents, identified below by the document's bates number, are privileged based on the attorney-client and/or work product privileges, which privileges belong to Southwestern Bell Wireless, LLC d/b/a Cingular Wireless ("Cingular"):

657462.1

COX & SMITH
INCORPORATED

ATTORNEYS ♦ COUNSELORS

February 17, 2004
Page 2

000073, 000097, 000025, 000088 - 000089, 000571 - 00572, 000581 - 000585, 000596 - 000597, 000643, 000746 - 000749, 000797, 000814 - 000815, 000822 - 000823, 000831, 000846 - 000848, 000897 - 000899, 000950 - 000951, 001022 - 001025, 001390 - 001397, 001549 - 001553, 001558 - 001560.

Additionally, the document bates number 000851 needs to be redacted to exclude privileged and confidential information.

Please be aware that Mr. Lee had no right to possess these documents and had no right to use or disclose them. The attorney-client and work product privileges belong to Cingular, and Cingular has not waived or withdrawn these privileges. Moreover, Cingular did not authorize Mr. Lee to possess or use Cingular's proprietary, confidential and/or privileged material and documents. In fact, Cingular and Mr. Lee expressly agreed that Mr. Lee does not have any right to publish, disclose, use or authorize anyone else to publish, disclose or use any proprietary, confidential, private or privileged information that he may have acquired, learned, developed or created in his employment with Cingular.

Therefore, Cingular hereby demands that the documents listed by bates numbers above, and all copies, be immediately returned to Cingular, and that each party give written assurances that no copies of such documents have been kept. Cingular further demands return of the original and all copies of document bates number 000851 for redaction by Cingular. Cingular will then forward to you a redacted copy of document bates number 000851. I request that you return the requested documents to me by Friday, February 20, 2004, and that you provide me with written assurances that copies of such documents were not kept. If you have any questions or comments regarding the return of these documents, please feel free to call me at the above referenced number.

Very truly yours,

J. Daniel Harkins

JDH/dap

ic:     Mr. Ramon Molina        [Firm]
        Mr. James K. Spivey      [Firm]

657462.1

# COX & SMITH
### INCORPORATED

**ATTORNEYS  ♦  COUNSELORS**

February 17, 2004
Page 3

cc:    Mr. David G. Oliveira                    **(Via Facsimile)**
       ROERIG, OLIVEIRA & FISHER, L.L.P.
       Suite 9, Price Plaza Building
       855 West Price Road
       Brownsville, Texas 78520

657462.1

## AFFIDAVIT OF ROBERT FORSYTH

STATE OF TEXAS          §
                        §
COUNTY OF BEXAR         §

      BEFORE ME, the undersigned authority, on this day personally appeared Robert Forsyth, known to me to be the person whose name is subscribed to this Affidavit, who, being first duly sworn, on his oath deposed and testified as follows:

1.     My name is Robert Forsyth. I am over the age of twenty-one years and am fully competent and authorized in all respects to execute this affidavit. I have personal knowledge of the facts contained herein, which are true and correct.

2.     From approximately September 2000 until approximately December 1, 2002, I was the Vice President-General Manager of the Greater Texas Region for Southwestern Bell Wireless, L.C.C. d/b/a Cingular ("Cingular"). As the Vice President and General Manager, I had supervisory responsibility over Mr. Ken Lee for a period time, including but not limited to, the period of time Mr. Lee left Cingular's employment.

3.     In the course of my employment, I know that none of Cingular's employees, including Mr. Lee, are or were permitted or authorized to publish or disclose private, confidential and/or proprietary information that the employee acquires, learns of, develops or creates by reason of his or her employment at Cingular, except when properly authorized in writing or, if the individual is still a Cingular employee, as required in the conduct of Cingular business.

4.     Because of my role as one of Mr. Lee's supervisor, I know that Mr. Lee was not and is not authorized in writing to produce or disclose any Cingular documents that contain or reflect confidential communications between Cingular and/or a Cingular representative or those reasonably necessary for the transmission of the communication and an attorney for Cingular or the attorney's representative. Mr. Lee was not and is not authorized to produce or disclose any Cingular documents that contain or reflect communications between Cingular and/or a Cingular representative or those reasonably necessary for the transmission of the communication and an attorney for Cingular or the attorney's representative made for the purpose of facilitating the rendition of professional legal services to Cingular. Mr. Lee was not and is not authorized to produce or disclose any Cingular documents that contain or reflect a statement or opinion of any of Cingular's attorneys.

5.     Because of my role as one of Mr. Lee's supervisor, I know that Mr. Lee was not and is not authorized in writing to produce or disclose any Cingular documents that contain material prepared or mental impressions developed in anticipation of litigation or for trial by or for Cingular's representatives, including Cingular's attorneys, consultants, employees, or agents.

6.     Because of my role as one of Mr. Lee's supervisor, I know that Mr. Lee was not and is not authorized in writing to produce or disclose any Cingular documents that contain a communication made in anticipation of litigation or for trial between Cingular and Cingular's representatives or among Cingular's representatives, including Cingular's attorneys, consultants, employees, or agents.

7.     Because of my role as one of Mr. Lee's supervisor, I know that Mr. Lee was not and is not authorized in writing to produce or disclose any Cingular documents that contain Cingular's attorney's or the attorney's representative's mental impressions, opinions, conclusions, or legal theories.

8.     In the course of my employment, I know that Tracy Parks is an attorney employed in-house by Cingular, formerly known as Southwestern Bell Wireless and Southwestern Bell Mobile Systems.

9.     In the course of my employment, I know that Wilka Mayo is an attorney employed in-house by Cingular, formerly known as Southwestern Bell Wireless and Southwestern Bell Mobile Systems.

10.    In the course of my employment, I know that Robert V. Vitanza is an attorney employed in-house by Cingular, formerly known as Southwestern Bell Wireless and Southwestern Bell Mobile Systems.

Further, Affiant sayeth not.

_Robert Forsyth_
Robert Forsyth

        SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this 2 day of March, 2004, to certify which witness my hand and seal of office.

_Ernest B Dickey_
Notary Public in and for the State of Texas

659832.2     My Commission Expires September 23, 2006

2

CAUSE NO. C-2001-09-4057-G

| | | |
|---|---|---|
| Z-PAGE COMMUNICATIONS, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC., SOUTHWESTERN | § | |
| BELL WIRELESS, INC., | § | |
| SOUTHWESTERN BELL WIRELESS, | § | |
| LLC, DALLAS SMSA LIMITED | § | |
| PARTNERSHIP, TEXAS/ILLINOIS | § | |
| CELLULAR LIMITED PARTNERSHIP, | § | |
| MCALLEN-EDINBURG-MISSION | § | CAMERON COUNTY, TEXAS |
| SMSA LIMITED PARTNERSHIP, SAN | § | |
| ANTONIO SMSA LIMITED | § | |
| PARTNERSHIP, TEXAS RSA 18 | § | |
| LIMITED PARTNERSHIP, TEXAS RSA | § | |
| 19 LIMITED PARTNERSHIP, and | § | |
| TEXAS RSA 20B1 LIMITED | § | |
| PARTNERSHIP, GRANDE RIVER | § | |
| COMMUNICATIONS, L.P., RIVIERA | § | |
| TELEPHONE COMPANY, INC. and | § | |
| THE PRICE COMMUNICATIONS | § | |
| GROUP, INC. | § | 404TH JUDICIAL DISTRICT |

---

## ORDER SETTING HEARING

---

A hearing on Defendants' Motion for Protective Order Seeking Possession of Privileged Tape Recordings and Documents is hereby set for the 10th day of March, 2004, at 9:00 o'clock a .m. in the 404th Judicial District Court of Cameron County, Texas.

SIGNED AND ENTERED this _____ day of March, 2004.

_____
JUDGE PRESIDING

COPIES TO:

Robert John Myers
Robert John Myers & Associates
2700 Bee Caves Road, Suite 210
Austin, Texas  78746

Dennis Sanchez
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas  78251-2284

Ernesto Gamez, Jr.
Law Offices of Ernesto Gamez, Jr., P.C.
777 East Harrison
Brownsville, Texas 78520

Eddie Trevino, Jr.
The Law Office of Eddie Trevino, Jr.
622 E. St. Charles Street
Brownsville, Texas 78520

David G. Oliveira
Roerig, Oliveira & Fisher
855 W. Price Rd., Ste. 9
Brownsville, TX 78520

Daniel J. Harkins
Cox & Smith
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205-1521



MAR 1 6 2004

## CAUSE NO. 2001-09-4057-G

| | | |
|---|---|---|
| Z-PAGE COMMUNICATIONS, INC. | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; et al | § | |
|     Defendants | § | |
| | § | 404TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| KENNETH D. LEE, JR. | § | |
|     Intervenor/Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; SOUTHWESTERN | § | |
| BELL WIRELESS, INC.; | § | |
| SOUTHWESTERN BELL | § | |
| WIRELESS, L.L.C; SOUTHWESTERN | § | |
| BELL SYSTEMS, INC.; CINGULAR | § | |
| WIRELESS, L.L.C; and | § | |
| SBC COMMUNICATIONS, INC. | § | |
|     Defendants, | § | CAMERON COUNTY, TEXAS |



## INTERVENOR/PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER SEEKING POSSESSION OF PRIVILEGED TAPE RECORDINGS AND DOCUMENTS

       NOW COMES INTERVENOR/PLAINTIFF KENNETH D. LEE, JR. (hereinafter "INTERVENOR"), and files this Response to Defendants' Motion to for Protective Order Seeking Possession of Privileged Tape Recordings and Documents in the above referenced cause, and in support would show the following.

### I. INTRODUCTION

       1.    INTERVENOR is a former Cingular Wireless employee and has been designated as a fact witness in the above captioned lawsuit. INTERVENOR alleges that the Defendants were faced with the above captioned lawsuit filed by their former agent, Dan Miller III and his company Z-Page Communications, Inc., which involved

information about which INTERVENOR was aware. INTERVENOR was deposed once on January 31, 2002, and a second time on December 8, 2003.

2.      Prior to and after INTERVENOR's deposition was scheduled in January 2002, Defendants attempted to coerce, intimidate and convince INTERVENOR to testify falsely in a legal proceeding by limiting or modifying his testimony. However, INTERVENOR insisted that he would have to testify truthfully òn whatever he was asked in his deposition. Thereafter, not satisfied with INTERVENOR's testimony, and in retaliation for that testimony, Defendants began to retaliate against INTERVENOR by cutting his salary and pay schedule, creating a hostile work environment and making his working conditions intolerable. INTERVENOR was retaliated against by Defendnats, and ultimately wrongfully terminated on November 15, 2002, in violation of his rights.

3.      In INTERVENOR's second deposition on December 8, 2003, INTERVENOR disclosed that he may have tape recorded conversations between himself and Dan Harkins, while being prepped for his first deposition in this suit which occurred on January 31, 2002. As stated above, INTERVENOR was under intense pressure from his supervisors and counsel for Cingular Wireless to testify falsely in that deposition. It is for these reasons that INTERVENOR began to retain copies of all e-mails and to record his work conversations. INTERVENOR felt that his termination was imminent, which it turned out to be, as he was terminated.

4.      The Defendants have made requests for the tape of INTERVENOR's conversation with Dan Harkins and have filed their Motion to for Protective Order Seeking Possession of Privileged Tape Recordings and Documents. The documents the Defendants wish to have returned were produced by INTERVENOR in his second deposition on December 8, 2003. The documents consist of e-mails retained by the INTERVENOR during his final days of employment, to evidence the true facts of what actually transpired in the above captioned lawsuit. These are the same facts that the INTERVENOR was being pressured to give false testimony about.

## II. ARGUMENTS AND AUTHORITIES

A.      **The tape recordings are protected from possession by the Defendants by the witness statement exception to the Attorney Work-Product Privilege.**

5.      Work product is defined as:

(1) Material prepared or mental impressions developed in anticipation of litigation or for trial by or for a party or a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; or

(2) a communication made in anticipation of litigation or for trial between a party and the party's representatives, or among a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents.

TEX. R. CIV. P. 192.5

6.    An exception to the above rule is:

(c) Even if made or prepared in anticipation of litigation or for trial, the following is not work product protected from discovery:

(1) information discoverable under Rule 192.3 concerning experts, trial witnesses, witness statements, · and contentions.

TEX. R. CIV. P. 192.5

7.    The tape recording of the INTERVENOR's conversation with Dan Harkins is a witness statement, as described in the exception above, which is central to the INTERVENOR's cause of action against his former employer, Cingular Wireless. The INTERVENOR contends that this conversation is a primary reason why he was fired. In this conversation, he explains the actions and the motivations behind those actions which were conducted by Cingular Wireless against Z-Page and other similarly situated agents. The tape revealed to Dan Harkins and to Cingular Wireless that the INTERVENOR had complete knowledge of the events giving rise to this lawsuit.

8.    It is because of this knowledge that the INTERVENOR was wrongfully terminated. The tape recording proves that the INTERVENOR had that knowledge. Without the tape recording, the INTERVENOR will be irreparably prevented from proving that he was terminated because of what he knew and for his unwillingness to give false testimony.

**B.    The documents are protected from possession by the Defendants by the witness statement exception to the Attorney Work-Product Privilege.**

9.    In the Defendants' Motion to for Protective Order Seeking Possession of Privileged Tape Recordings and Documents, the Defendants are requesting documents

that were produced by INTERVENOR in his second deposition on December 8, 2003. More specifically, bates labeled 000073, 000097, 000025, 000088-000089, 000571-000572, 000581-000585, 000596-000597, 000643, 000746-000749, 000797, 000814-000815, 000822-000823, 000831, 000846-000848, 000897-000899, 000950-000951, 001022-001025, 001390-001397, 001549-001553, and 001558-001560 (Hereinafter referred to as the "Documents").

   10. Again citing the above referenced Rule 192.5 of the Texas Rules of Civil Procedure, the Documents are excepted from the attorney work-product privilege as the Documents are "witness statements". The Documents were retained by the INTERVENOR after his wrongful termination to provide proof of the actions which were conducted by Cingular Wireless against Z-Page and other similarly situated agents.

   11. Again, the Documents are central to the INTERVENOR's cause of action against his former employer, Cingular Wireless. The INTERVENOR must retain possession of the Documents to prove that he had full knowledge of the events giving rise to this lawsuit and that he was retaliated against and wrongfully terminated because of that knowledge. Without the Documents, the INTERVENOR will be irreparably prevented from proving that he was terminated because of what he knew and for his unwillingness to give false testimony.

**C. The tape recordings are protected from possession by the Defendants by the crime-fraud exception to the Attorney-Client Privilege.**

   12. The attorney-client privilege is in pertinent part:

(b)(1) A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client:

(A) between the client or a representative of the client and the client's lawyer or a representative of the lawyer.

TEX. R. EVID. 503

   13. The applicable exception to that rule is:

(1) *Furtherance of a crime or fraud.* If the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew or should have known to be a crime or fraud.

TEX. R. EVID. 503

14.    The burden of establishing the crime/fraud exception to the attorney-client privilege is on the party seeking discovery of the communications. *Cigna Corporation v. Spears*, 838 S.W.2d 561, 569 (Tex.App.—San Antonio 1992, *orig proceeding*). This is accomplished by making a *prima facie* showing that the client was contemplating the commission of a fraud or crime. *Freeman v. Bianchi*, 820 S.W.2d 853, 861 (Tex.App.— Houston [1st Dist.] 1991, *orig proceeding*). Whether there has been a prima facie showing of fraud is a matter for the court to determine. *Id.* At 861. A *prima facie* showing is made by setting forth evidence that, if believed by the jury, would establish that the client was about to commit, or was engaging in an ongoing fraud.

15.    The INTERVENOR's communications made to the Defendants' counsel, Dan Harkins, as evidenced by the tape recordings is prima facie proof of the fraud committed against Z-Page and other similarly situated agents of Cingular Wireless. In the tape recording, the INTERVENOR explains the fraudulent activity and the reasons for the fraudulent activity in explicit detail. Therefore, the INTERVENOR should be permitted to retain possession of the tape recording under the crime fraud exception to the attorney-client privilege.

**D.    The Documents are protected from possession by the Defendants by the crime-fraud exception to the Attorney-Client Privilege.**

16.    Citing the above referenced crime-fraud exception to the attorney-client privilege, the Documents requested by the Defendants should remain in the possession of the INTERVENOR. The Documents, for the most part, evidence the pattern of the fraud committed against Z-Page and other agents by the Defendants.

17.    The Documents show the manner and method by which the Defendants were able to fraudulently remove customers from Z-Page's commissions list, fraudulently reduce the rates of the commissions, and the fraud of the Defendants' having no intention of honoring their agreements with them.

### III. CONCLUSION

18.    The tape recordings and the Documents in the possession of INTERVENOR, Ken Lee, are not privileged information of the Defendants under either the attorney-client privilege or the work product privilege. Therefore, they should remain

in the possession of the INTERVENOR as they are crucial in proving his cause of action against the Defendants.

**WHEREFORE, PREMISES CONSIDERED**, the INTERVENOR/PLAINTIFF respectfully requests that the Defendant's Motion to for Protective Order Seeking Possession of Privileged Tape Recordings and Documents be denied in its entirety and for all such other and further relief to which INTERVENOR may justly be entitled.

In the alternative, INTERVENOR requests that this court conduct an *in camera* inspection of the tape recording and the Documents to determine the applicability of the crime-fraud exception to attorney-client privilege and the applicability of the witness statement exception to the Attorney work product privilege. INTERVENOR respectfully requests that after such *in camera* inspection, this Court grant the relief requested herein.

Respectfully submitted,

Eddie Trevino, Jr.
*The Law Office of Eddie Trevino, Jr.*
622 E. St. Charles Street
Brownsville, Texas 78520
Telephone: (956) 554-0683
Facsimile: (956) 554-0693

By: _____
Eddie Trevino, Jr.
State Bar No. 20211135
Attorney for Intervenor/Plaintiff,
KENNETH D. LEE, JR.

# CERTIFICATE OF SERVICE

I, Eddie Trevino, Jr., hereby certify that on this _____ day of March, 2004, a true and correct copy of the above foregoing document was forwarded by hand delivery, regular U.S. mail, by facsimile or by certified mail, return receipt requested to:

Mr. Dan Harkins
*Cox & Smith*
112 E. Pecan Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5285
Facsimile: (210) 226-8395

Mr. Dennis Sanchez
*Sanchez, Whittington, Janis & Zabarte, LLP*
100 N. Expressway
Brownsville, Texas 78521-2284
Telephone: (956) 546-3731
Facsimile: (956) 546-3765

Mr. Ernesto Gamez
777 E. Harrison
Brownsville, Texas 78520
Telephone: (956) 541-3820
Facsimile: (956) 541-7694

Mr. David Oliveira
*Roerig, Oliveira & Fisher LLP*
855 W. Price Rd. Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

Mr. Robert John Myers
*Robert John Myers & Associates*
2700 Bee Caves Road, Suite 210
Austin, Texas 78746
Telephone: (512) 306-1919
Facsimile: (512) 328-1156

By: _____
Eddie Trevino, Jr.



CAUSE NO. 2001-09-4057-G

| | | |
|---|---|---|
| Z-PAGE COMMUNICATIONS, INC. | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; et al | § | |
|     Defendants | § | |
| | § | |
| | § | 404TH JUDICIAL DISTRICT |

---

| | | |
|---|---|---|
| KENNETH D. LEE, JR. | § | |
|     Intervenor/Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; SOUTHWESTERN | § | |
| BELL WIRELESS, INC.; | § | |
| SOUTHWESTERN BELL | § | |
| WIRELESS, L.L.C; SOUTHWESTERN | § | |
| BELL SYSTEMS, INC.; CINGULAR | § | |
| WIRELESS, L.L.C; and | § | |
| SBC COMMUNICATIONS, INC. | § | |
|     Defendants, | § | CAMERON COUNTY, TEXAS |



FILED _5:00_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST. CLERK

MAR 0 8 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

## INTERVENOR/PLAINTIFF'S

## CERTIFICATE OF WRITTEN DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

In compliance with Rule 194,4(a) of the Texas Rules of Civil Procedure, Intervenor/Plaintiff's Kenneth D. Lee, Jr., served on Defendants' the following Request for discovery:

1.    Intervenor/Plaintiff's Kenneth D. Lee, Jr., Request for Disclosures.
2.    Intervenor/Plaintiff's Kenneth D. Lee, Jr., Request for Interrogatories.
3.    Intervenor/Plaintiff's Kenneth D. Lee, Jr., Request for Production.

The above mentioned documents along with a copy of this Certificate of Written discovery, were served on the party listed below by certified mail return receipt requested and/or hand delivered on this the 8th day of March, 2004.

Mr. J. Daniel Harkins
*COX & SMITH INCORPORATED*
112 E. Pecan St., Ste. 1800
San Antonio, TX 78205

Mr. David G. Oliveira
*ROERIG, OLIVEIRA & FISHER, L.L.P.*
Ste. 9, Price Plaza Building
855 W. Price Rd.
Brownsville, TX 78520

Respectfully submitted,

The Law Office of Eddie Trevino, Jr.
622 E. St. Charles Street
Brownsville, Texas 78521
Telephone (956) 554-0683
Facsimile (956) 554-0693

By: _____
Eddie Trevino, Jr.
State Bar No. 20211135

## CERTIFICATE OF SERVICE

I, Eddie Trevino, Jr., hereby certify that on this 8th day of March, 2004 a true and correct copy of the above foregoing was forwarded by hand delivery, regular U.S. mail, by facsimile or by certified mail, return receipt requested to:

Mr. J. Daniel Harkins
*COX & SMITH INCORPORATED*
112 E. Pecan St., Ste. 1800
San Antonio, TX 78205

Mr. David G. Oliveria
*ROERIG, OLIVEIRA & FISHER, L.L.P.*
Ste. 9, Price Plaza Building
855 W. Price Rd.
Brownsville, TX 78520

Mr. Dennis Sanchez
*SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P*
100 North Expressway 83
Brownsville, TX 78521-2284
Regular Mail

Mr. Robert John Myers
*ROBERT JOHN MYERS & ASSOCIATES*
2700 Bee Caves Rd., Ste. 210
Austin, TX 78746

Mr. Ernesto Gamez
777 E. Harrison St.
Brownsville, TX 78520

By: _____
Eddie Trevino, Jr.

CAUSE NO. 2001-09-4057-G

| | | |
|---|---|---|
| Z-PAGE COMMUNICATIONS, INC.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§<br>§ | |
| SOUTHWESTERN BELL MOBILE<br>SYSTEMS, INC.; et al<br>Defendants | §<br>§<br>§<br>§<br>§ | 404TH JUDICIAL DISTRICT |
| _____ | §<br>§ | |
| KENNETH D. LEE, JR.<br>Intervenor/Plaintiff | §<br>§<br>§ | |
| vs. | §<br>§<br>§ | |
| SOUTHWESTERN BELL MOBILE<br>SYSTEMS, INC.; SOUTHWESTERN<br>BELL WIRELESS, INC.;<br>SOUTHWESTERN BELL<br>WIRELESS, L.L.C; SOUTHWESTERN<br>BELL SYSTEMS, INC.; CINGULAR<br>WIRELESS, L.L.C; and<br>SBC COMMUNICATIONS, INC.<br>Defendants, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CAMERON COUNTY, TEXAS |

FILED _____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
MAR 0 9 2004
DISTRICT COURT OF CAMERON COUNTY TEXAS
_____ DEPUTY

## INTERVENOR/PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLEA IN INTERVENTION OF KEN LEE

NOW COMES INTERVENOR/PLAINTIFF KENNETH D. LEE, JR. (hereinafter "INTERVENOR"), and files this Response to Defendant's Motion to Strike Plea in Intervention of Ken Lee in the above referenced cause, and in support would show the following.

1.     Once a motion to strike a plea in intervention has been filed, the burden shifts to the intervenor to show a justiciable interest in the lawsuit. *Law Offices of Windle Turley, P.C. v. Bahram Ghiasinejad,*109 S.W.3d 68, 70 (Tex.App. Fort Worth); *Mendez v. Brewer,* 626 S.W.2d 498, 499 (Tex. 1982); *Intermarque Auto. Prods., Inc. v. Feldman,*21 S.W.3d 544, 549 (Tex.App. Texarkana 2000, no pet.).

10

2.　　A party has a justiciable interest in the lawsuit, and thus a right to intervene, when his interests will be affected by the litigation. *Intermarque Auto. Prods., Inc. v. Feldman,* 21 S.W.3d at 549.

3.　　INTERVENOR alleges that the Defendants were faced with the above captioned lawsuit filed by their former agent, Dan Miller III and his company Z-Page Communications, Inc., which involved information about which INTERVENOR was aware. Prior to and after INTERVENOR's deposition was scheduled in January, 2002, Defendants attempted to coerce, intimidate and convince INTERVENOR to testify falsely in a legal proceeding by limiting or modifying his testimony. However, INTERVENOR insisted that he would have to testify truthfully on whatever he was asked in his deposition. Thereafter, not satisfied with INTERVENOR's testimony, and in retaliation for that testimony, Defendants began to retaliate against INTERVENOR by cutting his salary and pay schedule, creating a hostile work environment and making his working conditions intolerable. INTERVENOR was wrongfully terminated on November 15, 2002, in violation of his rights.

4.　　The INTERVENOR's cause of action for retaliation and wrongful termination is an extension of the matters involved in the above captioned lawsuit. If this court determines that what the INTERVENOR testified truthfully to *is* what actually transpired, then the INTERVENOR's cause of action should be allowed to go before the same jury, as it is an extension of the same facts. INTERVENOR's claim for wrongful termination does in fact arise from the same transactions or occurrences asserted by Plaintiff in the existing lawsuit.

5.　　The INTERVENOR's Plea in Intervention will not complicate the case by excessively multiplying the issues. The INTERVENOR's cause of action is an extension of the same facts as the above captioned case. The granting of this motion to sever would have the inefficient result of causing the same facts to be litigated twice.

6.　　The INTERVENOR's Plea in Intervention is timely. A plea in intervention comes too late if filed after judgment and may not be considered unless and until judgment has been set aside. *First Alief Bank v. White,* 682 S.W.2d 251 (Tex. 1984); *Comal County Rural High School District No. 705 v. Nelson,* 158 Tex. 564, 314 S.W.2d

956 (1958). Judgment has not yet been rendered in the above referenced cause. Therefore, this honorable court may deem this Plea in Intervention to be timely.

**WHEREFORE, PREMISES CONSIDERED,** the INTERVENOR respectfully requests that the Defendant's Motion to Strike Plea in Intervention be denied in its entirety and for all such other and further relief to which Intervenor may justly entitled.

Respectfully submitted,

Eddie Trevino, Jr.
*The Law Office of Eddie Trevino, Jr.*
622 E. St. Charles Street
Brownsville, Texas 78520
Telephone: (956) 554-0683
Facsimile: (956) 554-0693

By: _____
Eddie Trevino, Jr.
State Bar No. 20211135
Attorney for Intervenor/Plaintiff,
KENNETH D. LEE, JR.

## CERTIFICATE OF SERVICE

I, Eddie Trevino, Jr., hereby certify that on this 9th day of March, 2004, a true and correct copy of the above foregoing document was forwarded by hand delivery, regular U.S. mail, by facsimile or by certified mail, return receipt requested to:

Mr. Dan Harkins
*Cox & Smith*
112 E. Pecan Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5285
Facsimile: (210) 226-8395

Mr. Dennis Sanchez
*Sanchez, Whittington, Janis & Zabarte, LLP*
100 N. Expressway
Brownsville, Texas 78521-2284
Telephone: (956) 546-3731
Facsimile: (956) 546-3765

Mr. Ernesto Gamez
777 E. Harrison
Brownsville, Texas 78520
Telephone: (956) 541-3820
Facsimile: (956) 541-7694

Mr. David Oliveira
*Roerig, Oliveira & Fisher LLP*
855 W. Price Rd. Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

Mr. Robert John Myers
*Robert John Myers & Associates*
2700 Bee Caves Road, Suite 210
Austin, Texas 78746
Telephone: (512) 306-1919
Facsimile: (512) 328-1156

By: _____
Eddie Trevino, Jr.

22615

CAUSE NO. 2001-09-4057-G

| | | |
|---|---|---|
| KENNETH D. LEE, JR. | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; SOUTHWESTERN | § | 404TH JUDICIAL DISTRICT |
| BELL WIRELESS, INC.; | § | |
| SOUTHWESTERN BELL | § | |
| WIRELESS, L.L.C.; SOUTHWESTERN | § | |
| BELL SYSTEMS, INC.; CINGULAR | § | |
| WIRELESS, L.L.C.; and | § | |
| SBC COMMUNICATIONS, INC., | § | |
| | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

## <u>NOTICE OF ATTORNEY APPEARANCE</u>

Attorney Elizabeth A. Schartz and the law firm of Thompson & Knight LLP enter their appearance as lead counsel for defendants Southwestern Bell Mobile Systems, Inc., Southwestern Bell Wireless, Inc., Southwestern Bell Wireless, L.L.C., Southwestern Bell Systems, Inc., Cingular Wireless, L.L.C., and SBC Communications, Inc. in the above-styled matter only. Defendants request that Ms. Schartz's name be added to the Court's docket as their lead counsel of record in the above-styled matter only. Ms. Schartz and Thompson & Knight LLP are not making an appearance on behalf of the defendants in *Z-Page Communications, Inc. v. Southwestern Bell Mobile Systems, Inc. et al.*

Dated: March 10, 2004

**NOTICE OF ATTORNEY APPEARANCE - Page 1**

Respectfully submitted,

THOMPSON & KNIGHT LLP

By: _____

　　　　Elizabeth A. Schartz
　　　　State Bar No. 77727900

1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
Telephone:　　(214) 969-1700
Facsimile:　　(214) 969-1751

David G. Oliveira
Rene Oliveira
ROERIG, OLIVEIRA & FISHER, L.L.P.
Suite 9, Price Plaza Building
855 West Price Road
Brownsville, Texas 78520
Telephone:　　(956) 542-5666
Facsimile:　　(956) 542-0016

J. Daniel Harkins
James K. Spivey
COX & SMITH
112 East Pecan, Suite 1800
San Antonio, Texas 78205
Telephone:　　(210) 554-5285
Facsimile:　　(210) 226-8395

ATTORNEYS FOR DEFENDANTS

**NOTICE OF ATTORNEY APPEARANCE – Page 2**

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2004, a true and correct copy of the foregoing was served on all counsel of record listed below by certified mail, return receipt requested and/or hand-delivery.

Eddie Trevino, Jr.
The Law Office of Eddie Trevino, Jr.
622 E. St. Charles Street
Brownsville, TX 78520

Dennis Sanchez
Sanchez, Whittington, Janis & Zabarte, LLP
100 N. Expressway
Brownsville, TX 78521-2284

Ernesto Gamez
777 E. Harrison
Brownsville, TX 78520

Robert John Myers
Robert John Myers & Associates
2700 Bee Caves Road, Suite 210
Austin, TX 78746

Elizabeth A. Schartz

**NOTICE OF ATTORNEY APPEARANCE - Page 3**

22615

## CAUSE NO. 2001-09-4057-G

| | | |
|---|---|---|
| Z-PAGE COMMUNICATIONS, INC. | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; et al | § | |
|     Defendants | § | |
| | § | |
| | § | 404TH JUDICIAL DISTRICT |
| | § | |
| _____ | § | |
| | § | |
| KENNETH D. LEE, JR. | § | |
|     Intervenor/Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; SOUTHWESTERN | § | |
| BELL WIRELESS, INC.; | § | |
| SOUTHWESTERN BELL | § | |
| WIRELESS, L.L.C; SOUTHWESTERN | § | |
| BELL SYSTEMS, INC.; CINGULAR | § | |
| WIRELESS, L.L.C; and | § | |
| SBC COMMUNICATIONS, INC. | § | |
|     Defendants, | § | CAMERON COUNTY, TEXAS |

## ORDER SETING HEARING ON INTERVENOR/PLAINTIFF'S MOTION FOR PROTECTIVE ORDER SEEKING TO RETAIN POSSESSION OF TAPE RECORDINGS AND DOCUMENTS

A hearing on INTERVENOR's Motion for Protective Order Seeking To Retain Possession of Tape Recordings and Documents is hereby set for the __22nd__ day of __April__, at __9:30__ o'clock __a__.m. in the 404th Judicial District Court of Cameron County, Texas.

SIGNED FOR ENTRY this the __15th__ day of __March__ 2004.

_____

MAR 1 8

FILED: __500__ O'CLOCK __P__ M
AURORA DE LA GARZA DIST. CLERK

MAR 15 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

Judge Presiding

3/16/04

cc: Mr. Dan Harkins, *Cox & Smith*, 112 E. Pecan Suite 1800, San Antonio, Texas 78205
Mr. Dennis Sanchez, *Sanchez, Whittington, Janis & Zabarte, LLP*, 100 N. Expressway,
    Brownsville, Texas 78521-2284
Mr. Ernesto Gamez, 777 E. Harrison, Brownsville, Texas 78520
Mr. David Oliveira, *Roerig, Oliveira & Fisher LLP*, 855 W. Price Rd. Suite 9, Brownsville,
    Texas 78520
Mr. Robert John Myers, *Robert John Myers & Associates*, 2700 Bee Caves Road, Suite 210
    Austin, Texas 78746
Mr. Eddie Trevino, Jr., 622 E. St. Charles Street, Brownsville, Texas 78521

NO. 2001-09-4057-G

| | | |
|---|---|---|
| Z-PAGE COMMUNCIATIONS,<br>INC. | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| V. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; et al | § | |
| **Defendant** | § | 404TH JUDICIAL DISTRICT |
| | § | |
| KENNETH D. LEE, JR. | § | |
| **Intervenor/Plaintiff** | § | |
| V. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; SOUTHWESTERN | § | |
| BELL WIRELESS, INC.; | § | |
| SOUTHWESTERN BELL | § | |
| WIRELESS, L.L.C.; SOUTHWESTERN | § | |
| BELL SYSTEMS, INC.; CINGULAR | § | |
| WIRELESS, L.L.C. and SBC | § | |
| COMMUNICATIONS, INC. | § | |
| **Defendants** | § | CAMERON COUNTY, TEXAS |

FILED ___4·40___ O'CLOCK ___ __M
AURORA DE LA GARZA DIST. CLERK

APR 0 8 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

## ORDER ON DEFENDANTS' MOTION TO
## STRIKE PLEA IN INTERVENTION

On March 10, 2004, came on for consideration Defendants' Amended Motion to

Strike Kenneth D. Lee, Jr.'s Plea in Intervention ("Motion") in the above-referenced

matter. The Court, after considering the Motion, the Response of Intervenor Kenneth D.

Lee, Jr., and the argument of counsel, is of the opinion that the Motion to Strike should

be DENIED, however, the Court is further of the opinion that the Intervention should be

severed from Plaintiff Z-Page's claims. It is, therefore,

ORDERED, ADJUDGED and DECREED that the claims and causes of action of

Intervenor Kenneth D. Lee, Jr. be severed from Cause No. 2001-09-4057-G, and pend as

a separate cause under Cause No. __2004-04-2004-G__, styled *Kenneth D. Lee, Jr.*

*v. Southwestern Bell Mobile Systems, Inc.; Southwestern Bell Wireless, Inc.;*

*Southwestern Bell Wireless, L.L.C.; Southwestern Bell Systems, Inc.; Cingular Wireless,*

*L.L.C., and SBC Communications, Inc.* The Clerk of the Court shall make a copy of the

following pleadings and orders and place them in the accompanying new case file:

| | | | |
|---|---|---|---|
| 1. | Filed | 12-23-03 | Kenneth D. Lee, Jr.'s Plea in Intervention; |
| 2. | Filed | 01-16-04 | Defendants' Motion to Strike Plea In Intervention of Ken Lee |
| 3. | Filed | 01-26-04 | Defendants' [Southwestern Bell Mobile Systems, Inc.; Southwestern Bell Wireless, Inc.; Southwestern Bell Wireless, L.L.C.; Southwestern Bell Systems, Inc.; Cingular Wireless, L.L.C., and SBC Communications, Inc.] Original Answer Subject to Defendants' Motion to Strike Plea in Intervention of Kenneth D. Lee, Jr. |
| 4. | Filed | 01-26-04 | Defendants' Amended Motion to Strike Plea in Intervention of Kenneth D. Lee, Jr. |
| 5. | Filed | 03-03-04 | Defendants' Motion for Protective Order Seeking Possession of Privileged Tape Records and Documents |
| 6. | Filed | 03-03-04 | Order Setting Hearing on Defendants' Motion for Protective Order Seeking Possession of Privileged Tape Records and Documents |
| 7. | Filed | 03-08-04 | Intervenor/Plaintiff's Motion for Protective Order Seeking to Retain Possession of Tape Recordings and Documents |
| 8. | Filed | 03-08-04 | Intervenor/Plaintiff's Response to Defendants' Motion for Protective Order Seeking Possession of Privileged Tape Recordings and Documents |
| 9. | Filed | 03-08-04 | Certificate of Written Discovery Filed by Plaintiff/ Intervenor Kenneth D. Lee, Jr. |
| 10. | Filed | 03-09-04 | Intervenor/Plaintiff's Response to Defendant's Motion to Strike Plea in Intervention of Ken Lee |

11.   Filed   03-10-04     Notice of Attorney Appearance:  Elizabeth A. Schartz of Thompson & Knight in *Lee v. Southwestern Bell Mobile Systems, Inc.*, et al

12.   Signed 03-15-04     Order Setting Hearing on Intervenor/Plaintiff's Motion for Protective Order Seeking to Retain Possession of Tape Recordings and Documents

13.                       This Order.

SIGNED this 12th day of _____April_____, 2004.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

THE LAW OFFICE OF EDDIE TREVINO, JR.

By: _____
    Eddie Trevino, Jr.
    State Bar No. 20211135
622 E. St. Charles Street
Brownsville, TX  78520
(956) 554-0683
Fax:  (956) 554-0693

ATTORNEYS FOR PLAINTIFF,
KENNETH D. LEE, JR.

THOMPSON & KNIGHT LLP

By: _____
    Elizabeth A. Schartz
    State Bar No. 17727900
1700 Pacific Avenue, Suite 3300
Dallas, TX  75201
(214) 969-1700
Fax:  (214) 969-1751

FILED ___10:13___ O'CLOCK ___a___ M
AURORA DE LA GARZA DIST. CLERK
APR 1 3 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

NO. 2001-09-4057-G

| | | |
|---|---|---|
| Z-PAGE COMMUNCIATIONS, INC. | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| V. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; et al | § | |
| Defendant | § | |
| | § | 404TH JUDICIAL DISTRICT |
| | § | |
| KENNETH D. LEE, JR. | § | |
| Intervenor/Plaintiff | § | |
| V. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; SOUTHWESTERN | § | |
| BELL WIRELESS, INC.; | § | |
| SOUTHWESTERN BELL | § | |
| WIRELESS, L.L.C.; SOUTHWESTERN | § | |
| BELL SYSTEMS, INC.; CINGULAR | § | |
| WIRELESS, L.L.C. and SBC | § | |
| COMMUNICATIONS, INC. | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## DEFENDANT'S CERTIFICATE OF WRITTEN DISCOVERY

I hereby certify that correct copies of the following documents:

1. Defendant Southwestern Bell Mobile Systems, Inc.'s Objections to Intervenor/Plaintiff's Interrogatories;

2. Defendant Southwestern Bell Mobile System, Inc.'s Responses to Intervenor/Plaintiff's Request for Disclosure; and

3. Defendants' Objections to Intervenor/Plaintiff's Request for Production.

were served upon counsel for Intervenor/Plaintiff, by certified mail, return receipt requested, on April 12, 2004, as follows:

Certified Mail – RRR #7003 2260 0006 8295 7203
Mr. Eddie Trevino
Law Office of Eddie Trevino, Jr.
622 E. St. Charles Street
Brownsville, TX  78520

Copies of the above documents have been forwarded to all other known counsel

of record via certified mail, return receipt requested or U.S. Regular Mail as follows:

Certified Mail – RRR #7003 2260 0006 8295 7210
Mr. Ernesto Gamez
777 E. Harrison
Brownsville, TX  78520

Certified Mail – RRR #7003 2260 0006 8295 7227
Mr. Dennis Sanchez
Sanchez, Whittington, Janis & Zabarte, LLP
100 E. Expressway
Brownsville, TX  78521-2284

Certified Mail –#7003 2260 0006 8295 7234
Mr. Robert John Myers
Robert John Myers & Associates
2700 Bee Caves Road, Suite 210
Austin, TX  78746

via U.S. Regular Mail
Mr. David G. Oliveira
Roerig, Oliveira & Fisher, L.L.P.
Suite 9, Price Plaza Building
855 West Price Road
Brownville, TX  78520

via U.S. Regular Mail
Mr. J. Daniel Harkins
Cox & Smith Incorporated
112 E. Pecan Street, Suite 1800
San Antonio, TX  78205

Respectfully submitted,

THOMPSON & KNIGHT LLP

By: _____
      Elizabeth A. Schartz
      State Bar No. 17727900
1700 Pacific Avenue, Suite 3300
Dallas, TX 75201
(214) 969-1700
Fax: (214) 969-1751

      Gregory S. Meece
      State Bar No. 13898350
333 Clay, Suite 3300
Houston, TX 77002
(713) 654-8111
Fax: (713) 654-1871

      David G. Oliveira
      State Bar No. 15254675
ROERIG, OLIVEIRA & FISHER, L.L.P.
Suite 9, Price Plaza Building
855 West Price Road
Brownsville, TX 78520
(956) 542-5666
Fax: (956) 542-0016

ATTORNEY FOR DEFENDANTS,
SOUTHWESTERN BELL MOBILE
SYSTEMS, INC.; SOUTHWESTERN
BELL WIRELESS, INC.;
SOUTHWESTERN BELL WIRELESS,
L.L.C.; SOUTHWESTERN BELL
SYSTEMS, INC.; CINGULAR
WIRELESS, L.L.C., AND SBC
COMMUNICATIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Certificate of Written Discovery has been forwarded to counsel of record via U.S. regular mail on this 13th day of April, 2004.

Gregory S. Meece

CAUSE NO. *2004-04-2004-G*

| | | |
|---|---|---|
| KENNETH D. LEE, JR. | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 404TH JUDICIAL DISTRICT |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; SOUTHWESTERN | § | |
| BELL WIRELESS, INC.; | § | |
| SOUTHWESTERN BELL WIRELESS, L.L.C; | § | |
| SOUTHWESTERN BELL SYSTEMS, INC.; | § | |
| CINGULAR WIRELESS, L.L.C.; AND | § | |
| SBC COMMUNICATIONS, INC., | § | |
| | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |



FILED __12:15__ O'CLOCK __P__M
AURORA DE LA GARZA, CLERK
APR 15 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

## <u>NOTICE OF WITHDRAWAL</u>

Attorneys J. Daniel Harkins, James K. Spivey and the law firm of Cox & Smith Incorporated serve their Notice of Withdrawal as counsel for Defendants in connection with the above-referenced action. The foregoing withdrawal is with respect to the above-referenced action only. Defendants will continue to be represented by attorney Elizabeth A. Schartz and the law firm of Thompson & Knight, L.L.P. and David Oliveira and the law firm of Roerig, Oliveira & Fisher, L.L.P. in connection with this action.

Dated: April 15, 2004.

Respectfully submitted,

COX & SMITH INCORPORATED
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500
(210) 226-8395

By:
J. Daniel Harkins
State Bar No. 09008990
James K. Spivey
State Bar No. 00794680

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Withdrawal has been forwarded by certified mail, return receipt requested on the 15th day of April 2004, to the following counsel of record:

Eddie Trevino, Jr.
THE LAW OFFICE OF EDDIE TREVINO, JR.
622 E. St. Charles Street
Brownsville, Texas 78520

James K. Spivey

668485.1

CAUSE NO. 2004-04-2004-G

| | | |
|---|---|---|
| KENNETH D. LEE, JR. | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; SOUTHWESTERN | § | 404TH JUDICIAL DISTRICT |
| BELL WIRELESS, INC.; | § | |
| SOUTHWESTERN BELL | § | |
| WIRELESS, L.L.C.; SOUTHWESTERN | § | |
| BELL SYSTEMS, INC.; CINGULAR | § | |
| WIRELESS, L.L.C.; and | § | |
| SBC COMMUNICATIONS, INC., | § | |
| | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

FILED _12:15_ O'CLOCK _P_ M
AURORA DE LA GARZA, CLERK
APR 1 5 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

## DEFENDANTS' FIRST AMENDED ANSWER

Defendants Southwestern Bell Mobile Systems, Inc. (through its successor by merger, Southwestern Bell Mobile Systems, LLC), Southwestern Bell Wireless Inc. (through its successor by merger, Southwestern Bell Wireless, LLC), Southwestern Bell Wireless, LLC, "Southwestern Bell Systems, Inc.," Cingular Wireless LLC, and SBC Communications Inc. file this First Amended Answer to the Plea in Intervention and Petition therein (together the "Petition").

## SPECIAL EXCEPTION

Defendants specially except to the Petition because it fails to allege the maximum amount of damages claimed. Tex. R. Civ. P. 47.

## GENERAL DENIAL

Defendants generally deny the allegations in the Petition and demand strict proof of them according to law. Tex. R. Civ. P. 92.

**DEFENDANTS' FIRST AMENDED ANSWER - Page 1**

## DEFENSES

1.      Southwestern Bell Mobile Systems, Inc. and Southwestern Bell Wireless Inc. are not properly named and are not proper parties to this action.  Both have merged into other entities and thus have no legal existence.  And neither employed Lee during the time he alleges the wrongful conduct occurred and there is no other factual or legal basis on which they (or their successors) can be held liable for the alleged wrongful conduct.

2.      Southwestern Bell Mobile Systems, LLC and SBC Communications Inc. are not proper parties to this action because neither employed Lee during the time he alleges the wrongful conduct occurred and there is no other factual or legal basis on which they can be held liable for the alleged wrongful conduct.

3.      "Southwestern Bell Systems, Inc." is not a legal entity and thus is not a proper party to this action.

4.      Lee was an at-will employee of Cingular and its predecessors.

5.      Lee cannot recover for any alleged wrongful conduct that occurred outside of the applicable limitations periods.

6.      Texas law does not recognize a cause of action for conduct by an employer other than termination of employment taken for the sole reason that an employee refused a directive to perform an act that carries criminal penalties.

7.      Lee's claimed damages must be limited, or are not recoverable at all, based on the after-acquired evidence doctrine.

8.      Lee's claimed damages must be limited, or are not recoverable at all, to the extent he failed to mitigate them.

9.      Lee's claimed damages also must be reduced by any earnings or benefits he received that he would not have received had his employment not ended.

**DEFENDANTS' FIRST AMENDED ANSWER - Page 2**

10.    Non-economic and punitive damages are not recoverable under Texas law for wrongful discharge.

11.    Any award of punitive damages must be made in accordance with the United States and Texas Constitutions and Texas law governing and limiting the award of such damages.

12.    Defendants' conduct with respect to Lee was not "extreme and outrageous."

13.    Lee did not suffer "severe emotional distress."

14.    The alleged wrongful conduct was not intended to cause, or the primary risk of any such alleged conduct was not to cause, severe emotional distress as opposed to economic loss.

15.    Lee's claim for intentional infliction of emotional distress is barred by the exclusive-remedy provision of the Texas Workers' Compensation Act.

16.    Lee has failed to plead facts sufficient to state claims under Texas law for wrongful discharge or intentional infliction of emotional distress.

17.    Lee has failed to plead facts sufficient to support a claim for punitive damages.

18.    Defendants reserve the right to raise affirmative defenses as may be discovered during the course of these proceedings.

## **PRAYER**

Defendants therefore ask that the Court enter judgment that Lee take nothing from them, that they recover from Lee their costs of court, and that they have other relief, at law or in equity, to which they may be entitled.

Dated: April 15, 2004

**DEFENDANTS' FIRST AMENDED ANSWER - Page 3**

Respectfully submitted,

THOMPSON & KNIGHT LLP

By: _____
/Elizabeth A. Schartz/
State Bar No. 17727900

1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
Telephone:    (214) 969-1700
Facsimile:    (214) 969-1751

OF COUNSEL:

Gregory S. Meece
State Bar No. 13898350
Southern District Bar No. 17487
THOMPSON & KNIGHT LLP
333 Clay Street, Suite 3300
Houston, Texas 77002
Telephone:    (713) 654-8111
Facsimile:    (713) 654-1871

David G. Oliveira
State Bar No. 15254675
Southern District Bar No. 13862
Rene Oliveira
State Bar No. 15254700
Southern District Bar No. 4033
ROERIG, OLIVEIRA & FISHER, L.L.P.
Suite 9, Price Plaza Building
855 West Price Road
Brownsville, Texas 78520
Telephone:    (956) 542-5666
Facsimile:    (956) 542-0016

ATTORNEYS FOR DEFENDANTS

**DEFENDANTS' FIRST AMENDED ANSWER - Page 4**

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2004, a true and correct copy of the foregoing was served on Lee's counsel of record by certified mail, return receipt requested:

Eddie Trevino, Jr.
The Law Office of Eddie Trevino, Jr.
622 E. St. Charles Street
Brownsville, TX 78520

Elizabeth A. Schartz

077002 000031 DALLAS 1724346.1

**DEFENDANTS' FIRST AMENDED ANSWER - Page 5**

RUN DATE 04/15/04
RUN TIME 12:23 PM

PAGE: 01

2004-04-002004-G

04    12    04

* * * C L E R K ' S   E N T R I E S * * *

(10)

DAMAGES/NEGLIGENCE

KENNETH D LEE, JR.

VS

SOUTHWESTERN BELL MOBILE SYSTEMS, INC, ET AL

00565801
EDDIE TREVINO, JR.
622 EAST ST. CHARLES STREET
BROWNSVILLE, TX.              78520  0000

00035103
J. DANIEL HARKINS
112 EAST PECAN STE 1800
SAN ANTONIO TEXAS            78205  0000

04/12/04  ORDER ON DEFTS' MTN TO STRIKE PLEA IN
          INTERVENTION & SEVERANCE
04/12/04  LITIGANT(S) SEVERED FROM CAUSE#
          2001-09-004057-G

## LIST OF ALL COUNSEL OF RECORD, INCLUDING ADDRESSES, TELEPHONE NUMBERS AND PARTIES REPRESENTED

| Party and Party Type | Attorney(s) |
|---|---|
| Plaintiff Kenneth D Lee, Jr. | Eddie Trevino, Jr.<br>State Bar No. 20211135<br>The Law Office of Eddie Trevino, Jr.<br>622 E. St. Charles Street<br>Brownsville, TX 78520<br>956/554-0683 |
| Defendants as named in the caption:<br>Southwestern Bell Mobile Systems, Inc.;<br>Southwestern Bell Wireless, Inc.;<br>Southwestern Bell Wireless, L.L.C.;<br>Southwestern Bell Systems, Inc.;<br>Cingular Wireless L.L.C.; and<br>SBC Communications, Inc. | Elizabeth A. Schartz, Attorney-in-Charge<br>State Bar No. 17727900<br>Southern District Bar No. 22919<br>Thompson & Knight LLP<br>1700 Pacific Avenue, Suite 3300<br>Dallas, Texas 75201<br>214/969-1700<br><br>Gregory S. Meece<br>State Bar No. 13898350<br>Southern District Bar No. 17487<br>Thompson & Knight LLP<br>333 Clay Street, Suite 3300<br>Houston, Texas 77002<br>713/654-8111<br><br>David G. Oliveira<br>State Bar No. 15254675<br>Southern District Bar No. 13862<br>Rene Oliveira<br>State Bar No. 15254700<br>Southern District Bar No. 4033<br>ROERIG, OLIVEIRA & FISHER, L.L.P.<br>Suite 9, Price Plaza Building<br>855 West Price Road<br>Brownsville, Texas 78520<br>956/542-5666 |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

KENNETH D. LEE, JR.,

        Plaintiff,

V.

SOUTHWESTERN BELL MOBILE
SYSTEMS, INC; SOUTHWESTERN
BELL WIRELESS, INC;
SOUTHWESTERN BELL
WIRELESS, L.L.C.; SOUTHWESTERN
BELL SYSTEMS, INC.; CINGULAR
WIRELESS, L.L.C.; and
SBC COMMUNICATIONS, INC.,

        Defendants.

CIVIL ACTION NO.

_____

## DECLARATION OF CAROLYN J. WILDER

1.      My name is Carolyn J. Wilder. I am of legal age, and I am fully competent to make this declaration. All of the statements made in this declaration are true and correct, and are made of my own personal knowledge; are based on business records of Cingular Wireless LLC, Southwestern Bell Mobile Systems, LLC or its predecessor, Southwestern Bell Mobile Systems, Inc., and Southwestern Bell Wireless, LLC or its predecessor, Southwestern Bell Wireless Inc.; are based on public records; or are based on the absence of business records. The business records I reviewed in making this declaration are a record of acts or events made at or near the time by, or from information transmitted by, a person with knowledge; are kept in the course of those entities' businesses activities, which are regularly conducted; it was the regular practice of those entities' business activity to make the record; and I am a custodian of those business records.

2.      I am the Corporate Paralegal and Assistant Secretary of Cingular Wireless LLC ("Cingular"). In that capacity, I am responsible for the corporate records of Cingular,

**DECLARATION OF CAROLYN J. WILDER - Page 1**

Southwestern Bell Mobile Systems, LLC ("SBMS"), and Southwestern Bell Wireless, LLC ("SWBW"), including records of their formation and various public filings required under the laws of the states in which they are organized and transact business. I thus am familiar with the corporate organization, structure, business, and history of Cingular, SBMS, and SWBW.

3.    Cingular is a limited liability company and was formed under the laws of the State of Delaware on April 24, 2000. Cingular's principal place of business is at 5565 Glenridge Connector in Atlanta, Georgia. Cingular is a joint venture between SBC Communications Inc. and BellSouth Corporation. Cingular provides domestic wireless voice and data communications services, including local, long-distance and roaming services using both cellular and personal communications services, and equipment to customers across the United States. Cingular formally began operations in October 2000.

4.    SBMS was formed as a limited liability company under the laws of the State of Delaware on September 8, 2000. SBMS's principal place of business is at 5565 Glenridge Connector in Atlanta, Georgia. Southwestern Bell Mobile Systems, Inc., which was dually incorporated under the laws of the State of Delaware and the Commonwealth of Virginia, was merged into SBMS and the certificate of merger was made effective on September 29, 2000. SBMS is the surviving entity. Exhibit D-1 is a true and correct copy of the Certificate of Authority issued by the State of Texas to SBMS to transact business in the state under the name of Cingular Southwestern Bell Mobile Systems, LLC, the attached application, and the attached certification from the State of Delaware of the existence and good standing of SBMS under the laws of the State of Delaware. Southwestern Bell Mobile Systems, Inc. withdrew its qualification to do business in Texas on August 21, 2001.

5.    SWBW was formed as a limited liability company under the laws of the State of Delaware on September 8, 2000. SWBW's principal place of business is at 5565 Glenridge

**DECLARATION OF CAROLYN J. WILDER - Page 2**

Connector in Atlanta, Georgia. Southwestern Bell Wireless Inc., which was incorporated under the laws of the State of Delaware, was merged into SWBW and the certificate of merger was made effective on September 29, 2000. SWBW is the surviving entity. Exhibit D-2 is a true and correct copy of the Certificate of Authority issued by the State of Texas to SWBW to transact business in the state under the name of Cingular Southwestern Bell Wireless, LLC, the attached application, and the attached certification from the State of Delaware of the existence and good standing of SWBW under the laws of the State of Delaware. Southwestern Bell Wireless Inc. withdrew its qualification to do business in Texas on August 21, 2001.

6.    The sole member of SWBW is SBMS. The sole member of SBMS is SBC Wireless LLC. The sole member of SBC Wireless LLC is Cingular. Cingular is the manager of SWBW, SBMS, and SBC Wireless LLC. Cingular has three members: SBC Alloy Holdings Inc., which is a subsidiary of SBC Communications Inc.; BLS Cingular Holdings, LLC; and Cingular Wireless Corporation, which is also the manager of Cingular and which is owned equally by SBC Communications Inc. and BellSouth Corporation. SBC Communications Inc. is incorporated under the laws of the State of Delaware and has its principal place of business at 175 East Houston Street, San Antonio, Texas.

7.    I have searched for, but have been unable to locate any business record in the corporate records of Cingular and its affiliates reflecting the existence of an entity named "Southwestern Bell Systems, Inc." To my knowledge, no such entity exists.

8.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

**DECLARATION OF CAROLYN J. WILDER - Page 3**

Executed on April _12_, 2004.

_Carolyn J. Wilder_
CAROLYN J. WILDER

077002 000031 DALLAS 1723720.3

**DECLARATION OF CAROLYN J. WILDER - Page 4**

EXH-ELC



# The State of Texas

## Secretary of State

CERTIFICATE OF AUTHORITY

OF

SOUTHWESTERN BELL MOBILE SYSTEMS, LLC
FILING NUMBER   07087702

THE UNDERSIGNED, AS SECRETARY OF STATE OF THE STATE OF TEXAS, HEREBY CERTIFIES THAT THE ATTACHED APPLICATION OF THE ABOVE ENTITY FOR A CERTIFICATE OF AUTHORITY TO TRANSACT BUSINESS IN THIS STATE HAS BEEN RECEIVED IN THIS OFFICE AND IS FOUND TO CONFORM TO LAW.

ACCORDINGLY, THE UNDERSIGNED, AS SUCH SECRETARY OF STATE, AND BY VIRTUE OF THE AUTHORITY VESTED IN THE SECRETARY BY LAW, HEREBY ISSUES THIS CERTIFICATE OF AUTHORITY TO TRANSACT BUSINESS IN THIS STATE FROM AND AFTER THIS DATE FOR THOSE PURPOSES SET FORTH IN THE APPLICATION, UNDER THE NAME OF

CINGULAR SOUTHWESTERN BELL MOBILE SYSTEMS, LLC

DATED APR. 16, 2001

EFFECTIVE APR. 16, 2001



Henry Cuellar, Secretary of State



**Office of the Secretary of State**
**Corporations Section**
**P.O. Box 13697**
**Austin, Texas 78711-3697**

FILED
In the Office of the
Secretary of State of Texas

APR 1 8 2001

Corporations Section

# APPLICATION FOR CERTIFICATE OF AUTHORITY
# BY A LIMITED LIABILITY COMPANY

**Pursuant to the provisions of article 7.05 of the Texas Limited Liability Company Act, the undersigned limited liability company hereby applies for a certificate of authority to transact business in Texas:**

1.     **The name of the limited liability company is** SOUTHWESTERN BELL MOBILE SYSTEMS, LLC

2.     **(A) If the name of the limited liability company does not contain the words, "Limited Liability Company" or "Limited Company," or the abbreviations "L.L.C.," "LLC," "LC," or "L.C.," then the name of the foreign limited liability company with the words or abbreviation which it elects to add thereto for use in Texas is**

    **(B) If the name is not available in Texas, then set forth the name under which the foreign limited liability company will qualify and transact business in Texas.**

    Cingular Southwestern Bell Mobile Systems, LLC

3.     **The federal tax identification number is** 75-1905705

4.     **The date of its organization is** September 8, 2000     **and the period of duration is** Perpetual     **(State term of years or other duration authorized in its home jurisdiction.)**

5.     **The address of its principal office in the state or country under the laws of which it is organized is** 2711 Centerville Road, Suite 400, Wilmington, DE 19808

    **(If the company does not maintain its principal office in the jurisdiction of organization, provide the address of its registered office address in such jurisdiction.)**

6.     **The street address of its proposed registered office in Texas is (a P.O. Box or lock box is not sufficient)** 800 Brazos, Austin, TX, 78701

    **and the name of its proposed registered agent in Texas at such address is**

    Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company

7.    **The purpose or purposes of the company which it proposes to pursue in the transaction of business in Texas are:**

Wireless communications products and services
_____

_____

8.    **It is authorized to pursue such purpose or purposes in the state or country under the laws of which it is organized.**

9.    **(Complete either A or B below.)**

    **(A) The names and respective addresses of its managers are:**

| NAME | ADDRESS |
|------|---------|
| Cingular Wireless LLC | 5565 Glenridge Connector |
|  | Atlanta, GA 30342 |
|  |  |

or

    **(B) The company is member-managed. The names and addresses of its managing members are:**

| NAME | ADDRESS |
|------|---------|
|  |  |
|  |  |
|  |  |

10.   **The application is accompanied by a certificate issued by the secretary of state or other authorized officer of the jurisdiction of organization evidencing the existence of the limited liability company.**

**Date:** April 13, 2001 _____

SOUTHWESTERN BELL MOBILE SYSTEMS, LLC
_____
Name of Company

By _____
An Authorized Manager or Member

Form No. 304
Revised 8/99

*State of Delaware*

## *Office of the Secretary of State*

PAGE   1

---

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "SOUTHWESTERN BELL MOBILE SYSTEMS, LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE SIXTEENTH DAY OF APRIL, A.D. 2001.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE NOT BEEN ASSESSED TO DATE.



*Harriet Smith Windsor*

Harriet Smith Windsor, Secretary of State

3286333   8300                    AUTHENTICATION: 1080554

010181516                              DATE: 04-16-01

JNM-LLC



# The State of Texas
## Secretary of State

CERTIFICATE OF AUTHORITY

OF

SOUTHWESTERN BELL WIRELESS, LLC
FILING NUMBER   07084053

THE UNDERSIGNED, AS SECRETARY OF STATE OF THE STATE OF TEXAS, HEREBY CERTIFIES THAT THE ATTACHED APPLICATION OF THE ABOVE ENTITY FOR A CERTIFICATE OF AUTHORITY TO TRANSACT BUSINESS IN THIS STATE HAS BEEN RECEIVED IN THIS OFFICE AND IS FOUND TO CONFORM TO LAW.

ACCORDINGLY, THE UNDERSIGNED, AS SUCH SECRETARY OF STATE, AND BY VIRTUE OF THE AUTHORITY VESTED IN THE SECRETARY BY LAW, HEREBY ISSUES THIS CERTIFICATE OF AUTHORITY TO TRANSACT BUSINESS IN THIS STATE FROM AND AFTER THIS DATE FOR THOSE PURPOSES SET FORTH IN THE APPLICATION, UNDER THE NAME OF

CINGULAR SOUTHWESTERN BELL WIRELESS, LLC

DATED FEB. 16, 2001
EFFECTIVE FEB. 16, 2001



Henry Cuellar, Secretary of State



**Office of the Secretary of State**
**Corporations Section**
**P.O. Box 13697**
**Austin, Texas 78711-3697**

FILED
In the Office of the
Secretary of State of Texas
FEB 1 6 2001
Corporations Section

# APPLICATION FOR CERTIFICATE OF AUTHORITY
# BY A LIMITED LIABILITY COMPANY

Pursuant to the provisions of article 7.05 of the Texas Limited Liability Company Act, the undersigned limited liability company hereby applies for a certificate of authority to transact business in Texas:

1.  The name of the limited liability company is _SOUTHWESTERN BELL WIRELESS, LLC_

2.  (A) If the name of the limited liability company does not contain the words, "Limited Liability Company" or "Limited Company," or the abbreviations "L.L.C.," "LLC," "LC," or "L.C.," then the name of the foreign limited liability company with the words or abbreviation which it elects to add thereto for use in Texas is

    _____

    (B) If the name is not available in Texas, then set forth the name under which the foreign limited liability company will qualify and transact business in Texas.

    _Cingular Southwestern Bell Wireless, LLC_

3.  The federal tax identification number is _75-2674595_

4.  The date of its organization is _September 8, 2000_ and the period of duration is _Perpetual_ (State term of years or other duration authorized in its home jurisdiction.)

5.  The address of its principal office in the state or country under the laws of which it is organized is _2711 Centerville Road, Suite 400, Wilmington, DE_

    (If the company does not maintain its principal office in the jurisdiction of organization, provide the address of its registered office address in such jurisdiction.)

6.  The street address of its proposed registered office in Texas is (a P.O. Box or lock box is not sufficient) _800 Brazos, Austin, TX, 78701_

    _____ and

    the name of its proposed registered agent in Texas at such address is

    _Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company_

7.     **The purpose or purposes of the company which it proposes to pursue in the transaction of business in Texas are:**

Wireless communications products and services

8.     **It is authorized to pursue such purpose or purposes in the state or country under the laws of which it is organized.**

9.     **(Complete either A or B below.)**

       **(A) The names and respective addresses of its managers are:**

| NAME | ADDRESS |
|---|---|
| Cingular Wireless LLC | 5565 Glenridge Connector |
| | Atlanta, GA 30342 |
| | |

**or**

       **(B) The company is member-managed. The names and addresses of its managing members are:**

| NAME | ADDRESS |
|---|---|
| | |
| | |
| | |

10.    **The application is accompanied by a certificate issued by the secretary of state or other authorized officer of the jurisdiction of organization evidencing the existence of the limited liability company.**

**Date:** February 9, 2001

SOUTHWESTERN BELL WIRELESS, LLC
Name of Company

**By** *Elizabeth A Russell*
An Authorized Manager or Member

**Form No. 304**
**Revised 8/99**

*State of Delaware*

PAGE  1

## *Office of the Secretary of State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "SOUTHWESTERN BELL WIRELESS, LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE TWELFTH DAY OF FEBRUARY, A.D. 2001.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE NOT BEEN ASSESSED TO DATE.



*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

3286344   8300

010069171

AUTHENTICATION: 0967376

DATE: 02-12-01

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KENNETH D. LEE, JR., | ' | |
| | ' | |
| Plaintiff, | ' | |
| | ' | |
| V. | ' | CIVIL ACTION NO. |
| | ' | |
| SOUTHWESTERN BELL MOBILE | ' | _____ |
| SYSTEMS, INC; SOUTHWESTERN | ' | |
| BELL WIRELESS, INC; | ' | |
| SOUTHWESTERN BELL | ' | |
| WIRELESS, L.L.C.; SOUTHWESTERN | ' | |
| BELL SYSTEMS, INC.; CINGULAR | ' | |
| WIRELESS, L.L.C.; and | ' | |
| SBC COMMUNICATIONS, INC., | ' | |
| | ' | |
| Defendants. | ' | |

## DECLARATION OF CHINITA ALLEN

1.      My name is Chinita Allen.  I am of legal age, and I am fully competent to make

this declaration.  All of the statements made in this declaration are true and correct, and are made

of my own personal knowledge or are based on business records of Cingular Wireless LLC.  The

business records I reviewed in making this declaration are a record of acts or events made at or

near the time by, or from information transmitted by, a person with knowledge; are kept in the

course of Cingular's business activities, which are regularly conducted; it was the regular

practice of Cingular's business activities to make the record; and I am a custodian of those

business records.

2.      I am employed by Cingular Wireless LLC ("Cingular") through its affiliate

Cingular Wireless Employee Services, LCC as the Manager, Workforce Management.  In that

capacity, my principal responsibility is to manage Cingular's severance plan and I am a

custodian of certain human resources records of Cingular.  I thus am familiar with the human

**DECLARATION OF CHINITA ALLEN - Page 1**

resources information systems of Cingular and the human resources activities of Cingular described in this declaration. In particular, I have personal knowledge of the reduction in Cingular personnel that took place beginning late in 2002 and that was known as "Project Alliance."

3.      Cingular formally began operations in October 2000. Cingular provides domestic wireless voice and data communications services, including local, long-distance and roaming services using both cellular and personal communications services, and equipment to customers across the United States. Kenneth D. Lee, Jr. was employed in Texas by Cingular (through its affiliate Cingular Wireless Employee Services, LCC) or an affiliate from July 11, 1988 until his employment ended on November 15, 2002 in connection with a company-wide staff reduction. Immediately before Cingular began formal operations, Mr. Lee was employed by Southwestern Bell Wireless, LLC. After Cingular began formal operations, the services of the Texas employees of Southwestern Bell Wireless, including Mr. Lee's services, were provided to and on behalf of Cingular, although they continued to be paid by and be nominally employed by Southwestern Bell Wireless. The employment of those Texas employees of Southwestern Bell Wireless, including Mr. Lee, was formally transitioned to Cingular through its affiliate Cingular Wireless Employee Services, LLC on October 28, 2001.

4.      Mr. Lee's W-2 compensation for his partial final year of employment in 2002 was $101,445.34. His W-2 compensation in 2001, his last full year of employment, was $115,320.42.

5.      In connection with the Project Alliance staff reductions, Mr. Lee was offered severance pay and other consideration in exchange for signing a release of liability. Mr. Lee did not return the severance agreement and thus declined Cingular's offer. The severance pay Cingular offered to Mr. Lee was $77,906.50.

**DECLARATION OF CHINITA ALLEN - Page 2**

6.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April _7_, 2004.

_____
CHINITA ALLEN

077002 000031 DALLAS 1724063.2

**DECLARATION OF CHINITA ALLEN - Page 3**

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Geoffrey S. Connor
Secretary of State

# Office of the Secretary of State

The undersigned, as Secretary of State of Texas, does hereby certify that the attached is a true and correct copy of each document on file in this office as described below:

**CINGULAR WIRELESS LLC**
Filing Number: 707861123

| | |
|---|---|
| Application For Certificate Of Authority | November 21, 2000 |
| Public Information Report (PIR) | December 31, 2002 |
| Change of Registered Agent/Office | July 31, 2003 |
| Public Information Report (PIR) | December 31, 2003 |

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on April 06, 2004.





Secretary of State

NOV. 21' 00(TUE) 15:25     CSC                                                    P. 002

Office of the Secretary of State
Corporations Section
P.O. Box 13697
Austin, Texas 78711-3697

FILED
In the Office of the
Secretary of State of Texas

NOV 21 2000

Corporations Section

# APPLICATION FOR CERTIFICATE OF AUTHORITY
## BY A LIMITED LIABILITY COMPANY

Pursuant to the provisions of article 7.05 of the Texas Limited Liability Company Act, the undersigned limited liability company hereby applies for a certificate of authority to transact business in Texas:

1.  The name of the limited liability company is   CINGULAR WIRELESS LLC

2.  (A) If the name of the limited liability company does not contain the words, "Limited Liability Company" or "Limited Company," or the abbreviations "L.L.C.," "LLC," "LC," or "L.C.," then the name of the foreign limited liability company with the words or abbreviation which it elects to add thereto for use in Texas is

    (B) If the name is not available in Texas, then set forth the name under which the foreign limited liability company will qualify and transact business in Texas.

3.  The federal tax identification number is   74-2955068

4.  The date of its organization is   April 24, 2000                   and the period of duration is   Perpetual              (State term of years or other duration authorized in its home jurisdiction.)

5.  The address of its principal office in the state or country under the laws of which it is organized is   1209 Orange Street, Wilmington, DE  19801

    (If the company does not maintain its principal office in the jurisdiction of organization, provide the address of its registered office address in such jurisdiction.)

6.  The street address of its proposed registered office in Texas is (a P.O. Box or lock box is not sufficient)   800 Brazos, Austin, TX,  78701                                 and

    the name of its proposed registered agent in Texas at such address is

    Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company

7.    The purpose or purposes of the company which it proposes to pursue in the transaction of business in Texas are:

Wireless communications products and services

8.    It is authorized to pursue such purpose or purposes in the state or country under the laws of which it is organized.

9.    (Complete either A or B below.)

(A) The names and respective addresses of its managers are:

| NAME | ADDRESS |
|------|---------|
| Cingular Wireless Management Corp. | 5565 Glenridge Connector |
| | Glenridge Two |
| | Atlanta, GA 30342 |

or

(B) The company is member-managed. The names and addresses of its managing members are:

| NAME | ADDRESS |
|------|---------|
| | |
| | |

10.    The application is accompanied by a certificate issued by the secretary of state or other authorized officer of the jurisdiction of organization evidencing the existence of the limited liability company.

Date: November 20, 2000

CINGULAR WIRELESS LLC
Name of Company

By _____
An Authorized Manager or Member

Form No. 304
Revised 8/99

NOV. -21' 00(TUE) 15:26    CSC    L    P. 006

*State of Delaware*    PAGE 1

## Office of the Secretary of State

I, EDWARD J. FREEL, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "CINGULAR WIRELESS LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE EIGHTH DAY OF NOVEMBER, A.D. 2000.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE BEEN PAID TO DATE.



3202626  8300

001562152

AUTHENTICATION: 0789016

Edward J. Freel, Secretary of State

DATE: 11-08-00

Corporations Section
P.O. Box 13697
Austin, Texas 78711-3697



Geoffrey S. Connor
Secretary of State

# Office of the Secretary of State

The undersigned, as Secretary of State of Texas, does hereby certify that the attached is a true and correct copy of each document on file in this office as described below:

CINGULAR WIRELESS LLC
Filing Number: 707861123

| | |
|---|---|
| Application For Certificate Of Authority | November 21, 2000 |
| Public Information Report (PIR) | December 31, 2002 |
| Change of Registered Agent/Office | July 31, 2003 |
| Public Information Report (PIR) | December 31, 2003 |

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on April 06, 2004.





Secretary of State

05-102
(Rev. 2-02/20)                                              3333    b. ■

a. T Code: [ r ] ■ 13196 Franchise    □ ■ 16196   Bank                    Do not write in the space above

**TEXAS FRANCHISE TAX**
**PUBLIC INFORMATION REPORT**
MUST be filed with your Corporation Franchise Tax Report

| c. Taxpayer Identification number | d. Report year |
|---|---|
| ■ 1-74-2955068-8  0380 | ■ 27 2046 |

Corporation name and address

Cingular Wireless, LLC
5565 Glenridge Connector
Suite 510
Atlanta          GA  30342

| e. PIR / IND | ■ 1, 2, 3, 4 |
|---|---|

Secretary of State file number or, if none,
Comptroller unchartered number
g. ■

Item k on Franchise
Tax Report form. Page 1

The following information MUST be provided for the Secretary of State (S.O.S.) by each corporation or limited liability company that files a Texas Corporation Franchise Tax Report. The information will be available for public inspection.

"SECTION A" MUST BE COMPLETE AND ACCURATE.
If preprinted information is not correct, please type or print the correct information.                    **Please sign below**

□ Check here if there are currently no changes to the information preprinted in Sections A, B, and C of this report.

Corporation's principal office
Atlanta, GA

Principal place of business
Atlanta, GA

**SECTION A**   Name, title and mailing address of each officer and director. Use additional sheets, if necessary.

| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
|---|---|---|---|
| Stanley T. Sigman | President/CEO | YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |
| 5565 Glenridge Connector     Atlanta       GA     30342 | | | |
| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
| Mark Feidler | COO | YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |
| 5565 Glenridge Connector     Atlanta       GA     30342 | | | |
| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
| Rick Lindner | CFO | YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |
| 5565 Glenridge Connector     Atlanta       GA     30342 | | | |
| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
| Joaquin Carbonell | Senior VP | YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |
| 5565 Glenridge Connector     Atlanta       GA     30342 | | | |
| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
| | | YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |
| | | | |

**SECTION B.**  List each corporation or limited liability company, if any, in which this reporting company or limited liability company owns an interest of ten percent (10%) or more. Enter the information requested for each corporation. Use additional sheets, if necessary.

| Name of owned (subsidiary) corporation | State of incorporation | Texas S.O.S. file number | Percentage Interest |
|---|---|---|---|
| See Attached | | | 0.0000 |
| Name of owned (subsidiary) corporation | State of incorporation | Texas S.O.S. file number | Percentage Interest 0.0000 |

**SECTION C.**  List each corporation or limited liability company, if any, that owns an interest of ten percent (10 %) or more in this reporting corporation or limited liability company. Enter the information requested for each corporation or limited liability company. Use additional sheets, if necessary.

| Name of owning (parent) corporation | State of incorporation | Texas S.O.S. file number | Percentage interest |
|---|---|---|---|
| | | | 0.0000 |

Registered agent and registered office currently on file.   (Changes must be filed separately with the Secretary of State.)

Agent:    Neal Berinhout
Office    5565 Glenridge Connector
          Atlanta          GA    30342

□ Check here if you need forms
to change this information.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief and that a copy of this report has been mailed to each person named in this report who is an officer or director and who is not currently employed by this corporation or limited liability company or a related corporation.

| sign here ► | Officer, director, or other authorized person | Title AVP – Tax | Date | Daytime phone (Area code and number) |
|---|---|---|---|---|
| | Michael Kay | | DTTTLLC | |

2007 Deloitte & Touche Tax Technologies LLC                                          TX102P01

033032 20046

**Texas Franchise Tax**
**Public Information Report**
**Attachment for Cingular Wireless, LLC**                    74-2955068

| Section B.<br>Name of owned subsidiary | State of<br>Incorporation | Federal<br>ID Number | Percentage<br>Interest |
|---|---|---|---|
| BellSouth Mobility, LLC | GA | 58-1530964 | 100% |
| BTS Sub 2, LLC | DE | Applied For | 100% |
| BTS Sub 1, LLC | DE | Applied For | 100% |
| CA/NV Tower Holdings, LLC | DE | 26-0064680 | 100% |
| Cingular Wireless Aviation Holdings. LLC | DE | 74-2982709 | 100% |
| Cingular Wireless Employee Services, LLC | DE | 37-1417265 | 100% |
| Cingular Wireless Finance Corp | DE | 04-3597583 | 100% |
| Cingular Wireless Roadrunner, LLC | DE | 01-0662481 | 100% |
| Good Technologies, Inc. | Available Upon Request | | 15% |
| Peachtree Insurance Company, LTD | Bermuda | 98-0355201 | 100% |
| RAM Communications Group, LLC | DE | 22-3144105 | 100% |
| Salmon PCS, LLC | DE | 52-2274914 | 85% |
| SBC Wireless, LLC | DE | 75-2515769 | 100% |

| Section C.<br>Name of owning corporation | Federal<br>ID Number | Percentage<br>Interest |
|---|---|---|
| SBC Alloy Holdings, Inc. | 74-2977938 | 59.999995% |
| BLS Cingular Holdings, LLC | 58-2660484 | 39.999995% |
| Cingular Wireless Corporation | 74-2955069 | 0.000001% |

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Geoffrey S. Connor
Secretary of State

# Office of the Secretary of State

The undersigned, as Secretary of State of Texas, does hereby certify that the attached is a true and correct copy of each document on file in this office as described below:

### SOUTHWESTERN BELL MOBILE SYSTEMS, LLC
Filing Number: 708770223

| | |
|---|---|
| Application For Certificate Of Authority | April 18, 2001 |
| Public Information Report (PIR) | December 31, 2002 |
| Change Of Registered Agent/Office | July 31, 2003 |
| Public Information Report (PIR) | December 31, 2003 |

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on April 06, 2004.





Secretary of State



Office of the Secretary of State
Corporations Section
P.O. Box 13697
Austin, Texas 78711-3697

FILED
In the Office of the
Secretary of State of Texas

APR 1 8 2001

Corporations Section

# APPLICATION FOR CERTIFICATE OF AUTHORITY
## BY A LIMITED LIABILITY COMPANY

Pursuant to the provisions of article 7.05 of the Texas Limited Liability Company Act, the undersigned limited liability company hereby applies for a certificate of authority to transact business in Texas:

1.  The name of the limited liability company is  SOUTHWESTERN BELL MOBILE SYSTEMS, LLC

2.  (A) If the name of the limited liability company does not contain the words, "Limited Liability Company" or "Limited Company," or the abbreviations "L.L.C.," "LLC," "LC," or "L.C.," then the name of the foreign limited liability company with the words or abbreviation which it elects to add thereto for use in Texas is

   (B) If the name is not available in Texas, then set forth the name under which the foreign limited liability company will qualify and transact business in Texas.

   Cingular Southwestern Bell Mobile Systems, LLC

3.  The federal tax identification number is  75-1905705

4.  The date of its organization is  September 8, 2000          and the period of duration is  Perpetual          (State term of years or other duration authorized in its home jurisdiction.)

5.  The address of its principal office in the state or country under the laws of which it is organized is  2711 Centerville Road, Suite 400, Wilmington, DE  19808

   (If the company does not maintain its principal office in the jurisdiction of organization, provide the address of its registered office address in such jurisdiction.)

6.  The street address of its proposed registered office in Texas is (a P.O. Box or lock box is not sufficient)  800 Brazos, Austin, TX, 78701

   and the name of its proposed registered agent in Texas at such address is

   Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company

7.  The purpose or purposes of the company which it proposes to pursue in the transaction of business in Texas are:

Wireless communications products and services

8.  It is authorized to pursue such purpose or purposes in the state or country under the laws of which it is organized.

9.  (Complete either A or B below.)

(A) The names and respective addresses of its managers are:

| NAME | ADDRESS |
|------|---------|
| Cingular Wireless LLC | 5565 Glenridge Connector |
|  | Atlanta, GA 30342 |

or

(B) The company is member-managed. The names and addresses of its managing members are:

| NAME | ADDRESS |
|------|---------|
|  |  |
|  |  |
|  |  |

10. The application is accompanied by a certificate issued by the secretary of state or other authorized officer of the jurisdiction of organization evidencing the existence of the limited liability company.

Date: April 13, 2001

SOUTHWESTERN BELL MOBILE SYSTEMS, LLC
Name of Company

By _____
An Authorized Manager or Member

Form No. 304
Revised 8/99

### State of Delaware

### *Office of the Secretary of State*

PAGE  1

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "SOUTHWESTERN BELL MOBILE SYSTEMS, LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE SIXTEENTH DAY OF APRIL, A.D. 2001.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE NOT BEEN ASSESSED TO DATE.



*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

3286333  8300

010181516

AUTHENTICATION: 1080554

DATE: 04-16-01

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Geoffrey S. Connor
Secretary of State

# Office of the Secretary of State

The undersigned, as Secretary of State of Texas, does hereby certify that the attached is a true and correct copy of each document on file in this office as described below:

### SOUTHWESTERN BELL MOBILE SYSTEMS, LLC
Filing Number: 708770223

| | |
|---|---|
| Application For Certificate Of Authority | April 18, 2001 |
| Public Information Report (PIR) | December 31, 2002 |
| Change Of Registered Agent/Office | July 31, 2003 |
| Public Information Report (PIR) | December 31, 2003 |

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on April 06, 2004.





Secretary of State

05-102
(Rev. 2-02/20)

13196

3333      b. ■

a. T Code  [X] ■ 13196 Franchise   [ ] ■ 16196  Bank

Do not write in the space above

**TEXAS FRANCHISE TAX**
**PUBLIC INFORMATION REPORT**
MUST be filed with your Corporation Franchise Tax Report

c. Taxpayer identification number  03335160200  Report year
■ 3 - 20033 - 5142 - 9                        ■ 03

| Corporation name and address |
|---|
| Southwestern Bell Mobile Systems, LLC |
| 5565 Glenridge Connector |
| Suite 510 |
| Atlanta          GA  30342 |

e. PIR / IND  ■   [ ]  1, 2, 3, 4

Secretary of State file number or, if none,
Comptroller unchartered number
g. ■

Item k on Franchise
Tax Report form, Page 1

The following information MUST be provided for the Secretary of State (S.O.S.) by each corporation or limited liability company that files a Texas Corporation Franchise Tax Report. The information will be available for public inspection.

"SECTION A" MUST BE COMPLETE AND ACCURATE.
If preprinted information is not correct, please type or print the correct information.

**Please sign below**

[ ] Check here if there are currently no changes to the information preprinted in Sections A, B, and C of this report.

| Corporation's principal office |
|---|
| 5565 Glenridge Connector, Atlanta, GA  30342 |
| Principal place of business |
| Atlanta, GA |

**SECTION A**    Name, title and mailing address of each officer and director. Use additional sheets, if necessary.

| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
|---|---|---|---|
| Stanley T. Sigman | President/CEO | [ ] YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |
| Same as above | | | |
| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
| Mark Feidler | COO | [ ] YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |
| Same as above | | | |
| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
| Rick Lindner | CFO | [ ] YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |
| Same as above | | | |
| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
| Joaquin Carbonell | Senior VP | [ ] YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |
| Same as above | | | |
| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
| | | [ ] YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |

**SECTION B.** List each corporation or limited liability company, if any, in which this reporting company or limited liability company owns an interest of ten percent (10%) or more. Enter the information requested for each corporation. Use additional sheets if necessary.

| Name of owned (subsidiary) corporation | State of incorporation | Texas S.O.S. file number | Percentage Interest |
|---|---|---|---|
| Southwestern Bell Wireless, LLC | DE | 32003192674 | 100.0000 |
| Name of owned (subsidiary) corporation | State of incorporation | Texas S.O.S. file number | Percentage Interest |
| Cellular Retail Corporation | DE | N/A | 100.0000 |

**SECTION C.** List each corporation or limited liability company, if any, that owns an interest of ten percent (10 %) or more in this reporting corporation or limited liability company. Enter the information requested for each corporation. Use additional sheets, if necessary.

| Name of owning (parent) corporation | State of incorporation | Texas S.O.S. file number | Percentage Interest |
|---|---|---|---|
| SBC Wireless, LLC | DE | N/A | 100.0000 |

Registered agent and registered office currently on file.   (Changes must be filed separately with the Secretary of State.)

Agent:  Corporation Service Co.
Office:  800 Brazos St., Suite 750
         Austin        TX    78701

[ ] Check here if you need forms
to change this information.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief and that a copy of this report has been mailed to each person named in this report who is an officer or director and who is not currently employed by this corporation or limited liability company or a related corporation.

sign here   _Michael Kay_   Officer, director or other authorized person
Michael Kay

Title  AVP - Tax

Date  11/10/03

Daytime phone (Area code and number)  4042366000

DTTTLLC

2002 Deloitte & Touche Tax Technologies LLC

TX102P01

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Geoffrey S. Connor
Secretary of State

# Office of the Secretary of State

The undersigned, as Secretary of State of Texas, does hereby certify that the document, Legacy Filing for SOUTHWESTERN BELL MOBILE SYSTEMS, INC. (filing number: 5995006), a DELAWARE, USA Foreign Business Corporation, was filed in this office on October 27, 1983.

**It is further certified that the entity status is TERMINATED. The entity became inactive on August 21, 2001.**

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on April 06, 2004.





Geoffrey S. Connor
Secretary of State

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Geoffrey S. Connor
Secretary of State

# Office of the Secretary of State

The undersigned, as Secretary of State of Texas, does hereby certify that the attached is a true and correct copy of each document on file in this office as described below:

SOUTHWESTERN BELL MOBILE SYSTEMS, INC.
Filing Number: 5995006

Termination of Foreign Entity                    August 21, 2001

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on April 06, 2004.





Secretary of State

*State of Delaware*

## *Office of the Secretary of State*

PAGE   1

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE CERTIFICATE OF MERGER, WHICH MERGES:

"SOUTHWESTERN BELL MOBILE SYSTEMS, INC.", A DELAWARE CORPORATION,

"SOUTHWESTERN BELL MOBILE SYSTEMS, INC.", A VIRGINIA CORPORATION,

WITH AND INTO "SOUTHWESTERN BELL MOBILE SYSTEMS, LLC" UNDER THE NAME OF "SOUTHWESTERN BELL MOBILE SYSTEMS, LLC", A LIMITED LIABILITY COMPANY ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, WAS RECEIVED AND FILED IN THIS OFFICE THE TWENTY-FIRST DAY OF SEPTEMBER, A.D. 2000, AT 10 O'CLOCK A.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID LIMITED LIABILITY COMPANY SHALL BE GOVERNED BY THE LAWS OF THE STATE OF DELAWARE.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF THE AFORESAID CERTIFICATE OF MERGER IS THE TWENTY-NINTH DAY OF SEPTEMBER, A.D. 2000.



*Harriet Smith Windsor, Secretary of State*

2016704   8330

010402782

AUTHENTICATION: 1298130

DATE: 08-16-01

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Geoffrey S. Connor
Secretary of State

## Office of the Secretary of State

The undersigned, as Secretary of State of Texas, does hereby certify that the attached is a true and correct copy of each document on file in this office as described below:

SOUTHWESTERN BELL WIRELESS, LLC
Filing Number: 708405323

| | |
|---|---|
| Application For Certificate Of Authority | February 16, 2001 |
| Assumed Name Certificate | April 09, 2001 |
| Articles of Merger | December 31, 2001 |
| Public Information Report (PIR) | December 31, 2002 |
| Change of Registered Agent/Office | July 31, 2003 |
| Public Information Report (PIR) | December 31, 2003 |

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on April 06, 2004.





Secretary of State



**Office of the Secretary of State**
**Corporations Section**
**P.O. Box 13697**
**Austin, Texas 78711-3697**

FILED
In the Office of the
Secretary of State of Texas

FEB 1 6 2001

Corporations Section

# APPLICATION FOR CERTIFICATE OF AUTHORITY
# BY A LIMITED LIABILITY COMPANY

Pursuant to the provisions of article 7.05 of the Texas Limited Liability Company Act, the undersigned limited liability company hereby applies for a certificate of authority to transact business in Texas:

1.   The name of the limited liability company is ___SOUTHWESTERN BELL WIRELESS, LLC___

2.   (A) If the name of the limited liability company does not contain the words, "Limited Liability Company" or "Limited Company," or the abbreviations "L.L.C.," "LLC," "LC," or "L.C.," then the name of the foreign limited liability company with the words or abbreviation which it elects to add thereto for use in Texas is

_____

(B) If the name is not available in Texas, then set forth the name under which the foreign limited liability company will qualify and transact business in Texas.

___Cingular Southwestern Bell Wireless, LLC___   _____

3.   The federal tax identification number is ___75-2674595___

4.   The date of its organization is ___September 8, 2000___ and the period of duration is ___Perpetual___ (State term of years or other duration authorized in its home jurisdiction.)

5.   The address of its principal office in the state or country under the laws of which it is organized is ___2711 Centerville Road, Suite 400, Wilmington, DE___

(If the company does not maintain its principal office in the jurisdiction of organization, provide the address of its registered office address in such jurisdiction.)

6.   The street address of its proposed registered office in Texas is (a P.O. Box or lock box is not sufficient) ___800 Brazos, Austin, TX, 78701___

_____ and

the name of its proposed registered agent in Texas at such address is

___Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company___

7. **The purpose or purposes of the company which it proposes to pursue in the transaction of business in Texas are:**

   Wireless communications products and services

8. **It is authorized to pursue such purpose or purposes in the state or country under the laws of which it is organized.**

9. **(Complete either A or B below.)**

   **(A) The names and respective addresses of its managers are:**

   | NAME | ADDRESS |
   |------|---------|
   | Cingular Wireless LLC | 5565 Glenridge Connector |
   | | Atlanta, GA 30342 |

   **or**

   **(B) The company is member-managed. The names and addresses of its managing members are:**

   | NAME | ADDRESS |
   |------|---------|
   | | |
   | | |
   | | |

10. **The application is accompanied by a certificate issued by the secretary of state or other authorized officer of the jurisdiction of organization evidencing the existence of the limited liability company.**

Date: February 9, 2001

SOUTHWESTERN BELL WIRELESS, LLC
Name of Company

By _____
An Authorized Manager or Member

Form No. 304
Revised 8/99

### State of Delaware
## Office of the Secretary of State

PAGE  1

---

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "SOUTHWESTERN BELL WIRELESS, LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE TWELFTH DAY OF FEBRUARY, A.D. 2001.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE NOT BEEN ASSESSED TO DATE.



Harriet Smith Windsor, Secretary of State

3286344  8300

010069171

AUTHENTICATION: 0967376

DATE: 02-12-01

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Jeoffrey S. Connor
Secretary of State

# Office of the Secretary of State

The undersigned, as Secretary of State of Texas, does hereby certify that the attached is a true and correct copy of each document on file in this office as described below:

### SOUTHWESTERN BELL WIRELESS, LLC
Filing Number: 708405323

| | |
|---|---|
| Application For Certificate Of Authority | February 16, 2001 |
| Assumed Name Certificate | April 09, 2001 |
| Articles of Merger | December 31, 2001 |
| Public Information Report (PIR) | December 31, 2002 |
| Change of Registered Agent/Office | July 31, 2003 |
| Public Information Report (PIR) | December 31, 2003 |

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on April 06, 2004.





Secretary of State

C5-102    13196
(Rev. 2-02/20)

a. T Code  [X]  ■ 13196 Franchise    [ ]  ■ 16196  Bank          3333        b. ■

**TEXAS FRANCHISE TAX**
**PUBLIC INFORMATION REPORT**
MUST be filed with your Corporation Franchise Tax Report

Do not write in the space above

c. Taxpayer identification number  ■ 3-20031-9267-4  d. Report year  0227

| Corporation name and address |
|---|
| Southwestern Bell Wireless, LLC |
| 5565 Glenridge Connector |
| Suite 510 |
| Atlanta        GA  30342 |

e. PIR / IND  ■    [ ]  1, 2, 3, 4

Secretary of State file number or, if none,
Comptroller unchartered number
g. ■                                ■

Item k on Franchise
Tax Report form, Page 1

The following information MUST be provided for the Secretary of State (S.O.S.) by each corporation or limited liability company that files a Texas Corporation Franchise Tax Report  The information will be available for public inspection.

"SECTION A" MUST BE COMPLETE AND ACCURATE.
If preprinted information is not correct, please type or print the correct information.

**Please sign below**

[ ] Check here if there are currently no changes to the information preprinted in Sections A, B, and C of this report.

| Corporation's principal office |
|---|
| 5565 Glenridge Connector, Atlanta, Georgia  30342 |
| Principal place of business |
| Atlanta, Georgia |

**SECTION A.** Name, title and mailing address of each officer and director. Use additional sheets, if necessary.

| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
|---|---|---|---|
| Stanley T. Sigman | President/CEO | [ ] YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |
| Same as above | | | |
| Mark Feidler | COO | [ ] YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |
| Same as above | | | |
| Rick Lindner | CFO | [ ] YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |
| Same as above | | | |
| Joaquin Carbonell | Senior VP | [ ] YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |
| Same as above | | | |
| NAME | TITLE | [ ] YES | Social Security No. (Optional) |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |

**SECTION B.** List each corporation or limited liability company, if any, in which this reporting company or limited liability company owns an interest of ten percent (10%) or more. Enter the information requested for each corporation. Use additional sheets if necessary.

| Name of owned (subsidiary) corporation | State of incorporation | Texas S.O.S. file number | Percentage Interest |
|---|---|---|---|
| SWBW B-Band Development, LLC | DE | | 100.0000 |
| Name of owned (subsidiary) corporation | State of incorporation | Texas S.O.S. file number | 0.0000 |

**SECTION C.** List each corporation or limited liability company, if any, that owns an interest of ten percent (10 %) or more in this reporting corporation or limited liability company. Enter the information requested for each corporation and limited liability company. Use additional sheets, if necessary.

| Name of owning (parent) corporation | State of incorporation | Texas S.O.S. file number | Percentage interest |
|---|---|---|---|
| Southwestern Bell Mobile Syst, LLC | DE | 3200335142 9 | 100.0000 |

Registered agent and registered office currently on file.  (Changes must be filed separately with the Secretary of State.)

Agent:  Corporation Service Co.
Office  800 Brazos St., Suite 750
        Austin          TX    78701

[ ] Check here if you need forms
to change this information.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief and that a copy of this report has been mailed to each person named in this document who is an officer or director and who is not currently employed by this corporation or limited liability company or a related corporation.

sign
here  _Michael Kay_
Michael Kay

Officer, director, or other authorized person

Title  AVP - Tax

Date  11/5/03

Daytime phone (Area code and number)  4042366000

DTTTLLC

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Geoffrey S. Connor
Secretary of State

# Office of the Secretary of State

The undersigned, as Secretary of State of Texas, does hereby certify that the document, Application For Certificate Of Authority for SOUTHWESTERN BELL WIRELESS INC. (filing number: 11293306), a DELAWARE, USA Foreign Business Corporation, was filed in this office on December 09, 1996.

**It is further certified that the entity status is TERMINATED. The entity became inactive on August 21, 2001.**

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on April 06, 2004.





Geoffrey S. Connor
Secretary of State

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Geoffrey S. Connor
Secretary of State

## Office of the Secretary of State

The undersigned, as Secretary of State of Texas, does hereby certify that the attached is a true and correct copy of each document on file in this office as described below:

### SOUTHWESTERN BELL WIRELESS INC.
Filing Number: 11293306

Termination of Foreign Entity                     August 21, 2001

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on April 06, 2004.





Secretary of State

## State of Delaware
## Office of the Secretary of State

PAGE   1

---

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE CERTIFICATE OF MERGER, WHICH MERGES:

"SOUTHWESTERN BELL WIRELESS INC.", A DELAWARE CORPORATION, WITH AND INTO "SOUTHWESTERN BELL WIRELESS, LLC" UNDER THE NAME OF "SOUTHWESTERN BELL WIRELESS, LLC", A LIMITED LIABILITY COMPANY ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, WAS RECEIVED AND FILED IN THIS OFFICE THE TWENTY-FIRST DAY OF SEPTEMBER, A.D. 2000, AT 10 O'CLOCK A.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID LIMITED LIABILITY COMPANY SHALL BE GOVERNED BY THE LAWS OF THE STATE OF DELAWARE.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF THE AFORESAID CERTIFICATE OF MERGER IS THE TWENTY-NINTH DAY OF SEPTEMBER, A.D. 2000.



*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

2674325  8330

010402774

AUTHENTICATION: 1298131

DATE: 08-16-01



Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697

Geoffrey S. Connor
Secretary of State

# Office of the Secretary of State

The undersigned, as Secretary of State of Texas, does hereby certify that a diligent search of the records of this office reveals no record of a domestic or foreign corporation, professional corporation, professional association, limited partnership, or limited liability company on file in this office with the name SOUTHWESTERN BELL SYSTEMS, INC.

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on April 07, 2004.





Geoffrey S. Connor
Secretary of State