

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

MAY 1 4 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **KENNETH D. LEE, JR.** | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **SOUTHWESTERN BELL MOBILE** | § | |
| **SYSTEMS, INC.; SOUTHWESTERN** | § | **CIVIL ACTION NO. B-04-069** |
| **BELL WIRELESS, INC.;** | § | |
| **SOUTHWESTERN BELL** | § | |
| **WIRELESS, L.L.C; SOUTHWESTERN** | § | |
| **BELL SYSTEMS, INC.; CINGULAR** | § | |
| **WIRELESS, L.L.C; and** | § | |
| **SBC COMMUNICATIONS, INC.** | § | |
| **Defendants,** | § | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND

Plaintiff files this motion to remand under 28 U.S.C. § 1447(c).

### A.    Introduction

1.    Plaintiff is Kenneth D. Lee, Jr.; Defendants are Southwestern Bell Mobile Systems, Inc.; Southwestern Bell Wireless, Inc.; Southwestern Bell Wireless, L.L.C.; Cingular Wireless, L.L.C; and SBC Communications, Inc.

2.    On December 23, 2003, Plaintiff sued the Defendants for wrongful termination, by filing a Plea in Intervention, in cause number 2001-09-4057-G, in the 404th District Court of Cameron County, Texas. Said cause of action was initially brought by Dan Miller III and Z-Page Communications, Inc., alleging fraud and tortious interference with a business relationship. On April 13, 2004, the parties submitted an agreed order and the state court severed Plaintiff Lee's cause of action, becoming cause number 2004-04-2004-G, in the 404th District Court of Cameron County, Texas. Defendants filed their Notice of Removal on April 16, 2004.

3.   Plaintiff alleges that the Defendants were faced with the above mentioned lawsuit filed by their former agent, Dan Miller III and his company Z-Page Communications, Inc., which involved information about which Plaintiff, Ken Lee, was aware. Z-Page operated cell phone stores as an agent of the Defendants, selling cellular phones, which were activated and operated by the Defendants. On September 1, 2000, Southwestern Bell Wireless sent a letter to Dan Miller III of Z-Page Communications, Inc., offering a "Premier Agent" program. Z-Page's account with the Defendants fell under Plaintiff, Ken Lee's area of responsibility. As mentioned above, Z-Page later sued the Defendants and deposed Plaintiff Lee as a primary fact witness.

4.   Prior to and after Plaintiff's deposition was scheduled in January, 2002, Defendants attempted to coerce, intimidate and convince Plaintiff to testify falsely in a legal proceeding by limiting or modifying his testimony. However, Plaintiff insisted that he would have to testify truthfully on whatever he was asked in his deposition. Thereafter, not satisfied with Plaintiff's testimony, and in retaliation for that testimony, Defendants began to retaliate against Plaintiff by cutting his salary and pay schedule, creating a hostile work environment and making his working conditions intolerable. Plaintiff was wrongfully terminated on November 15, 2002, in violation of his rights.

## B.   Argument

5.   The court may remand a case on the basis of any defect identified in a motion for remand made within 30 days after the filing of the notice of removal under 28 U.S.C. § 1446 (a); 28 U.S.C. § 1447 (c).

6.   The court should remand this case to state court because the parties are not diverse. In order for a federal court to assert diversity jurisdiction, diversity must be

complete; the citizenship of all the plaintiffs must be different from the citizenship of all

of the defendants. *Burr Stafford, et al., v. Mobil Oil Corp., et al.*, 945 F.2d 803, 804 (5th

Cir. 1991); citing *Getty Oil Corp., Div. Of Texaco, Inc., v. Insurance Co. of North Am.*,

841 F.2d 1254, 1258-59 (5th Cir. 1988); *Aetna Casualty & Surety Co., v. Hillman*, 796

F.2d 770, 773 (5th Cir. 1986).  The burden of proving that complete diversity exists rests

upon the party who seeks to invoke the court's diversity jurisdiction. *See Getty Oil* , 841

F.2d at 1259

        7.      The Defendants claim that there is complete diversity of the parties as Ken

Lee is a citizen of the State of Texas and the Defendants Cingular Wireless, SBMS, and

SWBW, are citizens of the States of Delaware and Georgia.  The Defendants ask this

court to disregard the citizenship of SBC Communications, Inc., claiming it was

fraudulently joined as the Plaintiff "[D]oes not plead that it employed him at any time

(and it did not, in fact, ever employ him) or any other basis on which it could be held

liable for the wrongdoing alleged in the State Court Action." *Defendants' Notice of*

*Removal* ¶ 16 (See Exhibit A attached to this Memorandum in Support of Motion to

Remand).

        8.      It is well settled in the Fifth Circuit that a district court may look to

evidence outside the pleadings in determining a fraudulent joinder claim.   "[I]n testing

for fraudulent joinder, the district court in its discretion may "pierce the pleadings," albeit

in so doing the court should not conduct an evidentiary hearing but, based on appropriate

documentation in addition to the pleadings, should instead resolve all disputed questions

of fact in favor of the plaintiff." *Burden v. General Dynamics Corporation*, 60 F.3d 213,

217 (5th Cir.1995).

**PLAINTIFF'S MEMORANDUM IN SUPPPORT OF MOTION TO REMAND**
**PAGE- 3 -**

9.     Corporations incorporated in one state, and having their principal place of business in another, are citizens of both states.  They can sue or be sued in diversity actions only if no opposing party is a citizen of either state.  *Panalpina Welttransport GmBh v. Geosource, Inc.* 764 F.2d 352 (5ᵗʰ Cir. 1985).

10.     The Fifth Circuit adopted the "Total Activities Test" as the legal standard for determining a corporation's principal place of business, in *Toms v. Country Quality Meats* 610 F.2d 313, 315 (5ᵗʰ Cir. 1980).  The "Total Activities Test" reviews the total corporate activity, incorporating both the "place of activities" and the "nerve center" tests.  *Id* at 315.

11.     Applying the "Total Activities Test" to the operations of Defendant SBC Communications, Inc., is not necessary in the case before us.  Defendant SBC Communications, Inc. is incorporated under the laws of the State of Delaware and its principle place of business and principle office is in San Antonio, Texas.  *See Defendants' Notice of Removal* ¶ 8, attached as Exhibit A, and *Certified copy of SBC Communications, Inc.'s 2002 and 2003 Texas Franchise Tax Public Information Report* attached as Exhibit B.  "(A) corporation shall be deemed a citizen of any state by which it has been incorporated and of the state where it has its principle place of business."  28 U.S.C. § 1332(c).  *JA Olsen Co. v. City of Winova,* 818 F.2d 401,405 (5ᵗʰ Cir. 1987).

12.     Under the "Total Activities Test" cited above and 28 U.S.C. § 1332(c), it is clear that SBC Communications, Inc., is a citizen of the State of Texas.  The question then becomes would the state court recognize a valid cause of action against the non-diverse defendant, SBC Communications, Inc.

13.    Defendants claim in their Notice of Removal and by the affidavit of Chinita Allen, that "Kenneth D. Lee, Jr., was employed in Texas by Cingular (through its affiliate Cingular Wireless Employee Services, LCC) or an affiliate from July 11, 1988 until his employment ended on November 15, 2002[.]" *See Declaration of Chinita Allen, Exhibit E to the Defendant's Notice of Removal,* ¶ 3, attached hereto as Exhibit A-1. No supporting documentation as to who Ken Lee's employers were was submitted by the Defendants in their Notice of Removal. Furthermore, the Declaration of Chinita Allen does not state what "affiliates" if any, that Ken Lee allegedly worked for.

14.    Ken Lee has never heard of Cingular Wireless Employee Services, LCC. *See Declaration of Kenneth D. Lee, Jr.* ¶ 4, attached hereto as Exhibit C. His pay stubs were from SBC and Southwestern Bell Wireless. *See Lee Decl.* ¶ 5, attached as Exhibit C-3. Mr. Lee's profit sharing program issued him SBC Communications, Inc., stock options. *See Lee Decl.* ¶ 5, attached as Exhibit C-2. Mr. Lee participated in the SBC pension plan and continues to receive quarterly dividends. *See Lee Decl.* ¶ 5, attached as Exhibit C-4. On October 7, 2002, Mr. Lee was sent a notice that "[a]s a former SBC employee and SBC Pension Benefit Plan participant, the pension benefit that you earned under the SBC Pension Benefit Plan was transferred to the Cingular Wireless pension Plan when you became an employee of Cingular." *See Lee Decl.* ¶ 6, attached as Exhibit C-5 to this Motion.

15.    Plaintiff Lee's former supervisor at SBC, Rob Forsyth states in his deposition that upon being assigned to work in San Antonio, Texas, he was the vice president and general manager, south Texas region for SBC. *See Oral Videotaped Deposition of Robert Charles Forsyth January 16, 2002,* page 41, ln. 20 - page 42, ln. 1,

attached hereto as Exhibit D. Mr. Forsyth goes on to state that in his capacity as vice president and general manager, south Texas region, for SBC, he had two persons reporting directly to him, and that Ken Lee reported to one of them. *See Oral Videotaped Deposition of Robert Charles Forsyth, January 16, 2002* page 49, ln. 1 - page 50, ln. 21, attached hereto as Exhibit D. Plaintiff Lee would also receive correspondence and e-mails addressed to "Dear SBC employee," or "Dear SBC Manager" from SBC officers, such as Ed Whitacre, who at the time was President & Chief Executive Officer of SBC Communications, Inc. *See Lee Decl.* ¶ 7, attached as Exhibit C-6.

16.     From the statements and exhibits in Chinita Allen's, Rob Forsyth's, and Ken Lee's declaration, his employment with either SBC Communications, Inc., Southwestern Bell Wireless, Inc., Southwestern Bell Wireless, LLC, or Cingular Wireless Employee Services, LCC, is unclear. Plaintiff served the Defendants with Requests for Production on March 8, 2004, specifically requesting the employment file and any employment records of Ken Lee, to ascertain which entities Ken Lee worked for and at what times he worked for them. The Defendants responded with boilerplate objections and did not produce any documents. *See Defendants' Objections to Intervenor/Plaintiff's Requests for Production*, numbers 6 and 7, attached hereto as Exhibit E.

17.     The Defendants also allege that "[S]ince Southwestern Bell Wireless Inc. did not employ Lee at the time of the events he alleges gives rise to the State Court Action, it has been fraudulently joined because "there is no possibility that [Lee] would be able to establish a cause of action against" it." At the time that the events between Z-Page and the Defendants began, September 1, 2000, and which Plaintiff Lee was coerced to testify falsely about, Southwestern Bell Wireless and "SBC" were listed on his pay

stub as his employers, and both were listed on his employee identification badge. *See Lee Decl.* ¶ 5, attached as Exhibit C-1, and Exhibit C-3. That badge was the only identification badge ever issued to Plaintiff Lee. The Declaration and Exhibits attached hereto of Plaintiff Lee, clearly show that he either was or could have been an employee of either SBC Communications, Inc. and Southwestern Bell Wireless, or both.

18.    The Defendants should not be allowed to remove this cause of action or claim fraudulent joinder of parties to this court by avoiding discovery. The Exhibits and Declaration provided herein by the Plaintiff prove that the question of who the employer of Ken Lee was on September 1, 2000, the time that the fraud on Z-Page commenced, and which ultimately resulted in the wrongful termination of Ken Lee, is a fact issue that will need to be answered through the discovery process or perhaps by a jury. However, this court should resolve all disputed questions of fact on a fraudulent joinder claim, in favor of the plaintiff. *Burden,* 60 F.3d at 217. The Defendants herein have not met their burden of proving that Plaintiff Lee has absolutely no possibility of recovering against the non-diverse defendant, SBC Communications, Inc.

19.    Plaintiff Lee further argues that this cause be remanded in the interests of justice. The tort claim of wrongful termination is a state claim, and there are no federal questions involved in this cause of action. Allowing this cause to remain in federal court will only result in the delay of relief to Plaintiff Lee.

### C.    Conclusion

20.    Applying the law and the facts submitted herein, the duly served and named Defendant, SBC Communications, Inc., is a citizen of the State of Texas. The Defendants ask this court to rely upon the ambiguous and unsupported declaration of one

person, Chinita Allen, as grounds for complete diversity of the parties and the removal of the Plaintiff's cause of action from state to federal court. As stated above, the Defendants herein have not met their burden of proving that Plaintiff Lee has absolutely no possibility of recovering against the non-diverse defendant, SBC Communications, Inc.

21.    For these reasons, Plaintiff asks the court to grant the motion to remand, and remand this suit to the state court where it was originally filed.

Respectfully submitted,

**The Law Office of Eddie Trevino, Jr.**
622 E. St. Charles Street
Brownsville, Texas 78520
Phone: (956) 554-0683
Facsimile: (956) 554-0693

By: _____
Eddie Trevino, Jr.
State Bar No. 20211135
Federal Bar No. 11628

## CERTIFICATE OF SERVICE

I, Eddie Trevino, Jr., hereby certify that on this _14th_ day of May, 2004, a true and correct copy of the above foregoing document was forwarded by hand delivery, regular U.S. mail, by facsimile or by certified mail, return receipt requested to:

Mr. David Oliveira & Mr. Rene Oliveira
*Roerig, Oliveira & Fisher LLP*
855 W. Price Rd. Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

Ms. Elizabeth A. Schartz
*Thompson & Knight, LLP*
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
Telephone: (214) 969-1737
Facsimile: (214) 969-1751

Gregory S. Meece
Thompson & Knight LLP
333 Clay St., Ste. 3300
Houston, TX 770022
Telephone: (713) 654-8111
Facsimile: (713) 654-1871

By: _____
Eddie Trevino, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KENNETH D. LEE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | **B-04-069 1** |
| SYSTEMS, INC; SOUTHWESTERN | § | |
| BELL WIRELESS, INC; | § | |
| SOUTHWESTERN BELL | § | |
| WIRELESS, L.L.C.; SOUTHWESTERN | § | |
| BELL SYSTEMS, INC.; CINGULAR | § | |
| WIRELESS, L.L.C.; and | § | |
| SBC COMMUNICATIONS, INC., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Southwestern Bell Mobile Systems, Inc. (through its successor by merger, Southwestern Bell Mobile Systems, LLC), Southwestern Bell Wireless Inc. (through its successor by merger, Southwestern Bell Wireless, LLC), Southwestern Bell Wireless, LLC, "Southwestern Bell Systems, Inc.," Cingular Wireless LLC, and SBC Communications Inc. ("Defendants") hereby notify the Court pursuant to 28 U.S.C. § 1446(a) of the removal of the action styled *Kenneth D. Lee, Jr. v. Southwestern Bell Mobile Systems, Inc., Southwestern Bell Wireless, Inc., Southwestern Bell Wireless, L.L.C., Southwestern Bell Systems, Inc., Cingular Wireless, L.L.C., and SBC Communications, Inc.*, Cause No. 2004-04-2004-G, pending in the 404th Judicial District Court, Cameron County, Texas (the "State Court Action").

Defendants remove this case on the ground that the Court has original jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, 28 U.S.C. § 1332, and state as follows:

**DEFENDANTS' NOTICE OF REMOVAL - Page 1**

## INTRODUCTION

1.     Plaintiff Kenneth D. Lee, Jr. ("Lee") filed a Plea in Intervention on December 23, 2003, in the action styled *Z-Page Communications, Inc. v. Southwestern Bell Mobile Systems, Inc., et al.*, Cause No. 2001-09-4057-G, against Defendants, who later moved to strike the intervention. *Intervenor's Plea in Intervention; Defendants' Amended Motion to Strike Kenneth D. Lee, Jr.'s Plea In Intervention* (Exhibits A-1 and A-4 to this Notice). The state court denied the motion, but at Lee's suggestion, severed the Plea in Intervention by order dated April 13, 2004. *Order on Defendants' Motion to Strike Intervention* (Exhibit A-13 to this Notice). The state court ordered that Lee's claims and causes of action be severed from Cause No. 2001-09-4057-G, the *Z-Page Communications* action, and pend as a separate cause under Cause No. 2004-04-2004-G ("State Court Action"). *Id.* Under Texas law, a severance results in two (or more) distinct and independent actions. *See, e.g., Hall v. City of Austin*, 450 S.W.2d 836, 837-38 (Tex. 1970) (per curiam); *Grossenbacher v. Burket*, 427 S.W.2d 595, 597 (Tex. 1968); Tex. R. Civ. P. 41. Removal is timely in that no more than 30 days have passed since the State Court Action was severed. *See* 28 U.S.C. § 1446(b).

2.     In accordance with Local Rule 81, copies of all process, pleadings, and orders in the State Court Action have been indexed and are attached to this Notice of Removal as shown below:

Exhibit A:   An index of documents filed in the State Court Action and a copy of each document filed in the State Court Action.

Exhibit B:   A copy of the docket sheet in the State Court Action.

Exhibit C:   A list of all counsel of record.

## PARTIES

3.    Lee avers in the State Court Action that he is a resident of the State of Texas. *Intervenor's Plea in Intervention* § I ("Parties") (Exhibit A-1 to this Notice). Upon information and belief, Lee is a citizen of Texas.

4.    Cingular Wireless LLC ("Cingular") is a limited liability company and was formed under the laws of the State of Delaware on April 24, 2000. Cingular's principal place of business is in Atlanta, Georgia. Cingular thus is a citizen of the States of Delaware and Georgia. *Declaration of Carolyn J. Wilder ("Wilder Decl.")* ¶ 3 (Exhibit D to this Notice); *Certified copy of Cingular's Application for Certificate of Authority by a Limited Liability Company* (Exhibit F to this Notice); *Certified copy of Cingular's 2003 Texas Franchise Tax Public Information Report* (Exhibit G to this Notice); 28 U.S.C. § 1332(c)(1).

5.    Southwestern Bell Mobile Systems, LLC ("SBMS") was formed as a limited liability company under the laws of the State of Delaware on September 8, 2000. SBMS's principal place of business also is in Atlanta, Georgia. SBMS thus is a citizen of the States of Delaware and Georgia. Southwestern Bell Mobile Systems, Inc. was merged into SBMS and the certificate of merger was made effective on September 29, 2000. SBMS is the surviving entity. Southwestern Bell Mobile Systems, Inc. thus is not a legal entity, and formally withdrew its qualification to do business in Texas on August 21, 2001. *Wilder Decl.* ¶ 4 (Exhibit D-1 to this Notice), *Certified copy of SBMS's Application for Certificate of Authority by a Limited Liability Company* (Exhibit H to this Notice); *Certified copy of SBMS's 2003 Texas Franchise Tax Public Information Report* (Exhibit I to this Notice); *Certified copy of Termination of Foreign Entity* (Exhibit J to this Notice); 28 U.S.C. § 1332(c)(1).

**DEFENDANTS' NOTICE OF REMOVAL - Page 3**

6.    Southwestern Bell Wireless, LLC ("SWBW") was formed as a limited liability company under the laws of the State of Delaware on September 8, 2000. SWBW's principal place of business also is in Atlanta, Georgia. SWBW thus is a citizen of the States of Delaware and Georgia. Southwestern Bell Wireless Inc. was merged in SWBW and the certificate of merger was made effective on September 29, 2000. SWBW is the surviving entity. Southwestern Bell Wireless Inc. thus not is a legal entity, and formally withdrew its qualification to do business in Texas on August 21, 2001. *Wilder Decl.* ¶ 5 (Exhibit D-2 to this Notice); *Certified copy of SWBW's Application for Certificate of Authority by a Limited Liability Company* (Exhibit K to this Notice; *Certified copy of SWBW's 2003 Texas Franchise Tax Public Information Report* (Exhibit L to this Notice); *Certified copy of Termination of Foreign Entity* (Exhibit M to this Notice); 28 U.S.C. § 1332(c)(1).

7.    "Southwestern Bell Systems, Inc." is not a legal entity and thus has no citizenship for purposes of determining diversity. *Wilder Decl.* ¶ 7 (Exhibit D to this Notice); *Certificate of Non-Existence* (Exhibit N to this Notice).

8.    SBC Communications Inc. is incorporated under the laws of the State of Delaware and has its principal place of business in San Antonio, Texas. *Wilder Decl.* ¶ 6 (Exhibit D to this Notice).

## LEE'S CLAIMS

9.    Lee pleads that he "began working with Southwestern Bell Mobile Systems on July 11, 1988," and that "[d]uring the year 2000, Southwestern Bell Mobile Systems was converted to Cingular Wireless, L.L.C."[1] *Intervenor's Plea in Intervention* § II ("Original Petition") (Exhibit A-1 to this Notice). The *Z-Page Communications* action was filed on September 14, 2001. Lee

---

[1] This is factually incorrect, but is immaterial to the removal.

**DEFENDANTS' NOTICE OF REMOVAL - Page 4**

avers that "[p]rior to and after [his] deposition was scheduled in January, 2002, Defendants attempted to coerce, intimidate and convince [him] to testify falsely in a legal proceeding by limiting or modifying his testimony." *Id.* But, Lee alleges, he "insisted that he would have to testify truthfully on whatever he was asked in his deposition." "Thereafter," Lee avers, "not satisfied with [his] testimony, and in retaliation for that testimony, Defendants began to retaliate against [him] by cutting his salary and pay schedule, creating a hostile work environment and making his working conditions intolerable." *Id.* Lee pleads that he "was wrongfully terminated on November 15, 2002, in violation of his rights." *Id.*

10.     Lee's causes of action are for "retaliat[ion] against Plaintiff for refusing to perform an illegal act, *i.e.*, for refusing to testify falsely in a legal proceeding" and for intentional infliction of emotional distress. *Id.* § III ("Intervenor's Cause of Action"). He seeks to recover "loss of wages and wage earning capacity, loss of income and income opportunities, including company stock options, loss of past and prospective earnings, and mental pain, suffering and anguish in the past and future." *Id.* § IV ("Damages"). He also seeks to recover "punitive or exemplary damages." *Id.*

## DIVERSITY AND FRAUDULENT JOINDER

11.     Lee and Cingular, his employer at the time of the events that he alleges gives rise to the State Court Action, are of diverse citizenship. *Supra* ¶¶ 3-4; *Declaration of Chinita Allen* ("*Allen Decl.*") ¶ 3 (Exhibit E to this Notice).

12.     The only other Defendant mentioned in the factual averments is "Southwestern Bell Mobile Systems," presumably a reference to the named Defendant Southwestern Bell Mobile Systems, Inc. Since Southwestern Bell Mobile Systems, Inc. no longer exists, it has no citizenship for diversity purposes and "there is no possibility that [Lee] would be able to establish a cause of

action against" it. *E.g., Burden v. General Dynamics Corporation*, 60 F.3d 213, 217 (5th Cir. 1995). And since Southwestern Bell Mobile Systems, Inc. did not employ Lee at the time of the events that he alleges gives rise to the State Court Action, it has been fraudulently joined because "there is no possibility that [Lee] would be able to establish a cause of action against" it. *Id.* Alternatively, the Court may choose to recognize the citizenship of its successor by merger, SBMS, which is diverse from Lee's citizenship. *Supra* ¶¶ 3, 5; *e.g., Hoefferle Truck Sales, Inc. v. Divco-Wayne Corp.*, 523 F.2d 543, 548-49 (7th Cir. 1975) (separate existence of non-surviving entity in merger ceases; citizenship of survivor controls for diversity purposes); *Exxon Corp. v. Duval County Ranch Co.*, 406 F. Supp. 1367, 1369 (S.D. Tex. 1975) (same).

13.    The remaining Defendants are not mentioned in the factual averments at all. Lee was, however, employed by SWBW in the past, although not at the time of the events that he alleges gives rise to the State Court Action. SWBW and Lee are diverse too. *Allen Decl.* ¶ 3; *supra* ¶¶ 3, 6. (Exhibit E to this Notice).

14.    Southwestern Bell Wireless Inc. no longer exists; it thus has no citizenship for diversity purposes and "there is no possibility that [Lee] would be able to establish a cause of action against" it. *E.g., Burden*, 60 F.3d at 217. In addition, since Southwestern Bell Wireless Inc. did not employ Lee at the time of the events that he alleges gives rise to the State Court Action, it has been fraudulently joined because "there is no possibility that [Lee] would be able to establish a cause of action against" it. *Id.* Alternatively, the Court may choose to recognize the citizenship of its successor by merger, SWBW, which, as noted immediately above, is diverse from Lee's citizenship. *Supra* ¶¶ 3, 6; *e.g., Hoefferle Truck Sales, Inc.*, 523 F.2d at 548-49 (separate existence of non-surviving entity in merger ceases; citizenship of survivor controls for diversity purposes); *Exxon Corp.*, 406 F. Supp. at 1369 (same).

**DEFENDANTS' NOTICE OF REMOVAL - Page 6**

15.     Defendant "Southwestern Bell Systems, Inc." does not exist.    It thus has no citizenship for diversity purposes and "there is no possibility that [Lee] would be able to establish a cause of action against" it. *E.g., Burden,* 60 F.3d at 217 (5th Cir. 1995).[2]

16.     Finally, the citizenship of SBC Communications Inc. must be disregarded since Lee does not plead that it employed him at any time (and it did not, in fact, ever employ him) or any other basis on which it could be held liable for the wrongdoing alleged in the State Court Action. *E.g., Burden,* 60 F.3d at 217.

17.     Thus, there is complete diversity of citizenship of between Lee – a citizen of the State of Texas – and Cingular Wireless, SBMS, and SWBW – all citizens of the States of Delaware and Georgia.

## AMOUNT IN CONTROVERSY

18.     Given the damages Lee seeks to recover, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs. *E.g., Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).    Moreover, in Lee's last, partial year of employment, he earned $101,445.34.    In his last year of full employment, he earned $115,320.42. *Allen Decl.* ¶ 4 (Exhibit E to this Notice).    Lee was offered severance pay of $77,906.50 in exchange for a release in connection with Cingular's staff reductions that ended his employment.    Lee did not return the agreement and thus declined the offer of severance pay, presumably because he valued whatever claims he thought he had against Cingular more than the severance pay. *Id.* ¶ 5.    The amount in controversy requirement for original diversity jurisdiction thus is satisfied.

---

[2]    To the extent the jurisdictional averments in the Plea in Intervention are meant to suggest that "Southwestern Bell Systems, Inc.," Southwestern Bell Mobile Systems, Inc., and Southwestern Bell

## CONCLUSION

19.    Because there is complete diversity of citizenship between Lee and the Defendants who have not been fraudulently joined, and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has original jurisdiction under 28 U.S.C. § 1332, and the action therefore may be removed pursuant to 28 U.S.C. §§ 1444(a) and (b).''

20.    The State Court action is properly removable to the United States District Court for the Southern District of Texas, Brownsville Division, because that action is pending in Cameron County, Texas, which is within the jurisdiction of the Brownsville Division.    28 U.S.C. §§ 124(b)(4), 1446(a).

21.    Defendants will give written notice of the filing of this Notice to Lee and will file a copy of this Notice with the Clerk of the state court in accordance with 28 U.S.C. § 1446(d).

22.    Should the Court so request, Defendants will submit further declarations or other summary-judgment type evidence should any question remain about the jurisdictional facts or the propriety of removal. *See Allen*, 63 F.3d at 1336 (facts supporting removal ordinarily should be set out in the removal petition and the Court can later require summary judgment-type evidence should questions about jurisdiction remain); *see also Burden*, 60 F.3d at 217-18.

23.    Defendants therefore remove the State Court Action to this Court and ask the Court to issue any orders necessary to stay proceedings in the state court and assume jurisdiction of this action for all purposes.

Dated:  April _16_ 2004.

---

Wireless, Inc. currently exist and are incorporated or have their principal places of business in Texas, then those averments are fraudulent for removal purposes. *See, e.g., Burden*, 60 F.3d at 217.

**DEFENDANTS' NOTICE OF REMOVAL - Page 8**

Respectfully submitted,

THOMPSON & KNIGHT LLP

By: _____

Elizabeth A. Schartz, Attorney-in-Charge
State Bar No. 17727900
Southern District Bar No. 22919

1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
Telephone:    (214) 969-1700
Facsimile:    (214) 969-1751

OF COUNSEL:

Gregory S. Meece
State Bar No. 13898350
Southern District Bar No. 17487
THOMPSON & KNIGHT LLP
333 Clay Street, Suite 3300
Houston, Texas 77002
Telephone:    (713) 654-8111
Facsimile:    (713) 654-1871

David G. Oliveira
State Bar No. 15254675
Southern District Bar No. 13862
Rene Oliveira
State Bar No. 15254700
Southern District Bar No. 4033
ROERIG, OLIVEIRA & FISHER, L.L.P.
Suite 9, Price Plaza Building
855 West Price Road
Brownsville, Texas 78520
Telephone:    (956) 542-5666
Facsimile:    (956) 542-0016

ATTORNEYS FOR DEFENDANTS

**DEFENDANTS' NOTICE OF REMOVAL - Page 9**

## CERTIFICATE OF SERVICE

I hereby certify that on April /6, 2004, a true and correct copy of the foregoing was served on plaintiff's counsel of record listed below by certified mail, return receipt requested.

> Eddie Trevino, Jr.
> The Law Office of Eddie Trevino, Jr.
> 622 E. St. Charles Street
> Brownsville, TX 78520

Elizabeth A. Schartz
David G. Oliveira

077002 000031 DALLAS 1724310.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KENNETH D. LEE, JR., | ' | |
| | ' | |
| Plaintiff, | ' | |
| | ' | |
| V. | ' | CIVIL ACTION NO. |
| | ' | |
| SOUTHWESTERN BELL MOBILE | ' | _____ |
| SYSTEMS, INC; SOUTHWESTERN | ' | |
| BELL WIRELESS, INC; | ' | |
| SOUTHWESTERN BELL | ' | |
| WIRELESS, L.L.C.; SOUTHWESTERN | ' | |
| BELL SYSTEMS, INC.; CINGULAR | ' | |
| WIRELESS, L.L.C.; and | ' | |
| SBC COMMUNICATIONS, INC., | ' | |
| | ' | |
| Defendants. | ' | |

## DECLARATION OF CHINITA ALLEN

1.      My name is Chinita Allen.  I am of legal age, and I am fully competent to make this declaration.  All of the statements made in this declaration are true and correct, and are made of my own personal knowledge or are based on business records of Cingular Wireless LLC.  The business records I reviewed in making this declaration are a record of acts or events made at or near the time by, or from information transmitted by, a person with knowledge; are kept in the course of Cingular's business activities, which are regularly conducted; it was the regular practice of Cingular's business activities to make the record; and I am a custodian of those business records.

2.      I am employed by Cingular Wireless LLC ("Cingular") through its affiliate Cingular Wireless Employee Services, LCC as the Manager, Workforce Management.  In that capacity, my principal responsibility is to manage Cingular's severance plan and I am a custodian of certain human resources records of Cingular.  I thus am familiar with the human

**DECLARATION OF CHINITA ALLEN · Page 1**

resources information systems of Cingular and the human resources activities of Cingular described in this declaration. In particular, I have personal knowledge of the reduction in Cingular personnel that took place beginning late in 2002 and that was known as "Project Alliance."

3.      Cingular formally began operations in October 2000. Cingular provides domestic wireless voice and data communications services, including local, long-distance and roaming services using both cellular and personal communications services, and equipment to customers across the United States. Kenneth D. Lee, Jr. was employed in Texas by Cingular (through its affiliate Cingular Wireless Employee Services, LCC) or an affiliate from July 11, 1988 until his employment ended on November 15, 2002 in connection with a company-wide staff reduction. Immediately before Cingular began formal operations, Mr. Lee was employed by Southwestern Bell Wireless, LLC. After Cingular began formal operations, the services of the Texas employees of Southwestern Bell Wireless, including Mr. Lee's services, were provided to and on behalf of Cingular, although they continued to be paid by and be nominally employed by Southwestern Bell Wireless. The employment of those Texas employees of Southwestern Bell Wireless, including Mr. Lee, was formally transitioned to Cingular through its affiliate Cingular Wireless Employee Services, LLC on October 28, 2001.

4.      Mr. Lee's W-2 compensation for his partial final year of employment in 2002 was $101,445.34. His W-2 compensation in 2001, his last full year of employment, was $115,320.42.

5.      In connection with the Project Alliance staff reductions, Mr. Lee was offered severance pay and other consideration in exchange for signing a release of liability. Mr. Lee did not return the severance agreement and thus declined Cingular's offer. The severance pay Cingular offered to Mr. Lee was $77,906.50.

**DECLARATION OF CHINITA ALLEN - Page 2**

6.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 7, 2004.

_____
CHINITA ALLEN

077002 000031 DALLAS 1724063.2

**DECLARATION OF CHINITA ALLEN – Page 3**



# COMPTROLLER OF PUBLIC ACCOUNTS
### P.O. BOX 13528
### AUSTIN, TX 78711-3528

THE STATE OF TEXAS                         §

COUNTY OF TRAVIS                           §

I, Juanita I. Robinson, of the Open Records Division of the Comptroller of Public Accounts of the State of Texas, DO HEREBY CERTIFY AND ATTEST, that I am custodian of franchise tax records and files of the Comptroller of Public Accounts.

I FURTHER CERTIFY that the attached documents are true and correct reproductions of the public information reports filed by SBC Communications, Inc. (formerly Southwestern Bell Corporation), under taxpayer number 1-43-1301883-1 for the 2002 and 2003 report years.

I FURTHER CERTIFY that these documents were authorized by law to be filed and were actually filed in a public office.

IN TESTIMONY WHEREBY, I have hereunto
signed my name officially and caused to be impressed
on this 5th day of May, 2004 A.D.

_Juanita I. Robinson_, Custodian of Records
Open Records Division
Comptroller of Public Accounts

JIR:jfm



Comptroller
of Public
Accounts
FORM    05-102
(Rev 2-02/20)

3333    b. ■

023252 31336

Do not write in the space above

a. T Code  [ X ]  13196 -Franchise  ·—· ■ 16196 -Bank

TEXAS FRANCHISE TAX
PUBLIC INFORMATION REPORT

*MUST be filed with your Corporation Franchise Tax Report*

| c. Taxpayer identification number | d. Report year |
|---|---|
| ■ 1-43-1301883-1 | ■ 2002 |

Corporation name and address

SBC COMMUNICATIONS INC
175 EAST HOUSTON, ROOM 8-H-60

SAN ANTONIO, TX  78205

e. PIR / IND  ■  1, 2, 3, 4

Secretary of State file number or, if none,
Comptroller unchartered number

g. ■ 00092940-06    ■ 3

Item k on Franchise
Tax Report form; Page 1

The following information MUST be provided for the Secretary of State (S.O.S.) by each corporation or limited liability
company that files a Texas Corporation Franchise Tax Report. The information will be available for public inspection.
*SECTION A* MUST BE COMPLETE AND ACCURATE.
If preprinted information is not correct, please type or print the correct information.    **Please sign below!**

☐ Check here if there are currently no changes to the information preprinted in Sections A, B, and C of this report.

Corporation's principal office
175 E. HOUSTON, ROOM 8-H-60, SAN ANTONIO, TX  78205

Principal place of business
175 E. HOUSTON, ROOM 8-H-60, SAN ANTONIO, TX  78205

SECTION A. Name, title and mailing address of each officer and director. *Use additional sheets, if necessary.*

| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
|---|---|---|---|
| SEE ATTACHMENT | | YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |
| NAME | TITLE | DIRECTOR  YES | Social Security No. (Optional) |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |
| NAME | TITLE | DIRECTOR  YES | Social Security No. (Optional) |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |
| NAME | TITLE | DIRECTOR  YES | Social Security No. (Optional) |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |
| NAME | TITLE | DIRECTOR  YES | Social Security No. (Optional) |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |

SECTION B. List each corporation or limited liability company, if any, in which this reporting corporation or limited liability company owns an interest of ten
percent (10%) or more. Enter the information requested for each corporation. *Use additional sheets, if necessary.*

| Name of owned (subsidiary) corporation | State of incorporation | Texas S.O.S. file number | Percentage Interest |
|---|---|---|---|
| SEE ATTACHMENT | | | |
| Name of owned (subsidiary) corporation | State of incorporation | Texas S.O.S. file number | Percentage Interest |

SECTION C. List each corporation or limited liability company, if any, that owns an interest of ten percent (10%) or more in this reporting corporation or limited
liability company. Enter the information requested for each corporation or limited liability company. *Use additional sheets, if necessary.*

| Name of owning (parent) corporation | State of incorporation | Texas S.O.S. file number | Percentage Interest |
|---|---|---|---|
| | | | |

Registered agent and registered office currently on file. *(Changes must be filed separately with the Secretary of State.)*

Agent: CT CORPORATION SYSTEM
Office: 350 NORTH ST. PAUL STREET, DALLAS, TX  75201    ☐ Check here if you need forms
to change this information.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief and that a copy of this report has been mailed to each
person named in this report who is an officer or director and who is not currently employed by this corporation or limited liability company or a related corporation.

sign
here ▶    Officer, director or other authorized person    Title  VP-CONTROLLER    Date  11/15/0?    Daytime phone (Area code and number)  210-351-3901

RIA
1Y5212 4.000

023252 31336

## SBC COMMUNICATIONS, INC.
## LIST OF OFFICERS & DIRECTORS

| NAME | TITLE | ADDRESS |
|------|-------|---------|

**OFFICERS:**

| NAME | TITLE | ADDRESS |
|------|-------|---------|
| Edward E. Whitacre, Jr. | President & Chief Executive Officer | 175 East Houston, Room 1300 San Antonio, Texas 78205 |
| William M. Daley | President | 175 East Houston, Room 1308 San Antonio, Texas 78205 |
| James Callaway | Group President | 175 East Houston, Room 1200 San Antonio, Texas 78205 |
| John H. Atterbury III | Group President - Strategic Processes | 175 East Houston, Room 1202 San Antonio, Texas 78205 |
| Stanley T. Sigman | Group President and Chief Operating Officer | 175 East Houston, Room 1309 San Antonio, Texas 78205 |
| Rayford Wilkins, Jr. | Group President | 175 East Houston, Room 1305 San Antonio, Texas 78205 |
| James D. Ellis | Senior Executive Vice President and General Counsel | 175 East Houston, Room 1306 San Antonio, Texas 78205 |
| Karen Jennings | Senior Executive Vice President - Human Resources & Communications | 175 East Houston, Room 1304 San Antonio, Texas 78205 |
| James S. Kahan | Senior Executive Vice President - Corporate Development | 175 East Houston, Room 1250 San Antonio, Texas 78205 |
| Randall Stephenson | Senior Executive Vice President and Chief Financial Officer | 175 East Houston, Room 1307 San Antonio, Texas 78205 |
| Joy Rick | Vice President and Secretary | 175 East Houston, Room 1140 San Antonio, Texas 78205 |
| Peter A. Ritcher | Vice President - Corporate Finance | 175 East Houston, Room 1206 San Antonio, Texas 78205 |
| John J. Stephens | Vice President - Controller | 175 East Houston, Room 1256 San Antonio, Texas 78205 |
| Michael J. Viola | Vice President – Treasurer | 175 East Houston, Room 7-A-50 San Antonio, Texas 78205 |
| Jim G. McGuire | Assistant Treasurer | 175 East Houston, Room 7-B-80 San Antonio, Texas 78205 |

1

023252-31336

## SBC COMMUNICATIONS, INC.
## LIST OF OFFICERS & DIRECTORS

| NAME | TITLE | ADDRESS |
|------|-------|---------|

**OFFICERS CONTINUED:**

| Wayne A. Wirtz | Assistant Secretary | 175 East Houston, Room 206<br>San Antonio, Texas 78205 |

2

023252 31336

## SBC COMMUNICATIONS, INC.
## LIST OF OFFICERS & DIRECTORS

| NAME | TITLE | ADDRESS |
|------|-------|---------|
| **DIRECTORS:** | | |
| Edward E. Whitacre, Jr. | Chairman of the Board | 175 East Houston, Room 1300<br>San Antonio, Texas 78205 |
| Gilbert F. Amelio | Advisory Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Clarence C. Barksdale | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| James E. Barnes | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| August A. Busch, III | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| William P. Clark | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Martin K. Eby, Jr. | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Herman E. Gallegos | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Jess T. Hay | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Ing. Carlos Slim Helu | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| James A. Henderson | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Admiral Bobby R. Inman | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Charles F. Knight | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Lynn M. Martin | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| John B. McCoy | Director | 175 East Houston<br>San Antonio, Texas 78205 |

3

023252 31336

# SBC COMMUNICATIONS, INC.
# LIST OF OFFICERS & DIRECTORS

| NAME | TITLE | ADDRESS |
|------|-------|---------|

## DIRECTORS CONTINUED:

| NAME | TITLE | ADDRESS |
|------|-------|---------|
| Mary S. Metz | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Toni Rembe | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| S. Donley Ritchey | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Joyce M. Roche | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Laura D'Andrea Tyson | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Patricia P. Upton | Director | 175 East Houston<br>San Antonio, Texas 78205 |

-4-

05-102
(Rev. 2-02/20)

13196

3333     b.

05-102 Franchise

13196 Franchise    16196 Bank

a. T Code  [X]

Do not write in this space

**TEXAS FRANCHISE TAX**
**PUBLIC INFORMATION REPORT**
MUST be filed with your Corporation Franchise Tax Report

c. Taxpayer identification number
14313018831

d. Report year
2003

Corporation name and address

SBC Communications Inc.
175 E. Houston, Room 8-P-60

San Antonio      TX  78205

e. PIR / IND        1, 2, 3, 4

Secretary of State file number or, if none,
Comptroller unchartered number

g.
Item k on Franchise   00092940-06
Tax Report form, Page 1

The following information MUST be provided for the Secretary of State (S.O.S.) by each corporation or limited liability company that files a Texas Corporation Franchise Tax Report. The information will be available for public inspection.

"SECTION A" MUST BE COMPLETE AND ACCURATE.
If preprinted information is not correct, please type or print the correct information.

**Please sign below**

[ ] Check here if there are currently no changes to the information preprinted in Sections A, B, and C of this report.

Corporation's principal office
175 EAST HOUSTON, ROOM 8-P-60, SAN ANTONIO, TX  78205

Principal place of business
175 EAST HOUSTON, ROOM 8-P-60, SAN ANTONIO, TX  78205

**SECTION A**     Name, title and mailing address of each officer and director. Use additional sheets, if necessary.

| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
|---|---|---|---|
| SEE ATTACHMENT | | [ ] YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |
| NAME | TITLE | DIRECTOR [ ] YES | Social Security No. (Optional) |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |
| NAME | TITLE | DIRECTOR [ ] YES | Social Security No. (Optional) |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |
| NAME | TITLE | DIRECTOR [ ] YES | Social Security No. (Optional) |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |
| NAME | TITLE | DIRECTOR [ ] YES | Social Security No. (Optional) |
| MAILING ADDRESS | | | Expiration date (mm-dd-yyyy) |

**SECTION B.** List each corporation or limited liability company, if any, in which this reporting company or limited liability company owns an interest of ten percent (10%) or more. Enter the information requested for each corporation. Use additional sheets if necessary.

| Name of owned (subsidiary) corporation | State of incorporation | Texas S.O.S. file number | Percentage Interest |
|---|---|---|---|
| SEE ATTACHMENT | | | 0.0000 |
| Name of owned (subsidiary) corporation | State of incorporation | Texas S.O.S. file number | 0.0000 |

**SECTION C.** List each corporation or limited liability company, if any, that owns an interest of ten percent (10 %) or more in this reporting corporation or limited liability company. Enter the information requested for each corporation or limited liability company. Use additional sheets, if necessary.

| Name of owning (parent) corporation | State of incorporation | Texas S.O.S. file number | Percentage interest |
|---|---|---|---|
| | | | 0.0000 |

Registered agent and registered office currently on file.    (Changes must be filed separately with the Secretary of State.)

Agent:   CT CORPORATION SYSTEM
Office   350 NORTH ST. PAUL STREET
         DALLAS              TX    75201

[ ] Check here if you need forms
to change this information.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief and that a copy of this report has been mailed to each person named in this report who is an officer or director and who is not currently employed by this corporation or limited liability company or a related corporation.

sign
here  ►  Officer, director, or other authorized person

Title
VICE PRESIDENT-CONTROLLER

Date
11/14/03

Daytime phone (Area code and number)
210-351-3925

DTTTLLC

2002 Deloitte & Touche Tax Technologies LLC

TX102P01

03330170735

## SBC COMMUNICATIONS, INC.
## LIST OF OFFICERS & DIRECTORS

| NAME | TITLE | ADDRESS |
|------|-------|---------|

**OFFICERS:**

| NAME | TITLE | ADDRESS |
|------|-------|---------|
| Edward E. Whitacre, Jr. | Chief Executive Officer | 175 East Houston<br>San Antonio, Texas 78205 |
| William M. Daley | President | 175 East Houston<br>San Antonio, Texas 78205 |
| John H. Atterbury III | Group President - Operations | 175 East Houston<br>San Antonio, Texas 78205 |
| James Callaway | Group President | 175 East Houston<br>San Antonio, Texas 78205 |
| James D. Ellis | Senior Executive Vice President and General Counsel | 175 East Houston<br>San Antonio, Texas 78205 |
| Karen Jennings | Senior Executive Vice President - Human Resources & Communications | 175 East Houston<br>San Antonio, Texas 78205 |
| James S. Kahan | Senior Executive Vice President - Corporate Development | 175 East Houston<br>San Antonio, Texas 78205 |
| Forrest E. Miller | Group President - Corporate Planning | 175 East Houston<br>San Antonio, Texas 78205 |
| John T. Stankey | Senior Executive Vice President & Chief Information Officer | 175 East Houston<br>San Antonio, Texas 78205 |
| Randall Stephenson | Senior Executive Vice President and Chief Financial Officer | 175 East Houston<br>San Antonio, Texas 78205 |
| Rayford Wilkins, Jr. | Group President - SBC Marketing & Sales | 175 East Houston<br>San Antonio, Texas 78205 |
| Joy Rick | Vice President and Secretary | 175 East Houston<br>San Antonio, Texas 78205 |
| Peter A. Ritcher | Vice President – Corporate Finance | 175 East Houston<br>San Antonio, Texas 78205 |
| John J. Stephens | Vice President & Controller | 175 East Houston<br>San Antonio, Texas 78205 |
| Michael J. Viola | Vice President & Treasurer | 175 East Houston<br>San Antonio, Texas 78205 |

03330170735

| SBC COMMUNICATIONS, INC. |
| LIST OF OFFICERS & DIRECTORS |

| NAME | TITLE | ADDRESS |
| --- | --- | --- |

**OFFICERS CONTINUED:**

| Lori Lee | Assistant Treasurer | 175 East Houston<br>San Antonio, Texas 78205 |
| Wayne A. Wirtz | Assistant Secretary | 175 East Houston<br>San Antonio, Texas 78205 |

2

03330170735

## SBC COMMUNICATIONS, INC.
## LIST OF OFFICERS & DIRECTORS

| NAME | TITLE | ADDRESS |
|------|-------|---------|

**DIRECTORS:**

| NAME | TITLE | ADDRESS |
|------|-------|---------|
| Edward E. Whitacre, Jr. | Chairman of the Board | 175 East Houston, Room 1300<br>San Antonio, Texas 78205 |
| Gilbert F. Amelio | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Clarence C. Barksdale | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| James E. Barnes | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| August A. Busch, III | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| William P. Clark | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Martin K. Eby, Jr. | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Herman E. Gallegos | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Jess T. Hay | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Ing. Carlos Slim Helu | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| James A. Henderson | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Admiral Bobby R. Inman | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Charles F. Knight | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Lynn M. Martin | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| John B. McCoy | Director | 175 East Houston<br>San Antonio, Texas 78205 |

3

03330170735

## SBC COMMUNICATIONS, INC.
## LIST OF OFFICERS & DIRECTORS

| NAME | TITLE | ADDRESS |
|------|-------|---------|

**DIRECTORS CONTINUED:**

| Mary S. Metz | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Toni Rembe | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| S. Donley Ritchey | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Joyce M. Roche | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Laura D'Andrea Tyson | Director | 175 East Houston<br>San Antonio, Texas 78205 |
| Patricia P. Upton | Director | 175 East Houston<br>San Antonio, Texas 78205 |

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **KENNETH D. LEE, JR.** | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **SOUTHWESTERN BELL MOBILE** | § | |
| **SYSTEMS, INC.; SOUTHWESTERN** | § | **CIVIL ACTION NO. B-04-069** |
| **BELL WIRELESS, INC.;** | § | |
| **SOUTHWESTERN BELL** | § | |
| **WIRELESS, L.L.C; SOUTHWESTERN** | § | |
| **BELL SYSTEMS, INC.; CINGULAR** | § | |
| **WIRELESS, L.L.C; and** | § | |
| **SBC COMMUNICATIONS, INC.** | § | |
| **Defendants,** | § | |

## DECLARATION OF KENNETH D. LEE, JR.

1.      My name is Kenneth D. Lee, Jr. I am of legal age and am fully competent to make this declaration. All of the statements made in this declaration are true and correct, and are made of my own personal knowledge. (Personal Records)

2.      I began my employment with Southwestern Bell Mobile Systems as the Director of Operations for the Rio Grande Valley on July 11, 1988. After fourteen years of service, I was wrongfully terminated on November 15, 2002.

3.      In my fourteen years of employment with Southwestern Bell Mobile Systems, Inc.; Southwestern Bell Wireless, Inc.; Southwestern Bell Wireless, L.L.C.; Cingular Wireless, L.L.C; and SBC Communications, Inc., the actual corporate entity that I worked for was in a constant state of flux.

4.      I am not aware that I was ever an employee of Cingular Wireless Employee Services, LCC. At the time of my wrongful termination, I believed that I was an employee of Cingular Wireless. I have never heard of Cingular Wireless Employee Services, LCC.

**DECLARATION OF KENNETH D. LEE, JR.**
**PAGE- 1 -**

5.      My co-workers and I always considered ourselves to be employees of SBC, regardless of what actual legal corporate entity we were supposed to be working for. The only personnel badge ever issued to me had the SBC logo on it, my paychecks had the SBC logo on them, as a part of my compensation package, I received SBC Communications, Inc., stock options, and I continue to participate in the SBC pension plan in which I continue to receive quarterly dividends. (See *SBC Communications, Inc. and Southwestern Bell Wireless Employee Identification Badge* attached as Exhibit 1, *SBC Communications, Inc., Recordkeeping Account, dated 12/31/01*, attached as Exhibit 2, *September 1, 2000 Paycheck Stub from SBC and Southwestern Bell Wireless* attached as Exhibit 3, and *SBC Stock Options Savings Executive Deferred Compensation Plan as approved by SBC Communications, Inc. pension dividend check*, attached as Exhibit 4).

6.      Adding to my confusion was conflicting correspondence naming me as an employee of SBC or other correspondence naming me an employee of Southwestern Bell Wireless. On October 7, 2002, I received a letter from Cingular Benefits stating that I was both a former SBC employee and SBC Pension Benefit Participant. (See *Cingular Wireless letter, dated 10/07/02*, attached as Exhibit 5.

7.      I would also receive correspondence and e-mails addressed to "Dear SBC employee," or "Dear SBC Manager." (See *E-mail from Ed Whitacre, President & Chief Executive Officer of SBC Communications, Inc., to Ken Lee, dated January 26, 2001*, attached as Exhibit 6).

8.      I also attended seminars conducted by SBC for SBC employees. These seminars were held in San Antonio, SBC Communications, Inc.'s headquarters.

9.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 13th, 2004.

KENNETH D. LEE, JR.





SBC Communications Inc.

*SBC*

SOUTHWESTERN BELL
WIRELESS

Name

## SBC COMMUNICATIONS INC. Recordkeeping Account

| Key Facts | | Closing Prices as of 12/31/01 | | Prepared For: | |
|---|---|---|---|---|---|
| Account Number | 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 | SBC COMMUNICATIONS | $39.1700 | DM0041648    0092972 | SB |
| Statement Period (MM/DD/YY) | 12/30/00  To 12/31/01 | VODAFONE GRP PLC | $25.6800 | KENNETH LEE 1916 GUAVA CIRCLE HARLINGEN TX | |
| Page Number | 1 of 3 | | | 78552-0000 | |

### Current Account Status

| Options | | | | Your Option Balance | | | | # Potential Income | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Grant Date | Stock Symbol | Grant Price | Closing Price | Balance As of 12/30/00 | +/- | Option Activity Since 12/30/00 = | Current Balance | Last Date To Exercise | Options Vested  x | Income Per Option/SAR | Total Income |
| 08019400004 | SBC | $20.9375 | $39.1700 | 4,000 | – | 0 | 4,000 | 08/01/04 | 4,000 | $18.2325 | $72,930.00 |
| 08019500004 | SBC | $24.9375 | $39.1700 | 2,900 | – | 0 | 2,900 | 08/01/05 | 2,900 | $15.4825 | $44,899.25 |
| 08019600002 | SBC | $24.9375 | $39.1700 | 252 | – | 0 | 252 | 08/01/06 | 252 | $14.2325 | $3,586.59 |
| 08019600004 | SBC | $24.9375 | $39.1700 | 2,900 | – | 0 | 2,900 | 08/01/06 | 2,900 | $14.2325 | $41,274.25 |
| 02039700002 | SBC | $27.1875 | $39.1700 | 200 | – | 0 | 200 | 02/03/07 | 200 | $11.9825 | $2,396.50 |
| 05019700006 | SBC | $27.5000 | $39.1700 | 2,160 | – | 0 | 2,160 | 05/01/07 | 2,160 | $11.6700 | $25,207.20 |
| 08019700002 | SBC | $29.1875 | $39.1700 | 250 | – | 0 | 250 | 08/01/07 | 250 | $9.9825 | $2,495.62 |
| 02028800006 | SBC | $39.3125 | $39.1700 | 162 | – | 0 | 162 | 02/02/08 | 162 | $0.0000 | $0.00 |
| 04019800005 | SBC | $43.0000 | $39.1700 | 1,600 | – | 0 | 1,600 | 04/01/08 | 1,600 | $0.0000 | $0.00 |
| 08039800006 | SBC | $41.3750 | $39.1700 | 162 | – | 0 | 162 | 08/03/08 | 162 | $0.0000 | $0.00 |
| 02019900015 | SBC | $52.5625 | $39.1700 | 119 | – | 0 | 119 | 02/01/09 | 119 | $0.0000 | $0.00 |
| 04019900006 | SBC | $49.7500 | $39.1700 | 1,300 | – | 0 | 1,300 | 04/01/09 | 1,300 | $0.0000 | $0.00 |
| 08029900016 | SBC | $58.8750 | $39.1700 | 165 | – | 0 | 165 | 08/02/09 | 165 | $0.0000 | $0.00 |
| 01282000015 | SBC | $39.2275 | $39.1700 | 2,607 | – | 0 | 2,607 | 01/28/10 | 2,607 | $0.0000 | $0.00 |
| 02010000015 | SBC | $42.1875 | $39.1700 | 0 | – | 0 | 0 | 02/01/10 | 0 | $0.0000 | $0.00 |
| 08010000015 | SBC | $43.6875 | $39.1700 | 199 | – | 0 | 199 | 08/01/10 | 199 | $0.0000 | $0.00 |
| 01260100106 | SBC | $46.6875 | $39.1700 | 0 | + | 1,100 | 1,100 | 01/26/11 | 1,100 | $0.0000 | $0.00 |

This statement is produced only for your convenience. It is the participant's responsibility to check it for accuracy against the participant's individual grant statements. Neither SBC nor Merrill Lynch is responsible for errors. The final authority as to number of options in each of your grants, exercise prices and the respective expiration dates will be the records of SBC.

Merrill Lynch cannot accept option exercises when the New York Stock Exchange (NYSE) is closed. If your options expire on a weekend, holiday or other day when the NYSE is not open, you must exercise your options on or before the immediately preceding day when the NYSE is open.
The NYSE is open 9:30 AM to 4:00 PM (EST) Monday through Friday.

# Potential Income is equal to the closing price, as of the statement date, of your company's stock, minus the grant price, times the number of options remaining in your account. Your income at exercise will vary according to the market price at the time of exercise. All income is subject to applicable taxes upon exercise.

Questions? In the U.S., Puerto Rico or Canada, please call 1-888-722-6767; in other countries, please dial 1-609-818-8849; or write: Merrill Lynch, Attention: Stock Option Unit, P.O. Box 173858, Denver, CO. 80217 U.S.A.

The data presented on this section of your statement is for recordkeeping purposes only. This section of your statement does not reflect the holding of securities, cash, or cash equivalents by Merrill Lynch, Pierce, Fenner & Smith Incorporated. Accordingly, the options reflected on this section of your statement are not subject to the provisions of the Securities Investor Protection Act of 1970, and brokerage account terms and conditions do not apply.

(CODE 20012 (04/00)



Member, Securities Investor Protection Corporation (SIPC)

## SBC COMMUNICATIONS INC. Recordkeeping Account

| Key Facts | | Closing Prices as of 12/31/01 | | Prepared For: |
|---|---|---|---|---|
| Account Number | 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 | SBC COMMUNICATIONS | $39.1700 | DM0041848   0092973 |
| Statement Period (MM/DD/YY) | 12/30/00 To 12/31/01 | VODAFONE GRP PLC | $25.6800 | KENNETH LEE |
| Page Number | 2 of 3 | | | SB |

### Current Account Status

**Options** — **Your Option Balance** — **# Potential Income**

| Grant Date | Stock Symbol | Grant Price | Closing Price | Balance As of 12/30/00 | +/- | Option Activity Since 12/30/00 | Current Balance | Last Date To Exercise | Options Vested | Income Per Option/SAR | Total Income |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 02010100015 | SBC | $50.5500 | $39.1700 | 0 | + | 157 | 157 | 02/01/11 | 157 | $0.0000 | $0.00 |
| 06010100015 | SBC | $42.0500 | $39.1700 | 0 | + | 93 | 93 | 06/01/11 | 93 | $0.0000 | $0.00 |
| **Total** | | | | 19,076 | + | 1,350 | 20,426 | | 20,426 | | $192,789.41 |

### Option Activity

| Date | Activity† | Grant Type | Number of +/- Options | Grant Date | Exercise Price | Option Price | Exercise Income Per Option | Total Income (Before Taxes) |
|---|---|---|---|---|---|---|---|---|
| 03/07/01 | OPTION RECORDS RECEIVED | NQO | + 157.00 | 0201010005 | | $50.5500 | $0.0000 | $0.0000 |
| 03/09/01 | OPTION RECORDS RECEIVED | NQO | + 1,100.00 | 01260100106 | | $46.6875 | $0.0000 | $0.0000 |

This statement is produced only for your convenience. It is the participant's responsibility to check it for accuracy against the participant's individual grant statements. Neither SBC nor Merrill Lynch is responsible for errors. The final authority as to number of options in each of your grants, exercise prices and the respective expiration dates will be the records of SBC.
Merrill Lynch cannot accept option exercises when the New York Stock Exchange (NYSE) is closed. If your options expire on a weekend, holiday or other day when the NYSE is not open, you must exercise your options on or before the immediately preceding day when the NYSE is open.
The NYSE is open 9:30 AM to 4:00 PM (EST) Monday through Friday.

# Potential Income is equal to the closing price, as of the statement date, of your company's stock, minus the grant price, times the number of options remaining in your account. Your income at exercise will vary according to the market price at the time of exercise. All income is subject to applicable taxes upon exercise.

Questions? In the U.S., Puerto Rico or Canada, please call 1-888-722-6767; in other countries, please dial 1-609-818-8849; or write: Merrill Lynch, Attention: Stock Option Unit, P.O. Box 173858, Denver, CO. 80217 U.S.A.

The data presented on this section of your statement is for recordkeeping purposes only. This section of your statement does not reflect the holding of securities, cash, or cash equivalents by Merrill Lynch, Pierce, Fenner & Smith Incorporated. Accordingly, the options reflected on this section of your statement are not subject to the provisions of the Securities Investor Protection Act of 1970, and brokerage account terms and conditions do not apply.



Merrill Lynch

Member, Securities Investor Protection Corporation (SIPC)

SBC COMMUNICATIONS INC. Recordkeeping Account

| Key Facts | Closing Prices as of 12/31/01 | Prepared For: |
|---|---|---|
| Account Number  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 | SBC COMMUNICATIONS      $39.1700 | DM0041648  0092974      SB |
| Statement Period  12/30/00  To | VODAFONE GRP PLC          $25.6800 | KENNETH LEE |
| (MM/DD/YY)         12/31/01 | | |
| Page Number       3  of  3 | | |

__Option Activity__

| Date | Activity | Grant Type | Number of +/- Options | Grant Date | Exercise Price | Option Price | Exercise Income Per Option | Total Income (Before Taxes) |
|---|---|---|---|---|---|---|---|---|
| 07/20/01 | OPTION RECORDS RECEIVED | NQO | + 93.00 | 06010100015 | | $42.0500 | $0.0000 | $0.00 |
| Total | | | + 1,350.00 | | | | | |

**This statement is produced only for your convenience. It is the participant's responsibility to check it for accuracy against the participant's individual grant statements. Neither SBC nor Merrill Lynch is responsible for errors. The final authority as to number of options in each of your grants, exercise prices and the respective expiration dates will be the records of SBC.**
**Merrill Lynch cannot accept option exercises when the New York Stock Exchange (NYSE) is closed. If your options expire on a weekend, holiday or other day when the NYSE is not open, you must exercise your options on or before the immediately preceding day when the NYSE is open.**
**The NYSE is open 9:30 AM to 4:00 PM (EST) Monday through Friday.**

**# Potential income is equal to the closing price, as of the statement date, of your company's stock, minus the grant price, times the number of options remaining in your account. Your income at exercise will vary according to the market price at the time of exercise. All income is subject to applicable taxes upon exercise.**

**Questions? In the U.S., Puerto Rico or Canada, please call 1-888-722-6767; in other countries, please dial 1-609-818-8849; or write: Merrill Lynch, Attention: Stock Option Unit, P.O. Box 173858, Denver, CO. 80217 U.S.A.**

The data presented on this section of your statement is for recordkeeping purposes only. This section of your statement does not reflect the holding of securities, cash, or cash equivalents by Merrill Lynch, Pierce, Fenner & Smith Incorporated. Accordingly, the options reflected on this section of your statement are not subject to the provisions of the Securities Investor Protection Act of 1970, and brokerage account terms and conditions do not apply.



**Merrill Lynch**
Member, Securities Investor Protection Corporation (SIPC)

SBC Wireless, Inc.
17330 Preston Road
Suite 100A
Dallas, Texas 75252

Return Service Requested





KENNETH D. LEE
1916 GUAVA CIRCLE
HARLINGEN  TX  78552

78552  AUMB





**Southwestern Bell Wireless**    **South Texas-SWBW**
7330 San Pedro   , Suite 800   San Antonio, TX  78216

| | | |
|---|---|---|
| Pay Group: | SXR-STX Regular Employees | Advice #:  0422625 |
| Pay Begin Date:  09/01/2000   Pay End Date:  09/15/2000 | | Advice Date: 09/20/200 |

**Kenneth D. Lee**    SSN:  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
1916 Guava Circle
Harlingen, TX  78552

| | |
|---|---|
| Employee ID: 5537     Rate:   $89,695.00 Annual | |
| Department:   X975-STX-MCA-RETAIL | |
| Location:      STX-Harlingen RSO | |

| TAX DATA: | Federal | TX State |
|---|---|---|
| Marital Status: | Married | Not applicable |
| Allowances: | 0 | 0 |

### HOURS AND EARNINGS

| Description | CurRate | CurHours | CurEarns | YTDHours | YTDEarns |
|---|---|---|---|---|---|
| REGULAR BASE PAY | | | 3,392.31 | 1396.00 | 58,969.55 |
| Holiday Pay | 43.122596 | 8.00 | 344.98 | 40.00 | 1,698.36 |
| Floating Holiday Pay | | | 0.00 | | 0.00 |
| Executive Incentive Pay | | | 0.00 | | 19,405.13 |
| Commissions | | | 0.00 | | 12,119.08 |
| Paid Days Off | | | 0.00 | 72.00 | 3,091.55 |
| Vacation Pay | | | 0.00 | 96.00 | 4,000.44 |
| | | | | | |
| Total· | | 8.00 | 3,737.29 | 1604.00 | 99,284.11 |

### TAXES

| Description | Current | YT |
|---|---|---|
| Fed Withholdng | 673.90 | 20,576.7 |
| Fed MED/EE | 53.81 | 1,432.7 |
| Fed OASDI/EE | 0.00 | 4,724.4 |
| | | |
| Total: | 727.71 | 26,733.8 |

### BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Medical Deduction - Before Tax | 25.50 | 459.00 |
| Dental Before Tax Benefit | 3.00 | 54.00 |
| Careplus Insurance Payment-BT | 1.00 | 18.00 |
| Deferred Comp - Before Tax | 224.24 | 5,957.06 |
| | | |
| Total: | 253.74 | 6,488.06 |

### AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| US Savings Bonds | 25.00 | 450.00 |
| Political Act Commit - Federal | 3.00 | 54.00 |
| Political Act Commit - Texas | 3.00 | 54.00 |
| Supplemental Life | 43.70 | 797.69 |
| Dependent Life | 4.20 | 75.60 |
| Dependent Child Life | 0.93 | 16.74 |
| | | |
| Total: | 79.83 | 1,448.03 |

### EMPLOYER PAID BENEFITS

| Description | Current | YT |
|---|---|---|
| No Cost Vision Benefit | 3.83 | 68.5 |
| Group Term Basic Life | 8.40 | 144.4 |
| Group Term Basic Life* | 3.50 | 58.2 |
| | | |
| * Taxable | | |

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current: | 3,737.29 | 3,487.05 | 727.71 | 333.57 | 2,676.01 |
| YTD: | 99,284.11 | 92,854.25 | 26,733.88 | 7,936.09 | 64,614.14 |

| | |
|---|---|
| Advice #0422625 | 2,676.01 |
| Total: | 2,676.01 |

**MESSAGE:**

---

THE FACE OF THIS DOCUMENT HAS A VOID PANTOGRAPH AND A SBC WIRELESS WATERMARK ON THE BACK.



Southwestern Bell Wireless
South Texas-SWBW
7330 San Pedro
Suite 800
San Antonio, TX  78216

Date
09/20/2000

Advice No
422625

Deposit Amount:  $2,676.01

To The
Account(s) Of

KENNETH D. LEE
1916 Guava Circle
Harlingen TX  78552

### DIRECT DEPOSIT DISTRIBUTION

| Account Type | Account Number | Deposit Amount |
|---|---|---|
| Checking | 3113361 | $2,676.01 |
| | | |
| Total: | | $2,676.01 |

# NON-NEGOTIABLE

**SBC**

Please Detach and Retain

KENNETH LEE

| | | |
|---|---|---|
| **Issue No.** | | 3936 |
| **Account No.** | | 43691024080-739963 |
| **PASSWORD:** | | 43691024 |
| **Current Net Dividend** | | $463.13 |
| **Year to Date Net Dividend** | | $926.26 |

| Record Date | Payable Date | Rate Per Share | No. of Shares | Gross Dividend Paid | Tax Withheld |
|---|---|---|---|---|---|
| 01/10/04 | 02/02/04 | 0.312500 | 1,482 | 463.13 | 0.00 |
| 04/10/04 | 05/03/04 | 0.312500 | 1,482 | 463.13 | 0.00 |
| | | | **Year to Date** | **$926.26** | **$0.00** |

## INTERNET ACCESS IS HERE!

We are pleased to announce that you can access your account information on the Internet through EquiServe's web site. Visit **http://www.equiserve.com**

You will need the issue number, account number and initial password located above and your social security number (if applicable) to gain access to your account.

See Reverse Side for Shareowner Services Directory

---

## YOU CAN HAVE YOUR DIVIDENDS AUTOMATICALLY REINVESTED IN ADDITIONAL SHARES OF SBC

Under the DirectSERVICE Investment Program, sponsored and administered by SBC's transfer agent, EquiServe Trust Company, N.A. you can elect to have your SBC dividends automatically reinvested in additional shares of SBC common stock.

If you are interested, call toll-free 1-800-414-6280 to request program material or visit www.equiserve.com to view the program material.

## DIRECT DEPOSIT OF DIVIDENDS

SBC allows dividends to be deposited directly to your bank account on the dividend payment date. Receiving your dividends by direct deposit ensures that the funds will be deposited to your bank account on the payable date and avoid the possibility of mailing delays. To arrange for direct deposit call toll-free 1-800-351-7221 or visit www.equiserve.com to request the direct deposit material.

## SBC SHAREOWNER SERVICES DIRECTORY

| Mail Account Maintenance & All Inquiries To: | Mail DirectSERVICES Investment Program Optional Payments Only to: | Mail Certificates to be Transferred to:** |
|---|---|---|
| **SBC** | **SBC** | **SBC** |
| c/o EquiServe Trust Company, N.A. | c/o EquiServe Trust Company, N.A. | c/o EquiServe Trust Company, N.A. |
| P.O. Box 43078 | P.O. Box 13531 | P.O. Box 43070 |
| Providence, RI 02940-3078 | Newark, NJ 07188-0001 | Providence, RI 02940-3070 |

**send by certified or registered mail

You can call us toll-free at **1-800-351-7221.** Service Representatives are available to assist you weekdays from 9 a.m. to 8 p.m. (Eastern time). Our **Automated Voice Response System** is also available at this number 24 hours a day, 7 days a week. This system can provide you with registered shareowner account information such as share balances and dividend payment information, market price quotes, transfer instructions for single or joint accounts, information or enrollment packages for the DirectSERVICES Investment Program or direct deposit of dividends. Shareowners outside of the continental United States can call collect weekdays from 9 a.m. to 8 p.m. at (816) 843-4280.



October 7, 2002

14 17 ******AUTO**MIXED AADC 300
Kenneth Lee
1916 Guava Cir
Harlingen, TX 78552-8927
II..II.I.I.I.I.II.I.I.II.I.I.I..I.II..I..II.II.II..I

Dear Kenneth:

As a former SBC employee and SBC Pension Benefit Plan participant, the pension benefit you earned under the SBC Pension Benefit Plan was transferred to the Cingular Wireless Pension Plan when you became an employee of Cingular. Your SBC cash balance account as of 10/31/2001 served as the opening balance under the Cingular Wireless Pension Plan. To ensure the accuracy of the calculation of your pension benefit and the accuracy of the records used in that calculation, Cingular Wireless took the initiative and engaged an independent pension provider to conduct a comprehensive audit of the pension records received for you and for all other former SBC Pension Benefit Plan participants that are now participants of the Cingular Wireless Pension Plan.

We wanted to communicate with each former SBC participant who is now a Cingular plan participant to inform him or her of the results of this audit. In your case, we were able to confirm that the value of your cash balance account up through the time that it was converted to Cingular Wireless was correct. No adjustment to your account is required.

If you have questions about your cash balance account, please call the Cingular Wireless Benefits Service Center at 1-877-421-5225 and speak to a representative for the pension plan.

Sincerely,

Cingular Benefits

## Lee, Ken

| | |
|---|---|
| **From:** | quickcom@sbc.com[SMTP:quickcom@sbc.com] |
| **Sent:** | Friday, January 26, 2001 12:19 PM |
| **Subject:** | Letter from Ed Whitacre on Team Award; 2001 Stock Option Grant |

This "quickcom@sbc.com" message is being distributed to all managers.

----------

LETTER FROM ED WHITACRE ON TEAM AWARD; 2001 STOCK OPTION GRANT

Fellow SBC Manager,

I want to update you on Team Awards, as well as provide my perspective on last year's performance and this year's potential. In addition, I'm pleased to announce a 2001 stock option grant.

Our year-end earnings met Wall Street expectations, but performance fell short of our internal goals in a number of areas. Some parts of our business -- Industry Markets, SNET, SBC Telecom, Coin, Wireless, Yellow Pages, International and Real Estate -- exceeded their financial measurements and are to be congratulated for earning a 2001 Team Award of more than 100 percent.

Other segments of our business, primarily our wireline operations, missed their financial targets. As a result, the Team Award for those groups will be significantly below 100 percent. (Your organization's leadership will let you know your Team Award percentage shortly.) Clearly this is disappointing news. If the company had followed the Team performance matrix entirely, the payout would have been zero for those groups. But the Board of Directors and top management did not want that to happen. To recognize everyone's hard work and commitment, an adjustment was made to reward all eligible managers. You should know that my short-term target, as well as that of others on our leadership team, has been adjusted in a similar fashion.

We knew 2000 would be a year of transition and many challenges. We also knew it was setting the stage for solid growth potential this year and beyond. But it was even more challenging than we anticipated. DSL rolled out slower than expected, our inability to gain regulatory approval to enter more long distance markets magnified the impact of access line loss to competitors, we had customer service setbacks, and the economy began to slow.

Without a doubt, we are in turbulent times. Due to the volatility in the industry and the economy, last month we slightly adjusted downward this year's earnings and revenue projections. But I want to be clear: SBC is positioned well. Everything we have done -- our mergers, our alliances, our capital spending -- we've done to create the country's premier data-centered telecommunications company, prepared for long-term growth. Growth is necessary to build a company capable of continuing to offer career opportunities, and the level of

Page 1

benefits and compensation we enjoy.

Despite the challenges we face this year, there is no reason we should not be able to meet our 2001 Team Award targets, which will be based on contribution to the bottom line. We will measure ourselves internally the same way we are measured externally. We will be using net income and EBITDA (earnings before interest, taxes, depreciation and amortization) to measure our performance. Each of our companies and business units has already set their targets.

The dynamics of our business have placed Team Awards at greater risk. So it's important to remember that since 1995 we've provided managers the added potential of stock options. The value of all those stock options for a first-line manager would today exceed the 100 percent Team Award payout for that same period.

The Board has approved this year's management stock option grant, which will be based on SBC's closing stock price today, January 26. Eligible managers will receive additional information on the grant, including the number of options, in the coming weeks.

In closing, I want to thank each of you for your hard work. I wish the Team Award were better for many of you. Now we must focus our efforts on achieving this year's targets and delivering on our commitments to investors and customers. If we do, we will be rewarded accordingly.

As I've said before, we have the right strategies and the right people. In all my years as Chairman, I've never been more positive about where we are. Working together, I look forward to an exciting and successful 2001.

- Ed Whitacre

1

COPY

1           NO. 2001-09-4057-G

2  Z-PAGE COMMUNICATIONS,   )   IN THE DISTRICT COURT
   INC.                     )
3                           )
   VS.                      )   CAMERON COUNTY, TEXAS
4                           )
   SOUTHWESTERN BELL MOBILE )
5  SYSTEMS, INC.            )
   SOUTHWESTERN BELL        )
6  WIRELESS, INC.,          )
   SOUTHWESTERN BELL        )
7  WIRELESS, LLC, DALLAS    )
   SMSA LIMITED             )
8  PARTNERSHIP,             )
   TEXAS/ILLINOIS CELLULAR  )
9  LIMITED PARTNERSHIP,     )
   McALLEN-EDINBURG-MISSION )
10 SMSA LIMITED             )
   PARTNERSHIP, SAN ANTONIO )
11 SMSA LIMITED             )
   PARTNERSHIP, TEXAS RSA   )
12 18 LIMITED PARTNERSHIP,  )
   TEXAS RSA 19 LIMITED     )
13 PARTNERSHIP and TEXAS    )
   RSA 20B1 LIMITED         )
14 PARTNERSHIP, GRANDE      )
   RIVER COMMUNICATIONS,    )
15 L.P., RIVIERA TELEPHONE  )
   COMPANY, INC. AND THE    )
16 PRICE COMMUNICATIONS     )
   GROUP, INC.              )   404TH JUDICIAL DISTRICT
17

18

19      * * * * * * * * * * * * * * * * *

20      ORAL VIDEOTAPED DEPOSITION OF

21        ROBERT CHARLES FORSYTH

22          JANUARY 16, 2002

23      * * * * * * * * * * * * * * * * *

24

25

1            ORAL AND VIDEOTAPED DEPOSITION of ROBERT

2    CHARLES FORSYTH, produced as a witness at the instance

3    of the Plaintiff, and duly sworn, was taken in the

4    above-styled and numbered cause on the 16th of January,

5    2002, from 10:33 a.m. to 5:45 p.m., before

6    JUDY L. MOORE, CSR in and for the State of Texas and

7    RMR, reported by machine shorthand, at the offices of

8    Cox & Smith, 112 East Pecan Street, Suite 1800, San

9    Antonio, Texas, pursuant to the Texas Rules of Civil

10   Procedure and the provisions stated on the record or

11   attached hereto.

12

13           A P P E A R A N C E S

14   FOR THE PLAINTIFF:
           Robert J. Myers, Esq.
15         ROBERT JOHN MYERS & ASSOCIATES
           2700 Bee Caves Road, Suite 210
16         Austin, Texas  78746
               - and -
17         Dennis Sanchez, Esq.
           SANCHEZ, WHITTINGTON, JANIS & ZABARTE
18         100 North Expressway 83
           Brownsville, Texas  78520
19
     FOR DEFENDANTS:
20         J. Daniel Harkins, Esq.
           COX & SMITH
21         112 East Pecan Street, Suite 1800
           San Antonio, Texas  78205
22
     ALSO PRESENT:
23         Dan Miller, III
           Robert Vitanza
24

25

1 the company?

2      A.   My sole duty was to build agent distribution

3 for the Los Angeles marketplace.

4      Q.   Agent distribution being the -- these

5 entrepreneurs that you described that exclusively

6 provide --

7      A.   M-hm.

8      Q.   -- Southwestern Bell Mobile Systems products?

9      A.   M-hm.

10      Q.   Now, was -- was it Southwestern Bell Mobile

11 Systems in southern California or --

12      A.   Pacific Bell Wireless.

13      Q.   Pacific Bell Wireless.  And was there some

14 sort of a merger or business arrangement between

15 Southwestern Bell and Pacific Bell --

16      A.   Yes, there was.

17      Q.   -- as to -- as to that?  So you were still an

18 employee of Southwestern Bell Mobile Systems?

19      A.   (The witness nodded his head up and down.)

20      Q.   Is that a yes or a no?

21      A.   No.  I -- You know, I don't know the answer

22 to that.  It was very --

23      Q.   Where did you get your paycheck from?

24      A.   A company called Cell-Com.

25      Q.   Cell-Com?

1    A.   But yes, I was still an employee of SBC

2 Communications at that time.

3    Q.   And you understood there was some sort of a

4 business arrangement between the two entities?

5    A.   Right.  And I'm not an expert of that, but

6 yes, I do understand.

7    Q.   You weren't real sure what the deal was, but

8 you were still with SBC?

9    A.   Yes.

10    Q.   How long were you in that position in southern

11 California?

12    A.   Again approximately a year.

13    Q.   One year?

14    A.   (The witness nodded his head up and down.)

15    Q.   What was it that you were called upon to do

16 specifically?  I mean --  Well, let's back up a

17 minute.  Who -- who was your supervisor?  Who were you

18 reporting to?

19    A.   I reported to a Sue Zondlow.

20    Q.   Sue Zondlow?

21    A.   Uh-huh.

22    Q.   Is she in Texas, or is she in California?

23    A.   California.

24    Q.   And what was her title?

25    A.   Vice President of Sales.

1     Q.   For cellular only?

2     A.   M-hm.

3     Q.   And who had been your supervisor here in Texas

4 when you were up in Oklahoma?  Who were you reporting

5 to?

6     A.   Adam Vital, V-i-t-a-l.

7     Q.   What's his title?

8     A.   Today?

9     Q.   Then.

10     A.   Vice President and General Manager.

11     Q.   Of wireless services?

12     A.   M-hm.

13     Q.   For a particular region?

14     A.   Arkansas-Oklahoma.

15     Q.   What's his title now?

16     A.   Regional President.

17     Q.   For what region?

18     A.   Southeast region.

19     Q.   What does that encompass besides Oklahoma and

20 Arkansas?

21     A.   It doesn't encompass Oklahoma and Arkansas.

22     Q.   Oh, it doesn't?  Okay.

23     A.   It's the southeastern part of the United

24 States.  The -- the exact states I can't recall.

25     Q.   All right.  Who was it that told you you were

1    Q.    And then what did you do?

2    A.    I was vice president of sales.

3    Q.    You were vice president of sales?

4    A.    For southern California.

5    Q.    For southern California.  And how was that

6  different than the director of direct sales for

7  southern California?

8    A.    I had responsibility for all -- for direct and

9  indirect distribution.

10    Q.    All channels of distribution --

11    A.    Yes.

12    Q.    -- for wireless in southern California?

13    A.    That's correct.

14    Q.    How long did you hold that position?

15    A.    Until September 15th of 2000.

16    Q.    And is that when you came to Texas?

17    A.    Yes.

18    Q.    And when you came to Texas, what position did

19  you assume?

20    A.    Vice president and general manager.

21    Q.    Of?

22    A.    Of south Texas.

23    Q.    And as the vice president and general manager

24  of the -- the south Texas region --  And again we're

25  talking about cellular phone service from SBC, correct?

1    A.   That's correct.

2    Q.   What territory does the south Texas region

3 cover geographically?

4    A.   Austin, San Antonio, Victoria, Corpus Christi,

5 Laredo and the Rio Grande Valley.

6    Q.   How many regions are there in Texas from the

7 company's point of view?

8    A.   Three.

9    Q.   What are the other two?

10   A.   North Texas.

11   Q.   Geographically, what is north Texas composed

12 of besides Dallas and Fort Worth?

13   A.   Waco, Temple, Killeen, Tyler and west Texas.

14   Q.   Clear out to El Paso?

15   A.   We don't have El Paso, but --

16   Q.   Clear out to Lubbock?

17   A.   Lubbock, Abilene, Amarillo, Odessa.

18   Q.   Who's got El Paso?  Not that I really care.

19   A.   We don't.

20   Q.   Southwestern Bell doesn't have it?

21   A.   No.

22   Q.   Okay.  All right.  So I got south Texas and

23 north Texas, and what's the other one?

24   A.   Houston.

25   Q.   Houston by itself, huh?

CAUSE NO. 2001-09-4057-G

| | | |
|---|---|---|
| KENNETH D. LEE, JR. | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; SOUTHWESTERN | § | 404TH JUDICIAL DISTRICT |
| BELL WIRELESS, INC.; | § | |
| SOUTHWESTERN BELL | § | |
| WIRELESS, L.L.C.; SOUTHWESTERN | § | |
| BELL SYSTEMS, INC.; CINGULAR | § | |
| WIRELESS, L.L.C.; and | § | |
| SBC COMMUNICATIONS, INC., | § | |
| | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

## DEFENDANTS' OBJECTIONS TO
## INTERVENOR/PLAINTIFF'S REQUEST FOR PRODUCTION

TO:   Kenneth D. Lee, Jr., by and through his attorney of record, Eddie Trevino, Jr., The Law
Office of Eddie Trevino, Jr., 622 E. St. Charles, Brownsville, Texas 78521.

Defendants Southwestern Bell Mobile Systems, Inc. (through its successor by merger,

Southwestern Bell Mobile Systems, LLC), Southwestern Bell Wireless Inc. (through its

successor by merger, Southwestern Bell Wireless, LLC), Southwestern Bell Wireless, LLC,

"Southwestern Bell Systems, Inc.," Cingular Wireless LLC, and SBC Communications Inc.

("Defendants") make these objections pursuant to Rule 196.2 to Intervenor/Plaintiff's First

Request for Production to Defendants.

Defendants object to being required to respond to the requests within 30 days after

service if service is measured either by the date the counsel for Plaintiff/Intervenor ("Lee")

certified that they were mailed (March 8, 2004) or the date of the postmark on the envelope

containing the service copy (March 9, 2004).  The service copy was not received by the office of

Cox & Smith Incorporated to which it was addressed until March 22, 2004.  The envelope in

which the service copy was mailed reflects a McAllen postal mark of March 15, 2004. Another service copy was mailed to the offices of Thompson & Knight LLP on March 16, 2004 and received by that office on March 20, 2004. Lee's counsel telecopied the requests to the office of Cox & Smith Incorporated on March 17, 2004. Defendants' counsel has asked counsel for the Lee to agree that, given the significant delay in the requests reaching Defendants' counsel and the uncertainty over the date they originally were served, Defendants' objections and responses be made on April 19, 2004. Defendants do not as of this date, however, have a signed Rule 11 agreement to that effect and thus are filing these objections to the requests. Defendants intend to respond to the requests by April 19, 2004.

### OBJECTION KEY

1.    **Relevance:** Defendants object to the requests that seek documents that are not relevant to the subject matter of the pending action and do not appear reasonably calculated to lead to the discovery of admissible evidence. Requiring Defendants to provide the irrelevant documents would exceed the scope of permissible discovery and impose an undue burden on Defendants. *See* Tex. R. Civ. P. 192.3(a).

2.    **Time Frame:** Defendants object to the requests that are not limited to any or a reasonable time frame. Defendants contend that, in general, it shall be sufficient to provide documentation for the period from August 2000 through the end of Lee's employment with Cingular Wireless LLC ("Cingular"), unless otherwise specified. Any request that seeks information outside of this time frame is facially overbroad and requiring Defendants to provide such information would impose an undue burden upon them, particularly since such information is irrelevant to the subject matter of the pending action and does not appear reasonably calculated to lead to the discovery of admissible evidence.

3.    **Scope:**  Defendants object to the requests that seek documentation that is not limited to the market in the Greater Texas Region where Lee was employed by Cingular during the relevant time period as set out in Objection No. 2 above, where all the wrongful conduct he alleges occurred, and where the only similarly-situated employees, if any, were employed.  Any request that seeks documentation about any of Cingular's other regions or divisions is facially overbroad and requiring the Defendants to provide such documentation would impose an undue burden upon them, particularly since such documentation is irrelevant to the subject matter of the pending action and does not appear reasonably calculated to lead to the discovery of admissible evidence.  Defendants therefore will respond to such overbroad requests by providing, where appropriate, documentation with respect to the market in the Greater Texas Region where Lee was employed during the relevant time period, unless otherwise indicated.

4.    **Undue Burden:**  Defendants object to Lee definition of "documents" on the grounds that it is unduly burdensome, oppressive, and exceeds the scope of permissible discovery, particularly to the extent it would require Defendants to produce all copies of a requested document "known by you to exist" and to those requests that demand the production of "all" and "any and all" documents or documentation, including every identical copy of the same document.  Defendants will respond, where appropriate, with respect to documents as defined by Rule 192.3(b).  Further, in the normal course of business, Defendants might have generated many different documents, or many copies of particular documents, that might be in the possession of many different employees.  In order to comply literally with Lee's demand for the production of "all" or "any and all" documents or documentation, Defendants would have to identify and gather every document containing the same information that Defendants might have generated.  It would be patently unreasonable to require the production "all" or "any and all"

documents or documentation when the desired information can be obtained or verified by way of production of one reliable document or set of documents that otherwise fully responds to Lee's request. Under such circumstances, any asserted need by Lee for the production of such redundant documents is outweighed by the undue burden that such a requirement would impose on Defendants.

Defendants further object to Lee's instruction with respect to when a document is deemed to be in their "possession, custody, or control" to the extent that instruction is intended by Lee to differ from the definition of that phrase in Rule 192.7(b) and/or to require a Defendant to respond with respect to or produce documents in the "possession, custody, or control' of any other Defendant.

5.    **Privacy:** Defendants object to the requests that would require Defendants to produce documents revealing the home address and/or telephone number of any of its current or former employees. Disclosure of the requested information would constitute an unwarranted invasion of the privacy of such individuals. Any asserted need of Lee for such information is outweighed by the privacy interests of those individuals, particularly since, where appropriate, Defendants will provide the last known business address and/or telephone number for such individuals.

Defendants further object to the requests that seek documents that would reveal private and confidential information about its present or former employees, including such matters as benefits information, medical information, compensation information, disciplinary/termination information, and other confidential personnel information. Disclosure of such information would constitute an unwarranted invasion of the privacy of such individuals and potentially could subject Defendants to liability, particularly since such information is not relevant to the

subject matter of pending action and does not appear reasonably calculated to lead to the discovery of admissible evidence.

6. **Definition of "you" and "your":** Defendants object to Lee's definition of "you" and "your" to the extent it purports to include its agents and "all other natural persons or business or legal entities acting or purporting to act for or on behalf of the Defendants," as vague, overbroad, and unduly burdensome. Defendants further object to the definition to the extent it includes its attorneys and as such would impermissibly invade the attorney-client privilege and/or work-product doctrine. Defendants will respond to the requests based on information known or reasonably available to their supervisory or managerial employees.

7. **Defendants Other than Cingular:** Defendants other than Cingular object to responding to any of the requests on the following grounds: Southwestern Bell Mobile Systems, Inc. does not exist as a separate legal entity. Southwestern Bell Wireless Inc. does not exist as a separate legal entity. Southwestern Bell Wireless, LLC did not employ Lee during the time of the events that he alleges gives rise to his claims and there is no other basis on which it can be held liable for the claims alleged. Southwestern Bell Mobile Systems, LLC (the successor by merger to Southwestern Bell Mobile Systems, Inc.) did not employ Lee during the time of the events that he alleges gives rise to his claims and there is no other basis on which it can be held liable for the claims alleged. "Southwestern Bell Systems, Inc." does not exist. SBC Communications Inc. has never employed Lee and there is no basis on which it can be held liable for the claims alleged. Requiring Defendants other than Cingular to respond to the requests would be unduly burdensome, expensive, harassing, and annoying given that their responses would not be relevant to the subject matter of the pending action nor be reasonably calculated to lead to the discovery of admissible evidence.

————————————

The foregoing Objection Key is a guide to the objections asserted below.  For example, if

Defendants assert "Objection No. 1: Relevance," Plaintiff should refer to Objection No. 1 in the

Objection Key and consider the full text set of that Objection to be fully incorporated.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents and tangible things that constitute or contain matters relevant to this action
or are material evidence or contain any matter or information that is reasonably calculated to lead
to the discovery of material evidence, including but not limited to documents identified by you in
response to discovery request or referred to or examined by you in preparing your responses.

### OBJECTION:

Defendants assert Objection No. 4: Undue Burden; Objection No. 6: Definition of "you"

and "your"; and Objection No. 7: Defendants other than Cingular.  Defendants further object that

the request fails to describe the item or category of documents to be produced with reasonable

particularity and exceeds the scope of permissible discovery and invades the attorney-client

privilege and/or work-product doctrine, not the least because it would require them to speculate

about what Lee believes are the "matters relevant to this action or are material or contain any

matter or information that is reasonably calculated to lead to the discovery of material evidence"

and what documents Defendants' counsel believes are relevant or were reviewed by it or

Defendants at counsel's request in preparing the responses.

### REQUEST FOR PRODUCTION NO. 2:

All documents and items with respect to each expert witness you intend to call at trial,
evidencing, substantiating, referring or relating to:

    a.    each expert's factual observations and opinions;
    b.    the subject matter on which each expert is expected to testify;

    c.      a summary of the grounds of each opinion;

    d.      all documents prepared by; provided to relied upon, or reviewed by any such expert;

    e.      all documents provide to you by each expert, including but not limited to reports, summaries, and correspondence;

    f.      documents evidencing the hourly rate of each expert, the method of determining the amount to be paid to the expert, billing by the expert to date, the amount currently owed to the expert, and the amount paid to the expert to date; and

    g.      a resume or curriculum vitae or other document summarizing each expert's qualifications within the field or discipline or area in which such expert is expected to testify.

## OBJECTION:

Defendants assert Objection No. 4: Undue Burden and Objection No. 6: Definition of "you" and "your." Defendants further object that the request is not a permissible form of expert discovery pursuant to Tex. R. Civ. P. 192.3(e) and 195.1.

## REQUEST FOR PRODUCTION NO. 3:

All documents of any kind or form whatsoever relating to the work product of any consulting expert whose work will provide the basis, in whole or in part, of the testimony of any expert who will testify as a witness in this case, including, but not limited to, documents evidencing, substantiating, referring or relating to:

    a.      each expert's factual observations and opinions;

    b.      the subject matter on which each expert was consulted;

    c.      a summary of grounds of each opinion;

    d.      all documents prepared by, provided to, relied upon, or reviewed by any such expert;

    e.      all documents provided to you by each expert, including but not limited to reports, summaries, and correspondence;

    f.      documents evidencing the hourly rate of each expert, the method of determining the amount to be paid to the expert, billing by the expert to date, the amount currently owed to the expert, and the amount paid to the expert to date; and

    g.      a resume or curriculum vitae or other documents summarizing each expert's qualifications within the field or discipline or area in which such expert was consulted.

**OBJECTION:**

Defendants assert Objection No. 4: Undue Burden and Objection No. 6: Definition of "you" and "your." Defendants further object that the request is not a permissible form of expert discovery pursuant to Tex. R. Civ. P. 192.3(e) and 195.1.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents reflecting insurance policies and/or coverage you have for any liability arising from employment practices, including all indemnification agreements, notice of claim(s) provided to any carriers and any subsequent communication concerning coverage, Employer Practices Liability Insurance, or other professional association policies, which may provide coverage for any liability arising from employment practices, including in your response any communications regarding "reservations of right" by any such carrier.

**OBJECTION:**

Defendants assert Objection No. 1: Relevance; Objection No. 4: Undue Burden; Objection No. 6: Definition of "you" and "your"; and Objection No. 7: Defendants other than Cingular.

**REQUEST FOR PRODUCTION NO. 5:**

Lists or other documents reflecting the name, last know residential addresses and gender, race, ethnicity and age of all employees who were employed by you during Plaintiff's employment, and dates of employment of each.

**OBJECTION:**

Defendants assert Objection No. 1: Relevance; Objection No. 2: Time Frame; Objection No. 3: Scope; Objection No. 4: Undue Burden; Objection No. 5: Privacy; Objection No. 6: Definition of "you" and "your"; and Objection No. 7: Defendants other than Cingular. Defendants further object that the request is unduly burdensome and overbroad, particularly since Lee was employed by one or more of the Defendants beginning in 1988 and does not allege in this action that he was discriminated against based on his gender, race, ethnicity, or age.

**REQUEST FOR PRODUCTION NO. 6:**

All employment records relating in any way to the Plaintiff, both prior to, during and subsequent to employment with you, including:

1.  Records relating to the fact and duration of unemployment, records of worker's compensation, unemployment insurance, welfare, and applications for assistance from any governmental agency because of employment or ill health.
2.  Records relating to evaluation or appraisal of work performance, disciplinary action, o[r] discharge;
3.  Records relating to grievances or employment related complaints.
4.  All documents related to or referring in any way to the Plaintiff's retirement, discharge, termination, resignation or layoff.

**OBJECTION:**

Defendants assert Objection No. 1: Relevance; Objection 2: Time Frame; Objection No.

4: Undue Burden; Objection No. 6: Definition of "you" and "your"; and Objection No. 7:

Defendants other than Cingular.


**REQUEST FOR PRODUCTION NO. 7:**

The entire personnel files including application, resume, disciplinary records and performance evaluations and/or appraisals, department files, grievance files and payroll change records for the following individuals:

1.  Plaintiff Kenneth Lee; and
2.  Defendant Rob Forsyth.

**OBJECTION:**

Defendants assert Objection No. 1: Relevance; Objection No. 2: Time Frame; Objection

No. 5: Privacy; and Objection No. 7: Defendants other than Cingular. Defendants further object

that, with respect to Mr. Forsyth, this request is overbroad and not limited to conceivably

relevant records.

**REQUEST FOR PRODUCTION NO. 8:**

All documents given or provided by you to the Plaintiff prior to, during and after employment with you.

**OBJECTION:**

Defendants assert Objection No. 1: Relevance; Objection No. 2: Time Frame; Objection No. 3: Scope; Objection No. 4: Undue Burden; Objection No. 6: Definition of "you" and "your"; and Objection No. 7: Defendants other than Cingular. Defendants further object that the request fails to describe the item or category of documents to be produced with reasonable particularity. Defendants further object that the request is unduly burdensome and oppressive, particularly given that it is not limited to documents relating to Lee's employment or duties as an employee and Defendants may have "given or provided" Lee with thousands of documents during his employment, nearly all of which would be unrelated to this action and which may contain confidential and privileged information.

**REQUEST FOR PRODUCTION NO. 9:**

The personnel handbook or policy manual and all documents reflecting your personnel practices and policies, including any manuals and department policies created or used by Plaintiff's department supervisors pertaining to the management of your employees.

**OBJECTION:**

Defendants assert Objection No. 1: Relevance; Objection No. 2: Time Frame; Objection No. 3: Scope; Objection No. 4: Undue Burden; Objection No. 5: Privacy; Objection No. 6: Definition of "you" and "your"; and Objection No. 7: Defendants other than Cingular. Defendants further object that the request fails to describe the item or category of documents to be produced with reasonable particularity and is unduly burdensome and overbroad, particularly since Lee was employed by one or more of the Defendants beginning in 1988, and the request

thus includes personnel policies that could not conceivably bear on any issue in this action. Defendants further object that the request is vague and ambiguous and would require them to speculate about what Lee believes are "documents reflecting your personnel practices and policies" and "policies . . . pertaining to the management of your employees."

## REQUEST FOR PRODUCTION NO. 10:

Copies of all policies and procedures concerning orienting and training employees, grievances, employee complaints, sexual harassment, discrimination, anti-retaliation provisions and all other personnel policies and procedures governing conduct and behavior of your employees, along with the dates that said policies, procedures or guidelines were put into effect and the dates said policies were distributed to your employees.

## OBJECTION:

Defendants assert Objection No. 1: Relevance; Objection No. 2: Time Frame; Objection No. 3: Scope; Objection No. 4: Undue Burden; Objection No. 5: Privacy; Objection No. 6: Definition of "you" and "your"; and Objection No. 7: Defendants other than Cingular. Defendants further object that the request fails to describe the item or category of documents to be produced with reasonable particularity and is unduly burdensome and overbroad, particularly since Lee was employed by one or more of the Defendants beginning in 1988, and the request thus includes policies that could not conceivably bear on any issue in this action, and the request is not limited to policies related to the matters about which Lee complains is this action and orientation and training on those policies.

## REQUEST FOR PRODUCTION NO. 11:

Any and all documents reflecting the policies, procedures and criteria for orienting, assigning, training, assisting, handling the complaints of, locating, evaluating, transferring, giving supervisory duties, promoting, increasing salary, disciplining, laying off, surplusing and discharging employees.

**OBJECTION:**

Defendants assert Objection No. 1: Relevance; Objection No. 2: Time Frame; Objection No. 3: Scope; Objection No. 4: Undue Burden; Objection No. 5: Privacy; Objection No. 6: Definition of "you" and "your"; and Objection No. 7: Defendants other than Cingular. Defendants further object that the request fails to describe the item or category of documents to be produced with reasonable particularity and is unduly burdensome and overbroad, particularly since Lee was employed by one or more of the Defendants beginning in 1988, and the request thus includes policies that could not conceivably bear on any issue in this action, and the request is not limited to policies related to the matters about which Lee complains is this action and orientation and training on those policies.

**REQUEST FOR PRODUCTION NO. 12**

Any and all documents pertaining to any meetings, discussions, encounters, and/or conversations, whether private or public, that Plaintiff had with you, or that you had with other employees, supervisors or managers regarding Plaintiff.

1. regarding contemplated/actual disciplinary action of Plaintiff;
2. regarding complaints/conduct of harassment or discrimination; and
3. regarding complaints/conduct of retaliation for complaining of harassment or discrimination

**OBJECTION:**

Defendants assert Objection No. 2: Time Frame; Objection No. 3: Scope; Objection No. 4: Undue Burden; Objection No. 5: Privacy; Objection No. 6: Definition of "you" and "your"; and Objection No. 7: Defendants other than Cingular. Defendants further object that the request is overbroad and unduly burdensome, particularly since it is unclear if it is limited to information concerning Lee, and since Lee was employed by one or more of the Defendants beginning in 1988 and does not allege in this action, and to Defendants' knowledge has never alleged, that he

was discriminated against or that he ever complained while employed of harassment or retaliation for having engaged in any protected activity.

## REQUEST FOR PRODUCTION NO. 13:

Any and all documents regarding internal or external investigations prepared as part of your routine personnel practices pertaining to Plaintiff's claim, including all documents that you provide to or received from the Equal Employment Opportunity Commission, the Texas Commission of Human Rights and/or the Texas Workforce Commission regarding Plaintiff, if any.

## OBJECTION:

Defendants assert Objection No. 1: Relevance; Objection No. 2: Time Frame; Objection

No. 3: Scope; Objection No. 4: Undue Burden; Objection No. 6: Definition of "you" and "your";

and Objection No. 7: Defendants other than Cingular. Defendants further object that the request

is vague and ambiguous with respect to what Plaintiff means by "Plaintiff's claim."

## REQUEST FOR PRODUCTION NO. 14:

All investigative files and other documents related to any complaints or changes [sic] against you by any current or former employee, including but not limited to documents by an allegations or complaints of discrimination, harassment or retaliation, harassment or violation of civil rights.

## OBJECTION:

Defendants assert Objection No. 1: Relevance; Objection No. 2: Time Frame; Objection

No. 3: Scope; Objection No. 4: Undue Burden; No. 5: Privacy; Objection No. 6: Definition of

"you" and "your"; and Objection No. 7: Defendants other than Cingular. Defendants further

object that the request is overbroad and unduly burdensome, particularly since it is not limited to

the same type of allegation of wrongful discharge made by Lee in this action.

**REQUEST FOR PRODUCTION NO. 15:**

Copies of any and all petitions, complaints, judgments or other documents filed in any lawsuits in which you are, or have been, named a party in any capacity relating to discrimination, retaliation, harassment or violation of civil rights.

**OBJECTION:**

Defendants assert Objection No. 1: Relevance; Objection No. 2: Time Frame; Objection No. 3: Scope; Objection No. 4: Undue Burden; No. 5: Privacy; Objection No. 6: Definition of "you" and "your"; and Objection No. 7: Defendants other than Cingular. Defendants further object that the request is overbroad and unduly burdensome, particularly since is not limited to the same type of allegation of wrongful discharge made by Lee in this action.

**REQUEST FOR PRODUCTION NO. 16:**

Copies of any and all internal complaints, charges of discrimination with the Equal Employment Opportunity Commission, the Texas Commission on Human Rights, or the U.S. Department of Labor, or written memorandum or letter of complaint by any current or former employee, or applicant for employment, alleging that you discriminated against them due to their sex, national origin, race, and/or age, retaliated against them, or alleged that your behavior toward them was improper.

**OBJECTION:**

Defendants assert Objection No. 1: Relevance; Objection No. 2: Time Frame; Objection No. 3: Scope; Objection No. 4: Undue Burden; No. 5: Privacy; Objection No. 6: Definition of "you" and "your"; and Objection No. 7: Defendants other than Cingular. Defendants further object that the request is overbroad and unduly burdensome, particularly since is not limited to the same type of allegation of wrongful discharge made by Lee in this action.

**REQUEST FOR PRODUCTION NO. 17:**

All documents of any kind or form whatsoever related to or evidencing any claims and/or complaints concerning conduct similar to that claimed by Plaintiff.

**OBJECTION:**

Defendants assert Objection No. 1: Relevance; Objection No. 2: Time Frame; Objection No. 3: Scope; Objection No. 4: Undue Burden; No. 5: Privacy; and Objection No. 7: Defendants other than Cingular. Defendants further object that the request fails to describe the item or category of documents to be produced with reasonable particularity and would require Defendants to speculate about what Lee believes are "claims and/or complaints concerning conduct similar to that claimed by Plaintiff."

**REQUEST FOR PRODUCTION NO. 18:**

All documents of any kind or form whatsoever relating to or evidencing any affirmative defense raised by you or any other Defendant in this case.

**OBJECTION:**

Defendants assert Objection No. 4: Undue Burden; Objection No. 6: Definition of "you" and "your"; and Objection No. 7: Defendants other than Cingular. Defendants further object to responding to affirmative defenses that may be raised by any other Defendant. Defendants further object that the request fails to describe the item or category of documents to be produced with reasonable particularity and exceeds the scope of permissible discovery and invades the attorney-client privilege and/or work-product doctrine because it would require Defendants' counsel to identify what documents she or he believes relates to or evidences any affirmative defense any of the Defendants may raise.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all documents of any kind reflecting Defendant's net worth.

**OBJECTION:**

Defendants assert Objection No. 1: Relevance; Objection No. 2: Time Frame; Objection No. 4: Undue Burden; and Objection No. 7: Defendants other than Cingular. Defendants further object that this request is premature and object to producing a document reflect its or their net worth until there has been a finding that Lee may recover punitive damages.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all financial statements prepared by or for you showing the company's assets, liabilities or net worth.

**OBJECTION:**

Defendants assert Objection No. 1: Relevance; Objection No. 2: Time Frame; Objection No. 4: Undue Burden; Objection No. 6: Definition of "you" and "your"; and Objection No. 7: Defendants other than Cingular. Defendants further object that this request is premature, to producing a document reflect its or their net worth until there has been a finding that Lee may recover punitive damages, and that the request is duplicative of Request No. 19.

Dated: April 12, 2004.

THOMPSON & KNIGHT LLP


By: *Liz Schutz by GS*

Elizabeth A. Schartz
State Bar No. 17727900

1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
Telephone:    (214) 969-1700
Facsimile:    (214) 969-1751

Gregory S. Meece
State Bar No. 13898350
THOMPSON & KNIGHT LLP
333 Clay Street, Suite 3300
Houston, Texas 77002
Telephone:    (713) 654-8111
Facsimile:    (713) 654-1817

David G. Oliveira
State Bar No. 15254675
Rene Oliveira
State Bar No. 15254700
ROERIG, OLIVEIRA & FISHER, L.L.P.
Suite 9, Price Plaza Building
855 West Price Road
Brownsville, Texas 78520
Telephone:    (956) 542-5666
Facsimile:    (956) 542-0016

J. Daniel Harkins
State Bar No. 09008990
James K. Spivey
State Bar No. 00794680
COX & SMITH INCORPORATED
112 East Pecan, Suite 1800
San Antonio, Texas 78205
Telephone:    (210) 554-5285
Facsimile:    (210) 226-8395


ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2004, a true and correct copy of the foregoing was served on all counsel of record listed below by certified mail, return receipt.

Eddie Trevino, Jr.
The Law Office of Eddie Trevino, Jr.
622 E. St. Charles Street
Brownsville, TX 78520

Ernesto Gamez
777 E. Harrison
Brownsville, TX 78520

Dennis Sanchez
Sanchez, Whittington, Janis & Zabarte, LLP
100 N. Expressway
Brownsville, TX 78521-2284

Robert John Myers
Robert John Myers & Associates
2700 Bee Caves Road, Suite 210
Austin, TX 78746

_____
Gregory S. Meece

077002 000031 DALLAS 1726129.1

**DEFENDANTS' OBJECTIONS TO**
**INTERVENOR/PLAINTIFF'S REQUEST FOR PRODUCTION – Page 18**