IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KENNETH D. LEE, JR.<br>Plaintiff | §<br>§<br>§ | |
| vs. | §<br>§ | |
| SOUTHWESTERN BELL MOBILE<br>SYSTEMS, INC.; SOUTHWESTERN<br>BELL WIRELESS, INC.;<br>SOUTHWESTERN BELL<br>WIRELESS, L.L.C; SOUTHWESTERN<br>BELL SYSTEMS, INC.; CINGULAR<br>WIRELESS, L.L.C; and<br>SBC COMMUNICATIONS, INC.<br>Defendants, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-04-069 |

United States District Court
Southern District of Texas
FILED

MAY 26 2004

Michael N. Milby
Clerk of Court

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR JURY TRIAL

Plaintiff, Kenneth D. Lee, Jr., asks the court for a jury trial, as authorized by Federal Rule of Civil Procedure 39(b).

### A.  Introduction

1. Plaintiff is Kenneth D. Lee, Jr.; Defendants are Southwestern Bell Mobile Systems, Inc.; Southwestern Bell Wireless, Inc.; Southwestern Bell Wireless, L.L.C.; Cingular Wireless, L.L.C; and SBC Communications, Inc.

2. On December 23, 2003, Plaintiff sued the Defendants for wrongful termination, by filing a Plea in Intervention, in cause number 2001-09-4057-G, in the 404th District Court of Cameron County, Texas. Said cause of action was initially brought by Dan Miller III and Z-Page Communications, Inc., alleging fraud and tortious interference with a business relationship. On April 13, 2004, the parties submitted an agreed order and the state court severed Plaintiff Lee's cause of action, becoming cause number 2004-04-2004-G, in the 404th District Court of Cameron County, Texas. Defendants filed their Notice of Removal on April 16, 2004.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR JURY TRIAL
PAGE- 1 -

3. Plaintiff alleges that the Defendants were faced with the above mentioned lawsuit filed by their former agent, Dan Miller III and his company Z-Page Communications, Inc., which involved information about which Plaintiff, Ken Lee, was aware. Z-Page operated cell phone stores as an agent of the Defendants, selling cellular phones, which were activated and operated by the Defendants. On September 1, 2000, Southwestern Bell Wireless sent a letter to Dan Miller III of Z-Page Communications, Inc., offering a "Premier Agent" program. Z-Page's account with the Defendants fell under Plaintiff, Ken Lee's area of responsibility. As mentioned above, Z-Page later sued the Defendants and deposed Plaintiff Lee as a primary fact witness.

4. Prior to and after Plaintiff's deposition was scheduled in January, 2002, Defendants attempted to coerce, intimidate and convince Plaintiff to testify falsely in a legal proceeding by limiting or modifying his testimony. However, Plaintiff insisted that he would have to testify truthfully on whatever he was asked in his deposition. Thereafter, not satisfied with Plaintiff's testimony, and in retaliation for that testimony, Defendants began to retaliate against Plaintiff by cutting his salary and pay schedule, creating a hostile work environment and making his working conditions intolerable. Plaintiff was wrongfully terminated on November 15, 2002, in violation of his rights.

5. Plaintiff Lee failed to demand a jury in accordance with Federal Rule of Civil Procedure 38(b) due to the belief that a jury trial had already been requested by the Plaintiff Z-Page, in the original state court action.

### B. Argument

6. Notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court may in its discretion upon

motion may order a trial by jury of any and all issues. Federal Rule of Civil Procedure 39(b).

7. In the Fifth Circuit, "the general rule governing belated jury requests ... is that the trial court 'should grant a jury trial in the absence of a strong and compelling reasons to the contrary.'" *O'Malley v. United States Fidelity and Guar. Co.*, 776 F.2d 494, 502 (5th Cir. 1985), (*quoting Swofford v. B&W, Inc.*, 336 F2d 406, 409 (5th Cir. 1964), *cert denied*, 379 U.S. 962, 13 L.Ed. 2d, 85 S.Ct. 653 (1965)). Although the court in *O'Malley* ultimately did not overturn the district court's denial of the request for a jury trial, the primary reason for the denial was the untimeliness of the request. In that case the request was made twenty-six months after the case was removed to federal court and only two months before the original trial setting.

8. In *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, the court cited five factors to determine whether to grant or deny a motion for jury trial: (1) whether the case involves issues that are best tried by a jury; (2) whether granting the motion would disrupt the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of delay in having requested a jury trial; and (5) the reason for the movant's tardiness. *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990).

9. In this cause, the Rule 26(f) joint case management plan meeting has not been conducted nor has the Joint Case Management Plan been filed with this court. Clearly, granting Plaintiff Lee's motion requesting a trial by jury will not result in a disruption of the court or the Defendants' schedule.

10. No trial date has been set in this cause. Granting Plaintiff Lee's motion requesting a trial by jury will not result in a delay of trial.

11. Because the Rule 26(f) joint case management plan meeting has not been conducted and the Joint Case Management Plan has not been filed with this court, the Defendants have not been unfairly surprised, by Plaintiff Lee's motion requesting a trial by jury.

12. No discovery has been conducted in this cause, other than the Defendants' blanket objections to discovery requested by the Plaintiff in the state court action. Therefore since the discovery process has yet to begin, granting Plaintiff Lee's motion requesting a trial by jury will not prejudice the adverse party.

13. The case before this court, wrongful termination, clearly involves issues best tried by a jury. As stated above, Plaintiff Lee was coerced to testify falsely in his depositions, and when he refused, the Defendants created a hostile work environment and made his working conditions intolerable. The fact issues of what occurred prior to and after the Plaintiff's depositions, should be decided by a jury.

14. Finally, Plaintiff would rely on his *Seventh Amendment* fundamental right to a trial by jury.

### C. Conclusion

15. There clearly are no strong and compelling reasons not to grant Plaintiff Lee's right to a trial by jury. The Defendants will suffer no harm, delay or prejudice by granting this motion.

16. For these reasons, Plaintiff asks the court to grant the motion for a jury trial.

Respectfully submitted,

*The Law Office of Eddie Trevino, Jr.*
622 E. St. Charles Street
Brownsville, Texas 78520
Phone: (956) 554-0683
Facsimile: (956) 554-0693

By: _____
Eddie Trevino, Jr.
State Bar No. 20211135
Federal Bar No. 11628

## CERTIFICATE OF SERVICE

I, Eddie Trevino, Jr., hereby certify that on this 26th day of May, 2004, a true and correct copy of the above foregoing document was forwarded by hand delivery, regular U.S. mail, by facsimile or by certified mail, return receipt requested to:

Mr. David Oliveira & Mr. Rene Oliveira
*Roerig, Oliveira & Fisher LLP*
855 W. Price Rd. Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

Ms. Elizabeth A. Schartz
*Thompson & Knight, LLP*
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
Telephone: (214) 969-1737
Facsimile: (214) 969-1751

Gregory S. Meece
Thompson & Knight LLP
333 Clay St., Ste. 3300
Houston, TX 770022
Telephone: (713) 654-8111
Facsimile: (713) 654-1871

By: _____
Eddie Trevino, Jr.