United States District Court
Southern District of Texas
FILED

JUN 0 1 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KENNETH D. LEE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-04-069 |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC; SOUTHWESTERN | § | |
| BELL WIRELESS, INC; | § | |
| SOUTHWESTERN BELL | § | |
| WIRELESS, L.L.C.; SOUTHWESTERN | § | |
| BELL SYSTEMS, INC.; CINGULAR | § | |
| WIRELESS, L.L.C.; and | § | |
| SBC COMMUNICATIONS, INC., | § | |
| | § | |
| Defendants. | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1.  **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

    The parties' lead counsel – Eddie Trevino for the plaintiff and Elizabeth A. Schartz for the defendants – conferred by telephone on May 31, 2004.

2.  **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    None.   This case originally was filed as a Plea in Intervention in *Z-Page Communications, Inc. v. Southwestern Bell Mobile Systems, Inc., et al.*; Cause No. 2001-09-4057-G, but was severed from the *Z-Page* case, and became Cause No. 2004-04-2004-G.

3.  **Specify the allegation of federal jurisdiction.**

    Cingular asserts that because the parties who have not been fraudulently joined are completely diverse and the amount in controversy exceeds $75,000, diversity jurisdiction exists under U.S.C. § 1332.   Plaintiff denies the claim of fraudulent joinder and no diversity exists between the parties.

JOINT DISCOVERY/CASE MANAGEMENT PLAN                                          1

4. **Name the parties who disagree and the reasons.**

Lee asserts that complete diversity does not exist as it has a valid cause of action against SBC Communications, Inc., a duly served defendant and a corporation with its principal place of business in San Antonio, TX, and not fraudulently jointed.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The parties do not anticipate that any other parties will be added.

6. **List anticipated interventions.**

The parties do not anticipate any interventions.

7. **Describe class action issues.**

The parties do not anticipate any class action issues.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties have agreed to make their initial disclosures by and exchange readily available documents on or before the initial pretrial conference.

9. **Describe the proposed agreed discovery plan, including:**

   A. **Responses to all the matters raised in Rule 26(f).**

   The parties at this time do not propose any changes to the timing, form, or requirement for disclosures. The parties anticipate discovery is needed as to Mr. Lee's employment records, medical records, the reason his employment was terminated, and his alleged damages. The parties at this time do not propose any changes to limitations on discovery under the rules or local rules. The parties are conferring about a mutually agreeable protective order concerning the use and disclosure of documents to present to the Court. If agreement on such an order cannot be reached, an appropriate motion will be filed with the Court.

   B. **When and to whom the plaintiff anticipates it may send interrogatories.**

   Plaintiff anticipates he may serve interrogatories and other written discovery requests on defendants Southwestern Bell Mobile Systems, Inc.; Southwestern Bell Wireless, Inc.; Southwestern Bell Wireless, L.L.C.; Cingular Wireless, L.L.C; and SBC Communications, Inc., within 60 days after the initial pretrial conference and approval of this plan.

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**                                    **2**

C.    **When and to whom the defendant anticipates it may send interrogatories.**

Defendants will serve interrogatories and other written discovery requests on the plaintiff after the plaintiff makes his initial disclosures and provides readily available documents.

D.    **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking oral depositions of Rob Forsyth, Judy Allen, Rudy Rogers, Lou Simmons, Beth Walls, Dr. Esteban Gonzalez, Janie Pohlmeyer, Tres Miller; plaintiff's experts and any experts designated by defendants; and other current or former employees of defendants who may have knowledge of relevant facts. Plaintiff anticipates taking these depositions between three and six months after the initial pretrial conference and approval of this plan.

E.    **Of whom and by when the defendant anticipates taking oral depositions.**

Defendants at this time anticipate taking the following depositions between three and nine months after the initial pretrial conference and approval of this plan: plaintiff, witnesses identified by the plaintiff in his initial disclosures, plaintiff's healthcare providers, any experts identified by the plaintiff, and certain former Cingular employees who may have knowledge of relevant facts, including Beth Walls and Judy Allen.

F.    **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will designate experts within 60 days and provide reports within 60 days thereafter. Defendants will designate any experts within 60 days after receiving the reports from plaintiff's designated experts and provide reports from their designated experts within 60 days thereafter.

G.    **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates deposing any expert designated by defendants.

H.    **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendants anticipate taking the depositions of all experts designated by plaintiff. Depending on the number and type of experts designated by plaintiff and the ready availability of certain documents, such as the efforts plaintiff has made to mitigate his claimed damages and amount and sources of income since his

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**                                      3

employment ended, defendants believe the expert depositions could be completed within 60 days after expert reports are received.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

Defendant responded to a Request for Disclosures in state court before the case was removed. Plaintiff served interrogatories and requests for production on defendants in the state court action, to which defendants objected but did not answer before the case was removed.

12. **State the date the planned discovery can reasonably be completed.**

The parties anticipate the planned discovery reasonably can be completed within nine months after the initial pretrial conference and approval of this plan.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties discussed whether there was any possibility for a prompt settlement or resolution and, if so, at what stage in the proceeding and by what method.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Plaintiff believes that a prompt settlement and resolution of this matter is possible. Plaintiff has had conversations with defendants' local counsel attorneys about settlement and mediation. Defendants' lead counsel has discussed the possibility of a prompt resolution with local counsel and her clients. Defendants do not believe there is a possibility of resolution before significant discovery has been completed.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Mediation would be an acceptable method to attempt to resolve this case. Defendants believe mediation would be most useful after the close of discovery and the time for filing dispositive motions has passed.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not agree at this time to trial before a magistrate judge.

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**                                    **4**

17.   **State whether a jury demand has been made and if it was made on time.**

Plaintiff's motion for jury trial has been filed by the plaintiff. Defendants' position is that no jury demand was timely made.

18.   **Specify the number of hours it will take to present the evidence in this case.**

Plaintiff believes it will take between 16 to 24 hours to present its case. Defendants believe it will take 12 to 16 hours to present their case.

19.   **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Plaintiff's Motion to Remand and Motion for Jury Trial. Defendants have not received the service copy of the Motion for Jury Trial and do not believe it will be ripe for ruling at the initial pretrial and scheduling conference.

20.   **List other motions pending.**

None at this time.

21.   **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.**

Defendants wish to discuss with the Court the disposition and use of certain of its attorney-client privileged and other documents and communications.

22.   **List the names, bar numbers, addresses and telephone numbers of all counsel.**

Counsel for Plaintiff:

      Eddie Trevino, Jr., Attorney-in-Charge
      State Bar No. 20211135
      Southern District Bar No. 11628
      ***THE LAW OFFICES OF EDDIE TREVINO, JR.***
      622 E. St. Charles Street
      Brownsville, TX 78520
      Phone: (956) 554-0683
      Facsimile: (956) 554-0693

Counsel for Defendants:

Elizabeth A. Schartz, Attorney-in-Charge
State Bar No. 17727900
Southern District Bar No. 22919
1700 Pacific Avenue, Suite 3300
***THOMPSON & KNIGHT LLP***
Dallas, Texas 75201
Telephone:    (214) 969-1700
Facsimile:    (214) 969-1751

Gregory S. Meece
State Bar No. 13898350
Southern District Bar No. 17487
THOMPSON & KNIGHT LLP
333 Clay Street, Suite 3300
Houston, Texas 77002
Telephone:    (713) 654-8111
Facsimile:    (713) 654-1871

David G. Oliveira
State Bar No. 15254675
Southern District Bar No. 13862
Rene Oliveira
State Bar No. 15254700
Southern District Bar No. 4033
ROERIG, OLIVEIRA & FISHER, L.L.P.
Suite 9, Price Plaza Building
855 West Price Road
Brownsville, Texas 78520
Telephone:    (956) 542-5666
Facsimile:    (956) 542-0016

Dated: May 31, 2004.

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**                    **6**

Respectfully submitted,


THOMPSON & KNIGHT LLP


By: _____
Elizabeth A. Schartz, Attorney-in-Charge
State Bar No. 17727900
Southern District Bar No. 22919

1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
Telephone:     (214) 969-1700
Facsimile:     (214) 969-1751

OF COUNSEL:

Gregory S. Meece
State Bar No. 13898350
Southern District Bar No. 17487
THOMPSON & KNIGHT LLP
333 Clay Street, Suite 3300
Houston, Texas 77002
Telephone:     (713) 654-8111
Facsimile:     (713) 654-1871

David G. Oliveira
State Bar No. 15254675
Southern District Bar No. 13862
Rene Oliveira
State Bar No. 15254700
Southern District Bar No. 4033
ROERIG, OLIVEIRA & FISHER, L.L.P.
Suite 9, Price Plaza Building
855 West Price Road
Brownsville, Texas 78520
Telephone:     (956) 542-5666
Facsimile:     (956) 542-0016

ATTORNEYS FOR DEFENDANTS




AND

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**                                    7

Eddie Trevino, Jr., Attorney-in-Charge
State Bar No. 20211135
Southern District Bar No. 11628
THE LAW OFFICES OF EDDIE TREVINO, JR.
622 E. St. Charles Street
Brownsville, TX 78520
Phone: (956) 554-0633
Facsimile: (956) 554-0693

ATTORNEY FOR PLAINTIFF

077002 000031 DALLAS 1746455.2

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**                                      8