IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 3 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| KENNETH D. LEE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-04-069 |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC; SOUTHWESTERN | § | |
| BELL WIRELESS, INC; | § | |
| SOUTHWESTERN BELL | § | |
| WIRELESS, L.L.C.; SOUTHWESTERN | § | |
| BELL SYSTEMS, INC.; CINGULAR | § | |
| WIRELESS, L.L.C.; and | § | |
| SBC COMMUNICATIONS, INC., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND

Defendants Southwestern Bell Mobile Systems, Inc., (through its successor by merger, Southwestern Bell Mobile Systems, LLC), Southwestern Bell Wireless Inc. (through its successor by merger, Southwestern Bell Wireless, LLC), Southwestern Bell Wireless, LLC, "Southwestern Bell Systems, Inc.," Cingular Wireless LLC ("Cingular"), and SBC Communications Inc. ("SBC") (collectively "Defendants") submit this response to plaintiff Kenneth D. Lee Jr.'s motion to remand.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................... ii

I. INTRODUCTION ......................................................... 1

II. STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT ............. 1

III. SUMMARY OF THE ARGUMENT .......................................... 2

IV. RELEVANT DATES ..................................................... 2

V. LEGAL STANDARD ...................................................... 3

VI. ARGUMENT ........................................................... 4

      A.    Lee fails to plead any factual allegations against SBC. ..................... 4

      B.    Lee's fails to state cognizable claims against SBC under *Sabine Pilot* or for
             intentional infliction of emotional distress. .............................. 5

      C.    Lee was not, and has never been, an SBC employee. ...................... 7

VII. CONCLUSION ......................................................... 11

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND – Page i**

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Conseco Finance Leasing Trust,*
    2001 WL 611160 (N.D. Tex. June 1, 2001) ........................................ 7

*Austin v. Healthtrust, Inc.-The Hospital Co.,*
    967 S.W.2d 400 (Tex. 1998) ........................................ 5, 6

*B., Inc. v. Miller Brewing Co.,*
    663 F.2d 545 (5th Cir. Unit A 1981) ........................................ 3

*Badon v. Nabisco Inc.,*
    224 F.3d 382 (5th Cir. 2000) ........................................ 4

*Brewerton v. Dalrymple,*
    997 S.W.2d 212 (Tex. 1999) ........................................ 7

*Burden v. General Dynamics Corp.,*
    60 F.3d 213 (5th Cir. 1995) ........................................ 3, 4

*Chavez v. McDonald's Corp.,*
    1999 WL 814527 (N.D. Tex. Oct. 8, 1999) ........................................ 7

*City of Midland v. O'Bryant,*
    18 S.W.3d 209 (Tex. 2000) ........................................ 5, 7

*Goosens v. AT&T,*
    2000 WL 33348222 (W.D. Tex. April 3, 2000) ........................................ 7

*Griggs v. State Farm Lloyds,*
    181 F.3d 694 (5th Cir. 1999) ........................................ 3, 4, 5

*GTE Southwest, Inc. v. Bruce,*
    998 S.W.2d 605 (Tex. 1999) ........................................ 6, 7

*LeJeune v. Shell Oil Co.,*
    950 F.2d 267 (5th Cir. 1992) ........................................ 4

*Oppenheimer Fund, Inc. v. Sanders,*
    437 U.S. 340 (1978) ........................................ 11

*Sabine Pilot Service, Inc. v. Hauck,*
    687 S.W.2d 733 (Tex. 1985) ........................................ 5, 6

*Sid Richardson Carbon & Gasoline Co. v. Interengery Resources, Ltd.,*
    99 F.3d 746 (5th Cir. 1996) ........................................ 4

*Southwestern Bell Mobile System v. Franco,*
    971 S.W.2d 52 (Tex. 1998) ............................................................ 7

*Texas Farm Bureau Mutual Ins. Cos. v. Sears,*
    84 S.W.3d 604 (Tex. 2002) ...................................................... 5, 7

*Wilson v. Monarch Paper Co.,*
    939 F.2d 1138 (5th Cir. 1991) .................................................... 6

*Winters v. Houston Chronicle Pub'l Co.,*
    795 S.W.2d 723 (Tex. 1990) ...................................................... 5, 6

## STATUTES

28 U.S.C. § 1332 ............................................................................ 3

28 U.S.C. § 1441(a) ........................................................................ 3

Tex. Civ. Prac. & Rem. Code Ann. §16.003 ................................ 8

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND - Page iii**

# I. INTRODUCTION

Lee filed a Plea in Intervention against the Defendants on December 23, 2003, in an action styled *Z-Page Communications, Inc. v. Southwestern Bell Mobile Systems, Inc, et. al.*, Cause No. 2001-09-4057-G, in the 404th Judicial District Court of Cameron County, Texas. The Defendants later moved to strike the intervention. *Intervenor's Plea in Intervention*; *Defendants' Amended Motion to Strike Kenneth D. Lee, Jr.'s Plea in Intervention.*[1] The state court denied the motion, but by order dated April 13, 2004, and at Lee's request, it severed the plea in intervention from the *Z-Page* litigation, and ordered that it pend as an independent action, styled *Lee v. Southwestern Bell Mobile Systems, Inc., et. al.*, Cause No. 2004-04-2004-G, in the 404th Judicial District of Cameron County, Texas. *Order on Defendants' Motion to Strike Intervention.*

The Defendants then removed the *Lee* case based on diversity jurisdiction. *Defendants' Notice of Removal.* In their notice of removal, the Defendants acknowledged that SBC's principal place of business is in San Antonio, Texas; however, they invoked the fraudulent-joinder doctrine based on Lee's failure to state a legally cognizable claim against SBC. *Id.* at ¶¶ 11-17. On May 14, 2004, Lee moved to remand the case to state court. *Plaintiff's Motion & Notice of Motion for Remand.*

## II. STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT

The dispute before the Court is straightforward. Lee says the case should be remanded for lack of diversity jurisdiction. But the Court must ignore the citizenship of non-diverse defendant SBC if SBC was "fraudulently joined." The issue before the Court thus is whether there is any

---

[1] The court papers referred to in this response are on file with the Court as part of Defendants' Notice of Removal. A copy of Intervenor's Plea in Intervention is attached to this response as Exhibit A for the Court's convenience.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND – Page 1**

possibility that Lee can establish his claims against SBC. Because there manifestly is no such possibility, the case was properly removed and cannot be remanded.

### III. SUMMARY OF THE ARGUMENT

There is no possibility that Lee can prevail on his wrongful termination claim under *Sabine Pilot* or his intentional infliction of emotional distress claim against SBC. First, Lee fails to plead any factual allegations against SBC; for this reason alone, the motion to remand should be denied. Next, Lee fails to state any cognizable claims against SBC under *Sabine Pilot* or for intentional infliction of emotional distress, because he admits he was employed by Cingular at the time of his discharge. Finally, Lee undisputably was not, and has never been, an SBC employee. In fact, SBC is a holding company and has no employees at all. For that reason too, he has no possibility of prevailing on his claims against SBC, and his motion to remand should be denied.

### IV. RELEVANT DATES

- **July 11, 1988:** Lee was hired by Southwestern Bell Mobile Systems, Inc.

- **1997:** Lee's employment was transferred to Southwestern Bell Wireless Inc.

- **September 29, 2000:** Lee became employed by Southwestern Bell Wireless, LLC upon the merger of Southwestern Bell Wireless Inc. and Southwestern Bell Wireless, LLC.

- **September 14, 2001:** *Z-Page* suit is filed.

- **October 28, 2001:** Lee became an employee of Cingular through its affiliate, Cingular Wireless Employee Services, LLC.

- **January 31, 2002:** Lee was deposed as a fact witness in the *Z-Page* litigation.

- **November 15, 2002:** Lee's employment ended as part of a company-wide staff reduction.

- **December 23, 2003:** Lee filed his Plea in Intervention in the *Z-Page* litigation,

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND – Page 2**

alleging that prior and after his deposition on January 31, 2002, "Defendants attempted to coerce, intimidate, and convince [him] to testify falsely." Lee further alleges that he was retaliated against for refusing to testify untruthfully. Specifically, Lee claims that "Defendants" cut his salary and pay schedule, created a hostile work environment, and made his work conditions intolerable.

## V. LEGAL STANDARD

A case may be removed if it falls within the district court's original jurisdiction. 28 U.S.C. § 1441(a). A district court has original diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. When a plaintiff fraudulently joins a defendant, the defendant's citizenship must be ignored for purposes of determining whether a federal court has diversity jurisdiction. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

A party removing a case on fraudulent-joinder grounds has the burden of showing either that (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts or (2) there is no possibility that the plaintiff would be able to establish the cause(s) of action asserted in the complaint against the in-state defendant under state law. *Id.* This case involves only the latter inquiry: whether, "'as a matter of law, there [is] no reasonable basis for predicting that the plaintiff might establish liability against a named in-state defendant in state court.'" *Id.* (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548 (5th Cir. Unit A 1981)). "Stated differently, [the Court] must determine whether there is any reasonable basis for predicting that [Lee] might be able to establish [SBC's] liability on the pleaded claims in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

Fraudulent joinder arguments are disposed of through a summary-judgment-like procedure: "A court is to pierce the pleadings to determine whether, under controlling state law, the non-

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND – Page 3**

removing party has a valid claim against the non-diverse party." *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992); *accord Badon v. Nabisco Inc.*, 224 F.3d 382, 389-90 (5th Cir. 2000). Thus, both sides may present evidence addressing whether there is a possibility that the in-state defendant can be liable on the claims asserted in the petition. *Burden*, 60 F.3d at 217 & n.18 (citing other cases). A plaintiff's evidence, may only "clarify or amplify the claims actually alleged" in the petition; the plaintiff may not "present new causes of action or theories not raised in the controlling petition filed in state court." *Griggs*, 181 F.3d at 700. In reviewing the evidence, as in the summary judgment context, the Court must resolve all contested issues of material fact in favor of the plaintiff. *Id.* at 699. In addition, the Court must consider affirmative defenses in ruling on the motion to remand. *See Sid Richardson Carbon & Gasoline Co. v. Interengery Resources, Ltd.*, 99 F.3d 746, 753 (5th Cir. 1996).

## VI. ARGUMENT

### A.    Lee fails to plead any factual allegations against SBC.

The fraudulent-joinder determination is based on the claims and facts alleged in the petition at the time of removal. *Griggs*, 181 F.3d at 700. Lee failed to plead <u>any</u> facts whatsoever against SBC in the Plea in Intervention. *See Intervenor's Plea in Intervention.* Indeed, Lee's only allegations are that after his deposition on January 31, 2002, "Defendants began to retaliate against Intervenor/Plaintiff by cutting his salary and pay schedule, creating a hostile work environment and making his working conditions intolerable." *See Intervenor's Plea in Intervention* § II . Lee uses the term "Defendants" generically in stating his claims, but alleges no facts specific to SBC that even

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND – Page 4**

remotely relate to those claims.[2]  *Id.*

In a similar situation, the Fifth Circuit held that the plaintiff's use of the term "defendants" without identifying any specific, actionable conduct by the non-diverse defendant was insufficient to survive a fraudulent-joinder challenge.  *See Griggs*, 181 F.3d at 699 (finding fraudulent joinder and affirming Rule 11 sanctions against plaintiff where plaintiff named individual as defendant and used the term "defendants" in asserting causes of action but "alleged no actionable facts specific to" the individual).  Thus, the lack of factual allegations in Lee's Plea in Intervention is alone enough to establish fraudulent joinder.

**B.      Lee's fails to state cognizable claims against SBC under *Sabine Pilot* or for intentional infliction of emotional distress.**

Texas courts have held steadfast to the employment-at-will doctrine, which provides that employment for an indefinite term may be terminated at will and without cause.  *See, e.g., Texas Farm Bureau Mutual Ins. Cos. v. Sears*, 84 S.W.3d 604, 608 (Tex. 2002); *Austin v. Healthtrust, Inc.- The Hospital Co.*, 967 S.W.2d 400 (Tex. 1998).  In *Sabine Pilot*, the Texas Supreme Court recognized a limited exception to the doctrine, allowing an employee to sue in the case of a <u>discharge</u> solely for refusing to perform an illegal act that carries criminal penalties.  *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985).  The *Sabine Pilot* exception is very narrowly drawn. *Id*; *see also Winters v. Houston Chronicle Pub'l Co.*, 795 S.W.2d 723 (Tex. 1990).  Indeed, the Texas Supreme Court has consistently refused to expand the exception.  *See City of Midland v. O'Bryant*, 18 S.W.3d 209, 216 (Tex. 2000) (declining to recognize a duty of good faith and fair

---

[2]   The only Defendants mentioned by name in Lee's Plea in Intervention are Cingular and Southwestern Bell Mobile Systems.  Lee's reference to Southwestern Bell Mobile Systems is presumably a reference to the named Defendant Southwestern Bell Mobile Systems, Inc.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND – Page 5**

dealing in the employer-employee relationship); *Healthtrust, Inc.-The Hospital Co.*, 967 S.W.2d at 403 (holding that there is no common-law whistleblower exception to at-will employment); *Winters*, 795 S.W.2d at 724-25 (refusing to recognize a new exception to wrongful discharge).

The *Sabine Pilot* exception to the at-will doctrine applies only to discharges; other alleged conduct short of discharge is not actionable. *See Sabine Pilot Serv., Inc.*, 687 S.W.2d at 735; *Winters*, 795 S.W.2d at 724-25. Thus, Lee cannot recover under *Sabine Pilot* for any alleged harassment, coercion, or intimidation. *See Intervenor's Plea in Intervention* § II. Lee admits he was a Cingular employee at the time of his discharge. *Declaration of Kenneth D. Lee. Jr.* ("*Lee Decl.*") at ¶ 4 (attached as Exhibit C to Plaintiff's Memorandum in Support of Motion to Remand ("*Remand Brief*"); *Declaration of J. Daniel Harkins* ("*Harkins Decl.*") ex. 3 at p. 4 (excerpts from Lee's deposition), attached as Exhibit B. Accordingly, Lee cannot prevail as a matter of law on his *Sabine Pilot* claim against SBC, and SBC therefore has been fraudulently joined.

Likewise, Lee has no possibility of prevailing on his intentional infliction of emotional distress ("IIED") claim against SBC because the facts pleaded do not state a cognizable claim. IIED requires, among other things, conduct that is so extreme in degree and outrageous in character, that it goes beyond all possible bounds of decency and is regarded as atrocious, and utterly intolerable in a civilized community. *See GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 612-13 (Tex. 1999). As a matter of law, neither ordinary employment disputes, nor wrongful termination, are sufficient to constitute extreme and outrageous conduct. *Id.* "[E]xcept in the most unusual cases" even illegal, discriminatory, or malicious conduct, "as deplorable as it may sometimes be," is not "extreme and outrageous." *Wilson v. Monarch Paper Co.*, 939 F.2d 1138, 1143 (5th Cir. 1991) (emphasis in original). In fact, "it is not enough that the defendant has acted with an intent that is tortious,

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND – Page 6**

malicious, or even criminal, or that he has intended to inflict emotional distress." *Bruce*, 998 S.W.2d at 616. The Texas Supreme Court has unequivocally reaffirmed these principles in a handful of recent cases.[3] In short, even if Lee could prove that he was harassed, retaliated against, and ultimately laid off for the sole reason that he refused to perjure himself, he could not make out a viable IIED claim. Under those circumstances, a defendant is fraudulently joined, and a motion to remand should be denied.[4]

In sum, whether SBC has been fraudulently joined hinges on whether there is any possibility that Lee will be able to establish a claim against SBC. He plainly cannot. No additional analysis is necessary for the Court to deny the motion, regardless of who employed Lee. Nonetheless, the Defendants have gone to the trouble of obtaining evidence making it absolutely clear that SBC was not ever, much less at any relevant time, an employer of Lee.

**C.    Lee was not, and has never been, an SBC employee.**

Lee attempts to avoid removal by claiming that he is not certain, but he may have been employed by SBC at some undetermined time. At the outset, it is helpful to set out what is the

---

[3] *See Sears*, 84 S.W.3d at 610-13 (no "extreme and outrageous" conduct in investigating agent of insurance company); *O'Bryant*, 18 S.W.3d at 216-17 (reclassification of positions not "extreme and outrageous"); *Southwestern Bell Mobile Sys. v. Franco,* 971 S.W.2d 52, 54 (Tex. 1998) (plaintiffs argued "extreme and outrageous" conduct was their discharges in retaliation for reporting sexual harassment; "the mere fact of termination of employment, even if the termination is wrongful, is not legally sufficient evidence that the employer's conduct was extreme and outrageous"); *Brewerton v. Dalrymple,* 997 S.W.2d 212, 216 (Tex. 1999) (retaliatory conduct by university officials who made negative comments in tenure file, recommending plaintiff not continue on tenure track, restricting plaintiff's speech, and giving plaintiff excessive work load not "extreme and outrageous").

[4] *See, e.g., Burden,* 60 F.3d at 221 (finding fraudulent joinder where the plaintiff failed to state a claim for intentional infliction of emotional distress); *Anderson v. Conseco Finance Leasing Trust,* 2001 WL 611160, *3 (N.D. Tex. June 1, 2001) (same); *Goosens v. AT&T,* 2000 WL 33348222, at *5 (W.D. Tex. April 3, 2000)(same); *Chavez v. McDonald's Corp.,* 1999 WL 814527, *3-*4 (N.D. Tex. Oct. 8, 1999) (same).

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND – Page 7**

relevant time frame. The statute of limitations for both *Sabine Pilot* and intentional infliction of emotional distress claims is two years. TEX. CIV. PRAC. & REM. CODE ANN. §16.003. Lee filed his Plea in Intervention on December 23, 2003. Thus, December 23, 2001 is the earliest date on which Lee's claims could have arisen. Of course, Lee's *Sabine Pilot* and IIED claims are based on the Defendants' alleged dissatisfaction with his deposition testimony. *See Intervenor's Plea in Intervention* § II. Because Lee's deposition was on January 31, 2002, the only time frame relevant to the Court's analysis is from January 31, 2002, the date of Lee's first deposition, *Intervenor's Plea in Intervention* § II; *Harkins Decl.* ex. 3 at p. 1, to November 15, 2002, the date Lee's employment ended.[5] *Intervenor's Plea in Intervention* § II; *Declaration of Chinita Allen ("Allen Decl.")* at ¶ 3, attached as Exhibit C.

The evidence establishes that Lee was a Cingular employee from October 28, 2001, until his employment ended on November 15, 2002. *See Allen Decl.* at ¶ 3, attached as Exhibit C; *Declaration of Juanita LeMaire ("LeMarie Decl.")* ¶¶ 3-5, attached as Exhibit D (Lee's W-2 Wage and Tax Statements from 2001-2003);[6] *Declaration of Robert Forsyth ("Forsyth Decl.)* at ¶ 3, attached as Exhibit F. In other words, during the entire two-year limitations period and the relevant time period, after January 31, 2002, Lee was a Cingular employee. *Forsyth Decl.* ¶ 3; *Allen Decl.* ¶ 3; *Harkins Decl.* ex. 3 at pp. 4-5 (excerpts from Lee's deposition).

Moreover SBC is incorporated under the laws of the State of Delaware and has its principal

---

[5] Lee refers to September 1, 2000, as "the time the events between Z-Page and the Defendants began." *See Remand Brief* at ¶17. While that date may be relevant in the *Z-Page* case, is has no relevance here because *Lee's* claims did not arise in September of 2000.

[6] Lee's W-2 from 2001 includes the period before Southwestern Bell Wireless became Cingular Wireless, LLC; Lee was employed by Southwestern Bell Wireless LLC at this time. *LeMarie Decl.* ¶ 5. Lee's 2000 W-2 came from Southwestern Bell Wireless. *Id.* at ¶ 6.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND – Page 8**

place of business in San Antonio, Texas. *Declaration of Carolyn J. Wilder* ("*Wilder Decl.*") at ¶ 6, attached as Exhibit E. SBC is a holding company. *See Wilder Decl.* at 6; *Forsyth Decl.* at ¶ 5. It does not have employees. *See Declaration of Glenn Gross* ("*Gross Decl.*") at ¶ 4, attached as Exhibit G. Accordingly, Lee could not have been, and was not, employed by SBC.

Lee does not refute that evidence; he just says that he and some unidentified co-workers "always considered" themselves to be SBC employees "regardless of what actual legal corporate entity" they actually were employed by, and that he was "confused" by some benefits correspondence he received. *Lee Decl.* ¶¶ 5-6; *Remand Brief* at ¶ 16. Lee was not similarly confused in January, 2002 when he had no tactical reason to claim confusion and he correctly testified about who employed him and the order in which they did so. *Harkins Decl.*, ex. 3 at pp. 4, 5, 9, 10 (excerpts from Lee's deposition). Lee's confusion, however legitimate, is not <u>evidence</u> that SBC – a holding company with no employees – was or might ever have been his employer.

Nor is Lee's case advanced by attaching various documents with "SBC" or the SBC logo on them. None of those documents even hints at SBC's alleged status as his employer. Moreover, a brief look at Lee's "evidence" undermines his argument.

First, the name badge attached as Exhibit 1 to Lee's declaration reflects Lee's employer before Cingular: Southwestern Bell Wireless. Lee surely does not claim that the presence of the "SBC" logo and the legal name of the holding company on the badge is enough to create an issue about who his employer was.

Second, the envelope attached as Exhibit 3 to Lee's declaration simply shows the "SBC" logo. The attached paycheck reflects Lee's employer as of September 2000: Southwestern Bell Wireless. That date, of course, is well outside the limitations period.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND – Page 9**

Third, Lee's reliance on various benefit plan communications is misplaced. Unremarkably, SBC sponsors various employee benefit plans for eligible subsidiaries who elect to participate. *See Gross Decl.* at ¶ 2; *Declaration of Greg Griffin* at ¶ 2, attached as Exhibit H. Lee worked for such subsidiaries: Southwestern Bell Mobile Systems, Inc., then Southwestern Bell Wireless Inc., then Southwestern Bell Wireless LLC. Lee did participate in the SBC Pension Plan. Benefits that he accrued under the plan were transferred to the Cingular Wireless Pension Plan on the date his employment was transferred to Cingular. *Id.* at ¶ 4. Indeed, the very communication from Cingular Benefits Lee attaches as Exhibit 5 to his declaration shows just that. The form letter simply – and understandably – did not distinguish between the subsidiaries of SBC who previously had employed the recipient. *Id.* at ¶ 5. That Lee once participated in a pension plan sponsored by his employer's ultimate owner outside the limitations period means nothing.

Similarly, Lee participated in various stock option plans sponsored by SBC by virtue of the participation of Southwestern Bell Mobile Systems and later Southwestern Bell Wireless in those plans and his position. *Gross Decl.* at ¶ 6. Exhibits 2, 4, and 6 to Lee's declaration are simply routine communications about the stock options he was granted, dividends paid on SBC stock he owned, and the 2001 stock option grant while he was still employed by Southwestern Bell Wireless. *Id.* at ¶¶ 6-9. None of those communications reflect who Lee's employer was. *Id.* And the reference of the Chairman of SBC to "fellow SBC Manager" in announcing the 2001 stock option grant makes up for in brevity what it lacks in legal technicalities.

Lee's claim that he "attended seminars conducted by SBC for SBC employees. . . ." in addition to being conclusory, is irrelevant. It comes as little surprise that an employee of a subsidiary might attend training at the holding company's headquarters. *See Lee Decl.* ¶ 8.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND – Page 10**

Finally, Lee points to the deposition of one of his former superiors, Rob Forsyth, either to support his claim of employer-confusion or, perhaps, because he might claim that Forsyth is the wrongdoer. In any event, Lee mischaracterizes Forsyth's testimony. Lee attaches to his motion, but does not refer to, pages 17-18 of Forsyth's deposition testimony. That discussion related to the time from 1997 to the fall of 2000 when Forsyth was working for California Pacific Bell Wireless. *Forsyth Decl.* ¶ 6. The questioning on page 41 of Forsyth's deposition concerned his move from Pacific Bell Wireless to Southwestern Bell Wireless during the irrelevant period of the fall of 2000. The questioning attorney simply asked Forsyth to confirm that the discussion still concerned "cellular phone service from SBC." *Id.* Forsyth, unremarkably, did. *Id.* Forsyth too was a bit confused about the identity of his legal employer at times, but it is perfectly clear, as it is with Lee, that he was never employed by SBC. *Id.*; *see also Gross Decl.* ¶ 4.[7]

## VII. CONCLUSION

Lee cannot seriously expect the Court to accept that he was or might have been employed by a holding company given his own testimony and the unassailable evidence presented by the Defendants. What is more, Lee's pleadings doom his motion to remand. His *Sabine Pilot* claim is limited to his discharge on November 15, 2002, a date everyone agrees he was working for Cingular. And the broadest possible range of dates on Lee's IIED claim is the two-year period from December

---

[7] The Defendants are puzzled by Lee's reference to the objections made to the discovery served in state court. Why the Defendants objected without answering is apparent in the introduction: they did so to avoid waiving the objections since there was uncertainty above the date the requests were served and Lee's counsel never responded to the Defendants' repeated requests to an agreed upon date for responding. After making the objections, the case was removed. If Lee truly remains confused about who employed him, he can serve discovery under the federal rules. *See generally Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) ("where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues").

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND – Page 11**

23, 2001 to the date he filed suit, December 23, 2003.  Again, <u>all</u> the evidence shows beyond doubt that Lee was employed only by Cingular during this period.

Finally, this is precisely the sort of case the removal statute and the fraudulent-joinder doctrine were intended to apply to:  A resident of a state has sued one large out-of-state corporation making serious and incendiary charges and named a related resident corporation against whom he cannot possibly state a claim.  The Defendants thus request the Court to deny Lee's motion to remand.[8]

Date:  June 2, 2004.

---

[8] Defendants note Lee's alternative request for a remand "in the interests of justice."  Significantly, he cites no authority for that request.  That is because there is none:  remands are not allowed "in the interest of justice."

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND – Page 12**

THOMPSON & KNIGHT LLP

By: _____

Elizabeth A. Schartz, Attorney-in-Charge
State Bar No. 17727900
Southern District Bar No. 22919

1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
Telephone:(214) 969-1700
Facsimile:(214) 969-1751

OF COUNSEL:

Gregory S. Meece
State Bar No. 13898350
Southern District Bar No. 17487
Thompson & Knight LLP
333 Clay Street, Suite 3300
Houston, Texas 77002
Telephone:(713) 654-8111
Facsimile:(713) 654-1871

David G. Oliveira
State Bar No. 15254675
Southern District Bar No. 13862
Rene Oliveira
State Bar No. 15254700
Southern District Bar No. 4033
ROERIG, OLIVEIRA & FISHER, L.L.P.
Suite 9, Price Plaza Building
855 West Price Road
Brownsville, Texas 78520
Telephone:(956) 542-5666
Facsimile:(956) 542-0016

ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 2, 2004, a true and correct copy of the foregoing was served on plaintiff's counsel of record listed below by private overnight delivery service.

Eddie Trevino, Jr.
The Law Office of Eddie Trevino, Jr.
622 E. St. Charles Street
Brownsville, TX 78520

_____
Elizabeth A. Schartz
David G. Oliveira
Rene Oliveira

077002 000031 DALLAS 1747007.1

CAUSE NO. 2001-09-4057-G

| | | |
|---|---|---|
| Z-PAGE COMMUNICATIONS, INC. | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; et al | § | |
|     Defendants | § | |
| | § | |
| | § | 404TH JUDICIAL DISTRICT |

_____

| | | |
|---|---|---|
| KENNETH D. LEE, JR. | § | |
|     Intervenor/Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC.; SOUTHWESTERN | § | |
| BELL WIRELESS, INC.; | § | |
| SOUTHWESTERN BELL | § | |
| WIRELESS, L.L.C; SOUTHWESTERN | § | |
| BELL SYSTEMS, INC.; CINGULAR | § | |
| WIRELESS, L.L.C; and | § | |
| SBC COMMUNICATIONS, INC. | § | |
|     Defendants, | § | CAMERON COUNTY, TEXAS |

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

DEC 2 3 2003

DISTRICT . CAMERON COUNTY TEXA
DEPUT

## INTERVENOR'S PLEA IN INTERVENTION

NOW COMES INTERVENOR/PLAINTIFF KENNETH D. LEE, JR. (hereinafter "INTERVENOR"), and files this Petition in Intervention as Party-Plaintiff in this case.

I.

## PARTIES

Plaintiff KENNETH D. LEE, JR. is a resident of Harlingen, Cameron County, Texas.

Defendant SOUTHWESTERN BELL MOBILE SYSTEMS, INC. is a limited liability corporation operating under the laws of the State of Texas in Cameron County and the State of Texas. Service of citation upon this Defendant may be had by serving its attorney of record by certified mail return receipt requested at the following address:

Mr. Dan Harkins
*Cox & Smith*
112 E. Pecan Suite 1800
San Antonio, Texas 78205

Defendant SOUTHWESTERN BELL WIRELESS, INC. is a limited liability corporation operating under the laws of the State of Texas in Cameron County and the State of Texas. Service of citation upon this Defendant may be had by serving its attorney of record by certified mail return receipt requested at the following address:

Mr. Dan Harkins
*Cox & Smith*
112 E. Pecan Suite 1800
San Antonio, Texas 78205

Defendant SOUTHWESTERN BELL WIRELESS, L.L.C. is a limited liability corporation operating under the laws of the State of Texas in Cameron County and the State of Texas. Service of citation upon this Defendant may be had by serving its attorney of record by certified mail return receipt requested at the following address:

Mr. Dan Harkins
*Cox & Smith*
112 E. Pecan Suite 1800
San Antonio, Texas 78205

Defendant SOUTHWESTERN BELL SYSTEMS, INC. is a corporation operating under the laws of the State of Texas in Cameron County and the State of Texas. Service of citation upon this Defendant may be had by serving its attorney of record by certified mail return receipt requested at the following address:

Mr. Dan Harkins
*Cox & Smith*
112 E. Pecan Suite 1800
San Antonio, Texas 78205

Defendant CINGULAR WIRELESS, L.L.C. is a limited liability corporation operating under the laws of the State of Texas in Cameron County and the State of Texas. Service of citation upon this Defendant may be had by serving its registered agent by certified mail return receipt requested at the following address:

Corporation Service Company
701 Brazos St. Suite 1050
Austin, Texas 78701

Defendant SBC COMMUNICATIONS, INC. is a corporation operating under the laws of the State of Texas in Cameron County and the State of Texas. Service of citation upon this Defendant may be had by serving its registered agent by certified mail return receipt requested at the following:

C.T. Corporations Systems
350 North Saint Paul Street
Dallas, Texas 75201

II.

ORIGINAL PETITION

Intervenor/Plaintiff KENNETH D. LEE, JR. began working with Southwestern Bell Mobile Systems on July 11, 1988, as Director of Operations for the Rio Grande Valley. He thereafter was given additional responsibilities over the Laredo and Corpus Christi markets. Intervenor/Plaintiff's employment duties involved the sales and marketing of cellular telephones. During the year 2000, Southwestern Bell Mobile Systems was converted to Cingular Wireless, L.L.C. In late August or early September 2000, Robert Forsyth began working with Defendant Cingular as a Vice President/General Manager for the greater Texas region, and he thereafter acted in a supervisory capacity over Intervenor/Plaintiff Lee.

Sometime thereafter, Defendants were faced with this lawsuit filed by their former agent, Dan Miller III and his company Z-Page Communications, Inc. which involved information about which Plaintiff was aware. Prior to and after Intervenor/Plaintiff's deposition was scheduled in January, 2002, Defendants attempted to coerce, intimidate and convince Intervenor/Plaintiff to testify falsely in a legal proceeding by limiting or modifying his testimony. However, Intervenor/Plaintiff insisted that he would have to testify truthfully on whatever he was asked in his deposition. Thereafter, not satisfied with Intervenor/Plaintiff's testimony, and in retaliation for that testimony, Defendants began to retaliate against Intervenor/Plaintiff by cutting his salary and pay schedule, creating a hostile work environment and making his

working conditions intolerable.    Intervenor/Plaintiff was wrongfully terminated on November 15, 2002, in violation of his rights.

III.

### INTERVENOR'S CAUSE OF ACTION

As a result of the actions described above, Defendants have violated Intervenor/Plaintiff's rights.  Defendants' actions were in violation of the common law of Texas, in that Defendants retaliated against Plaintiff for refusing to perform an illegal act, *i.e.*, for refusing to testify falsely in a legal proceeding.  Defendants are further liable for their intentional infliction of emotional distress on Intervenor/Plaintiff, and for malice, for the actions described above.  Defendants are each individually and jointly and severally liable for the actions alleged herein.

IV.

### DAMAGES

As a direct and proximate result of the facts made the basis of this lawsuit, Plaintiff sustained personal injuries and damages, and those injuries and damages were proximately caused by the acts and/or omissions of Defendants, for which Plaintiff now seeks recovery.  Such damages include a loss of wages and wage earning capacity, loss of income and income opportunities, including company stock options, loss of past and prospective earnings, and mental pain, suffering and anguish in the past and in the future. In sum, Intervenor/Plaintiff seeks all actual and compensatory damages to which he may be entitled under the law.  Intervenor/Plaintiff further seeks the recovery of punitive or exemplary damages from Defendants in an amount to be determined entirely by the discretion of the jury.

V.

### CONDITIONS PRECEDENT

All conditions precedent to the filing of this suit and the recovery of the damages prayed for herein have occurred and have been performed.

## VI.

### CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Intervenor/Plaintiff KENNETH D. LEE, JR. respectfully prays that Defendants be cited to appear and answer herein, and that upon final hearing of this action, that judgment be entered for Intervenor/Plaintiff against Defendants for all actual and compensatory damages, suffered by Intervenor/Plaintiff, in addition to punitive or exemplary damages, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest at the maximum rate allowed by law, as well as costs of court, and any and all further and other relief to which Intervenor/Plaintiff may show himself to be justly entitled, whether general or special, at law and in equity.

Respectfully submitted,

Eddie Trevino, Jr.
*The Law Office of Eddie Trevino, Jr.*
622 E. St. Charles Street
Brownsville, Texas 78520
Telephone: (956) 554-0683
Facsimile: (956) 554-0693

By: _____
Eddie Trevino, Jr.
State Bar No. 20211135
Attorney for Intervenor/Plaintiff,
KENNETH D. LEE, JR.

## CERTIFICATE OF SERVICE

I, Eddie Trevino, Jr., hereby certify that on this 23rd day of December, 2003, a true and correct copy of the above foregoing document was forwarded by hand delivery, regular U.S. mail, by facsimile or by certified mail, return receipt requested to:

Mr. Dan Harkins
*Cox & Smith*
112 E. Pecan Suite 1800
San Antonio, Texas 78205
Telephone:  (210) 554-5285
Facsimile:  (210) 226-8395

Mr. Dennis Sanchez
*Sanchez, Whittington, Janis & Zabarte, LLP*
100 N. Expressway
Brownsville, Texas 78521-2284
Telephone: (956) 546-3731
Facsimile:  (956) 546-3765

Mr. Ernesto Gamez
777 E. Harrison
Brownsville, Texas 78520
Telephone:  (956) 541-3820
Facsimile:  (956) 541-7694

Mr. David Oliveira
*Roerig, Oliveira & Fisher LLP*
855 W. Price Rd. Suite 9
Brownsville, Texas 78520
Telephone:  (956) 542-5666
Facsimile:  (956) 542-0016

By: _____
Eddie Trevino, Jr.

CAUSE NO. 2001-09-4057-G



Z-PAGE COMMUNICATIONS, INC.    §    IN THE DISTRICT COURT
    Plaintiff,                                §
                                              §
vs.                                              §
                                              §
SOUTHWESTERN BELL MOBILE        §
SYSTEMS, INC.; et al                      §
    Defendants                             §
                                              §
                                              §    404TH JUDICIAL DISTRICT

KENNETH D. LEE, JR.                  §
    Intervenor/Plaintiff               §
                                              §
vs.                                              §
                                              §
SOUTHWESTERN BELL MOBILE        §
SYSTEMS, INC.; SOUTHWESTERN  §
BELL WIRELESS, INC.;                   §
SOUTHWESTERN BELL                     §
WIRELESS, L.L.C; SOUTHWESTERN §
BELL SYSTEMS, INC.; CINGULAR  §
WIRELESS, L.L.C; and                    §
SBC COMMUNICATIONS, INC.       §
    Defendants,                           §    CAMERON COUNTY, TEXAS

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

DEC 2 3 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

<u>INTERVENOR'S PLEA IN INTERVENTION</u>

    NOW COMES INTERVENOR/PLAINTIFF KENNETH D. LEE, JR. (hereinafter "INTERVENOR"), and files this Petition in Intervention as Party-Plaintiff in this case.

I.

<u>PARTIES</u>

    Plaintiff KENNETH D. LEE, JR. is a resident of Harlingen, Cameron County, Texas.

    Defendant SOUTHWESTERN BELL MOBILE SYSTEMS, INC. is a limited liability corporation operating under the laws of the State of Texas in Cameron County and the State of Texas. Service of citation upon this Defendant may be had by serving its attorney of record by certified mail return receipt requested at the following address:

Mr. Dan Harkins
*Cox & Smith*
112 E. Pecan Suite 1800
San Antonio, Texas 78205

Defendant SOUTHWESTERN BELL WIRELESS, INC. is a limited liability corporation operating under the laws of the State of Texas in Cameron County and the State of Texas. Service of citation upon this Defendant may be had by serving its attorney of record by certified mail return receipt requested at the following address:

Mr. Dan Harkins
*Cox & Smith*
112 E. Pecan Suite 1800
San Antonio, Texas 78205

Defendant SOUTHWESTERN BELL WIRELESS, L.L.C. is a limited liability corporation operating under the laws of the State of Texas in Cameron County and the State of Texas. Service of citation upon this Defendant may be had by serving its attorney of record by certified mail return receipt requested at the following address:

Mr. Dan Harkins
*Cox & Smith*
112 E. Pecan Suite 1800
San Antonio, Texas 78205

Defendant SOUTHWESTERN BELL SYSTEMS, INC. is a corporation operating under the laws of the State of Texas in Cameron County and the State of Texas. Service of citation upon this Defendant may be had by serving its attorney of record by certified mail return receipt requested at the following address:

Mr. Dan Harkins
*Cox & Smith*
112 E. Pecan Suite 1800
San Antonio, Texas 78205

Defendant CINGULAR WIRELESS, L.L.C. is a limited liability corporation operating under the laws of the State of Texas in Cameron County and the State of Texas. Service of citation upon this Defendant may be had by serving its registered agent by certified mail return receipt requested at the following address:

Corporation Service Company
701 Brazos St. Suite 1050
Austin, Texas 78701

Defendant SBC COMMUNICATIONS, INC. is a corporation operating under the laws of the State of Texas in Cameron County and the State of Texas. Service of citation upon this Defendant may be had by serving its registered agent by certified mail return receipt requested at the following:

C.T. Corporations Systems
350 North Saint Paul Street
Dallas, Texas 75201

## II.

## ORIGINAL PETITION

Intervenor/Plaintiff KENNETH D. LEE, JR. began working with Southwestern Bell Mobile Systems on July 11, 1988, as Director of Operations for the Rio Grande Valley. He thereafter was given additional responsibilities over the Laredo and Corpus Christi markets. Intervenor/Plaintiff's employment duties involved the sales and marketing of cellular telephones. During the year 2000, Southwestern Bell Mobile Systems was converted to Cingular Wireless, L.L.C. In late August or early September 2000, Robert Forsyth began working with Defendant Cingular as a Vice President/General Manager for the greater Texas region, and he thereafter acted in a supervisory capacity over Intervenor/Plaintiff Lee.

Sometime thereafter, Defendants were faced with this lawsuit filed by their former agent, Dan Miller III and his company Z-Page Communications, Inc. which involved information about which Plaintiff was aware. Prior to and after Intervenor/Plaintiff's deposition was scheduled in January, 2002, Defendants attempted to coerce, intimidate and convince Intervenor/Plaintiff to testify falsely in a legal proceeding by limiting or modifying his testimony. However, Intervenor/Plaintiff insisted that he would have to testify truthfully on whatever he was asked in his deposition. Thereafter, not satisfied with Intervenor/Plaintiff's testimony and in retaliation for that testimony, Defendants began to retaliate against Intervenor/Plaintiff by cutting his salary and pay schedule, creating a hostile work environment and making his

JAN-12-2004  13:25                                                P.06

working conditions intolerable.    Intervenor/Plaintiff was wrongfully terminated on November 15, 2002, in violation of his rights.

### III.

### INTERVENOR'S CAUSE OF ACTION

As a result of the actions described above, Defendants have violated Intervenor/Plaintiff's rights. Defendants' actions were in violation of the common law of Texas, in that Defendants retaliated against Plaintiff for refusing to perform an illegal act, *i.e.,* for refusing to testify falsely in a legal proceeding. Defendants are further liable for their intentional infliction of emotional distress on Intervenor/Plaintiff, and for malice, for the actions described above. Defendants are each individually and jointly and severally liable for the actions alleged herein.

### IV.

### DAMAGES

As a direct and proximate result of the facts made the basis of this lawsuit, Plaintiff sustained personal injuries and damages, and those injuries and damages were proximately caused by the acts and/or omissions of Defendants, for which Plaintiff now seeks recovery. Such damages include a loss of wages and wage earning capacity, loss of income and income opportunities, including company stock options, loss of past and prospective earnings, and mental pain, suffering and anguish in the past and in the future. In sum, Intervenor/Plaintiff seeks all actual and compensatory damages to which he may be entitled under the law. Intervenor/Plaintiff further seeks the recovery of punitive or exemplary damages from Defendants in an amount to be determined entirely by the discretion of the jury.

### V.

### CONDITIONS PRECEDENT

All conditions precedent to the filing of this suit and the recovery of the damages prayed for herein have occurred and have been performed.

## VI.

### CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Intervenor/Plaintiff KENNETH D. LEE, JR. respectfully prays that Defendants be cited to appear and answer herein, and that upon final hearing of this action, that judgment be entered for Intervenor/Plaintiff against Defendants for all actual and compensatory damages, suffered by Intervenor/Plaintiff, in addition to punitive or exemplary damages, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest at the maximum rate allowed by law, as well as costs of court, and any and all further and other relief to which Intervenor/Plaintiff may show himself to be justly entitled, whether general or special, at law and in equity.

Respectfully submitted,

Eddie Trevino, Jr.
*The Law Office of Eddie Trevino, Jr.*
622 E. St. Charles Street
Brownsville, Texas 78520
Telephone: (956) 554-0683
Facsimile: (956) 554-0693

By: _____
Eddie Trevino, Jr.
State Bar No. 20211135
Attorney for Intervenor/Plaintiff,
KENNETH D. LEE, JR.

JAN-12-2004  13:25                                                      P.08

## CERTIFICATE OF SERVICE

I, Eddie Trevino, Jr., hereby certify that on this 23rd day of December, 2003, a true and correct copy of the above foregoing document was forwarded by hand delivery, regular U.S. mail, by facsimile or by certified mail, return receipt requested to:

Mr. Dan Harkins
*Cox & Smith*
112 E. Pecan Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5285
Facsimile: (210) 226-8395

Mr. Dennis Sanchez
*Sanchez, Whittington, Janis & Zabarte, LLP*
100 N. Expressway
Brownsville, Texas 78521-2284
Telephone: (956) 546-3731
Facsimile: (956) 546-3765

Mr. Ernesto Gamez
777 E. Harrison
Brownsville, Texas 78520
Telephone: (956) 541-3820
Facsimile: (956) 541-7694

Mr. David Oliveira
*Roerig, Oliveira & Fisher LLP*
855 W. Price Rd. Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

By: _____
Eddie Trevino, Jr.

JAN-12-2004   13:23                                                                P.01


CT System

**Service of Process Transmittal Form**

Dallas, Texas

**01/12/2004**

**Via Federal Express (2nd Day)**

TO:  Jay Aguilar General Attorney
     SBC Communications Inc
     175 E. Houston
     2nd Floor, Room 271
     San Antonio, TX 78205

RE:       **PROCESS SERVED IN TEXAS**

FOR       SBC Communications Inc Domestic State: De

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | Z-Page Communications, Inc. (Kenneth D. Lee, Jr., Intervenor/Pltf) vs Southwestern Bell Mobile Systems Inc. et al incl. SBC Communications, Inc. |
| 2. DOCUMENT(S) SERVED: | Citation, Intervenor's Plea in Intervention |
| 3. COURT: | 404 JDC Cameron Co., TX  Case Number 2001084057G |
| 4. NATURE OF ACTION: | Alleging injuries & damages were caused by acts and/or omissions of defts. |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, Dallas, Texas |
| 6. DATE AND HOUR OF SERVICE: | By Certified mail on 01/12/2004 with Postmarked Date 01/09/2004 |
| 7. APPEARANCE OR ANSWER DUE: | 10:00 a.m. Monday next after expiration of 20 days |
| 8. ATTORNEY(S): | Eddie Trevino, Jr.  622 E. St. Charles Street  956/554-0883  Brownsville, TX  78520 |
| 9. REMARKS: | i-Note sent 01/12/2004 to DP9261@TXMAIL.SBC.COM |

CC:  Dolly Plank
     SBC Communications Inc
     175 E. Houston
     2nd Floor, Room 271
     San Antonio, TX 78205

SIGNED      CT Corporation System

PER         Beatrice Casarez /SD
ADDRESS     350 North St. Paul Street
            Dallas, TX 75201
            SOP WS 0005981713

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

8

JAN-12-2004  13:23                                                                            P.02

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.020.01

No. 2001-09-004057-G                              **COPY**

### THE STATE OF TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: SBC COMMUNICATIONS, INC
    REG. AGENT: C.T. CORP. SYSTEMS
    350 N ST PAUL ST
    DALLAS, TX 75201

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

INTERVENOR'S PLEA IN INTERVENTION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said  PLEA IN INTERVENTION  was filed on DECEMBER 23, 2003 .  A copy of same accompanies this citation.

The file number of said suit being No. 2001-09-004057-G.

The style of the case is:

Z-PAGE COMMUNICATIONS, INC.
VS.
SOUTHWESTERN BELL MOBILE SYSTEMS, INC., ET AL

Said petition was filed in said court by _____ EDDIE TREVINO, JR. _____ (Attorney for _____ INTERVENOR _____ ), whose address is 622 E. ST. CHARLES STREET BROWNSVILLE, TX. 78520

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KENNETH D. LEE, JR., | ' | |
| | ' | |
| Plaintiff, | ' | |
| | ' | |
| V. | ' | CIVIL ACTION NO. |
| | ' | |
| SOUTHWESTERN BELL MOBILE | ' | B-04-069 |
| SYSTEMS, INC; SOUTHWESTERN | ' | |
| BELL WIRELESS, INC; | ' | |
| SOUTHWESTERN BELL | ' | |
| WIRELESS, L.L.C.; SOUTHWESTERN | ' | |
| BELL SYSTEMS, INC.; CINGULAR | ' | |
| WIRELESS, L.L.C.; and | ' | |
| SBC COMMUNICATIONS, INC., | ' | |
| | ' | |
| Defendants. | ' | |

## DECLARATION OF J. DANIEL HARKINS

1.      My name is J. Daniel Harkins.  I am of legal age, and I am fully competent to make this declaration.  All of the statements made in this declaration are true and correct, and are made of my own personal knowledge.

2.      I am an attorney with Cox & Smith Incorporated.  I am counsel for the defendants in the action styled *Z-Page Communications, Inc. v. Southwestern Bell Mobile Systems, Inc., et al.*, Cause No. 2001-09-4057-G, pending in the 404th Judicial District Court in Cameron County, Texas.

3.      True and correct copies of the following pleadings, papers, and deposition excerpts are attached:

- Exhibit 1:  Plaintiff's Original Petition in *Z-Page Communications, Inc. v. Southwestern Bell Mobile Systems, Inc., et al.*, Cause No. 2001-09-4057-G, filed on September 14, 2001;

**DECLARATION OF J. DANIEL HARKINS - Page 1**

- Exhibit 2: Z-Page Communications, Inc.'s Notice Duces Tecum Of Intention To Take Deposition Upon Oral/Videotaped Examination of Kenneth D. Lee, Jr., which was served on January 9, 2002.  The deposition of Mr. Lee was noticed for January 22, 2002.  The deposition took place on January 31, 2002.

- Exhibit 3: Excerpts from Oral and Videotaped Deposition of Kenneth David Lee, Jr., taken January 31, 2002.

4.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 2̲7̲, 2004.


_____
J. DANIEL HARKINS

077002 000031 DALLAS 1745579.1

**DECLARATION OF J. DANIEL HARKINS - Page 2**

NO: 2001-09-4057-G

| | |
|---|---|
| Z-PAGE COMMUNICATIONS, INC., §<br>    Plaintiff §<br> §<br>VS. §<br> §<br> §<br>SOUTHWESTERN BELL MOBILE §<br>SYSTEMS, INC., SOUTHWESTERN §<br>BELL WIRELESS, INC., §<br>SOUTHWESTERN BELL WIRELESS, LLC §<br>DALLAS SMSA LIMITED PARTNERSHIP, §<br>TEXAS/ILLINOIS CELLULAR LIMITED §<br>PARTNERSHIP, §<br>MCALLEN-EDINBURG-MISSION SMSA §<br>LIMITED PARTNERSHIP, SAN ANTONIO §<br>SMSA LIMITED PARTNERSHIP, §<br>TEXAS RSA 18 LIMITED PARTNERSHIP, §<br>TEXAS RSA 19 LIMITED PARTNERSHIP, §<br>and TEXAS RSA 20B1 LIMITED §<br>PARTNERSHIP, GRANDE RIVER §<br>COMMUNICATIONS, L. P., RIVIERA §<br>TELEPHONE COMPANY, INC., and §<br>THE PRICE COMMUNICATIONS §<br>GROUP, INC. §<br>    Defendants §| IN THE DISTRICT COURT<br><br>__404th__ JUDICIAL DISTRICT<br><br><br><br>CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW Z-Page Communications, Inc. ("Z-Page") complaining of

Southwestern Bell Mobile Systems, Inc., Southwestern Bell Wireless, Inc., Southwestern

Bell Wireless, LLC, Dallas SMSA Limited Partnership, Texas/Illinois Cellular Limited

Partnership, McAllen-Edinburg-Mission SMSA Limited Partnership, San Antonio SMSA

Limited Partnership, Texas RSA 18 Limited Partnership, Texas RSA 19 Limited

Partnership, Texas RSA 20B1 Limited Partnership, Grande River Communications, L.P.,

Riviera Telephone Company, Inc., and The Price Communications Group, Inc. (collectively,

"Defendants"), seeking compensatory and punitive damages against Defendants in connection with Defendants' negotiation of and performance under a contract and/or agreement with Z-Page, and seeking damages for intentional and/or negligent misrepresentation and fraud in connection with certain business arrangements and relationships with the Defendants on the following grounds:

I.

## DISCOVERY CONTROL PLAN

Plaintiff designates this case as a Level 2 Discovery Control Plan.

II.

## PARTIES

1.    The Plaintiff, Z-Page Communications, Inc., is a duly organized Texas Corporation engaged as Defendants' authorized agent in the retail sales of cellular telephone goods and services principally in the Rio Grande Valley area of Texas (including Cameron, Hidalgo and Starr Counties) and to a lesser extent in other areas of Texas (including Zapata, Webb, Bexar, Harris, Travis and Nueces). At all times material to the accrual of the causes of action stated herein Plaintiff's principal office and place of business has been in Harlingen, Cameron County, Texas.

2.    a)    Defendant Southwestern Bell Mobile Systems, Inc. is a corporation organized under the laws of the State of Delaware and may be served with process by serving its registered agent, C. T. Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

b)    Southwestern Bell Mobile Systems, Inc. is the General Partner of

Defendant Texas RSA 19 Limited Partnership, which is a limited partnership, and service upon Southwestern Bell Mobile Systems, as general partner, and Texas RSA 19, the limited partnership, can be effected by serving the limited partnership's registered agent, Corporation Service Company, 800 Brazos, Austin, TX 78701.

       c)    Defendant Southwestern Bell Wireless, LLC., d/b/a Cingular Southwestern Bell Wireless LLC, is Delaware corporation which may be served with process by serving its registered agent, Corporation Service Company, 800 Brazos, Austin, TX 78701.

       d)    Southwestern Bell Mobile Systems, Inc. is the General Partner of Dallas SMSA Limited Partnership, which is a limited partnership, and service upon Southwestern Bell Mobile Systems, as general partner, and Dallas SMSA Limited Partnership, can be effected by serving the limited partnership's registered agent, Corporation Service Company, 800 Brazos, Austin, TX 78701.

       e)    Southwestern Bell Wireless, Inc. is the General Partner of Defendant Texas/Illinois Cellular Limited Partnership, which is a limited partnership, and service upon Southwestern Bell Wireless, Inc., as general partner, and Texas/Illinois Limited Partnership, can be effected by serving the limited partnership's registered agent, C. T. Corporation System, 811 Dallas Ave., Houston, TX 77002.

       f)    Southwestern Bell Mobile Systems, Inc. is the General Partner of McAllen-Edinburg-Mission SMSA, which is a limited partnership, and service upon Southwestern Bell Mobile Systems ,Inc., as general partner, and McAllen-Edinburg-Mission Limited Partnership, can be effected by serving the limited partnership's registered agent,

Corporation Service Company, 800 Brazos, Austin, TX 78701.

g) Southwestern Bell Mobile Systems, Inc. is the General Partner of San Antonio SMSA Limited Partnership, which is a limited partnership, and service upon Southwestern Bell Mobile Systems, Inc., as general partner, and Texas SMSA Limited Partnership can be effected by serving the limited partnership's registered agent, Corporation Service Company, 800 Brazos, Austin, TX 78701.

h) Southwestern Bell Mobile Systems, Inc. is the General Partner of Defendant Texas RSA 18 Limited Partnership, which is a limited partnership, and service upon Southwestern Bell Mobile Systems, Inc., as general partner, and Texas RSA 18, the limited partnership, can be effected by serving the limited partnership's registered agent, Corporation Service Company, 800 Brazos, Austin, TX 78701.

i) Southwestern Bell Mobile Systems, Inc. is the General Partner of Defendant Texas RSA 20B1 Limited Partnership, which is a limited partnership, and service upon Southwestern Bell Mobile Systems, Inc., as general partner, and Texas RSA 20B1, the limited partnership, can be effected by serving the limited partnership's registered agent, Corporation Service Company, 800 Brazos, Austin, TX 78701.

j) Grande River Ventures, LLC is the General Partner of Defendant Grande River Communications, L.P., which is a limited partnership, and service upon Grande River Ventures, LLC, as general partner, and Grande River Communications, L.P., the limited partnership, can be effected by serving the limited partnership's registered agent, Charles Gowder, 480 South 6th St., Raymondville, TX 78580. Upon information and belief, Grande River Communications, L.P. is a partner and/or joint venturer with one

or more of the Defendants herein.

k)    Defendant Riviera Telephone Company, Inc. is a corporation organized under the laws of the State of Texas and may be served with process by serving its registered agent, Billy C. Colston, P. O. Box 997, Riviera, TX 78379-0997.    Upon information and belief, Riviera Telephone Company, Inc. is a partner and/or joint venturer with one or more of the Defendants herein.

l)    Defendant The Price Communications Group, Inc. is a corporation organized under the laws of the State of Texas and may be served with process by serving its registered agent, Phil Price, #7 Briercroft Office Park, Suite 204, Lubbock, TX 79452. Upon information and belief, The Price Communications Group, Inc. is a partner and/or joint venturer with one or more of the Defendants herein.

III.

VENUE

3.    Venue in this case lies in Cameron County, Texas pursuant to the provisions of Sections 15.001, 15.035, 15.036 and 15.037 of the Texas Civil Practices and Remedies Code.

IV.

4.    Plaintiff avers that all conditions precedent to institution of this lawsuit have been complied with or met.

5.    Defendants are the largest provider of cellular telephone services in Rio Grande Valley, Texas.  Plaintiff is an agent of Defendants in the retail sale of cellular telephone goods and services in the Rio Grande Valley area, including Cameron County,

Texas.

6.    At the beginning of the parties' business relationship, the Defendants primarily marketed their cellular telephone services through a network of exclusive agents, including Z-Page.

7.    Plaintiff was induced to become an agent of Defendants by the Defendants and/or their duly authorized representatives. At the outset of the working relationship, the parties entered into various written agreements or contracts regarding their business relationships. The contracts were executed by plaintiff in Cameron County, Texas.

8.    Additionally, Defendants made representations through their duly authorized agents, servants, or employees that the Defendants would not, at any time, unfairly treat its agents (including Plaintiff) as it related to marketing or promotional sales of the cellular telephone business.

9.    Z-Page was further induced into executing a written agency agreement that included a compensation scheme promised to Z-Page for its entrepreneurial investment of time and energy of marketing cellular telephone goods and services for Defendants.

10.    More specifically, Defendants represented to Z-Page that they would play only a minor role in the retail marketing of cellular telephone goods and services and would primarily rely upon their agents, such as Z-Page, to market their products.

11.    To that end, Defendants induced Z-Page, through their promises and representations that it would receive compensation on a monthly basis for each cellular customer enrolled; and that they would, further, give to Z-Page a residual, or "royalty," based upon each customers' usage of the Defendants system.

L:\DYP\1943\Plaintiff's Original Petition 2.wpd                                                        PAGE 6

12.     Contrary to the inducements and representations, Z-Page believes, and hereby alleges that Defendants embarked upon a scheme, design and plan that was formulated by Defendants to squeeze Z-Page and other similarly situated agents of Defendants out of business.

13.     This "squeeze" has been accomplished gradually over time by the following:

a)      Reducing the commissions for each customer Plaintiff garnered for the Defendants' system. In this regard, when Plaintiff questioned the reduction of commissions, it was informed that is should not worry because the residuals or royalties were the important economic factor that Z-Page should consider; and it was therefore, important that Z-Page continue to enroll as many customers as possible in order that it may later reap the economic benefits of the residual or royalty payments from each customer.

b)      Defendants additionally subsequently encouraged Z-Page to open other locations with enticements of economic support in the opening of new locations. In fact, however, Z-Page believes and here alleges that Defendants, in combination with the reduction in commissions (and later residuals or royalties) knew that the economic output that Z-Page would have to undertake in opening new locations would, in all probability, affect its cash flow, thereby placing Z-Page in an economic position in which it would have to acquiesce to each and every wrongful act committed by Defendants against Z-Page.

c)      Defendants represented to Z-Page that they would protect Z-Page in its new locations by not allowing any other agent of Defendants to open a

competing business in the near vicinity of its new locations in order to enable Z-Page to recoup its primary investment, as well as to allow it the opportunity to make a reasonable profit. Contrary to these representations. Defendants either opened their own company stores or allowed other agents of Defendants to open competing businesses in the same region, diluting the potential for Z-Page to either recoup its initial investment or to make its business a profitable one.

d)      Additionally, Defendants began a series of acts that directly impacted upon Z-Page's ability to continue in a profitable manner. They were as follows:

1.      Directly competing with Z-Page by opening what are known as "company stores";

2.      To this end, Defendants, prevented Plaintiff from engaging in certain promotional and marketing activities, but Defendants offered the same promotions which they would not allow Z-Page to offer to its customers;

3.      Prohibiting Z-Page from selling any other type of cellular telephone system to the citizenry of the Rio Grande Valley, Texas and surrounding areas;

4.      Failing to provide an accurate accounting to Z-Page of its customers on a monthly basis in order to enable Z-Page to determine whether it was being properly paid the residuals/royalties it was due under the agreement in question; and

5.      Failing to inform Z-Page of disconnects in a timely manner, which

caused further economic harm to Plaintiff by not allowing Plaintiff to rectify any problems (if there were problems) or retrieving its equipment to which it was entitled to under the contract with its customers;

6.   Reducing or eliminating commissions and residuals and harshening the requirements for Z-Page to continue to receive its full commissions and residuals. In that regard, Z-Page alleges that Defendants knew, at the time they were inducing Z-Page to expend significant additional capital in opening new locations, that they intended to so reduce or eliminate the commissions and residuals, yet Defendants failed to disclose these material facts to Plaintiff, to Plaintiff's harm and detriment. Plaintiff alleges that Defendants assured Plaintiff that the residual and commission rates would remain constant, that competitive rate plans would be offered for Plaintiff to market and that all of the marketing support for the new locations would be provided by Defendants. Plaintiff believes and alleges that it was the Defendants' intention in so inducing Plaintiff, to have Plaintiff undertake the significant economic and entrepreneurial risk; based upon the future income which Defendants representatives represented would be earned by Plaintiff under the compensation plan then in effect. Having so induced Plaintiff, the Defendants then planned to either eliminate or reduce elements of the compensation

plan to force Plaintiff out of business, after which Defendants or their designee would step in and take over the businesses, thereby eliminating Plaintiff altogether.

13.    All of these acts severely economically impacted Plaintiff in a negative fashion.   Further, Plaintiff believes and hereby alleges that Defendants directly disconnected many of Plaintiffs customers and then reconnected many of its disconnected customers and re-enrolled them on the parent Defendants system, thereby causing economic damage to Z-Page by reducing Plaintiffs client and residual base. Plaintiff further alleges that Defendants then issued a "charge back" against Plaintiff's commissions for the customers who were improperly taken by Defendants, thereby placing further economic duress upon Plaintiff.

**V.**

14.    Plaintiff incorporates by reference all preceding paragraphs.

15.    During the negotiation and execution of the agency agreements and during the negotiations leading up to the opening of the Cingular Premier stores, Defendants made false statements and material misrepresentations to Plaintiff and omitted material facts, upon which Plaintiff detrimentally relied. Such actions have continued through the filing of this lawsuit by Plaintiff.

16.    Defendants made these false statements, material misrepresentations and omissions with knowledge of their falsity and misleading nature or with reckless disregard as to whether they were true or false. Defendants misrepresented to Plaintiff that it would be compensated as well as other Defendants' agents in the territory.

17.   In fact, Defendants required that it be in charge of all credit decisions and that all new customers be pre-approved by Defendants as a condition for subscription to Defendants services and that Defendants be responsible for collecting all service charges. However, when the subscriber failed to pay for the services and was disconnected, the Plaintiff received a "charge back" against its commissions.

18.   In fact, Defendants assertions that it would .treat its agents based upon the actions it has formulated against Plaintiff makes its representations of fairness meaningless.

19.   Defendants knew, or had reason to know that its false statements, material misrepresentations and omissions would be relied upon by this Plaintiff.

20.   As a direct and proximate result of Plaintiff's reliance on Defendants misrepresentations and omissions, Plaintiff has been injured in its business and property and is entitled to recover compensatory damages from Defendants and for which it now sues.

21.   Further, Defendants' conduct was intentional, knowing, and malicious; and, was done with reckless disregard for Plaintiffs rights and with the intent to injure it; and was without just cause or excuse.

22.   Accordingly, Plaintiff is entitled to recover punitive damages from Defendants for its conduct.

VI.

23.   Plaintiff incorporates by reference all preceding paragraphs.

24.   Defendants have wholly refused to give a proper accounting to Plaintiff, and

have wrongfully and intentionally converted funds to which Plaintiff is justly entitled.

25.     Plaintiff thus requests that these Defendants be caused to render a proper accounting to Plaintiff for the time frame under which Plaintiff has sold services and goods on behalf of Defendants.

26.     Plaintiff cannot at this time accurately state those damages, it believes, and has reason to believe, that Defendants have fraudulently converted an amount of no less than $800,000.00 during the time frame that Plaintiff has been an agent of Defendants, for which it now sues.

VII.

27.     Plaintiff incorporates by reference all preceding paragraphs.

28.     Defendants' continuing refusal to pay those sums due under the agreement in question proximately caused damages in the past, and in all likelihood will continue to cause damages well into the future.

29.     Plaintiff and Defendants entered into express oral agreements, that were performable within one year, regarding Defendants' agreement to approve new store locations and to protect this Plaintiff from other competing agents locating their business and selling the same services or goods in the close proximity to the Plaintiff. Defendants' refusal to abide by the oral agreement has caused this Plaintiff to suffer damages in the amount of the lease agreements entered into by Plaintiff, together with all consequential damages associated with the loss of business or business opportunity of the new store locations which Plaintiff believes is no less than $750,000.00.

30.     Plaintiff and Defendants entered into express oral agreements that the

commission structure and residual payment plan would not materially change. Defendants breached these agreements by unilaterally reducing the commissions and changing the residual payment plan to reduce the residual payments. The unilateral reduction of commissions and residual payments has caused this Plaintiff to suffer significant monetary damages in the past; and said damages are continuing and will continue well into the future.

IX.

31.    Plaintiff incorporates by reference all preceding paragraphs.

32.    Plaintiff has continually sought to attract new customers both by offering additional locations of their stores, as well as providing business incentives to its potential customers and existing customers.

33.    However, Defendants have interfered with Plaintiffs relations with its existing customers and prospective sales to new customers by refusing to allow Plaintiff to open new locations; and by further allowing competing agents of Defendants to open competing locations in close proximity to Plaintiffs stores.

34.    Defendants have continuously and in all probability will continue in the future without this Court's intervention, to unfairly compete by offering promotions and incentives to both existing customers and prospective new Customers while not allowing Plaintiff to offer the same incentives.

35.    Defendants have further interfered with Plaintiff's business opportunities by failing to promptly inform Plaintiffs of any disconnects of existing customers, and thereafter re-enrolling those customers for Defendants' own benefit.

36.   Plaintiff believes, and has reason to believe that without this Court's intervention, in the form of permanent injunctive relief against the Defendants, this Plaintiff will continue to suffer injury and harm in its business and property for which there is no adequate remedy at law.

37.   Notwithstanding the above, and while Plaintiff has not ascertained with certainty the injury it has sustained in the past, and in all likelihood it will sustain in the future, it believes its damages are no less the sum of $3,000,000.00, for which it now sues these Defendants.

38.   Defendants' acts are malicious in nature, and accordingly Plaintiff is entitled to recover punitive damages from Defendants from the trier fact based upon all of the attendant circumstances presented in the Trial of this cause.

## X.

39.   Plaintiff incorporates by reference all preceding paragraphs.

40.   Notwithstanding Defendants' material breach of its agreements, Plaintiff alleges that Defendants have interfered with their efforts to sell potions of its business which has caused Plaintiff to suffer damages of no less than $3,600,000.00, for which Plaintiff now sues. Additionally Plaintiff reasonably fears that Defendant will continue to attempt to interfere with Plaintiff's efforts of sell its business to a third party and/or to sell competing cellular products in its marketing areas. Such interference will cause Plaintiff irreparable and immediate harm for which no adequate legal remedy exists.

41.   Likewise, Defendants have not allowed the Plaintiff to offer the citizenry of Texas like kind incentives in the cellular business that it and other of their (Defendants)

agents offer or services of competing services.

XI.

42.   Plaintiff incorporates by reference all preceding paragraphs.

43.   It was necessary for Plaintiff to secure the services of the undersigned attorneys to prosecute their claims for relief as set forth above.

44.   Plaintiff hereby requests that it be awarded such reasonable attorney's fees that are incurred as a result of the acts or omissions complained of above including, but not limited to the Trial of this case and those reasonable and necessary attorney's fees associated with any appeal arising herefrom.

45.   Plaintiff requests that, if Defendants or its privies attempt to interfere with Plaintiff's sale of its business to third parties and/or to sell competing cellular products in the area, the court grant immediate injunctive relief in the form of a Temporary Restraining Order and Temporary Injunction. Plaintiff requests that the injunction be made permanent upon final trial hereof.

**PRAYER FOR RELIEF**

Plaintiff prays for relief and judgment against Defendants as follows: a) judgment against Defendants for all compensatory and actual damages; b) Plaintiff's reasonable attorneys fees and costs of the Court; c) prejudgment of the highest legal rate allowed by law; d) post judgment interest of the highest legal rate allowed by law; e) punitive and exemplary damages as prayed for above; f) injunctive relief as prayed for; g) such other and further relief that this Plaintiff may show itself entitled to under all the attendant circumstances whether at law or in equity.

Respectfully submitted,

ROBERT JOHN MYERS & ASSOCIATES
3838 Medical Drive, Suite 100
San Antonio, Texas 78229
(210) 615-6633 - telephone
(210) 615-1852 - facsimile

By: _Rob Myers  by DS_
     ROBERT J. MYERS
     State Bar No. 14765380

SANCHEZ, WHITTINGTON, JANIS
    & ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas
(956) 546-3731
(956) 546-3765 and 546-3766 (Fax)

By: _____
     Dennis Sanchez
     State Bar No. 17569600

NO. 2001-09-4057-G

| | | |
|---|---|---|
| Z-PAGE COMMUNICATIONS, INC., | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | 404th JUDICIAL DISTRICT |
| SOUTHWESTERN BELL MOBILE | § | |
| SYSTEMS, INC., SOUTHWESTERN | § | |
| BELL WIRELESS, INC., | § | |
| SOUTHWESTERN BELL WIRELESS, | § | |
| LLC, DALLAS SMSA LIMITED | § | |
| PARTNERSHIP, TEXAS/ILLINOIS | § | |
| CELLULAR LIMITED PARTNERSHIP, | § | |
| MCALLEN-EDINBURG-MISSION SMSA | § | |
| LIMITED PARTNERSHIP, SAN ANTONIO | § | |
| SMSA LIMITED PARTNERSHIP, | § | |
| TEXAS RSA 18 LIMITED PARTNERSHIP | § | |
| TEXAS RSA 19 LIMITED PARTNERSHIP | § | |
| and TEXAS RSA 20B1 LIMITED | § | |
| PARTNERSHIP, GRANDE RIVER | § | |
| COMMUNICATIONS, L.P., RIVIERA | § | |
| TELEPHONE COMPANY, INC. AND | § | |
| THE PRICE COMMUNICATIONS | § | |
| GROUP, INC. | § | |
| | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## Z-PAGE COMMUNICATIONS, INC.'S
## NOTICE DUCES TECUM OF INTENTION TO TAKE
## DEPOSITION UPON ORAL/VIDEOTAPED EXAMINATION OF
## KENNETH D. LEE, JR.

TO:   Defendants, Southwestern Bell Mobile Systems, Inc., Southwestern Bell
Wireless, Inc., Southwestern Bell Wireless, LLC, Dallas SMSA Limited
Partnership, Texas/Illinois Cellular Limited Partnership, McAllen-Edinburg-
Mission SMSA Limited Partnership, San Antonio SMSA Limited Partnership,
Texas RSA 18 Limited Partnership, Texas RSA 19 Limited Partnership, Texas
RSA 20B1 Limited Partnership, by and through their attorney of record, J. Daniel
Harkins and James K. Spivey, Cox & Smith, Inc., 112 E. Pecan Street, Suite
1800, San Antonio, Texas 78205

PLEASE TAKE NOTICE that pursuant to Rule 199.2 of the Texas Rules of Civil
Procedure, Plaintiff, Z-Page Communications, Inc., will take the oral deposition of
KENNETH D LEE, JR., at the offices of Bryant & Stingley, Inc., 2010 E. Harrison,

Harlingen, Texas 78550 commencing at 10:30 o'clock a.m., on Tuesday, January 22, 2002 before a certified court reporter, and is continuing thereafter from day-to-day until completed. This deposition may be used upon the trial of contested issues in this action.

You are invited to attend and cross-examine the witness. The witness shall appear before the officer at the time and place stated herein, and shall produce the documents described in the attached Exhibit "A".

Respectfully submitted,

ROBERT JOHN MYERS & ASSOCIATES
2700 Bee Caves Road, Suite 210
Austin, Texas 78746
(512) 306-1919 - telephone
(512) 328-1156 - facsimile

By: _Robert J. Myers w/permission_
ROBERT J. MYERS
State Bar No. 14765380

SANCHEZ, WHITTINGTON, JANIS
    & ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas
(956) 546-3731
(956) 546-3765 AND 546-3766 (Fax)

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on this 9th day of January 2002, to the following:

J. Daniel Harkins
James K. Spivey
Cox & Smith, Inc.
112 E. Pecan, Suite 1800
San Antonio, Texas 78205

Gary McLaren
McWhorter, Cobb & Johnson, LLP
1722 Broadway
Lubbock, Texas 79401

Ernesto Gamez, Jr.
Law Offices of Ernesto Gamez, Jr., P.C.
777 East Harrison Street
Brownsville, Texas 78520

By: _Robert J. Myers w/ permission_
ROBERT J. MYERS

Exhibit "A"

1. Produce any statement previously made by Plaintiffs concerning the subject matter of this Lawsuit.

2. All documents concerning any meetings or communications between Z-Page and Defendants concerning the subject matter of this Lawsuit.

3. All contracts and agreements (including any amendments, addendums or modifications) between Z-Page and Defendants.

4. All documents concerning the negotiation and execution of any and all contracts and agreements between Z-Page and Defendants, including without limitation, and drafts and correspondence relating thereto.

5. Any and all tape recordings or other forms of electronic recording of conversation between Z-Page and Defendants concerning the subject matter of this Lawsuit.

6. Any and all telephone notes, memoranda, logs, calendars and other documents reflecting any conversations between Z-Page and Defendants concerning the subject matter of this Lawsuit.

7. All documents that memorialize, in whole or in part, any conversation or communication concerning any contract or agreement between Z-Page and Defendants.

8. Broken down by month, all documents concerning any financial assistance or Market Development Funds (MDF) given to Z-Page by Defendants in the preceding five calender years.

9. Broken down by month, all documents concerning any co-op or other financial assistance given to Z-Page by Defendants for advertising in the preceding five calender years.

10. Broken down by month, all documents concerning the expenditures by Z-Page of any financial assistance or MDF received by Z-Page from Defendants in the preceding five calender years.

11. Broken down by month, all documents concerning any advertisements or advertising expenditures by Defendants given to Z-Page for any advertising of Defendants' products in the preceding five calender years.

12. Any and all documents which you contend, reflect any attempt by Z-Page or any other person or entity to place a dollar value upon Z-Page's residual base.

13. Any and all documents which reflect any attempt by Defendants or any other person or entity to place a dollar value upon Z-Page's residual base.

14. Financial statements for Defendants for the fiscal years of 1992 through 2001.

15. Copies of the income tax returns filed by Defendants with the Internal Revenue Service for the years 1992 through 2001.

16. Documents which identify the opening of any new locations or stores, opened by Defendants which are in close proximity to Z-Page's existing store locations.

17. Broken down by month, all documents and correspondence received by Defendants from Z-Page concerning the amount of compensation to be paid to Z-Page in connection with Z-Page's sale of cellular/wireless services in the preceding five calender years.

18. Broken down by month, all documents and correspondence received by Defendants from Z-Page concerning the amount of compensation Defendants actually paid to Z-Page in connection with Z-Page's sale of cellular/wireless services in the preceding five calender years.

19. Broken down by month, an accounting of all sums due and payable to the Plaintiff under any agreement from 1992 through 2001.

20. Broken down by month, a list or listing of all customers signed up or obtained by Plaintiff as customers of Defendants, who ceased service with the Defendants, from 1992 to 2001.

21. Broken down by month, a list or listing of all customers Defendants signed up or obtained as customer, from 1992 to 2001.

22. Broken down by month, the total income received by the Defendant, from customers of the Defendant, which were signed up or obtained by the Plaintiff from 1992 to 2001.

23. Broken down by month, a list or listing of customers of the Defendants, who were originally signed up or obtained by Plaintiff, who are no longer listed as customers of Plaintiff, but are listed as customers of the Defendants, or either of them, from 1992 to 2001.

24. All internal memoranda, notes, memos, correspondence, studies, proposals or other document or writing of any kind, touching, concerning, relating or referring to the Plaintiff and/or its business from 1992 until the present date.

25. Most accurate and current documents reflecting the net worth of the Defendants.

26. Broken down by month, a list or listing of all customers or "activations" made through the Plaintiff from July, 1992 until the present.

27. Broken down by month, documents reflecting the total amount of gross revenue received by the Defendants, or either of them, from business generated by or through the Plaintiff from July, 1992, until the present date.

28. Broken down by month, documents reflecting the total amount of gross revenue received by the Defendants, generated by or through the Defendants' direct sales or offering of goods or services which are the same or similar as that contemplated to be or actually offered by the Plaintiff to the general public from 1992, until the present.

29. All documents and correspondence between you and Defendants concerning any amendment or proposed amendment to the compensation schedule set forth in the agreements between Z-Page and Defendants.

30. All documents concerning any rights of first refusal to sublet or assign store locations between Z-Page and Defendants.

31. All documents concerning any covenants not to compete between Z-Page and Defendants.

32. Produce all documents related to your computation of the Subscriber Management Fees (SMF) from your Telegence System from 1992 to the present.

33. Produce all "trouble tickets" (which is a document produced related to customer complaints) related to any Z-Page customers generated by you at any time from 1995 to the present related to any of the following:

    a. customer billing;

    b. dealer commissions;

34. Produce all "memo notes" generated by you at any time from 1995 to the present related to all Z-Page customers whose service has been disconnected and/or suspended and/or interrupted, including but not limited to, Z-Page customers from the following areas:

    a. Houston

b.    Austin

c.    San Antonio

d.    Laredo

e.    Corpus Christi

f.    Rio Grande Valley

35.    Produce all documents, including memo notes, from January 1, 1995 to the present, related to all collection attempts made by you on all accounts of Z-Page customers whose service has been disconnected and/or suspended and/or interrupted.

36.    Produce all documents from January 1, 1995 to the present, related to all accounts of Z-Page customers whose service has been disconnected and/or suspended and/or interrupted, which customer service was later reconnected by you.

37.    Produce all disconnect reports from January 1, 1995 to the present, related to all accounts of Z-Page customers whose service has been disconnected and/or suspended and/or interrupted.

38.    Produce all suspension reports from January 1, 1995 to the present, related to all accounts of Z-Page customers whose service has been disconnected and/or suspended and/or interrupted.

39.    Produce all management reports from January 1, 1995 to the present, related to all accounts of Z-Page customers whose service has been disconnected and/or suspended and/or interrupted.

40.    Produce all collection attempt reports from January 1, 1995 to the present, related to all accounts of Z-Page customers whose service has been disconnected and/or suspended and/or interrupted.

41.    Produce all documents which reflect credits given by you at any time from January 1, 1995 to the present, related to Z-Page customers, which credits reflect a credit for excessive roaming charges.

42.    Produce all documents which reflect the identity of lawsuits filed against you by customers from January 1, 1995 to the present.

43.  Produce all documents which reflect the identity of lawsuits filed against you by agents from January 1, 1995 to the present.

44.  Produce all documents which reflect credits given by you at any time from January 1, 1995 to the present, which credits reflect a credit for excessive roaming charges related to any of your customers from the following regions:

    a.  Dallas Region

    b.  Kansas City Region

    c.  Rio Grande Valley Region

45.  Produce copies of all contracts for all of your agents who have any stores or facilities in Texas, Oklahoma, or Missouri.

46.  Produce all documents from January 1, 1995 to the present which reflect direct written communication and/or solicitation by you to Z-Page customers

47.  Produce all documents from January 1, 1995 to the present which reflect the reactivations or resubscriptions of Z-Page customers whose service has been previously suspended, interrupted or terminated.

48.  Copies of all contracts with other agents in any of the following markets:

    a.  Houston

    b.  Austin

    c.  San Antonio

    d.  Laredo

    e.  Corpus Christi

    f.  Rio Grande Valley

49.  Produce copies of all contracts between you and Cellular Communications at any time from January 1, 1995 to the present.

50. Produce copies of all documents which you used as a basis for charge-backs against Plaintiff's residual commission base at any time from January 1, 1995 to the present.

51. Produce copies of all documents which relate to any marketing plans reviewed, adopted, or utilized, in whole or in part, by you at any time from January 1, 1995 to the present.

52. Produce copies of all documents which relate to any marketing studies reviewed, adopted, or utilized, in whole or in part, by you at any time from January 1, 1995 to the present.

53. Produce copies of all documents which relate to any comparisons, studies or plans which were reviewed, adopted, or utilized, in whole or in part, by you at any time from January 1, 1995 to the present relating to the effectiveness of you utilizing a direct marketing system as opposed to marketing through agents.

54. Produce copies of all documents which relate to any marketing studies reviewed, adopted, or utilized, in whole or in part, by you in regard to your Premier Program at any time from January 1, 1999 to the present.

55. In relation to the Premier Program, produce copies of all documents which relate to any comparisons, studies or plans which were reviewed, adopted, or utilized, in whole or in part, by you at any time from January 1, 1999 to the present relating to the effectiveness of you utilizing a direct marketing system as opposed to marketing through agents.

56. Produce all documents which reflect the date of activation of service by you of all Z-Page customers from January 1, 1995 to the present.

57. Any and all tape recordings by and between Plaintiff and Defendants or Plaintiff's Representatives and Defendant's Representatives pertaining to any dealings with Z-Page and Defendants.

58. Any and all tape recordings by, between or among Defendants and/or Defendant's agents pertaining to any dealings with Z-Page and Defendants.

CAUSE NO. 2001-09-4057-G

| | |
|---|---|
| Z-PAGE COMMUNICATIONS, INC., )( | IN THE DISTRICT COURT |
| )( | |
| Plaintiff )( | |
| )( | |
| VS. )( | |
| )( | |
| SOUTHWESTERN BELL MOBILE )( | |
| SYSTEMS, INC., SOUTHWESTERN )( | |
| BELL WIRELESS, INC., )( | |
| SOUTHWESTERN BELL WIRELESS, )( | |
| L.L.C., DALLAS SMSA LIMITED )( | |
| PARTNERSHIP, TEXAS/ILLINOIS )( | |
| CELLULAR LIMITED PARTNERSHIP,)( | CAMERON COUNTY, TEXAS |
| McALLEN-EDINBURG-MISSION )( | |
| SMSA LIMITED PARTNERSHIP, )( | |
| SAN ANTONIO SMSA LIMITED )( | |
| PARTNERSHIP, TEXAS RSA 18 )( | |
| LIMITED PARTNERSHIP, TEXAS )( | |
| RSA 19 LIMITED PARTNERSHIP, )( | |
| AND TEXAS RSA 20B1 LIMITED )( | |
| PARTNERSHIP, GRANDE RIVER )( | |
| COMMUNICATIONS, L.P., RIVIERA)( | |
| TELEPHONE COMPANY, INC. AND )( | |
| THE PRICE COMMUNICATIONS )( | |
| GROUP, INC., )( | |
| Defendants )( | 404TH JUDICIAL DISTRICT |

---

ORAL AND VIDEOTAPED DEPOSITION OF
KENNETH DAVID LEE, JR.
JANUARY 31, 2002          COPY

---

```
 1              KENNETH DAVID LEE, JR.,

 2    having been duly sworn, testified as follows:

 3                     EXAMINATION

 4    BY MR. MYERS:

 5        Q.  Would you tell everyone your full name, please,

 6    sir?

 7        A.  Kenneth David Lee, Jr.

 8        Q.  What is your date of birth?

 9        A.  December 2nd, 1958.

10        Q.  Where do you live, sir?

11        A.  Harlingen, Texas.

12        Q.  How long have you lived in Harlingen?

13        A.  43 -- am I 43?  43 years.  43 years.

14        Q.  All your life?

15        A.  All my life.

16        Q.  Okay.  What is your usual business or

17    occupation?

18        A.  My usual -- you mean what I do now?

19        Q.  Yes, sir.

20        A.  Okay.  I work for Cingular Wireless, I guess

21    formerly Southwestern Bell Wireless, and I'm currently

22    the director of external distribution for the Rio

23    Grande Valley.

24        Q.  How long have you held that position?

25        A.  I -- I want to say October 2000 and -- October
```

Timestamps (left margin):
10:43:18 5
10:43:18 6
10:43:20 7
10:43:23 8
10:43:24 9
10:43:28 10
10:43:28 11
10:43:30 12
10:43:33 13
10:43:38 14
10:43:41 15
10:43:41 16
10:43:41 17
10:43:44 18
10:43:46 19
10:43:46 20
10:43:50 21
10:43:54 22
10:44:03 23
10:44:03 24
10:44:11 25

10:44:17  1    2000.  October 2000.

10:44:21  2        Q.  How long have you been with Cingular Wireless

10:44:25  3    or Southwestern Bell Wireless?

10:44:27  4        A.  Since 1988.

10:44:31  5        Q.  Mr. Lee, my name is Rob Myers.  I'm an

10:44:34  6    attorney.  I represent Mr. Miller's company, Z-Page,

10:44:38  7    Inc., in connection with a lawsuit captioned Z-Page

10:44:44  8    Communications, Inc. against Southwestern Bell Mobile

10:44:48  9    Systems and others, which is pending here in Cameron

10:44:52 10    County.  You and I have not met or talked prior to

10:44:56 11    today, have we?

10:44:56 12        A.  No.

10:44:57 13        Q.  Have you given a deposition before?

10:44:59 14        A.  Yes, I have.

10:44:59 15        Q.  On how many occasions?

10:45:04 16        A.  For the company, personal, or just all

10:45:07 17    together?

10:45:07 18        Q.  Just how many times?

10:45:08 19        A.  Twice.

10:45:09 20        Q.  Two times?

10:45:10 21        A.  (Moving head up and down.)

10:45:10 22        Q.  And I assume that you've had an opportunity to

10:45:12 23    talk to Mr. Harkins this morning about -- without

10:45:17 24    revealing the substance of it, about the deposition

10:45:21 25    testimony that you're going to give here today?

10:48:37  1    A.  Okay.

10:48:38  2    Q.  Okay?  And if you haven't seen it before, I may

10:48:41  3  have some questions about it and I may not, but if you

10:48:44  4  have seen it before, I'd appreciate it if you would be

10:48:47  5  courteous enough to let me know.

10:48:49  6          Have you reviewed any documents or any

10:48:50  7  other deposition testimony that's been given in this

10:48:53  8  case prior to giving your deposition today?

10:48:55  9    A.  No, I have not.

10:48:58 10    Q.  All right.  You have been with Southwestern

10:49:02 11  Bell Wireless or Cingular Wireless since 1988?

10:49:04 12    A.  Yes, sir.

10:49:04 13    Q.  What did you do prior to that time?

10:49:07 14    A.  I was a banker for Tropical Savings & Loan.

10:49:13 15    Q.  All right.  And how did it come to pass that

10:49:15 16  you got into the cellular telephone business?

10:49:19 17    A.  I actually received a call one day from a

10:49:22 18  gentleman with Southwestern Bell and he told me, "Do

10:49:27 19  you want to have lunch?"  And we used to do a lot of

10:49:29 20  corporate relocation stuff for Southwestern Bell and I

10:49:33 21  thought I was going to make him a loan.

10:49:34 22          We went and met, and he told me that they

10:49:37 23  were doing an upstart on the wireless business in the

10:49:40 24  Valley and my name had been given to him as a person

10:49:42 25  who was from the Valley, had a good financial

10:49:43  1  background, and wanted to know if I was interested in

10:49:45  2  making a career change, and that's where it started.

10:49:50  3      Q.  What was your first position with -- was it --

10:49:52  4  was it Southwestern Bell Wireless back in those days?

10:49:55  5      A.  No.  I believe it was Southwestern Bell Mobile

10:49:57  6  Systems.

10:49:58  7      Q.  Southwestern Bell Mobile Systems.  Okay.  And

10:50:00  8  Southwestern Bell Mobile Systems finally became

10:50:03  9  Southwestern Bell Wireless, which finally became

10:50:07 10  Cingular; is that the way it worked?

10:50:09 11      A.  I think that was the -- yeah.  Mobile Systems.

10:50:11 12  I don't know if there was anything in between there and

10:50:13 13  Wireless, but Southwestern Bell Wireless and then --

10:50:16 14  later then Cingular Wireless.

10:50:20 15      Q.  Had you had any experience whatsoever in the

10:50:23 16  cellular phone business prior to that time?

10:50:25 17      A.  No.

10:50:25 18      Q.  What was your first position with Southwestern

10:50:29 19  Bell Mobile Systems?

10:50:29 20      A.  My title was director of operations.

10:50:33 21      Q.  And what region or area did that cover?

10:50:37 22      A.  For the Rio Grande Valley.

10:50:39 23      Q.  And as the director of operations for the Rio

10:50:42 24  Grande Valley, what -- what was it that you were called

10:50:43 25  upon to do by the company?

CAUSE NO. 2001-09-4057-G

| | |
|---|---|
| Z-PAGE COMMUNICATIONS, INC., )( | IN THE DISTRICT COURT |
| )( | |
| Plaintiff )( | |
| )( | |
| VS. )( | |
| )( | |
| SOUTHWESTERN BELL MOBILE )( | |
| SYSTEMS, INC., SOUTHWESTERN )( | |
| BELL WIRELESS, INC., )( | |
| SOUTHWESTERN BELL WIRELESS, )( | |
| L.L.C., DALLAS SMSA LIMITED )( | |
| PARTNERSHIP, TEXAS/ILLINOIS )( | |
| CELLULAR LIMITED PARTNERSHIP,)( | CAMERON COUNTY, TEXAS |
| McALLEN-EDINBURG-MISSION )( | |
| SMSA LIMITED PARTNERSHIP, )( | |
| SAN ANTONIO SMSA LIMITED )( | |
| PARTNERSHIP, TEXAS RSA 18 )( | |
| LIMITED PARTNERSHIP, TEXAS )( | |
| RSA 19 LIMITED PARTNERSHIP, )( | |
| AND TEXAS RSA 20B1 LIMITED )( | |
| PARTNERSHIP, GRANDE RIVER )( | |
| COMMUNICATIONS, L.P., RIVIERA)( | |
| TELEPHONE COMPANY, INC. AND )( | |
| THE PRICE COMMUNICATIONS )( | |
| GROUP, INC., )( | |
| Defendants )( | 404TH JUDICIAL DISTRICT |

REPORTER'S CERTIFICATION
DEPOSITION OF KENNETH DAVID LEE, JR.
JANUARY 31, 2002

I, RHONDA A. MARTIN, Certified Court Reporter
in and for the State of Texas, hereby certify to the
following:

That the witness, KENNETH DAVID LEE, JR., was duly
sworn by the officer and that the transcript of the
oral deposition is a true record of the testimony given
by the witness;

The original transcript is being delivered on
_February 4, 2012_ to DENNIS SANCHEZ, custodial
attorney, for safekeeping and a duplicate transcript
with the original Errata Sheet/Signature Page is being
submitted to J. DANIEL HARKINS for examination,
signature, and return to Bryant & Stingley, Inc., by
_A.S.A.P._____, 2002;

BRYANT & STINGLEY, INC.
McAllen        Harlingen       Brownsville
(956)618-2366   (956)428-0755   (956)542-1020

That the amount of time used by each party at the deposition is as follows:

    ROBERT J. MYERS - 4 Hours, 38 Minutes
    DENNIS SANCHEZ - 0 Hours, 0 Minutes
    ERNESTO GAMEZ, JR. - 0 Hours, 0 Minutes
    J. DANIEL HARKINS - 0 Hours, 0 Minutes
    JAMES K. SPIVEY - 0 Hours, 0 Minutes

That $ 1,687.40 is the deposition officer's charges for preparing the original deposition transcript and any copies of exhibits, charged to Plaintiff.

That a copy of this certificate was provided to the following parties:

        ROBERT J. MYERS
        ROBERT JOHN MYERS & ASSOCIATES
        2700 Bee Caves Road, Suite 210
        Austin, Texas 78746

        DENNIS SANCHEZ
        SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.
        100 North Expressway 83
        Brownsville, Texas 78521

        ERNESTO GAMEZ, JR.
        LAW OFFICES OF ERNESTO GAMEZ, JR., P.C.
        777 East Harrison Street
        Brownsville, Texas 78520

        J. DANIEL HARKINS
        JAMES K. SPIVEY
        COX & SMITH INCORPORATED
        112 East Pecan Street, Suite 1800
        San Antonio, Texas 78205-1521

I further certify that I am neither counsel for, related to, nor employed by any of the parties or attorneys in the action in which this proceeding was taken, and further that I am not financially or otherwise interested in the outcome of the action.

Pursuant to Rule 203 of TRCP, an additional certificate will be issued.

Sworn to by me this _4th_ day of _February_ , 2002.

_Rhonda Mat_

RHONDA A. MARTIN, Texas CSR 4297
Expiration Date:  12-31-03
Bryant & Stingley, Inc.
2010 East Harrison
Harlingen, Texas 78550
(956) 428-0755

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KENNETH D. LEE, JR., | ' | |
| | ' | |
| **Plaintiff,** | ' | |
| | ' | |
| V. | ' | CIVIL ACTION NO. |
| | ' | |
| SOUTHWESTERN BELL MOBILE | ' | _____ |
| SYSTEMS, INC; SOUTHWESTERN | ' | |
| BELL WIRELESS, INC; | ' | |
| SOUTHWESTERN BELL | ' | |
| WIRELESS, L.L.C.; SOUTHWESTERN | ' | |
| BELL SYSTEMS, INC.; CINGULAR | ' | |
| WIRELESS, L.L.C.; and | ' | |
| SBC COMMUNICATIONS, INC., | ' | |
| | ' | |
| **Defendants.** | ' | |

## DECLARATION OF CHINITA ALLEN

1.     My name is Chinita Allen.  I am of legal age, and I am fully competent to make this declaration.  All of the statements made in this declaration are true and correct, and are made of my own personal knowledge or are based on business records of Cingular Wireless LLC.  The business records I reviewed in making this declaration are a record of acts or events made at or near the time by, or from information transmitted by, a person with knowledge; are kept in the course of Cingular's business activities, which are regularly conducted; it was the regular practice of Cingular's business activities to make the record; and I am a custodian of those business records.

2.     I am employed by Cingular Wireless LLC ("Cingular") through its affiliate Cingular Wireless Employee Services, LCC as the Manager, Workforce Management.  In that capacity, my principal responsibility is to manage Cingular's severance plan and I am a custodian of certain human resources records of Cingular.  I thus am familiar with the human

**DECLARATION OF CHINITA ALLEN - Page 1**

resources information systems of Cingular and the human resources activities of Cingular described in this declaration. In particular, I have personal knowledge of the reduction in Cingular personnel that took place beginning late in 2002 and that was known as "Project Alliance."

3.      Cingular formally began operations in October 2000. Cingular provides domestic wireless voice and data communications services, including local, long-distance and roaming services using both cellular and personal communications services, and equipment to customers across the United States. Kenneth D. Lee, Jr. was employed in Texas by Cingular (through its affiliate Cingular Wireless Employee Services, LCC) or an affiliate from July 11, 1988 until his employment ended on November 15, 2002 in connection with a company-wide staff reduction. Immediately before Cingular began formal operations, Mr. Lee was employed by Southwestern Bell Wireless, LLC. After Cingular began formal operations, the services of the Texas employees of Southwestern Bell Wireless, including Mr. Lee's services, were provided to and on behalf of Cingular, although they continued to be paid by and be nominally employed by Southwestern Bell Wireless. The employment of those Texas employees of Southwestern Bell Wireless, including Mr. Lee, was formally transitioned to Cingular through its affiliate Cingular Wireless Employee Services, LLC on October 28, 2001.

4.      Mr. Lee's W-2 compensation for his partial final year of employment in 2002 was $101,445.34. His W-2 compensation in 2001, his last full year of employment, was $115,320.42.

5.      In connection with the Project Alliance staff reductions, Mr. Lee was offered severance pay and other consideration in exchange for signing a release of liability. Mr. Lee did not return the severance agreement and thus declined Cingular's offer. The severance pay Cingular offered to Mr. Lee was $77,906.50.

**DECLARATION OF CHINITA ALLEN - Page 2**

6.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April _7_, 2004.

_____
CHINITA ALLEN

077002 000031 DALLAS 1724063.2

**DECLARATION OF CHINITA ALLEN - Page 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KENNETH D. LEE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | B-04-069 |
| SYSTEMS, INC; SOUTHWESTERN | § | |
| BELL WIRELESS, INC; | § | |
| SOUTHWESTERN BELL | § | |
| WIRELESS, L.L.C.; SOUTHWESTERN | § | |
| BELL SYSTEMS, INC.; CINGULAR | § | |
| WIRELESS, L.L.C.; and | § | |
| SBC COMMUNICATIONS, INC., | § | |
| | § | |
| Defendants. | § | |

## DECLARATION OF JUANITA LEMAIRE

1.      My name is Juanita LeMaire.  I am of legal age, and I am fully competent to make

this declaration.  All of the statements made in this declaration are true and correct, and are made

of my own personal knowledge or are based on business records of Cingular Wireless LLC.  The

business records I reviewed in making this declaration are a record of acts or events made at or

near the time by, or from information transmitted by, a person with knowledge; are kept in the

course of Cingular's business activities, which are regularly conducted; it was the regular

practice of Cingular's business activities to make the record; and I am a custodian of those

business records.

2.      I am employed by Cingular Wireless LLC ("Cingular") through its affiliate

Cingular Wireless Employee Services, LCC as the HRIS Manager.  In that capacity, my

principal responsibility is to manage Cingular's human resource management systems, which

includes employee data information and payroll data information, and I am a custodian of certain

human resources and payroll records of Cingular.   Those business records include Form W-2

**DECLARATION OF JUANITA LEMAIRE - Page 1**

Wage and Tax Statements for current and former Cingular employees, including Form W-2's for those employees of Southwestern Bell Wireless, LLC (and its predecessor by merger, Southwester Bell Wireless Inc.) who transitioned to Cingular in October 2001.

3.    Attached as Exhibit 1 is a true and correct copy of the 2003 W-2 Wage and Tax Statement from Cingular Wireless, LLC to Kenneth D. Lee.

4.    Attached as Exhibit 2 is a true and correct copy of the 2002 W-2 Wage and Tax Statement from Cingular Wireless, LLC to Kenneth D. Lee.

5.    Attached as Exhibit 3 is a true and correct copy of the 2001 W-2 Wage and Tax Statement from Cingular Wireless, LLC to Kenneth D. Lee.  This W-2 included the period before the transition to Cingular when Mr. Lee was employed by Southwestern Bell Wireless, LLC.

6.    Attached as Exhibit 4 is a true and correct copy of the 2000 W-2 Wage and Tax Statement from Southwestern Bell Wireless to Kenneth D. Lee.

7.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 28, 2004.

_____
NAME

077002 000031 DALLAS 1745371.1

**DECLARATION OF JUANITA LEMAIRE - Page 2**



OMB No. 1545-0008

**c** Employer's name, address, and ZIP code
CINGULAR WIRELESS, LLC
SUITE 100A
17330 PRESTON ROAD
DALLAS, TX 75252

Safe, accurate, FAST! Use — IRS **e-file** — Visit the IRS Web Site at www.irs.gov.

| Box | Label | Amount |
|---|---|---|
| 1 | Wages, tips, other compensation | 1638.31 |
| 2 | Federal income tax withheld | 165.84 |
| 3 | Social security wages | 1638.31 |
| 4 | Social security tax withheld | 101.58 |
| 5 | Medicare wages and tips | 1638.31 |
| 6 | Medicare tax withheld | 23.76 |
| 7 | Social security tips | |
| 8 | Allocated tips | |

**a** Control number

**b** Employer identification number
74-2955068

**d** Employee's social security number
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

9 Advance EIC payment

10 Dependent care benefits

**e** Employee's first name and initial    Last name
KENNETH    D    LEE
1916 GUAVA CIRCLE
HARLINGEN, TX 78552

11 Nonqualified plans

12a See instructions for box 12

13 Statutory employee / Retirement plan / Third-party sick pay

12b

14 Other

12c

12d

**f** Employee's address and ZIP code

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|

PLEASE VISIT WWW.GETMYW2.COM FOR AN OFFICIAL COPY

Form **W-2** Wage and Tax Statement    **2003**    Department of the Treasury- Internal Revenue Service



OMB No. 1545-0008

| c Employer's name, address, and ZIP code | | |
|---|---|---|
| CINGULAR WIRELESS, LLC | | |
| 17330 PRESTON RD. | | |
| SUITE 100A | | |
| DALLAS, TX 75252 | | |

Safe, accurate, FAST! Use **IRS e-file** — Visit the IRS Web Site at www.irs.gov.

| 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|
| 101445.34 | 23971.91 |
| 3 Social security wages | 4 Social security tax withheld |
| 84900.00 | 5263.80 |
| 5 Medicare wages and tips | 6 Medicare tax withheld |
| 107903.03 | 1564.59 |
| 7 Social security tips | 8 Allocated tips |

**a Control number**
10610

**b Employer identification number**
74-2955068

**d Employee's social security number**
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

| 9 Advance EIC payment | 10 Dependent care benefits |
|---|---|

**e Employee's first name and initial    Last name**
KENNETH    D    LEE

1916 GUAVA CIRCLE
HARLINGEN, TX  78552

| 11 Nonqualified plans | 12a See instructions for box 12 |
|---|---|
| | C    90.00 |

| 13 Statutory employee | Retirement plan X | Third-party sick pay | 12b D    6457.69 |
|---|---|---|---|

| 14 Other | 12c |
|---|---|
| | 12d |

**f Employee's address and ZIP code**

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| PLEASE VISIT | WWW.GETMYW2.COM | FOR AN | OFFICIAL | COPY | | |

Form **W-2** Wage and Tax Statement                    **2002**                    Department of the Treasury- Internal Revenue Service

Copy B To be filed with employee's FEDERAL return

This information is being furnished to the Internal Revenue Service

Dept. of the Treasury - IRS

Form **W-2 Wage and Tax Statement** **2001**

| Box | Value | Box | Value |
|---|---|---|---|
| 7 Social security tips | | 1 Wages, tips, other compensation | 115320.42 | 2 Federal income tax withheld | 25103.31 |

c Employer's name, address, and ZIP code

CINGULAR WIRELESS, LLC

17330 PRESTON ROAD, SUITE 100
DALLAS, TX  75252

| 8 Allocated tips | | 3 Social security wages | 80400.00 | 4 Social security tax withheld | 4984.80 |
| 9 Advance EIC payment | | 5 Medicare wages and tips | 122300.41 | 6 Medicare tax withheld | 1773.36 |
| 10 Dependent care benefits | | 11 Nonqualified plans | | 12a  C | 88.42 |

e Employee's name, address, and ZIP code

| 13 Statutory employee / Retirement plan X / Third-party sick pay | 14 Other | | 12b  D | 912.54 |

KENNETH D. LEE

b Employer's identification number
74-2955068

12c

1916 GUAVA CIRCLE
HARLINGEN, TX  78552

d Employee's social security number
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

12d

| 15 State | Employer's state I.D. number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Name of locality |
|---|---|---|---|---|---|---|
| | | | | | | |

---

Copy C For EMPLOYEE'S RECORDS (See Notice on back.)

OMB No. 1545-0008

Dept. of the Treasury - IRS

Form **W-2 Wage and Tax Statement** **2001**

| 7 Social security tips | | 1 Wages, tips, other compensation | 115320.42 | 2 Federal income tax withheld | 25103.31 |

c Employer's name, address, and ZIP code

CINGULAR WIRELESS, LLC

17330 PRESTON ROAD, SUITE 100
DALLAS, TX  75252

| 8 Allocated tips | | 3 Social security wages | 80400.00 | 4 Social security tax withheld | 4984.80 |
| 9 Advance EIC payment | | 5 Medicare wages and tips | 122300.41 | 6 Medicare tax withheld | 1773.36 |
| 10 Dependent care benefits | | 11 Nonqualified plans | | 12a  C | 88.42 |

e Employee's name, address, and ZIP code

| 13 Statutory employee / Retirement plan X / Third-party sick pay | 14 Other | | 12b  D | 912.54 |

KENNETH D. LEE

b Employer's identification number
74-2955068

12c

1916 GUAVA CIRCLE
HARLINGEN, TX  78552

d Employee's social security number
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

12d

| 15 State | Employer's state I.D. number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Name of locality |
|---|---|---|---|---|---|---|
| | | | | | | |

---

Copy 2 To be filed With Employee's State, City, or Local Income Tax Return

Dept. of the Treasury - IRS

Form **W-2 Wage and Tax Statement** **2001**

| 7 Social security tips | | 1 Wages, tips, other compensation | 115320.42 | 2 Federal income tax withheld | 25103.31 |

c Employer's name, address, and ZIP code

CINGULAR WIRELESS, LLC

17330 PRESTON ROAD, SUITE 100
DALLAS, TX  75252

| 8 Allocated tips | | 3 Social security wages | 80400.00 | 4 Social security tax withheld | 4984.80 |
| 9 Advance EIC payment | | 5 Medicare wages and tips | 122300.41 | 6 Medicare tax withheld | 1773.36 |
| 10 Dependent care benefits | | 11 Nonqualified plans | | 12a  C | 88.42 |

e Employee's name, address, and ZIP code

| 13 Statutory employee / Retirement plan X / Third-party sick pay | 14 Other | | 12b  D | 912.54 |

KENNETH D. LEE

b Employer's identification number
74-2955068

12c

1916 GUAVA CIRCLE
HARLINGEN, TX  78552

d Employee's social security number
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

12d

| 15 State | Employer's state I.D. number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Name of locality |
|---|---|---|---|---|---|---|
| | | | | | | |

---

Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return

Dept. of the Treasury - IRS

Form **W-2 Wage and Tax Statement** **2001**

| 7 Social security tips | | 1 Wages, tips, other compensation | 115320.42 | 2 Federal income tax withheld | 25103.31 |

c Employer's name, address, and ZIP code

CINGULAR WIRELESS, LLC

17330 PRESTON ROAD, SUITE 100
DALLAS, TX  75252

| 8 Allocated tips | | 3 Social security wages | 80400.00 | 4 Social security tax withheld | 4984.80 |
| 9 Advance EIC payment | | 5 Medicare wages and tips | 122300.41 | 6 Medicare tax withheld | 1773.36 |
| 10 Dependent care benefits | | 11 Nonqualified plans | | 12a  C | 88.42 |

e Employee's name, address, and ZIP code

| 13 Statutory employee / Retirement plan X / Third-party sick pay | 14 Other | | 12b  D | 912.54 |

KENNETH D. LEE

b Employer's identification number
74-2955068

12c

1916 GUAVA CIRCLE
HARLINGEN, TX  78552

d Employee's social security number
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

12d

| 15 State | Employer's state I.D. number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Name of locality |
|---|---|---|---|---|---|---|
| | | | | | | |

Copy B To Be filed with employee's FEDI    x return    This information is being furnished to the Internal Revenue !    Dept. of the Treasury - IRS

**Form W-2 Wage and Tax Statement 2000**

| 7 Social security tips | 1 Wages, tips, other compensation 120977.16 | 2 Federal income tax withheld 26636.26 |
|---|---|---|

c Employer's name, address, and ZIP code

SOUTHWESTERN BELL WIRELESS
17330 PRESTON ROAD
SUITE 100 A
DALLAS, TX 75252

| 8 Allocated tips | 3 Social security wages 76200.00 | 4 Social security tax withheld 4724.40 |
|---|---|---|
| 9 Advance EIC payment | 5 Medicare wages and tips 128739.20 | 6 Medicare tax withheld 1866.72 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12 Benefits included in Box 1 |

e Employee's name, address, and ZIP code

KENNETH D. LEE
1916 GUAVA CIRCLE
HARLINGEN, TX 78552

| 13 See instrs. for Box 13   C   80.30 | 14 Other |
|---|---|

b Employer's identification number 75-2674595
d Employee's social security number 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

15 Statutory employee | Deceased | Pension plan | Legal rep. | Hshld. emp. | Subtotal | Deferred comp.
   X                                                                                    X

| 16 State | Employer's state I.D. number | 17 State wages, tips, etc. | 18 State income tax | 19 Name of locality | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|

---

Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return    Dept. of the Treasury - IRS

**Form W-2 Wage and Tax Statement 2000**

| 7 Social security tips | 1 Wages, tips, other compensation 120977.16 | 2 Federal income tax withheld 26636.26 |
|---|---|---|

c Employer's name, address, and ZIP code

SOUTHWESTERN BELL WIRELESS
17330 PRESTON ROAD
SUITE 100 A
DALLAS, TX 75252

| 8 Allocated tips | 3 Social security wages 76200.00 | 4 Social security tax withheld 4724.40 |
|---|---|---|
| 9 Advance EIC payment | 5 Medicare wages and tips 128739.20 | 6 Medicare tax withheld 1866.72 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12 Benefits included in Box 1 |

e Employee's name, address, and ZIP code

KENNETH D. LEE
1916 GUAVA CIRCLE
HARLINGEN, TX 78552

| 13 See instrs. for Box 13   C   80.30 | 14 Other |
|---|---|

b Employer's identification number 75-2674595
d Employee's social security number 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

15 Statutory employee | Deceased | Pension plan | Legal rep. | Hshld. emp. | Subtotal | Deferred comp.
   X                                                                                    X

| 16 State | Employer's state I.D. number | 17 State wages, tips, etc. | 18 State income tax | 19 Name of locality | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|

---

Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return    Dept. of the Treasury - IRS

**Form W-2 Wage and Tax Statement 2000**

| 7 Social security tips | 1 Wages, tips, other compensation 120977.16 | 2 Federal income tax withheld 26636.26 |
|---|---|---|

c Employer's name, address, and ZIP code

SOUTHWESTERN BELL WIRELESS
17330 PRESTON ROAD
SUITE 100 A
DALLAS, TX 75252

| 8 Allocated tips | 3 Social security wages 76200.00 | 4 Social security tax withheld 4724.40 |
|---|---|---|
| 9 Advance EIC payment | 5 Medicare wages and tips 128739.20 | 6 Medicare tax withheld 1866.72 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12 Benefits included in Box 1 |

e Employee's name, address, and ZIP code

KENNETH D. LEE
1916 GUAVA CIRCLE
HARLINGEN, TX 78552

| 13 See instrs. for Box 13   C   80.30 | 14 Other |
|---|---|

b Employer's identification number 75-2674595
d Employee's social security number 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

15 Statutory employee | Deceased | Pension plan | Legal rep. | Hshld. emp. | Subtotal | Deferred comp.
   X                                                                                    X

| 16 State | Employer's state I.D. number | 17 State wages, tips, etc. | 18 State income tax | 19 Name of locality | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|

---

Copy C For EMPLOYEE'S RECORDS (See Notice on back.)    OMB No. 1545-0008    Dept. of the Treasury - IRS

**Form W-2 Wage and Tax Statement 2000**

| 7 Social security tips | 1 Wages, tips, other compensation 120977.16 | 2 Federal income tax withheld 26636.26 |
|---|---|---|

c Employer's name, address, and ZIP code

SOUTHWESTERN BELL WIRELESS
17330 PRESTON ROAD
SUITE 100 A
DALLAS, TX 75252

| 8 Allocated tips | 3 Social security wages 76200.00 | 4 Social security tax withheld 4724.40 |
|---|---|---|
| 9 Advance EIC payment | 5 Medicare wages and tips 128739.20 | 6 Medicare tax withheld 1866.72 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12 Benefits included in Box 1 |

e Employee's name, address, and ZIP code

KENNETH D. LEE
1916 GUAVA CIRCLE
HARLINGEN, TX 78552

| 13 See instrs. for Box 13   C   80.30 | 14 Other |
|---|---|

b Employer's identification number 75-2674595
d Employee's social security number 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

15 Statutory employee | Deceased | Pension plan | Legal rep. | Hshld. emp. | Subtotal | Deferred comp.
   X                                                                                    X

| 16 State | Employer's state I.D. number | 17 State wages, tips, etc. | 18 State income tax | 19 Name of locality | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KENNETH D. LEE, JR., | ' | |
| | ' | |
| Plaintiff, | ' | |
| | ' | |
| V. | ' | CIVIL ACTION NO. |
| | ' | |
| SOUTHWESTERN BELL MOBILE | ' | _____ |
| SYSTEMS, INC; SOUTHWESTERN | ' | |
| BELL WIRELESS, INC; | ' | |
| SOUTHWESTERN BELL | ' | |
| WIRELESS, L.L.C.; SOUTHWESTERN | ' | |
| BELL SYSTEMS, INC.; CINGULAR | ' | |
| WIRELESS, L.L.C.; and | ' | |
| SBC COMMUNICATIONS, INC., | ' | |
| | ' | |
| Defendants. | ' | |

## DECLARATION OF CAROLYN J. WILDER

1.      My name is Carolyn J. Wilder.  I am of legal age, and I am fully competent to make this declaration.  All of the statements made in this declaration are true and correct, and are made of my own personal knowledge; are based on business records of Cingular Wireless LLC, Southwestern Bell Mobile Systems, LLC or its predecessor, Southwestern Bell Mobile Systems, Inc., and Southwestern Bell Wireless, LLC or its predecessor, Southwestern Bell Wireless Inc.; are based on public records; or are based on the absence of business records.  The business records I reviewed in making this declaration are a record of acts or events made at or near the time by, or from information transmitted by, a person with knowledge; are kept in the course of those entities' businesses activities, which are regularly conducted; it was the regular practice of those entities' business activity to make the record; and I am a custodian of those business records.

2.      I am the Corporate Paralegal and Assistant Secretary of Cingular Wireless LLC ("Cingular").  In that capacity, I am responsible for the corporate records of Cingular,

**DECLARATION OF CAROLYN J. WILDER - Page 1**

Southwestern Bell Mobile Systems, LLC ("SBMS"), and Southwestern Bell Wireless, LLC ("SWBW"), including records of their formation and various public filings required under the laws of the states in which they are organized and transact business. I thus am familiar with the corporate organization, structure, business, and history of Cingular, SBMS, and SWBW.

3.    Cingular is a limited liability company and was formed under the laws of the State of Delaware on April 24, 2000. Cingular's principal place of business is at 5565 Glenridge Connector in Atlanta, Georgia. Cingular is a joint venture between SBC Communications Inc. and BellSouth Corporation. Cingular provides domestic wireless voice and data communications services, including local, long-distance and roaming services using both cellular and personal communications services, and equipment to customers across the United States. Cingular formally began operations in October 2000.

4.    SBMS was formed as a limited liability company under the laws of the State of Delaware on September 8, 2000. SBMS's principal place of business is at 5565 Glenridge Connector in Atlanta, Georgia. Southwestern Bell Mobile Systems, Inc., which was dually incorporated under the laws of the State of Delaware and the Commonwealth of Virginia, was merged into SBMS and the certificate of merger was made effective on September 29, 2000. SBMS is the surviving entity. Exhibit D-1 is a true and correct copy of the Certificate of Authority issued by the State of Texas to SBMS to transact business in the state under the name of Cingular Southwestern Bell Mobile Systems, LLC, the attached application, and the attached certification from the State of Delaware of the existence and good standing of SBMS under the laws of the State of Delaware. Southwestern Bell Mobile Systems, Inc. withdrew its qualification to do business in Texas on August 21, 2001.

5.    SWBW was formed as a limited liability company under the laws of the State of Delaware on September 8, 2000. SWBW's principal place of business is at 5565 Glenridge

**DECLARATION OF CAROLYN J. WILDER - Page 2**

Connector in Atlanta, Georgia. Southwestern Bell Wireless Inc., which was incorporated under the laws of the State of Delaware, was merged into SWBW and the certificate of merger was made effective on September 29, 2000. SWBW is the surviving entity. Exhibit D-2 is a true and correct copy of the Certificate of Authority issued by the State of Texas to SWBW to transact business in the state under the name of Cingular Southwestern Bell Wireless, LLC, the attached application, and the attached certification from the State of Delaware of the existence and good standing of SWBW under the laws of the State of Delaware. Southwestern Bell Wireless Inc. withdrew its qualification to do business in Texas on August 21, 2001.

6.    The sole member of SWBW is SBMS. The sole member of SBMS is SBC Wireless LLC. The sole member of SBC Wireless LLC is Cingular. Cingular is the manager of SWBW, SBMS, and SBC Wireless LLC. Cingular has three members: SBC Alloy Holdings Inc., which is a subsidiary of SBC Communications Inc.; BLS Cingular Holdings, LLC; and Cingular Wireless Corporation, which is also the manager of Cingular and which is owned equally by SBC Communications Inc. and BellSouth Corporation. SBC Communications Inc. is incorporated under the laws of the State of Delaware and has its principal place of business at 175 East Houston Street, San Antonio, Texas.

7.    I have searched for, but have been unable to locate any business record in the corporate records of Cingular and its affiliates reflecting the existence of an entity named "Southwestern Bell Systems, Inc." To my knowledge, no such entity exists.

8.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

**DECLARATION OF CAROLYN J. WILDER - Page 3**

Executed on April _12_, 2004.

_Carolyn J. Wilder_

CAROLYN J. WILDER

077002 000031 DALLAS 1723720.3

**DECLARATION OF CAROLYN J. WILDER - Page 4**



# The State of Texas
## Secretary of State

CERTIFICATE OF AUTHORITY

OF

SOUTHWESTERN BELL MOBILE SYSTEMS, LLC
FILING NUMBER    07067702

THE UNDERSIGNED, AS SECRETARY OF STATE OF THE STATE OF TEXAS, HEREBY CERTIFIES THAT THE ATTACHED APPLICATION OF THE ABOVE ENTITY FOR A CERTIFICATE OF AUTHORITY TO TRANSACT BUSINESS IN THIS STATE HAS BEEN RECEIVED IN THIS OFFICE AND IS FOUND TO CONFORM TO LAW.

ACCORDINGLY, THE UNDERSIGNED, AS SUCH SECRETARY OF STATE, AND BY VIRTUE OF THE AUTHORITY VESTED IN THE SECRETARY BY LAW, HEREBY ISSUES THIS CERTIFICATE OF AUTHORITY TO TRANSACT BUSINESS IN THIS STATE FROM AND AFTER THIS DATE FOR THOSE PURPOSES SET FORTH IN THE APPLICATION, UNDER THE NAME OF

CINGULAR SOUTHWESTERN BELL MOBILE SYSTEMS, LLC

DATED APR. 16, 2001
EFFECTIVE APR. 16, 2001



_Henry Cuellar_
Henry Cuellar, Secretary of State



Office of the Secretary of State
Corporations Section
P.O. Box 13697
Austin, Texas 78711-3697

FILED
In the Office of the
Secretary of State of Texas

APR 1 8 2001

Corporations Section

---

# APPLICATION FOR CERTIFICATE OF AUTHORITY
## BY A LIMITED LIABILITY COMPANY

**Pursuant to the provisions of article 7.05 of the Texas Limited Liability Company Act, the undersigned limited liability company hereby applies for a certificate of authority to transact business in Texas:**

1.  The name of the limited liability company is <u>SOUTHWESTERN BELL MOBILE SYSTEMS, LLC</u>

2.  (A) If the name of the limited liability company does not contain the words, "Limited Liability Company" or "Limited Company," or the abbreviations "L.L.C.," "LLC," "LC," or "L.C.," then the name of the foreign limited liability company with the words or abbreviation which it elects to add thereto for use in Texas is

    (B) If the name is not available in Texas, then set forth the name under which the foreign limited liability company will qualify and transact business in Texas.

    <u>Cingular Southwestern Bell Mobile Systems, LLC</u>

3.  The federal tax identification number is <u>75-1905705</u>

4.  The date of its organization is <u>September 8, 2000</u> and the period of duration is <u>Perpetual</u> (State term of years or other duration authorized in its home jurisdiction.)

5.  The address of its principal office in the state or country under the laws of which it is organized is <u>2711 Centerville Road, Suite 400, Wilmington, DE  19809</u>

    (If the company does not maintain its principal office in the jurisdiction of organization, provide the address of its registered office address in such jurisdiction.)

6.  The street address of its proposed registered office in Texas is (a P.O. Box or lock box is not sufficient) <u>800 Brazos, Austin, TX,  78701</u>

    <u>and</u>

    the name of its proposed registered agent in Texas at such address is

    <u>Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company</u>

7.  The purpose or purposes of the company which it proposes to pursue in the transaction of business in Texas are:

Wireless communications products and services
_____

_____

8.  It is authorized to pursue such purpose or purposes in the state or country under the laws of which it is organized.

9.  (Complete either A or B below.)

    (A) The names and respective addresses of its managers are:

| NAME | ADDRESS |
|------|---------|
| Cingular Wireless LLC | 5565 Glenridge Connector |
|  | Atlanta, GA 30342 |
|  |  |

or

    (B) The company is member-managed. The names and addresses of its managing members are:

| NAME | ADDRESS |
|------|---------|
|  |  |
|  |  |
|  |  |

10. The application is accompanied by a certificate issued by the secretary of state or other authorized officer of the jurisdiction of organization evidencing the existence of the limited liability company.

Date: April 13, 2001            SOUTHWESTERN BELL MOBILE SYSTEMS, LLC
                                _____
                                          Name of Company

                                By _____
                                     An Authorized Manager or Member

Form No. 304
Revised 8/99

*State of Delaware*

PAGE  1

## *Office of the Secretary of State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "SOUTHWESTERN BELL MOBILE SYSTEMS, LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE SIXTEENTH DAY OF APRIL, A.D. 2001.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE NOT BEEN ASSESSED TO DATE.



*Harriet Smith Windsor, Secretary of State*

3286333  8300

010181516

AUTHENTICATION: 1080554

DATE: 04-16-01



# The State of Texas
## Secretary of State

CERTIFICATE OF AUTHORITY

OF

SOUTHWESTERN BELL WIRELESS, LLC
FILING NUMBER   07084053

THE UNDERSIGNED, AS SECRETARY OF STATE OF THE STATE OF TEXAS, HEREBY CERTIFIES THAT THE ATTACHED APPLICATION OF THE ABOVE ENTITY FOR A CERTIFICATE OF AUTHORITY TO TRANSACT BUSINESS IN THIS STATE HAS BEEN RECEIVED IN THIS OFFICE AND IS FOUND TO CONFORM TO LAW.

ACCORDINGLY, THE UNDERSIGNED, AS SUCH SECRETARY OF STATE, AND BY VIRTUE OF THE AUTHORITY VESTED IN THE SECRETARY BY LAW, HEREBY ISSUES THIS CERTIFICATE OF AUTHORITY TO TRANSACT BUSINESS IN THIS STATE FROM AND AFTER THIS DATE FOR THOSE PURPOSES SET FORTH IN THE APPLICATION, UNDER THE NAME OF

CINGULAR SOUTHWESTERN BELL WIRELESS, LLC

DATED FEB. 16, 2001
EFFECTIVE FEB. 16, 2001



Henry Cuellar, Secretary of State



**Office of the Secretary of State**
**Corporations Section**
**P.O. Box 13697**
**Austin, Texas 78711-3697**



FILED
In the Office of the
Secretary of State of Texas

FEB 1 6 2001

Corporations Section

# APPLICATION FOR CERTIFICATE OF AUTHORITY
# BY A LIMITED LIABILITY COMPANY

**Pursuant to the provisions of article 7.05 of the Texas Limited Liability Company Act, the undersigned limited liability company hereby applies for a certificate of authority to transact business in Texas:**

1.  The name of the limited liability company is  SOUTHWESTERN BELL WIRELESS, LLC

2.  (A) If the name of the limited liability company does not contain the words, "Limited Liability Company" or "Limited Company," or the abbreviations "L.L.C.," "LLC," "LC," or "L.C.," then the name of the foreign limited liability company with the words or abbreviation which it elects to add thereto for use in Texas is

    (B) If the name is not available in Texas, then set forth the name under which the foreign limited liability company will qualify and transact business in Texas.

    Cingular Southwestern Bell Wireless, LLC

3.  The federal tax identification number is   75-2674595

4.  The date of its organization is  September 8, 2000                and the period of duration is  Perpetual              (State term of years or other duration authorized in its home jurisdiction.)

5.  The address of its principal office in the state or country under the laws of which it is organized is  2711 Centerville Road, Suite 400, Wilmington, DE
    (If the company does not maintain its principal office in the jurisdiction of organization, provide the address of its registered office address in such jurisdiction.)

6.  The street address of its proposed registered office in Texas is (a P.O. Box or lock box is not sufficient)  800 Brazos, Austin, TX, 78701                                   and the name of its proposed registered agent in Texas at such address is

    Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company

7.  The purpose or purposes of the company which it proposes to pursue in the transaction of business in Texas are:

Wireless communications products and services
_____

_____

8.  It is authorized to pursue such purpose or purposes in the state or country under the laws of which it is organized.

9.  (Complete either A or B below.)

(A) The names and respective addresses of its managers are:

| NAME | ADDRESS |
|------|---------|
| Cingular Wireless LLC | 5565 Glenridge Connector |
| | Atlanta, GA 30342 |
| | |

or

(B) The company is member-managed. The names and addresses of its managing members are:

| NAME | ADDRESS |
|------|---------|
| | |
| | |
| | |

10.  The application is accompanied by a certificate issued by the secretary of state or other authorized officer of the jurisdiction of organization evidencing the existence of the limited liability company.

Date: February 9, 2001

SOUTHWESTERN BELL WIRELESS, LLC
_____
Name of Company

By _Elizabeth A. Russell_
An Authorized Manager or Member

Form No. 304
Revised 8/99

*State of Delaware*

PAGE   1

## *Office of the Secretary of State*

---

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "SOUTHWESTERN BELL WIRELESS, LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE TWELFTH DAY OF FEBRUARY, A.D. 2001.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE NOT BEEN ASSESSED TO DATE.



*Harriet Smith Windsor*
*Harriet Smith Windsor, Secretary of State*

3286344   8300

010069171

AUTHENTICATION: 0967376

DATE: 02-12-01

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KENNETH D. LEE, JR., | ' | |
| | ' | |
| Plaintiff, | ' | |
| | ' | |
| V. | ' | CIVIL ACTION NO. |
| | ' | |
| SOUTHWESTERN BELL MOBILE | ' | B-04-069 |
| SYSTEMS, INC; SOUTHWESTERN | ' | |
| BELL WIRELESS, INC; | ' | |
| SOUTHWESTERN BELL | ' | |
| WIRELESS, L.L.C.; SOUTHWESTERN | ' | |
| BELL SYSTEMS, INC.; CINGULAR | ' | |
| WIRELESS, L.L.C.; and | ' | |
| SBC COMMUNICATIONS, INC., | ' | |
| | ' | |
| Defendants. | ' | |

## DECLARATION OF ROBERT FORSYTH

1.      My name is Robert Forsyth.  I am of legal age, and I am fully competent to make this declaration.  All of the statements made in this declaration are true and correct, and are made of my own personal knowledge

2.      I currently am employed as the Vice President and General Manager, Carolinas for Cingular Wireless LLC ("Cingular") through its affiliate, Cingular Wireless Employee Services, LLC.  From the fall of 2000 until the fall of 2002, I was the Vice President and General Manager, South Texas, first for Southwestern Bell Wireless Inc., then for its successor by merged, Southwestern Bell Wireless, LLC, and then, effective October 28, 2001, for Cingular. Between the time I held the positions of Vice President and General Manager, South Texas and Vice President and General Manager, Carolinas, I was the Vice President, National Distribution for Cingular for the western portion of the United States.

3.      Cingular formally began operations in October 2000 while I was Vice President and General Manager, South Texas, but South Texas employees, including Kenneth D. Lee, Jr.

**DECLARATION OF ROBERT FORSYTH - Page 1**

and me, continued to be employed by Southwestern Bell Wireless, LLC for a time. I formally became an employee of Cingular Wireless Employee Services, LLC on October 28, 2001 while in the position of Vice President and General Manager, South Texas and in connection with the transfer of employees from Southwestern Bell Wireless, LLC (formerly Southwestern Bell Wireless Inc.) to Cingular. Other South Texas region employees, including Mr. Lee, also became employees of Cingular Wireless Employee Services, LLC at that time. Mr. Lee was under my direct or indirect supervision during the time I was the Vice President and General Manager, South Texas, and during that same time he also was employed first by Southwestern Bell Wireless Inc., then by Southwestern Bell Wireless, LLC after the merger of those two entities, and then by Cingular through its affiliate, Cingular Wireless Employee Services, LLC.

4.     From the fall of 1997 until I became the Vice President and General Manager, South Texas in the fall of 2000, I worked in various positions for Pacific Bell Wireless, LLC (or its predecessor, Pacific Bell Mobile Services). Pacific Bell Wireless was a sister corporation to Southwestern Bell Wireless, and part of the wireless operations of SBC Communications. During the time that I worked for Pacific Bell Wireless, my paycheck was issued by Celcom (whose formal name is California Celcom Communications Corporation). Celcom was an affiliate of Southwestern Bell Wireless, Inc.

5.     I have never been employed by or received a paycheck from SBC Communications Inc. My understanding is that SBC Communications Inc. is a holding company.

6.     I have read the excerpts from a deposition I gave in another case that are attached as Exhibit D to *Plaintiff's Memorandum in Support of Motion to Remand*. The discussion on pages 17 and 18 of that deposition relates to the time I was working for Pacific Bell Wireless in California from the fall of 1997 to the fall of 2000, which is before the time I supervised Mr.

**DECLARATION OF ROBERT FORSYTH - Page 2**

Lee. My answer on lines 1-2 and 9 on page 18 of that deposition was meant by me to indicate that, although I performed services for Pacific Bell Wireless and received my paycheck came from Celcom – neither of which had "SBC" or "Southwestern Bell" in its name – I was still employed in the SBC Communications family of companies. (Celcom is misspelled as "Cell Com" in the transcript.) As noted, I have never been employed by or received a paycheck from SBC Communications, Inc. On page 41 of that deposition, the questioning concerned my move from Pacific Bell Wireless to become the Vice President and General Manager, South Texas, for Southwestern Bell Wireless. The attorney asked me at lines 23 to 25 on page 41 to confirm that we were still discussing "cellular phone service from SBC, correct?" I answered yes, again because Southwestern Bell Wireless and Pacific Bell Wireless were part of the wireless operations of SBC Communications.

7.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 28, 2004.

ROBERT FORSYTH

**DECLARATION OF ROBERT FORSYTH - Page 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KENNETH D. LEE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | B-04-069 |
| SYSTEMS, INC; SOUTHWESTERN | § | |
| BELL WIRELESS, INC; | § | |
| SOUTHWESTERN BELL | § | |
| WIRELESS, L.L.C.; SOUTHWESTERN | § | |
| BELL SYSTEMS, INC.; CINGULAR | § | |
| WIRELESS, L.L.C.; and | § | |
| SBC COMMUNICATIONS, INC., | § | |
| | § | |
| Defendants. | § | |

## DECLARATION OF GLENN GROSS

1.     My name is Glenn Gross. I am over the age of 21 years, fully competent to make this declaration, and am personally acquainted with the facts herein stated.

2.     I am currently the Executive Director of Executive Compensation. I am employed by SBC Management Services, LP. I am responsible for the design and administration of the nonqualified benefit plans for those subsidiaries of SBC Communications Inc. that have elected to participate in such plans. I make this affidavit based on personal knowledge, review of corporate records, and interviews with appropriately knowledgeable persons.

3.     SBC Communications Inc. ("SBC") is a holding company. It is incorporated under the laws of the State of Delaware and has its principal place of business in San Antonio, Texas. It does not provide telecommunications services itself, rather, such services are provided by its direct and indirect subsidiaries and affiliates.

4.     SBC does not have any employees. It has never employed Kenneth D. Lee, Jr. Cingular Wireless LLC, an affiliate of SBC, makes its payroll records available to me

**DECLARATION OF GLENN GROSS - Page 1**

for purposes of coordinating benefit plan administration, and such payroll records indicate that Mr. Lee was last employed and/or paid by Cingular Wireless LLC.

5.   I have read the declaration of Kenneth D. Lee, Jr. and exhibits to it that are attached as Exhibit C to *Plaintiff's Memorandum in Support of Motion to Remand* filed in the above-styled action.

6.   Mr. Lee participated in the following stock option plans sponsored by SBC by virtue of his SBC subsidiary employer's participation in those plans and his position: The 1992 Stock Option Plan; the 1995 Management Stock Option Plan; the 1996 Stock and Incentive Plan; and the Stock Savings Plan.

7.   Exhibit 2 to the declaration of Mr. Lee is a statement from Merrill Lynch concerning the stock options Mr. Lee was granted while an eligible employee of a subsidiary of SBC that elected to participate in a stock option plan sponsored by SBC. Exhibit 2 does not reflect the subsidiary of SBC that employed Mr. Lee.

8.   Exhibit 4 to the declaration of Mr. Lee is a statement of dividends paid to Mr. Lee on SBC Communications Inc. stock. Exhibit 4 does not reflect the subsidiary of SBC that employed Mr. Lee.

9.   Exhibit 6 to the declaration of Mr. Lee is a communication to eligible managers of SBC subsidiaries about the 2001 stock option grant. Exhibit 6 does not reflect the SBC subsidiary that employed Mr. Lee.

**DECLARATION OF GLENN GROSS - Page 2**

10.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 1, 2004.

Glenn Gross

077002 000031 DALLAS 1746922.2

**DECLARATION OF GLENN GROSS - Page 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KENNETH D. LEE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | B-04-069 |
| SYSTEMS, INC; SOUTHWESTERN | § | |
| BELL WIRELESS, INC; | § | |
| SOUTHWESTERN BELL | § | |
| WIRELESS, L.L.C.; SOUTHWESTERN | § | |
| BELL SYSTEMS, INC.; CINGULAR | § | |
| WIRELESS, L.L.C.; and | § | |
| SBC COMMUNICATIONS, INC., | § | |
| | § | |
| Defendants. | § | |

## DECLARATION OF GREG GRIFFIN

1.    My name is Greg Griffin.  I am of legal age, and I am fully competent to make this declaration.  All of the statements made in this declaration are true and correct, and are made of my own personal knowledge or are based on business records of Cingular Wireless LLC ("Cingular").  The business records I reviewed in making this declaration are a record of acts or events made at or near the time by, or from information transmitted by, a person with knowledge; are kept in the course of Cingular's business activities, which are regularly conducted; it was the regular practice of Cingular's business activities to make the record; and I am a custodian of those business records.

2.    I am employed by Cingular Wireless LLC through its affiliate Cingular Wireless Employee Services, LLC.  My current title is Director of HR Benefits Finance.  In that capacity, I am responsible for financial planning, analysis, and budgeting regarding benefit plans.  My previous title was Senior HR Manager – Executive Compensation.  In that capacity, I was responsible for executive benefit plan design and administration.  I thus am familiar with the

**DECLARATION OF GREG GRIFFIN - Page 1**

various employee benefit plans sponsored by Cingular, including the Cingular Wireless Pension Plan. I also am familiar with the transition and disposition of various employee benefits under plans sponsored by SBC Communications Inc. and plans sponsored by BellSouth Corporation for participants in those plans whose employment with subsidiaries of those corporations was transferred to Cingular. I also am familiar with communications made to Cingular employees about plan transition and disposition matters. I began working for Cingular on December 23, 2001.

3.     I have read the declaration of Kenneth D. Lee, Jr. and exhibits to it that are attached as Exhibit C to *Plaintiff's Memorandum in Support of Motion to Remand* in the above-styled action.

4.     Accrued benefits under the SBC Pension Benefit Plan transferred to the Cingular Wireless Pension Plan for those employees of subsidiaries of SBC who participated in the plan and whose employment was transferred to Cingular. That fact is reflected in the October 7, 2002, letter from Cingular Benefits to Mr. Lee, which is Exhibit 5 to his declaration. Mr. Lee thus is incorrect when he says in paragraph 5 of his declaration that he "continue[d] to participate in the SBC pension plan in which I continue to receive quarterly dividends" after his employment was transferred to Cingular. The SBC Pension Benefit Plan is a defined benefit, cash balance plan; participants do not receive dividends.

5.     Exhibit 5 to the declaration of Mr. Lee, the letter from Cingular Benefits, did not distinguish between the subsidiaries of SBC who previously had employed the transferred employees, it simply referred to plan participants as "former SBC employee[s]."

**DECLARATION OF GREG GRIFFIN - Page 2**

6.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 2, 2004.

GREG GRIFFIN

077002 000031 DALLAS 1744281.3

**DECLARATION OF GREG GRIFFIN - Page 3**