IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 2 3 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk D. Ahumada

| | | |
|---|---|---|
| KENNETH D. LEE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SOUTHWESTERN BELL MOBILE | § | CIVIL ACTION NO. B-04-069 |
| SYSTEMS, INC.; SOUTHWESTERN | § | |
| BELL WIRELESS, INC.; | § | |
| SOUTHWESTERN BELL WIRELESS, | § | |
| L.L.C.; SOUTHWESTERN BELL | § | |
| SYSTEMS, INC.; CINGULAR | § | |
| WIRELESS, L.L.C.; and SBC | § | |
| COMMUNICATIONS, INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED, that on September 23, 2004, the Court considered plaintiff's Motion to Remand [Dkt. No. 5]. The defendants removed this action from state court on April 16th, 2004 [Dkt. No. 1], arguing that the plaintiff fraudulently joined a non-diverse defendant in order to defeat subject matter jurisdiction. For the following reasons, the plaintiff's Motion to Remand is hereby **GRANTED**.

I.  **Relevant Parties**

Plaintiff Kenneth D. Lee, Jr. ("Lee"), is a resident of the State of Texas. Defendant SBC Communications, Inc. ("SBC"), is incorporated under the laws of the State of Delaware and has its principal place of business in San Antonio, Texas. Defendant Cingular Wireless L.L.C. ("Cingular") is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia. The

1

defendants do not contest the remaining defendants'[1] citizenship for jurisdictional purposes and therefore are omitted from the Court's analysis.

**II.   Factual Background Procedural History**

Z-Page Communications, Inc. ("Z-Page"), operated cell phone stores as an agent for the defendants in this case. On September 1, 2000, one of the defendants proposed to offer Z-Page participation in its "Premier Agent" program. This account fell under the control of the plaintiff Lee whose duties involved the sale and marketing of cellular telephones.

On September 14, 2001, Z-Page filed an action against the defendants alleging fraud and tortious interference with a business relationship in Z-Page Communications, Inc. v. Southwestern Bell Mobile Systems, Inc. et al., Cause No. 2001-09-4057-G, in the 404th Judicial District of Cameron County, Texas. During pre-trial discovery for that case, Z-Page sought to depose Lee in January 2002, as a primary fact witness. Thereafter, according to Lee, the defendants in the Z-Page case attempted to "coerce, intimidate and convince [Lee] to testify falsely in a legal proceeding by limiting or modifying his testimony." [Dkt. No. 6]. Lee refused to comply with these demands. Thereafter, the defendants allegedly retaliated against Lee by "cutting his salary and pay schedule, creating a hostile work environment and making his working conditions intolerable." Lee claims that he was wrongfully discharged on November 15, 2002. The defendants, on the other hand, cite a reduction in personnel as the reason for Lee's termination.

Lee filed a Plea in Intervention in the Z-Page action against the defendants on December 23, 2003, in state court. Lee's cause of action is based on the alleged "retaliat[ion] against Plaintiff for refusing to perform an illegal act, *i.e.*, for refusing to testify

---

[1] Defendants Southwestern Bell Mobile Systems, Inc. (now Southwestern Bell Mobile Systems, L.L.C.) and Southwestern Bell Wireless, Inc. (now Southwestern Bell Wireless, L.L.C.), are limited liability companies organized under the laws of the State of Delaware with their principal places of business in Atlanta, Georgia. The last defendant is named Southwestern Bell Systems, Inc. It appears that a company by this name does not exist.

falsely in a legal proceeding."[2] Lee's case was severed by the court on April 13, 2004, and renamed <u>Lee v. Southwestern Bell Mobile Systems, Inc., et al.</u>, Cause No. 2004-042004-G, in the 404th Judicial District of Cameron County, Texas.

The defendants removed Lee's action to this Court on April 16, 2004 [Dkt. No. 1] basing jurisdiction upon diversity of citizenship. The defendants admit that SBC is not diverse from the plaintiff. The defendants contend, however, that SBC's citizenship should be disregarded for diversity purposes for two reasons: (1) the plaintiff fails to plead any specific facts against SBC in his original state petition; or, (2) in the alternative, the plaintiff has failed to aver a cognizable state claim against SBC [Dkt. No 10]. In support of the second contention, the defendants argue that to be liable for wrongful discharge under Texas law, the defendant must be the employer. The defendants assert that the plaintiff's own admission that he was an employee of defendant Cingular when discharged relieves SBC of any wrongdoing. The defendants support their position that there is no employment relationship between the plaintiff and SBC by pointing out that SBC is a holding company with no employees. Furthermore, the defendants produce evidence consisting of depositions and wage and tax statements demonstrating that Cingular paid the plaintiff's salary at all relevant times. In essence, the defendants argue that because Cingular signed the plaintiff's checks, SBC could not be the plaintiff's employer.

On May 14, 2004, plaintiff filed a notice and motion to remand with this court [Dkt No. 5]. The plaintiff argues that because the defendant SBC has its principal place of business in San Antonio, Texas, complete diversity is lacking. In reply to the defendants' assertion that the plaintiff was not employed by SBC at the relevant times, the plaintiff provides the following relevant evidence: (1) plaintiff's deposition stating that he was unsure who employed him and the his employer was always in a state of flux; (2) plaintiff's picture identification badge with SBC's logo affixed to it; (3) SBC stock options apparently issued to plaintiff in accordance with his profit sharing program; (4) pay stubs issued by another defendant, but mailed from SBC with SBC's logo affixed to the envelope; (5)

---

[2]Plaintiff Lee also asserts a claim of intentional infliction of emotional distress ("IIED") against the defendants. However, the IIED analysis is omitted since the court's decision can be made without its discussion.

payment receipt of dividends in accordance with his SBC pension plan; and (6) an email from a Director of SBC referring to plaintiff as a "[f]ellow SBC Manager." Furthermore, plaintiff provides a deposition of his former supervisor, Robert Forsyth, taken during the Z-Page case, purporting to demonstrate that Mr. Forsyth testified to being employed by SBC and that the plaintiff reported to a subordinate of Mr. Forsyth's.

### III. Analysis

When federal subject matter jurisdiction is based upon 28 U.S.C. § 1332, complete diversity is required among the parties. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806). "'The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" McLaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (quoting Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968)).

Fraudulent joinder, however, is a very narrow exception to the complete diversity rule. Smallwood v. Illinois Cent. R. Co, 352 F.3d 220, 222 (5th Cir. 2003). To establish fraudulent joinder, the removing party "must either show (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id. at 222-23. This exception possesses a heavy burden for the removing party. Id. at 222. If the removing party fails this burden, remand is required. Johnson v. Glaxo Smith Kline, 214 F.R.D 416, 418 (S.D. Miss. 2002).

Here, there is no question that SBC's principal place of business and the plaintiff's residence both are located in Texas. Thus, there is no need to discuss the first prong of the aforementioned test.

In examining the second prong, a court must determine whether the plaintiff has "'any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder.'" Travis v. Irby, 326 F.3d 644, 648 (5th Cir. 2003) (quoting with approval Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)). The defendant, in order to meet this burden, must "put forward evidence that would negate a possibility of liability on the part" of the non-

diverse defendant. McKee v. Kansas City Southern Ry. Co., 358 F.3d 329, 333-34 (5th Cir. 2004). Furthermore, the court is obliged to resolve all factual issues and any ambiguities in state law in the plaintiff's favor and against removal. Travis, 326 F.3d at 649. The court, however, is not restricted to the pleadings filed in state court and may "consider summary judgment-type evidence . . . ." Id.

In order to determine whether the defendants have met their burden in establishing that the plaintiff has failed to state a claim against SBC, a review of relevant state law is required. Under Texas law, absent a contract, an employment relationship is presumed to be at-will, "meaning that, except for very limited circumstances . . ., either party may terminate the employment relationship for any reason or no reason at all." Texas Farm Bureau Mut. Ins. Cos. v. Sears, 84 S.W.3d 604, 608 (Tex. 2002). A very narrow exception, however, to the general at-will rule recognizes a claim for "the discharge of an employee for the sole reason that the employee refused to perform an illegal act." Sabine Pilot Serv. Inc. v. Hauck, 687 S.W.2d 733, 735 (Tex. 1985). Inherent to this claim is that an actual employment relationship exists between the parties. Although the plaintiff does not assert specific facts against SBC within his original state petition, he does allege that all of the defendants are liable for wrongful discharge. Hence, the plaintiff has indirectly alleged that all of the defendants, including SBC, were his employers. The defendants, on the other hand, dispute that SBC was or ever has been the plaintiff's employer.

In Texas, the "supreme test" in determining whether a master-servant relationship exists is "the right to control." St. Joseph Hospital v. Wolff, 94 S.W.3d 513, 542 (Tex. 2002). Here, the defendants have simply not provided any evidence establishing that SBC did not control the plaintiff. Rather, the defendants attempt to demonstrate that the plaintiff was an employee of Cingular, and not SBC, by producing evidence that Cingular paid the plaintiff. This fact alone does not conclusively establish that the plaintiff was not an employee of SBC. See Cherqui v. Westheimer Street Festival Corp., 116 S.W.3d 337 (Tex.App.-Houston 2003) (demonstrating that a finding of employer status is not conclusively dependent on who pays employee). Hence, the defendants have failed to "put forward evidence that would negate a possibility of liability on the part" of SBC. McKee, 358 F.3d at 333-34.

Additionally, the court has discovered within an affidavit produced by the defendants that Cingular is a joint venture between SBC and BellSouth Corporation [Dkt. No. 10], Exhibit E, Declaration of by Carolyn J. Wilder. Therefore, even if SBC is not the plaintiff's employer, there are other reasonably available vehicles, such as respondeat superior and vicarious liability, by which SBC could be held liable to the plaintiff for Cingular's actions. The defendants have produced no evidence that as part owner of Cingular, SBC has no right to control such as to negate the possibility of liability for the party SBC.[3]  Id.

## IV.   Conclusion

This court finds that the defendants failed to meet their heavy burden in demonstrating that the defendant SBC was fraudulently joined by the plaintiff in an attempt to defeat federal subject matter jurisdiction. For the aforementioned reasons, the Plaintiff's Motion to Remand [Dkt. No. 5] is hereby **GRANTED**.

DONE at Brownsville, Texas, this 23 day of September, 2004.

Hilda G. Tagle
United States District Judge

---

[3] Under Delaware law, the jurisdiction where Cingular is incorporated, a "joint venture" can include the following elements: "(1) a community of interest in the performance of a common purpose; (2) *joint control of right of control*; (3) a joint propriety interest in the subject matter; (4) a right to share in the profits; (5) a duty to share in the losses which may be sustained." Warren v. Goldfinger Brothers, Inc., 414 A.2d 507, 509 (Del. Supr. 1980).